Case 9:08-cv-80736-KAM Document 1 Entered on FLSD Docket 07/07/2008 Page 1 of 10

FILED by DJ D.C.
ELECTRONIC

JULY 7, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

08-80736-Civ-MARRA/JOHNSON

CASE NO.: _____

IN RE: JANE DOE,

    Petitioner.

_____

### *Emergency* VICTIM'S PETITION FOR ENFORCEMENT OF CRIME VICTIM'S RIGHTS ACT, 18 U.S.C. SECTION 3771

COMES NOW the Petitioner, JANE DOE (hereinafter "Petitioner"), by and through her undersigned attorneys, pursuant to the Crime Victim's Rights Act, 18 U.S.C. Section 3771 ("CVRA"), and files this Petition for Enforcement in the above styled action as follows:

1. Petitioner, an adult, as a minor child was a victim of federal crimes committed by JEFFREY EPSTEIN (hereinafter "Defendant"). These crimes included sex trafficking of children by fraud, in violation of 18 U.S.C. § 1591, use of a means of interstate commerce to entice a minor to commit prostitution, in violation of 18 U.S.C. § 2422, as well as wire fraud, in violation of 18 U.S.C. § 1343. The Defendant committed these crimes within the jurisdiction of the Southern District of Florida in Palm Beach County, Florida.

2. Upon information and belief, the Defendant is the subject of a federal criminal investigation conducted by the United States of America in the Southern District of Florida. The Defendant has recently been prosecuted and pleaded guilty, on June 30, 2008, in the Circuit Court for Palm Beach County to various similar state offenses including solicitation of minors for prostitution.

3. Upon information and belief, the Defendant is engaged in plea negotiations with the Office of the United States Attorney for the Southern District of Florida concerning federal

1

crimes which he is alleged to have committed against minor children, including the Petitioner. Such negotiations may likely result in a disposition of the charges in the next several days.

4. Under the CVRA, before any charges are filed against the Defendant, the Petitioner has the rights (among others) to notice of her rights under the CVRA, to confer with the prosecutors, and to be treated with fairness. As soon as charges are filed, the Petitioner has the rights (among others) to timely notice of court proceedings, the right not to be excluded from such proceedings, the right to be heard at such public proceedings regarding conditions of release, any plea, and any sentence, the right to confer with the attorney for the government, the right to restitution, and the right to be treated with fairness and with respect for her dignity and privacy.

5. The Petitioner has been denied her rights in that she has received no consultation with the attorney for the government regarding the possible disposition of the charges, no notice of any public court proceedings, no information regarding her right to restitution, and no notice of rights under the CVRA, as required under law.

6. The Petitioner is in jeopardy of losing her rights, as described above, if the government is able to negotiate a plea or agreement with the Defendant without her participation and knowledge.

WHEREFORE, for the reasons outlined above, the Petitioner respectfully requests this Court to grant her Petition, and to order the United States Attorney to comply with the provisions of the CVRA prior to and including any plea or other agreement with the Defendant and any attendant proceedings.

## MEMORANDUM

### I. THE CRIME VICTIMS' RIGHTS ACT MAKES CRIME VICTIMS INDEPENDENT PARTICIPANTS THROUGHOUT THE CRIMINAL JUSTICE PROCESS.

In October 2004, Congress passed and the President signed into law the Crime Victims' Rights Act, Pub. L. No. 108-405, 118 Stat. 2251 (codified at 18 U.S.C. § 3771). Because this appears to be the first case involving the Act to come before this Court, a bit of background may be in order.

#### A. The CVRA Gives Crime Victims Rights to Participate in the Criminal Justice Process.

Congress passed the CVRA "to give crime victims enforceable rights to participate in federal criminal proceedings." Opinion at 14. Congress was concerned that in the federal system crime victims were "treated as non-participants in a critical event in their lives. They were kept in the dark by prosecutors too busy to care enough ... and by a court system that simply did not have a place for them." 150 CONG. REC. S4262 (Apr. 22, 2004) (statement of Sen. Feinstein). To remedy this problem, Congress gave victims "the simple right to know what is going on, to participate in the process where the information that victims and their families can provide may be material and relevant ... ." *Id.*

The CVRA gives victims of federal crimes a series of rights, including the right to notice of court proceedings, to be heard at plea and sentencing hearings, and to reasonably "confer with the attorney for the Government in the case." 18 U.S.C. § 3771(a). Victims also have a "right of access to the terms of a plea agreement ... ." *In re Interested Party 1*, 530 F.Supp. 2d 136, 2008 WL 134233 at *7 (D.D.C. 2008). The CVRA also assures victims broadly that they will "be treated with fairness." 18 U.S.C. § 3771(a)(8).

