UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80736-CIV-MARRA/JOHNSON

IN RE:  JANE DOE,

Petitioner.

_____/



FILED by _____ D.C.

JUL 0 9 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

GOVERNMENT'S RESPONSE TO VICTIM'S EMERGENCY PETITION
FOR ENFORCEMENT OF CRIME VICTIM RIGHTS ACT, 18 U.S.C. § 3771

The United States of America, by and through its undersigned counsel, files its Response

to Victim's Emergency Petition for Enforcement of Victim Rights Act, 18 U.S.C. § 3771, and

states:

I.       THERE IS NO "COURT PROCEEDING" UNDER 18 U.S.C. § 3771(b)

Petitioner complains that she has been denied her rights under the Crime Victims Rights

Act, 18 U.S.C. § 3771.  In the emergency petition filed by the victim, she alleges the Government

has denied her rights since she has received no consultation with the attorney for the government

regarding possible disposition of the charges (18 U.S.C. § 3771(a)(5)); no notice of any public

court proceedings (18 U.S.C. § 3771(a)(2)); no information regarding her right to restitution (18

U.S.C. § 3771(a)(6)); and no notice of rights under the Crime Victim Rights Act (CVRA).

Emergency Petition, ¶ 5.

The instant case is unique in several respects.  First, in 2006, Jeffrey Epstein was charged

with felony solicitation of prostitution in the Circuit Court of the Fifteenth Judicial Circuit, Palm

Beach County, Florida.  This charge was based upon the offenses alleged in paragraph 1 of the

petition.  Second, while Epstein has been under federal investigation, he has not been charged in



the Southern District of Florida.

Title 18, U.S.C., Section 3771(b)(1) provides in pertinent part that, "[i]n any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim is afforded the rights described in subsection (a)." There is no "court proceeding" in the instant case since Epstein has not been charged with violation of any federal statute. No federal grand jury indictment has been returned, nor has any criminal information been filed. There can thus be no failure of a right to notice of a public court proceeding or the right to restitution.

In her memorandum, petitioner relies upon In Re Dean, 527 F.3d 391 (5th Cir. 2008), where the Fifth Circuit held that the CVRA required the government to "confer in some reasonable way with the victims before ultimately exercising its broad discretion." Id. at 395. In Dean, the government sought and obtained an ex parte order permitting it to negotiate a plea agreement with BP Products North America, without first consulting with the victims, individuals injured and survivors of those killed in a refinery explosion. A plea agreement was ultimately negotiated and the victims objected. The appellate court found that the CVRA granted a right to confer. However, the court declined to grant mandamus relief for prudential reasons, finding that the district court had the benefit of the views of the victims who chose to participate at the hearing held on whether the plea agreement should be accepted. Id. at 396.

Dean is legally distinguishable in several respects. For one thing, the court's discussion of the scope of the right to confer was unnecessary because the court ultimately declined to issue mandamus relief. Dean, 527 F.3d at 395. Also, in offering its view that this right applies pre-charge, it is noteworthy that the court, in purporting to quote the statute, omitted the last three words of section 3771(a)(5)("in the case"), words that arguably point in the opposite direction by

- 2 -

suggesting that the right applies post-charge. Further, the court went to great lengths to emphasize that its holding was limited to the particular circumstances presented in that case (i.e., the simultaneous filing of a plea agreement and formal charges), which of course, is not the case here. No federal charges have been filed in the instant case, and this case, unlike <u>Dean</u>, involves an agreement to defer federal prosecution in favor of prosecution by the State of Florida and not a guilty plea. <u>Id.</u> at 394. Finally, the <u>Dean</u> court expressly declined to "speculate on the [right to confer's] applicability to other situations." <u>Id.</u> Nothing in § 3771(a)(5) supports the petitioner's claim that she had a right to be consulted before the Government could enter into a non-prosecution agreement which defers federal prosecution in exchange for state court resolution of criminal liability, and a significant concession on an element of a claim for compensation under 18 U.S.C. § 2255.

