LAW OFFICE



AND ASSOCIATES

July 17, 2008

Ann Marie C. Villafaña, AUSA
United States Attorney's Office
500 South Australian Avenue
West Palm Beach, Florida 33401

      Re:    Proposed Stipulated Facts for *In Re Jane Doe*

Dear Ms. Villafaña:

      Thank you for your recent proposed stipulation of facts in this case. I believe that we have considerable common ground. At the same time, however, it appears to me that a few areas of potential disagreement are arising. In view of that, and to avoid any misunderstandings, I thought it might be useful to send a short letter outlining several requests and issues for resolution before I send you back my proposed stipulated facts.

      1.    I am working with two other attorneys on this case – Jay Howell in Jacksonville, Florida, and Professor Paul Cassell in Salt Lake City, Utah. Because they were not in court for the hearing last Friday, they will need to review a transcript of the hearing before our legal team can agree to any stipulated facts. I have requested a transcript, but the preparation of it will apparently take several weeks. Do you have any way of expediting the preparation of the transcript by requesting it yourself? Also, as you know, my clients are indigent. As part of the Government's responsibility to use its "best efforts to see that crime victims are . . . accorded[] the rights" in the CVRA, 18 U.S.C. § 3771(c)(1), I was wondering whether the Government would be willing to pay for the transcript.

      2.    Your proposed stipulation indicates that in September 2007 the U.S. Attorney's Office reached an agreement with Epstein to resolve the case, which was then modified in October and December of that year. While this seems plausible, to stipulate to the facts, I would obviously need to see copies of those three agreements. Moreover, because the circumstances surrounding the initial agreement and its later modification are now the subject of litigation, my client is entitled to see them. *See* 18 U.S.C. § 3771(a)(8) (victim's right to "be treated with fairness"). In addition, your proposed stipulation states that: "On July 9, 2008, AUSA Villafaña sent a victim notification to Jane Doe #1 via her attorney, Bradley Edwards, which is attached as Exhibit 6 to the Villafaña Declaration. That notification contains a written explanation of the *full terms* of the agreement between Epstein and the U.S. Attorney's Office." I am puzzled by this proposed stipulation, as your July 9 letter explicitly noted that it was covering only some of the provisions in the agreement. Perhaps the fact that I have not yet received the agreement is all just an oversight on your part, and you had intended to give me the "full terms" of the plea agreement that was ultimately reached. In any event, the simplest way to proceed at this point is for the plea agreement -- and the earlier versions -- to be provided to me so that I can review

2028 HARRISON STREET, SUITE 202, HOLLYWOOD, FLORIDA 33020

OFFICE: 954-414-8033/305-935-2011
FAX: 954-924-1530/305-935-4227
BE@BRADEDWARDSLAW.COM

Ann Marie C. Villafaña, AUSA
United States Attorney's Office
Page 2

them with my clients. Of course, no possible harm to the Government can come from the release of the documents, as this criminal matter is now concluded – at least from the Government's perspective.

3.   I am wondering about your position on the confidentiality provision in the agreement. As I understand things from your proposed stipulation, in September 2007 you "reached" an agreement with Epstein's attorneys that "contained an express confidentiality provision." Are you taking the position that this "express" provision barred disclosure of the substance of the agreement to my clients? And, if so, would you stipulate that the FBI agents and your office complied with the provision up through June 30 when, I assume, the confidential provision expired as Epstein entered his guilty plea in open court?

4.   Your proposed stipulation indicates:

> On October 26, 2007, Special Agents E. Nesbitt Kuyrkendall and Jason Richards met in person with Jane Doe #1. The Special Agents explained that the investigation had been resolved, that Epstein would plead guilty to state charges, he would be required to register as a sex offender for life, and he had made certain concessions related to the payment of damages to the victims, including Jane Doe #1. During this meeting, Jane Doe #1 did not raise any objections to the resolution of the matter.

