UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80736-Civ-Marra/Johnson

JANE DOES #1 and #2

    Petitioners,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**RESPONDENT'S OPPOSITION TO VICTIMS' MOTION
TO UNSEAL NON-PROSECUTION AGREEMENT**

Respondent, by and through its undersigned counsel, files its Opposition to Victims' Motion to Unseal Non-Prosecution Agreement, and states:

    **I.    THE MOTION TO UNSEAL SHOULD BE DENIED
    BECAUSE THE NON-PROSECUTION AGREEMENT HAS
    NEVER BEEN FILED UNDER SEAL IN THIS COURT.**

Petitioners have filed their motion to unseal the non-prosecution agreement, claiming that no good cause exists for sealing it. As an initial matter, the motion should be denied because the non-prosecution agreement entered into between the United States Attorney's Office and Jeffrey Epstein was never filed in the instant case by the United States, either under seal or otherwise. On August 14, 2008, this Court held a telephonic hearing to discuss petitioners' request for a copy of the non-prosecution agreement. The United States advised the Court that the Agreement had a confidentiality provision,

which the United States was obligated to honor.  The United States requested that, if the Agreement was to be produced to petitioners, it should be done pursuant to a protective order, to ensure that further dissemination of the Agreement would not occur.  At that time, petitioners had no objection to such a procedure.

On August 21, 2008, this Court entered its Order to Compel Production and Protective Order (DE 26).  Subpart (b) of the Order provides that, "Petitioners and their attorneys shall not disclose the Agreement or its terms to any third party absent further court order, following notice to and an opportunity for Epstein's counsel to be heard." (DE 26 at 1.)  Presumably, petitioners' motion to unseal is an effort to modify the terms of the Protective Order, to enable them to disclose the Agreement to third parties.

Since the Agreement has not been filed under seal with this Court, the legal authority cited by petitioners regarding sealing of documents, United States v. Ochoa-Vasque, 428 F.3d 1015 (11th Cir. 2005), is inapposite.  The parties who negotiated the Agreement, the United States Attorney's Office and Jeffrey Epstein, determined that the Agreement should remain confidential.  They were free to do so, and violated no law in making such an agreement.  Since the Agreement has become relevant to the instant lawsuit, petitioners have been given access to it, upon the condition that it not be disclosed further.[1]  Petitioners have no legal right to disclose the Agreement to third parties, or standing to challenge the confidentiality provision.

---

[1] It is unclear whether the Petitioners themselves (as opposed to their attorneys) have actually reviewed the Non-Prosecution Agreement.  The Court's Order to Compel Production required petitioners' counsel to review and agree to the Protective Order and to do the same with

In order to have standing, petitioners must show: (1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent; (2) a causal connection between the injury and the causal conduct; and (3) a likelihood that the injury will be redressed by a favorable decision. Granite State Outdoor Advertising, Inc. v. City of Clearwater, Fla., 351 F.3d 1112, 1116 (11th Cir. 2003). Petitioners already have obtained access to the agreement, so they cannot claim a denial of access as an injury in fact. Their motion to unseal refers to their stated desire to confer with other victims of Epstein and their attorneys "to determine whether they were likewise provided with inaccurate information about the nature of the plea agreement." (DE 28 at 5.)

This asserted reason for needing to unseal the Agreement is baseless given that the Protective Order, at the Court's direction, specifically provides for a very simple procedure to allow other victims and their lawyers to see the Agreement. (See DE 26 at 1-2, subpart (d).) All that is required is for any victims and/or their attorneys to review and agree to the terms of the Protective Order, and to provide the signed acknowledgment of that agreement to the United States.

Petitioners' claim that they wish to discuss with others the "possible legal responses" to the Government, including the National Alliance of Victims' Rights Attorneys, also provides no basis for vacatur of the Protective Order. Petitioners contend that the "sealing order would apparently block these forms of consultation . . ." (DE 28 at

---

their clients. Copies of those signed acknowledgements to abide by the Protective Order were then to be provided "promptly" to the United States. To date, only Attorney Brad Edwards has provided a signed acknowledgement.

5.) First, there is no sealing order. Second, the Protective Order does not prevent petitioners from consulting with anyone; it only prevents them from disclosing the Agreement. Petitioners fail to mention why it is necessary for the National Alliance of Victims' Rights Attorneys to have the Agreement in hand, in order to meaningfully consult with them.

