UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80736-Civ-Marra/Johnson

JANE DOE #1 and JANE DOE #2

    v.

UNITED STATES
_____/

### JANE DOE #1 AND JANE DOE #2'S MOTION TO HAVE THEIR FACTS ACCEPTED BECAUSE OF THE GOVERNMENT'S FAILURE TO CONTEST ANY OF THE FACTS

COME NOW Jane Doe #1 and Jane Doe #2 (also referred to as "the victims"), by and through undersigned counsel, to move this Court to accept all of their facts in their Motion for Finding of Violations of the Crime Victims' Rights Act. The victims have been attempting to negotiate with the Government for more than 30 months on a stipulated set of facts. Despite repeated opportunities to advise the victims of what facts they are contesting, the Government in the last few days has flatly declared that it will not discuss the facts in this case. This is violation of the Court's direction to the parties as well as the local rule on the subject. Accordingly, the Government should be deemed to have failed to contest the victims' facts and the Court should proceed to resolve this case on the basis of the victims' proffered facts.

### FACTUAL BACKGROUND

The victims have been attempting to reach an agreement on the facts surrounding this case since filing their petition on June 7, 2008. In that petition, the victims[1] recited the facts as

---

[1] The petition was initially filed on behalf of Jane Doe #1. Jane Doe #2 was quickly added into the case. For simplicity, we will refer to the pleadings as having been filed by "the

1

they understood them at the time – i.e., the victim asserted "upon information and belief" that they understood that Epstein was involved in on-going plea negotiations with the U.S. Attorney's Office for the Southern District of Florida. Victims' Petition (doc. #1) at 1. On July 9, 2008, the Government responded with a sealed response (quickly unsealed by the Court), that stated that an agreement had already been reached with Epstein. Government's Response to Victims' Emergency Petition (doc. #13). Two days later, the victims replied, explaining that they were just learning these facts from the Government's pleading. *See, e.g.,* Victims' Reply to Government's Response (doc. #9) at 8.

      The Court quickly scheduled a hearing on the victims' petition, held on July 11, 2008. The Court discussed a need to "hav[e] a complete record, and this is going to be an issue that's … going to go to the Eleventh Circuit, [so it] may be better to have a complete record as to what your position is and the government's is as to what actions were taken." Tr. at 25-26. Counsel for the victims explained: " . . . I will confer with the government on this and if evidence needs to be taken, it [can] be taken at a later date." Tr. at 26. The Court concluded the hearing with the following instructions: "So I'll let both of you confer about whether there is a need for any additional evidence to be presented. Let me know one way or the other. If there is, we'll schedule a hearing. If there isn't and you want to submit some additional stipulated information, do that, and then I'll take care of this in due course." Tr. at 32.

      The victims and the U.S. Attorney's Office then attempted to reach a stipulated set of facts underlying the case. The U.S. Attorney's Office offered a very abbreviated set of proposed facts, and the victims responded with a detailed set of proposed facts. Rather than respond to the

---

victims."

2

victims' specific facts, however, the U.S. Attorney's Office suddenly reversed course. On July 29, 2008, it filed a Notice to Court Regarding Absence of Need for Evidentiary Hearing (doc. #17). The U.S. Attorney's Office took the following position: "After consideration, the Government believes that an evidentiary hearing is not necessary" (doc. #17 at 1). The Office asserted that the Court need only take judicial notice of the fact that no indictment had been filed against Epstein to resolve the case.

On August 1, 2008, the victims filed a response to the Government's "Notice" (doc. #19), giving a proposed statement of facts surrounding the case. The proposed statement of facts highlighted the fact that the Government had signed a non-prosecution agreement containing an express confidentiality provision, which prevented the Government from disclosing the agreement to them and other victims. *Id.* at 5. The victims response also requested that the Court direct the Government to confer with the victims regarding the undisputed facts of the case, produce the non-prosecution agreement and other information about the case. *Id.* at 14.

On August 14, 2008, the Court held a hearing on the case regarding the confidentiality of the non-prosecution agreement. The Court ultimately ordered production of the agreement to the victims.

After the U.S. Attorney's Office made the non-prosecution agreement available to the victims, the victims reviewed it and pursued further discussions with the U.S. Attorney's Office. Ultimately, however, the U.S. Attorney's Office declined to reach a stipulated set of facts with the victims and declined to provide further information about the case.

With negotiations at an impasse, the victims attempted to learn the facts of the case in other ways. In approximately May 2009, counsel for the victims propounded discovery requests

in both state and federal civil cases against Epstein, seeking to obtain correspondence between Epstein and prosecutors regarding his plea agreement – information that the U.S. Attorney's Office was unwilling to provide to the victims. Epstein refused to produce that information, and (as the Court is aware) extended litigation to obtain the materials followed. The Court rejected all of Epstein's objections to producing the materials.

