LAW OFFICE

· *Brad Edwards* ·

AND ASSOCIATES

October 9, 2008

Dexter Lee, AUSA
United States Attorney's Office
99 N.E. 4th Street
Miami, Florida  33132

      Re:    Jane Doe # and Jane Doe #2 v. United States of America
            Case No.:    08-80736-CIV-MARRA/JOHNSON

Dear Mr. Lee:

      I am writing to call to your attention two potentially false statements that the Government made, albeit inadvertently, in a sworn declaration submitted to the Court in connection with the above-captioned case. I request that your office file a corrected declaration and accompanying explanation.

      The first statement is found at page 3 to 4 of the July 9th, 2008 declaration of Marie Villafaña. There a provision in a plea agreement with Mr. Jeffrey Epstein is recounted. As we understand the Government's current position in this case, it is that this provision is not in fact part of the plea agreement in this case. If our understanding is correct, then Ms. Villafaña has filed a false affidavit with the court, albeit inadvertently. We respectfully request that she file a new affidavit that corrects this false information, along with all other information relevant to understanding how the false information came to be provided to the court – and to the victims in this case. This correction should, in my view, include more details about how Epstein and his attorneys approved a submission of false information to the victims as you stated on Page 5, n.2 in your October 8, 2008 filing "Respondent's Opposition to Victims' Motion to Unseal Non-Prosecution Agreement" – presumably knowing that litigation surrounding the victims' rights issues was on-going and that such false information might be ultimately presented to the court. Such information is highly relevant to what remedy the victims might ultimately choose to seek for violations of their rights in this case.

      The second statement may or may not be false, but may need some clarification. At page 4 of Ms. Villafaña declaration, she states that "[i]n October 2007, shortly after the agreement was signed, four victims [including C.W.] were contacted and *these provisions were discussed*" (emphasis added). Similarly at page 5, the declaration states: "After C.W. had been notified of the *terms of the agreement* ….." (emphasis added). I write to inquire whether, in view of the fact that the provision noted above is not in fact (according to the Government's current view) part of the plea agreement, whether this was the provision that the government (inaccurately) discussed with the victims. Put another way, I am wondering whether the Government will now stipulate that it, at most, discussed with the victims a provision in the plea agreement that never was actually part of the plea agreement.

2028 HARRISON STREET, SUITE 202, HOLLYWOOD, FLORIDA 33020

OFFICE: 954-414-8033/305-935-2011
FAX: 954-924-1530/305-935-4227
BE@BRADEDWARDSLAW.COM

Dexter Lee, AUSA
United States Attorney's Office
October 9, 2008
Page Two

    I continue to be interested in working out a joint stipulation of proposed facts in this case with the Government. If you would like to proceed in that direction, please give me a call. If, however, the Government is not willing to work out a joint stipulation of facts, then I need to have the record be as clear as possible, and at a minimum would request that the Government correct the inaccurate information it has provided to the court and clarify precisely how such inaccurate information came to be made a part of the record and the extent to which Mr. Epstein, through his attorneys, was culpable.

                                    Sincerely,

                                      Brad Edwards

BE/sg

2028 HARRISON STREET, SUITE 202, HOLLYWOOD, FLORIDA 33020
OFFICE: 954-414-8033/305-935-2011
FAX: 954-924-1530/305-935-4227
BE@BRADEDWARDSLAW.COM