3

Of course, these rights would be of little use to most crime victims unless they were told about them. To ensure that victims are notified of their rights, the CVRA directs employees of the Justice Department "and other departments and agencies of the United States engaged in the detection, investigation, or prosecution of crime" to use their "best efforts to see that crime victims are notified of ... the rights described [in the CVRA]." 18 U.S.C. § 3771(c)(1) (emphasis added).1

### B.  The CVRA Gives Victims Rights During the Investigation of a Crime.

The CVRA gives victims rights during the investigation of a crime. The Fifth Circuit recently reached this conclusion, holding:

> The district court acknowledged that "[t]here are clearly rights under the CVRA that apply before any prosecution is underway." BP Prods., 2008 WL 501321 at *11, 2008 U.S. Dist. LEXIS 12893, at *36. Logically, this includes the CVRA's establishment of victims' "reasonable right to confer with the attorney for the Government." 18 U.S.C. § 3771(a)(5). At least in the posture of this case (and we do not speculate on the applicability to other situations), the government should have fashioned a reasonable way to inform the victims of the likelihood of criminal charges and to ascertain the victims' views on the possible details of a plea bargain.

*In re Dean,* 527 F.3d 391, 394 (5th Cir. 2008).

The position that CVRA rights apply before charges have been filed is consistent with the Justice Department regulations under the CVRA, which explain that government officials "must advise a victim [about their rights under the CVRA] ... at the earliest opportunity at which it may be done without interfering with an investigation." A.G. GUIDELINES FOR VICTIM AND WITNESS

---

1 Further supporting this requirement is another statute, 42 U.S.C. § 10607(c)(3), which directs government officials to provide victims with "the earliest possible notice of," among other things, "the filing of charges against a suspected offender."

4

ASSISTANCE 23 (May 2005). And the plain language of the CVRA undergirds this conclusion, as it applies not simply to prosecutors but to government agencies "engaged in the detection [and] investigation ... of crime ... ." 18 U.S.C. § 3771(c)(1). Indeed, if there were any doubt, the plain language of the CVRA extends victims' right to situations "in which no prosecution is underway." 18 U.S.C. § 3771(d)(3).

## II. PETITIONER IS A "VICTIM PROTECTED BY THE CVRA.

Under the CVRA the crime victim is defined as "a person directly and proximately harmed as a result of the commission of a Federal offense ... ." 18 U.S.C. Section 3771(e). In particular, Defendant called Petitioner when she was a minor over a telephone (a means of interstate communication) requesting that she perform a massage in exchange for payment. As Defendant well knew, that request was fraudulent, as he not only intended to receive a massage, but also intended to have her perform sexual acts in exchange for a cash payment to Petitioner. Only when Petitioner arrived at a Defendant's mansion as directed by Defendant, did Defendant reveal his true purpose of obtaining sexual favors in exchange for payment. This conduct violated 18 U.S.C. § 2422, which forbids using a means of interstate commerce to knowingly "induce" or "entice" a minor "to engage in prostitution." In addition, this conduct was both a use of "fraud" to obtain a commercial sex act, in violation of 18 U.S.C § 1591, and use of wire communications to perpetrate a "scheme and artifice to defraud," in violation of 18 U.S.C. § 1343.

It appears obvious that Petitioner was "directly and proximately" harmed by these crimes, thereby making her a victim under the CVRA. It should be emphasized that the CVRA "was designed to be a 'broad and encompassing' statutory victims' bill of rights." *United States v.*

5

*Degenhardt*, 405 F.Supp.2d 1341, 1342 (D. Utah 2005) (quoting 150 Cong. Rec. S4261 (daily ed. Apr. 22, 2004) (statement of Sen. Feinstein)). Congress intended the CVRA to dramatically rework the federal criminal justice system. In the course of construing the CVRA generously, the Ninth Circuit observed: "The criminal justice system has long functioned on the assumption that crime victims should behave like good Victorian children -- seen but not heard. The Crime Victims' Rights Act sought to change this by making victims independent participants in the criminal justice process." *Kenna v. U.S. Dist. Court for C.D. Cal.*, 435 F.3d 1011, 1013 (9th Cir. 2006). Accordingly, because the CVRA is remedial legislation, courts should interpret it "liberally to facilitate and accomplish its purposes and intent." *Elliott Industries Ltd. Partnership v. BP America Production Co.*, 407 F.3d 1091, 1118 (10th Cir. 2005) (noting remedial legislation should be "interpreted liberally to facilitate and accomplish its purposes and intent"). The CVRA itself suggests this conclusion by requiring that courts must treat crime victims with "fairness." *United States v. Patkar*, 2008 WL 233062 at *3 (D. Haw. 2008) (citing *United States v. Turner*, 367 F.Supp.2d 319, 335 (E.D.N.Y. 2005)).