II.   THE GOVERNMENT HAS USED ITS BEST EFFORTS TO COMPLY WITH 18 U.S.C. § 3771(a)

The Epstein case was investigated initially by the Palm Beach Police Department in 2006. Exhibit A, Declaration of Assistant United States Attorney A. Marie Villafaña, ¶ 2. Subsequently, the Palm Beach Police Department sought the assistance of the Federal Bureau of Investigation (FBI). <u>Id.</u> Throughout the investigation, when a victim was identified, victim notification letters were provided to the victim by both the FBI Victim-Witness Specialist and AUSA Villafaña. <u>Id.</u>, ¶ 3. Petitioner's counsel, Brad Edwards, Esq., currently represents C.W., T.M., and S.R. The U.S. Attorney's Office victim notification letter to C.W. was provided by the FBI, and the letter to T.M. was hand-delivered by AUSA Villafaña to her when she was interviewed in April 2007. FBI victim notification letters were mailed to C.W. and T.M. on

January 10, 2008, and to S.R. on May 30, 2008.  Villafaña Decl., ¶ 3.

Throughout the investigation, AUSA Villafaña and the FBI's Victim-Witness Specialist had contact with C.W.  Villafaña Decl., ¶ 4.  Earlier in the investigation, T.M. was represented by James Eisenberg, Esq.  Consequently, all contact with T.M. was made through Mr. Eisenberg.

In mid-2007, Epstein's attorneys approached the U.S. Attorney's Office in an effort to resolve the federal investigation.  Id., ¶ 5.  At that time, Mr. Epstein had been charged by the State of Florida with solicitation of prostitution, in violation of Florida Statutes § 796.07.  Mr. Epstein's attorneys sought a global resolution of this matter.  The United States subsequently agreed to defer federal prosecution in favor of prosecution by the State of Florida, so long as certain basic preconditions were met.  One of the key objectives for the Government was to preserve a federal remedy for the young girls whom Epstein had sexually exploited.  Thus, one condition of that agreement, notice of which was provided to the victims on July 9, 2008, is the following:

> "Any person, who while a minor, was a victim of a violation of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under Section 2255 as she would have had, if Mr. Epstein had been tried federally and convicted of an enumerated offense.  For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an Indictment as victims of an enumerated offense by Mr. Epstein.  Any judicial authority interpreting this provision, including any authority determining which evidentiary burdens if any a plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial.  No more; no less."

The <u>Attorney General Guidelines for Victim and Witness Assistance</u> (May 2005), Article

- 4 -

IV, Services to Victims and Witnesses, provides the following guidance for proposed plea

agreements:

> (3) Proposed Plea Agreements. Responsible officials should make reasonable efforts to notify identified victims of, and consider victims' views about, prospective plea negotiations. In determining what is reasonable, the responsible official should consider factors relevant to the wisdom and practicality of giving notice and considering views in the context of the particular case, including, but not limited to, the following factors:
>
> (a) The impact on public safety and risks to personal safety.
>
> (b) The number of victims.
>
> (c) Whether time is of the essence in negotiating or entering a proposed plea.
>
> (d) Whether the proposed plea involves confidential information or conditions.
>
> (e) Whether there is another need for confidentiality.
>
> (f) Whether the victim is a possible witness in the case and the effect that relaying any information may have on the defendant's right to a fair trial.

Throughout negotiations, Epstein's attorneys claimed that one reason victims came

forward and pressed their claims was their desire for money. They argued that victims might

have an inducement to fabricate or enhance their testimony, in order to maximize their

opportunities to obtain financial recompense. Villafaña Decl., ¶ 8. The Government was

extremely concerned that disclosure of the proposed terms would compromise the investigation

by providing Epstein the means of impeaching the victim witnesses, should the parties fail to

reach an agreement. In light of the fact (i) that the United States agreed to defer prosecution to a

previously filed state criminal case; (ii) that as a result sentencing would take place in state court

before a state judge; (iii) that if the state resolution failed to meet minimum standards such that a

federal prosecution was warranted, the victims would be witnesses and thus potential

- 5 -

impeachment issues were of concern; and (iv) the United States was already making efforts to secure for victims the right to proceed federally under 18 U.S.C. § 2255 even if prosecution took place in state court, the Government determined that its actions in proceeding with this agreement best balanced the dual position of the Jane Does as both victims and potential witnesses in a criminal proceeding.