From the drafting of this proposed stipulation, it appears that you may be working from a Report of Interview with my client (i.e., an FBI 302). My client has a differing recollection of some aspects of that meeting. Of course, she did not take notes of the meeting. Therefore, I ask that you provide me (the relevant parts of) any report of this meeting as well as reports of any other meetings relevant to the matters at hand.

I believe that my client is entitled to a copy of (the relevant parts of) the reports of interviews with her. Of course, a criminal defendant would be entitled to such documents. *See* Fed. R. Crim. P. 16(a)(1)(A) & (B). As an innocent victim in this matter, my client should be treated with at least the same consideration. *See* 18 U.S.C. § 3771(a)(8) (victim's right to "be treated with fairness").

5.   I am hoping that the Special Agents' and my client's recollections about one point of the October 26th meeting coincides: that she was never told that the agreement blocked all federal prosecution for the crimes at hand. Is a stipulation on that point agreeable?

2028 HARRISON STREET, SUITE 202, HOLLYWOOD, FLORIDA 33020

OFFICE: 954-414-8033/305-935-2011
FAX: 954-924-1530/305-935-4227
BE@BRADEDWARDSLAW.COM

Ann Marie C. Villafaña, AUSA
United States Attorney's Office
Page 3

6.  You mention your assistance in securing pro bono counsel for Jane Doe #1 to help prevent harassment. I trust that you would be willing to stipulate that you did not mention the federal non-prosecution agreement to this counsel and that you did not mention that a plea agreement had already been reached. Professor Cassell has spoken to Meg Garvin, Esq., at the National Crime Victims' Law Institute, and that is her recollection of the events.

7.  I think that your proposed stipulation regarding my contact with the office is somewhat abbreviated. I wonder what you would think about the following:

   In mid-June 2008, Mr. Edwards contacted AUSA Villafaña to inform her that he represented Jane Doe #1 and, later, Jane Doe #2. Mr. Edwards asked to meet to provide information about the federal crimes committed by Epstein, hoping to secure a significant federal indictment against Epstein. AUSA Villafaña and Mr. Edwards discussed the possibility of federal charges being filed. At the end of the call, AUSA Villafaña asked Mr. Edwards to send any information that he wanted considered by the U.S. Attorney's Office in determining whether to file federal charges. Because of the confidentiality provision that existed in the plea agreement, Mr. Edwards was not informed that, in September 2007, the U.S. Attorney's Office had reached an agreement not to file federal charges. Mr. Edwards was also not informed that any resolution of the criminal matter was imminent.

   On July 3, 2008, Mr. Edwards sent to AUSA Villafaña a letter, a true and correct copy of which is attached. In the letter, Mr. Edwards indicated his desire that federal charges be filed against defendant Epstein. In particular, he wrote on behalf of his clients: "We urge the Attorney General and our United States Attorney to consider the fundamental import of the vigorous enforcement of our Federal laws. We urge you to move forward with the traditional indictments and criminal prosecution commensurate with the crimes Mr. Epstein has committed, and we further urge you to take the steps necessary to protect our children from this very dangerous sexual predator." When Mr. Edwards wrote this letter, he was still unaware that a non-prosecution agreement had been reached with Epstein. Mr. Edwards first learned of this fact on or after July 9, 2008, when the Government filed its responsive pleading to Jane Doe's emergency petition. That pleading was the first public mention of the non-prosecution agreement and the first disclosure to Mr. Edwards and his clients.

8.  I trust that you will agree that the Government had probable cause to file a multiple count federal indictment against Epstein, including an indictment charging crimes

Ann Marie C. Villafaña, AUSA
United States Attorney's Office
Page 4


against Jane Doe #1 and Jane Doe #2. In asking for this stipulation, I realize that you have taken the position that you would not have filed an indictment involving Jane Doe #2, presumably because you thought that you could not carry the Government's burden of proof beyond a reasonable doubt. At the same time, though, I trust you will concede that the evidence in that case was strong enough to pass the probable cause standard.