Petitioners also assert that they would like to be able to reference the Agreement "in a parallel civil suit that is pending before this Court." (DE 28 at 5.) Given that the suit names Jeffrey Epstein as a defendant and is pending before the same district judge, it seems that litigation regarding the production and use of the Agreement should occur in that case, where the true party in interest, Jeffrey Epstein, is present and represented by counsel, rather than in a suit that was originally filed in July as an "Emergency Petition" under the various victims' rights laws.

## II. THE GOVERNMENT ACCURATELY DESCRIBED THE PROVISIONS OF THE AGREEMENT, AT THE TIME THE RESPONSES WERE FILED WITH THE COURT.

Petitioners castigate the Government for inaccurately describing the non-prosecution agreement. (DE 28 at 2-5.) They contend a particular provision cited by the Government does not appear in the copy of the Agreement produced to them.

During the telephonic hearing on August 14, 2008, Government counsel advised the Court and petitioners' counsel that there was an ongoing dispute between the Government and Epstein's attorneys over what constituted the Agreement. Government counsel advised that, in its opinion, the Agreement had three parts. The first part was

executed in September 2007, the second part, an addendum, was executed in October 2007, and the third part was a December 2007 letter from the United States Attorney to Epstein's attorneys, suggesting a further modification of the Agreement. The Government advised the Court that it believed that all three parts comprised the Agreement, while it appeared that Epstein's attorneys were contending the Agreement was comprised only of parts one and two.

At the commencement of the instant litigation, in July 2008, the Government believed the Agreement was comprised of all three parts mentioned above. This belief was expressed in victim notification letters, including one sent to Jane Doe #1,[2] the Government's July 9, 2008 response to the Emergency Petition for Enforcement of Victims Rights Act, as well as the Declaration of A. Marie Villafaña, Assistant U.S. Attorney, which accompanied the Government's response. This belief continued until August 2008, when the Government advised Epstein's attorneys that the victims had

---

[2]The victim notification letter was provided to Epstein's attorneys prior to being sent, who approved the language of which the petitioners now complain. Thus, petitioners' repeated assertions that the Government made these errors intentionally and/or negligently are meritless. (See, e.g., DE 28 at 4-5 ("The Government apparently feels free to disclose to the victims one provision in the non-prosecution agreement that it believes it is to its advantage to disclose, but not others. The Government should not be permitted to pick and choose, particularly where it has inaccurately described the provision that it has chosen to disclose.")  The Government seeks no "advantage" in this suit brought by the two victims. Furthermore, the petitioners' original emergency petition focused on their concern about the amount of jail time that Epstein would serve. The provision that they complain of now has no relation to jail time. Furthermore, petitioners aver that the October 2007 disclosure to Jane Doe #1 contained inaccurate information, but that disclosure was made before the December 2007 letter and, therefore, did not include anything related to the U.S. Attorney's now-defunct proposed amendment to the Agreement.

demanded disclosure of the Agreement to them, and discussions ensued about what constituted the Agreement. Epstein's attorneys then told the Government that Epstein believed the Agreement consisted only of the first and second parts. These were the parts disclosed to petitioners pursuant to the Protective Order in compliance with the Court's order to compel production. The fact that an erroneous disclosure was inadvertently made to one petitioner after Epstein had already entered his guilty plea, was sentenced, and surrendered to begin serving his sentence does not create an injury where one did not exist before.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny Petitioners' Motion to Unseal the Non-Prosecution Agreement.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

By:   s/ Dexter A. Lee_____
DEXTER A. LEE
Assistant U.S. Attorney
Fla. Bar No. 0936693
99 N.E. 4th Street
Miami, Florida 33132
(305) 961-9320
Fax: (305) 530-7139
E-mail: dexter.lee@usdoj.gov
Attorney for Respondent

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on October 8, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                       s/ Dexter A. Lee_____
                                       DEXTER A. LEE
                                       Assistant U.S. Attorney

## SERVICE LIST

Jane Does 1 and 2 v. United States<br/>Case No. 08-80736-CIV-MARRA/JOHNSON<br/>United States District Court, Southern District of Florida

Brad Edwards, Esq.,
The Law Offices of Brad Edwards & Associates, LLC
2028 Harrison Street, Suite 202
Hollywood, Florida 33020
(954) 414-8033
Fax: (954) 924-1530