On June 30, 2010, counsel for Epstein sent to counsel for the victims approximately 358 pages of e-mail correspondence between criminal defense counsel and the U.S. Attorney's Office regarding the plea agreement that had been negotiated between them. *See* Jane Doe #1 and Jane Doe #2's Motion for Finding of Violations of the Crime Victims' Rights Act and Request for a Hearing on Appropriate Remedies, Attachment "A." These e-mails fully disclosed for the first time the extreme steps that had been taken by the U.S. Attorney's Office to avoid prosecuting Epstein and to avoid having the victims in the case learn about the non-prosecution agreement that had been reached between Epstein and the Government.

In mid-July 2010, Jane Doe #1 and Jane Doe #2 settled their civil lawsuits against Epstein. Then, armed with the new information, they turned to moving forward in the CVRA case. On September 13, 2010, the victims informed the Court that they were preparing new filings in the case.

On October 12, 2010, the Court entered an order directing the victims to provide a status report on the case by October 27, 2010. That same day, counsel for the victims again contacted the U.S. Attorney's Office about the possibility of reaching a stipulated set of facts in the case. That same day, the U.S. Attorney's Office responded: "*We don't have any problem with agreeing that a factual assertion is correct if we agree that is what occurred*" (doc. #41 at 2).

On October 23, 2010, the victims e-mailed to the U.S. Attorney's Office a detailed proposed statement of facts, with many of the facts now documented by the correspondence between the U.S. Attorney's Office and Epstein's counsel. The victims requested that the U.S. Attorney's Office identify which facts it would agree to. In a letter to the U.S. Attorney's Office, the victims stated:

> If you believe that any of the facts they propose are incorrect, Jane Doe #1 and Jane Doe #2 would reiterate their long-standing request that you work with us to arrive at a mutually-agreed statement of facts. As you know, in the summer of 2008 Jane Doe #1 and Jane Doe #2 were working with you on a stipulation of facts when you reversed course and took that position that no recitation of the facts was necessary (*see* doc. #19 at 2). . . . I hope that your e-mail means that you will at least look at our facts and propose any modifications that you deem appropriate. Having that evidence quickly available to the Court could well help move this case to a conclusion.

That same day, the U.S. Attorney's Office agreed to forward the proposed statement of facts to the appropriate Assistant U.S. Attorney for review (doc. #41 at 2-3).

On October 26, 2010, rather than stipulate to undisputed facts, the U.S. Attorney's Office contacted the victims' attorneys and asked them to delay the filing of their motion for a two-week period of time so that negotiations could be held between the Office and the victims in an attempt to narrow the range of disputes in the case and to hopefully reach a settlement resolution without the need for further litigation. Negotiations between the victims and the U.S. Attorney's Office then followed over the next two days. However, at 6:11 p.m. on October 27, 2010 – the date on which the victims' pleading was due – the U.S. Attorney's Office informed the victims that it did not believe that it had time to review the victims' proposed statement of facts and advise which were accurate and which were inaccurate. The Office further advised the victims that it believed that the victims did not have a right to confer with their Office under the CVRA in this case because in its view the case is "civil" litigation rather than the "criminal" litigation (doc. #41 at 3). [2]

---

[2] In seeming contradiction to this position, on March 17, 2011, the U.S. Attorney's Office

As a result, purely as an accommodation to the U.S. Attorney's Office, on October 27, 2010, the victims filed a report with the Court in which they agreed to delay filing their motion and accompanying facts for up to two-weeks to see if negotiations can resolve (or narrow) the disputes with the U.S. Attorney's Office (doc. #41 at 4). Discussions with the U.S. Attorney's Office dragged on, including a meeting between Jane Doe #1 and the U.S. Attorney in December 2010.

After further discussions failed to produce any agreement or other visible progress, the victims informed the U.S. Attorney's Office that they would file their "summary judgment" motion with the Court on March 18, 2011 and requested further cooperation from the Office on the facts.

Ultimately, after months of discussion, the U.S. Attorney's Office informed counsel for the victims that – contrary to promises made earlier to stipulate to undisputed facts – no such stipulation would be forthcoming. Instead, on March 15, 2011, the U.S. Attorney for the Southern District of Florida, Wifredo A. Ferrer, sent a letter to the victims declining to reach any agreement on the facts:

> Because, as a matter of law, the CVRA is inapplicable to this matter in which no federal criminal charges were ever filed, your requests for the government's agreement on a set of proposed stipulated facts is unnecessary and premature. That is, because whether the rights in 18 U.S.C. § 3771(a) attach prior to the filing of a charge in a federal court is a matter of statutory interpretation, resolution of that question is not dependent upon the existence of any certain set of facts, other than whether a charging document was ever filed against Jeffrey Epstein in the United States District Court for the Southern District of Florida. And while this Office remains willing to cooperate, cooperation does not mean agreeing to facts that are not relevant to the resolution of the legal dispute at issue . . . .

---

informed the victims that it would not be making any initial disclosures to the victims as required for civil cases by Fed. R. Civ. P. 26(a)(1). The U.S. Attorney's Office did not explain why they believe that this rule of civil procedure is inapplicable if they think this case is properly viewed as a "civil" case.