Not only must the CVRA as a whole be interpreted liberally, but its definition of "crime victim" requires a generous construction. After reciting the direct-and-proximate-harm language at issue here, one of the Act's two co-sponsors -- Senator Kyl -- explained that "[t]his is an intentionally broad definition because all victims of crime deserve to have their rights protected ... ." 150 Cong. Rec. S10912 (Oct. 9, 2004) (emphasis added). The description of the victim definition as "intentionally broad" was in the course of floor colloquy with the other primary sponsor of the CVRA and therefore deserves significant weight. *See Kenna*, 435 F.3d at 1015-16 (discussing significance of CVRA sponsors= floor statements).

6

The definition of "crime victims" must thus be construed broadly in favor of Petitioner. She obviously qualifies as a "victim" under the CVRA.

### III. PETITIONER IS ENTITLED TO NOTICE OF HER RIGHTS, AN OPPORTUNITY TO CONFER WITH THE PROSECUTORS AND TO BE TREATED WITH FAIRNESS.

Because Petitioner is a "victim" under the CVRA, she has certain protected rights under the Act. Most important, the Act promises that she will have an opportunity to "confer with the attorney for the Government in the case." To date, Petitioner has not been given that right. This raises that very real possibility that the Government may negotiate and conclude a plea agreement with the Defendant without giving Petitioner her protected rights.2

Petitioner is entitled to have this conference with prosecutors before any final plea agreement is reached. The Fifth Circuit reached exactly this conclusion in a very recent case. In *In re Dean*, 527 F.3d 391 (5th Cir. 2008), the Government negotiated a plea agreement with the well-heeled corporate defendant without conferring with the victims. When the Government's failure was challenged in the Fifth Circuit, the Fifth Circuit concluded that the Government had indeed violated the CVRA. The Fifth Circuit observed: "In passing the [CVRA], Congress made the policy decision-which we are bound to enforce-that the victims have a right to inform the plea negotiation process by conferring with prosecutors before a plea agreement is reached." *Id.* at 394.

This Court is obligated to protect the rights of Petitioner. The CVRA directs that "[i]n any court proceeding involving an offense against a crime victim, the court shall ensure that the

---

2 On information and belief, roughly the same crimes were committed against several other young females. These victims, too, are in danger of losing their right to confer under the CVRA.

7

crime victim is afforded the rights described in [the CVRA]." 18 U.S.C. § 3771(b)(1). The CVRA also confers on crime victims the right to "assert the rights described in [the CVRA]." 18 U.S.C. § 3771(d)(1). Therefore, this Court has its own independent obligation to intercede and ensure that the Government respects the rights of Petitioner under the CVRA.

## CONCLUSION

The Petitioner requests the intervention of this Court to ensure that her rights are respected and accorded, as promised in the Crime Victims' Rights Act.

DATED this 7th day of July, 2008.

Respectfully Submitted,

THE LAW OFFICE OF BRAD EDWARDS & ASSOCIATES, LLC

_____
Brad Edwards, Esquire
Attorney for Petitioner
Florida Bar #542075
2028 Harrison Street
Suite 202
Hollywood, Florida 33020
Telephone:   954-414-8033
Facsimile:   954-924-1530

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been provided by United States mail and via facsimile to: ANN MARIE C. VILLAFANA, AUSA, United States Attorney's Office, 500 South Australian Avenue, Suite 400, West Palm Beach, Florida  33401, this 7th day of July, 2008.

_____
Brad Edwards, Esquire
Attorney for Petitioner
Florida Bar No. 542075

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed

JULY 7, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**I. (a) PLAINTIFFS**
In re: Jane Doe

**DEFENDANTS**
United States of

**(b)** County of Residence of First Listed Plaintiff: Palm Bch.
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Law office of Brad Edwards + Associates
2028 Harrison Street
Suite 202
Hollywood, FL 33020

Attorneys (If Known)
Ann Marie C. Villafaña, U.S. attys office

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

08CV80736 MARRA/JOHNSON

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff) (For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
a) Re-filed Case ☐ YES ☐ NO     b) Related Cases ☐ YES ☐ NO
JUDGE _____     DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): Crime Victim's Rights Act     18 USC § 3771
Petition on behalf of victim of sex offenses to be accorded her rights under the CVRA
LENGTH OF TRIAL via _1_ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD: [signature]
DATE: 7-7-08

FOR OFFICE USE ONLY
AMOUNT 350.00     RECEIPT # 124403     IFP