On Friday, June 27, 2008, at approximately 4:15 p.m., AUSA Villafaña received a copy of the proposed state plea agreement, and learned that Epstein's state plea hearing was scheduled for Monday, June 30, 2008, at 8:30 a.m.  Villafaña Decl., ¶ 10.  AUSA Villafaña and the Palm Beach Police Department attempted to provide notification to victims in the short time that they had.  Id.  Although all known victims were not notified, AUSA Villafaña did call attorney Edwards to provide notice to his clients regarding the hearing.  AUSA Villafaña did this, even though she had no obligation to provide notice of a state court hearing.  Mr. Edwards advised that he could not attend but that someone would be present at the hearing.  Id.

The Government has complied with 18 U.S.C. § 3771(c)(1) by using its best efforts to "see that crime victims are notified of, and accorded, the rights described in subsection (a)." Specifically, petitioner was afforded the reasonable right to confer with the attorney for the Government under 18 U.S.C. § 3771(a)(5).  Disclosure of the specific terms of the negotiation were not disclosed prior to a final agreement being reached because the Government believed doing so would jeopardize and prejudice the prosecution in the event an agreement could not be made.  Further, although 18 U.S.C. § 3771(a)(2) does not apply to state court proceedings,  the government nonetheless notified petitioner's counsel on June 27, 2008, of the plea hearing in state court on June 30, 2008.

Section 3771(d)(6) provides, in relevant part, that "[n]othing in this chapter shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction." The Government exercised its judgment and discretion in determining that there was a need for confidentiality in the negotiations with Epstein. The significant benefit of obtaining Epstein's concession that victims suing him under 18 U.S.C. § 2255(a) were "victims" of the enumerated offenses, despite the fact he has not been convicted in federal court, was of sufficient importance to justify confidentiality of the negotiations.

III.  THE GOVERNMENT'S DISCUSSIONS WITH T.M., C.W., AND S.R.

Attorney Brad Edwards has advised the Government that he represents T.M., C.W., and S.R. Victim letters were provided to all three individuals. The letters to C.W. and T.M. were forwarded on January 10, 2008. Villafaña Decl., ¶ 3. On May 28, 2008, S.R.'s status as a victim was confirmed when she was interviewed by federal agents. Id. The FBI Victim Witness specialist sent her a letter on May 30, 2008. Id.

When the agreement was signed in September 2007, T.M. was openly hostile to a prosecution of Epstein, and S.R. had refused to speak with federal investigators. Id., ¶ 7. While individual victims were not consulted regarding the agreement, none of Mr. Edwards' clients had expressed a desire to be consulted prior to the resolution of the federal investigation. Id.

In October 2007, C.W. was not represented by counsel. Id., ¶ 8. She was given telephonic notice of the agreement, as were three other victims. Id. These four individuals were also given notice of an expected change of plea, in state court, in October 2007.

In mid-June 2008, Mr. Edwards contacted AUSA Villafaña to advise that he represented C.W. and S.R., and requested a meeting. Id., ¶ 9. AUSA Villafaña asked Mr. Edwards to send

to her any information that he wished her to consider. Nothing was provided. Id. AUSA

Villafaña also told Mr. Edwards he could contact the State Attorney's Office, if he wished. To

her knowledge, Mr. Edwards did not make the contact.

The Government has acted reasonably in keeping T.M, C.W., and S.R. informed.

Petitioner's rights under the CVRA have not been violated. Therefore, her emergency petition

should be denied.

<div style="margin-left: 40%;">

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By:

DEXTER A. LEE
Assistant U.S. Attorney
Fla. Bar No. 0936693
99 N.E. 4th Street
Miami, Florida  33132
(305) 961-9320
Fax:  (305) 530-7139
E-mail:  dexter.lee@usdoj.gov
Attorney for Respondent

</div>

<div style="text-align: center;">

CERTIFICATE OF SERVICE

</div>

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via facsimile

transmission and U.S. Mail, this ___ day of July, 2008, to:  Brad Edwards, Esq., The Law

Offices of Brad Edwards & Associates, LLC, (954) 924-1530, 2028 Harrison Street, Suite 202,

Hollywood, Florida  33020.

<div style="margin-left: 40%;">

DEXTER A. LEE
Assistant U.S. Attorney

</div>

<div style="text-align: center;">

- 8 -

</div>