9. Finally, in light of the fact that you have been sending letters to Jane Doe #2, which was obviously done because you believed her to be a "victim" in this case, and since she has been added in this matter as a victim, we would like some assurances that she will be protected, as the other victims have been, in your agreement with Mr. Epstein.

Thank you very much for considering these issues and concerns. I look forward to working with you to reach a stipulation that covers as much common ground as possible in this case. If you think that further discussions might be helpful, I would like to try and set up a conference call with you and my co-counsel to discuss these issues further.

Sincerely,

Brad Edwards

BE/sg
Enclosure

cc:   Dexter Lee, AUSA
      United States Attorney's Office
      99 N.E. 4th Street
      Miami, Florida   33132

LAW OFFICE

*Brad Edwards*

AND ASSOCIATES

July 3, 2008

Ann Marie C. Villafana, AUSA
United States Attorney's Office
500 South Australian Avenue
West Palm Beach, Florida 33401

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7007 2680 0002 5519 8503

Dear Ms. Villafana:

    As you are aware, we represent several of the young girls that were victimized and abused by Jeffrey Epstein. While we are aware of his recent guilty plea and conviction in his State Court case, the sentence imposed in that case is grossly inadequate for a sexual predator of this magnitude. The information and evidence that has come to our attention in this matter leads to a grave concern that justice will not be served in this cause if Mr. Epstein is not aggressively prosecuted and appropriately punished. Based on our investigation and knowledge of this case, it is apparent that he has sexually abused more than 100 underage girls, and the evidence against him is overwhelmingly strong.

    As former Assistant State Attorneys with seven years' prosecution experience, we believe that the evidence against Mr. Epstein is both credible and deep and that he may be the most dangerous sexual predator of children that our country has ever seen. The evidence suggests that for at least 4 years he was sexually abusing as many as three to four girls a day. It is inevitable that if he is not confined to prison, he will continue to manipulate and sexually abuse children and destroy more lives. He is a sexual addict that focused all of his free time on sexually abusing children, and he uses his extraordinary wealth and power to lure in poor, underprivileged little girls and then also uses his wealth to shield himself from prosecution and liability. We are very concerned for the health and welfare of the girls he has already victimized, and concerned that if justice is not properly served now and he is not imprisoned for a very long time, he will get a free pass to sexually abuse children in the future. Future abuse and victimization is obvious to anyone who really reviews the evidence in this case, and future sexual abuse of minors is inevitable unless he is prosecuted, tried and appropriately sentenced. Money and power should not allow a man to make his own laws, and he has clearly received preferential treatment at every step up to this point. If he were a man of average wealth or the abused girls were from middle or upper class families, then this man would spend the rest of his life in prison. In a country of true, blind justice, those distinctions are irrelevant, and we really hope he does not prove the point that a man can commit heinous crimes against children and buy his way out of it.

    If the Department of Justice's recent commitment to the protection of our children from child molesters is to be more than rhetoric, then this is the time and the case where the Department must step forward. We urge the Attorney General and our United States

2028 HARRISON STREET, SUITE 202, HOLLYWOOD, FLORIDA 33020
OFFICE: 954-414-8033/305-935-2011
FAX: 954-924-1530/305-935-4227
BE@BRADEDWARDSLAW.COM

Ann Marie C. Villafana, AUSA
United States Attorney's Office
Page Two

Attorney to consider the fundamental import of the vigorous enforcement of our Federal laws. We urge you to move forward with the traditional indictments and criminal prosecution commensurate with the crimes Mr. Epstein has committed, and we further urge you to take the steps necessary to protect our children from this very dangerous sexual perpetrator. We will help you to do this in any way possible to ensure that true Justice is served in this case.

Sincerely,

Brad Edwards, Esquire
Jay Howell, Esquire

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Ann Marie C. Villafana, AUSA
   United States Attorney's Office
   500 South Australian Avenue
   West Palm Beach, Florida   33401

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                 7/7/08

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)
   7007 2680 0002 5519 8503

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

7007 2680 0002 5519 8503

PS Form 3800, August 2006    See Reverse for Instructions