6

Letter from Wifredo A. Ferrer to Paul G. Cassell (March 15, 2011).[3]

Accordingly, the victims were left with no choice but to file a motion without stipulated facts.  Contemporaneously with the filing of this motion, the victims are filing a comprehensive Motion for Finding of Violations of the Crime Victims' Rights Act and Request for a Hearing on Appropriate Remedies.  The motion contains the detailed set of facts which the victims have long been attempting to discuss with the government.

### THE COURT SHOULD RESOLVE THE CASE ON THE BASIS OF THE VICTIMS' PROFFERED FACTS.

In view of the deliberate decision by the U.S. Attorney's Office not to discuss with the victims which facts they are disputing, the Court should resolve this case on the basis of facts that the victims offer in their motion seeking a finding of violations of the CVRA.  For more than 30 months, the victims have given the U.S. Attorney's Office repeated opportunities contest their facts, only to see the Office first commit to reviewing the facts, then later claim they did not have sufficient time to review the facts, and then ultimately renege on that commitment to review the facts.  Indeed, the U.S. Attorney's Office now argues that the facts are "not relevant" to the court's determination.  If so, the Court should take up the U.S. Attorney's Office's position and simply accept the facts that the victims proffer.  If the U.S. Attorney's Office is correct that the facts are irrelevant, they should not be heard to object when the victims propose a specific set of facts for resolving this case.

---

[3] To avoid any suggestion that the victims are disclosing confidential settlement discussions, we are not attaching a copy of this letter to this pleading. We believe, however, that this paragraph is relevant to the issue before the Court and have accordingly reproduced it. *See* Fed. R. Evid. 408(b) (while settlement discussions are generally inadmissible, they are permissible for purposes other than proving the validity of a claim).

The Court should also accept the victims' facts because the U.S. Attorney's Office has violated the local rules regarding stipulating to facts. Local Rule 88.10(O) contains a broad, commonsense provision requiring the parties to work together to reduce disputes over the facts: The Local Rule provides: "The parties shall make every possible effort in good faith to stipulate to all facts or points of law the truth or existence of which is not contested and the early resolution of which will expedite the trial." For more than two-and-a-half years, the victims have been trying to get the U.S. Attorney's Office to stipulate to uncontested facts. The U.S. Attorney's Office, however, promised to do so, then refused to do so, then promised to do so, and now finally is refusing to do so. Because its failure to try and reach a stipulation is a clear violation of the local rule, the Court should simply adopt the victims' facts.

The Court should also accept the victims' facts because the Government has failed in its duty to confer with the victims. Not only did this Court order counsel for the Government and the victims to confer at the conclusion of the July 11, 2008 hearing, but the Crime Victims' Rights Act specific afford to victims "[t]he reasonable right to confer with the attorney for the Government in the case." 18 U.S.C. § 3771(a)(5). A fundamental part of conferring about a case would at least be learning what the Government agrees were the facts in the case. But the Government is apparently unwilling to do even that. Accordingly, the Court should simply find that the victims' understanding of the facts is correct and proceed to resolve this case on that basis.

**CERTIFICATE OF CONFERENCE**

As recounted above, the victims have repeated sought to learn which facts the Government is disputing, but the Government has declined to review the facts with the victims.

## CONCLUSION

For all the foregoing reasons, the Court should resolve this case on the basis of the facts that the victims have offered.

DATED: March 21, 2011

                                  Respectfully Submitted,

                                  s/ Bradley J. Edwards
                                  Bradley J. Edwards
                                  FARMER, JAFFE, WEISSING,
                                  EDWARDS, FISTOS & LEHRMAN, P.L.
                                  425 North Andrews Avenue, Suite 2
                                  Fort Lauderdale, Florida 33301
                                  Telephone (954) 524-2820
                                  Facsimile (954) 524-2822
                                  Florida Bar No.: 542075
                                  E-mail: brad@pathtojustice.com

                                  *and*

                                  Paul G. Cassell
                                  *Pro Hac Vice*
                                  S.J. Quinney College of Law at the
                                    University of Utah
                                  332 S. 1400 E.
                                  Salt Lake City, UT 84112
                                  Telephone: 801-585-5202
                                  Facsimile: 801-585-6833
                                  E-Mail: cassellp@law.utah.edu

                                  Attorneys for Jane Doe #1 and Jane Doe #2

**CERTIFICATE OF SERVICE**

The foregoing document was served on March 21, 2011, on the following using the Court's CM/ECF system:

A. Marie Villafaña
Assistant U.S. Attorney
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
(561) 820-8711
Fax: (561) 820-8777
E-mail: ann.marie.c.villafana@usdoj.gov
Attorney for the Government

Joseph L. Ackerman, Jr.
Fowler White Burnett PA
777 S. Flagler Drive, West Tower, Suite 901
West Palm Beach, FL 33401
Criminal Defense Counsel for Jeffrey Epstei
(courtesy copy of pleading via U.S. mail)