UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80736-Civ-Marra/Johnson

JANE DOES #1 AND #2,

    Petitioners,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**UNITED STATES' RESPONSE TO PETITIONERS' MOTION
TO USE CORRESPONDENCE TO PROVE VIOLATIONS OF THE
CRIME VICTIMS' RIGHTS ACT AND TO HAVE THEIR
UNREDACTED PLEADINGS UNSEALED [DE51]**

The United States of America, by and through the undersigned, hereby files this Response in partial opposition to Petitioners' Motion to Use Correspondence to Prove Violations of the Crime Victims' Rights Act and to Have Their Unredacted Pleadings Unsealed (DE51). As explained in the United States' Response to Petitioners' Motion for Finding of Violations of the Crime Victims Rights Act (DE48), and Petitioners' Motion to Have Their Facts Accepted (DE49), it is the position of the United States that this case presents a straightforward legal issue and no additional facts or evidence are necessary for the resolution of the matter. The United States also was not a party to the action wherein Petitioners were ordered to obtain court approval prior to using the correspondence as evidence.[1] Accordingly, the United States takes no position as to that portion of Petitioners'

---

[1] The Government does note, however, that Petitioners have filed the Non-Prosecution Agreement ("NPA") in the public portion of the Court file. (DE48, Ex. E.) That document is the subject of a Protective Order in the instant suit. (*See* DE26.) Petitioners have previously moved to

Motion, although it notes that merely attaching the correspondence to a motion without authenticating it does not make it admissible evidence.

With regard to Petitioners' Motion to Unseal, when Petitioners' originally conferred with the government, the undersigned stated that there was no objection to the motion to unseal. However, a copy of what Petitioners intended to file was not provided. Also, upon undertaking some research in preparation for a response to DE49, it was determined that the Government could not, in accordance with our legal obligations, agree to unsealing the documents referenced herein. Accordingly, for the reasons set forth herein, the United States opposes, in part, Petitioners' Motion to Unseal. Instead, the United States has filed herewith, under seal, a redacted version of DE48 and the relevant portions of Exhibit A, and asks the Court to unseal only redacted versions, if the Court decides to grant Petitioners' Motion to Unseal.

**CERTAIN PORTIONS OF PETITIONERS' PLEADINGS RUN AFOUL OF FED. R. CRIM. P. 6(e) AND/OR CONSTITUTIONAL MANDATES.**

Several of the "facts" that Petitioners include in their Statement of Undisputed Facts allege that Jeffrey Epstein ("Epstein") and others have committed crimes for which they were never charged or convicted. Others refer to matters that were occurring before the grand jury. The documents contained in Exhibit A to their pleading contain similar materials. The Federal Rules of Criminal Procedure and constitutional mandates dictate that these should be kept sealed.

    **A.**    **Federal Rule of Criminal Procedure 6(e)**

Rule 6(e) states that "an attorney for the government" "must not disclose a matter occurring

---

unseal the NPA in this action, (*see* DE28,) which the Court has denied. (DE36.) Although the Government acknowledges that the NPA is a matter of public record in other courts, it is *not* a public record here. As discussed below, its disclosure, which includes names of uncharged persons, implicates Due Process.

before the grand jury." Fed. R. Crim. P. 6(e)(2)(B).  Furthermore, court hearings and court records and orders must be sealed "to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(5) & (6).

Courts have construed "a matter occurring before the grand jury" to include "events which have already occurred before the grand jury, such as a witness's testimony, [and] matters which will occur, such as statements which reveal the identity of persons who will be called to testify or which report when the grand jury will return an indictment."[2] *In re Grand Jury Investigation*, 610 F.2d 202, 216-17 (5th Cir. 1980).

While Petitioners were merely asking the Government to agree with their assertions of "fact" based upon materials Petitioners had received from counsel for Epstein, rather than asking the Government to make affirmative disclosures of grand jury material, "Rule 6(e) does not create a type

---

[2]It is worth noting that, within the same case, a court can take differing positions on this. Compare:

> [T]he disclosure of information obtained from a source independent of the grand jury proceedings, such as a prior government investigation, does not violate Rule 6(e). A discussion of actions taken by government attorneys or officials, e.g., a recommendation by the Justice Department attorneys to department officials that an indictment be sought against an individual does not reveal any information about matters occurring before the grand jury.  Nor does a statement of opinion as to an individual's potential criminal liability violate the dictates of Rule 6(e).

With:

> Disclosures which expressly identify when an indictment would be presented to the grand jury, the nature of the crimes which would be charged, and the number of persons who would be charged run afoul of the secrecy requirements codified in Rule 6(e).

*In re Grand Jury Investigation*, 610 F.2d at 217, 218.  In light of these conflicting directives, the government must err, if at all, on the side of treating all information related to grand jury proceedings as "matters occurring before the grand jury."

3

of secrecy which is waived once public disclosure occurs." *In re Motions of Dow Jones & Co., Inc.*, 142 F.3d 496, 505 (D.C. Cir. 1998) (quoting *In re North*, 16 F.3d 1234, 1245 (D.C. Cir. 1994)). "[E]ven if material concerning the grand jury investigation had been disclosed to the public, the Government attorney . . . had a duty to maintain grand jury secrecy. This attorney could neither confirm nor deny the information presented by the 'external party.'" *Senate of the Commonwealth of Puerto Rico v. United States Dep't of Justice*, 1992 WL 119127 at *3 (D.D.C. May 13, 1992) (citing *Barry v. United States*, 740 F. Supp. 888, 891 (D.D.C. 1990) ("Rule 6(e) does not create a type of secrecy which is waived once public disclosure occurs. The Government is obligated to stand silent regardless of what is reported, accurate or not, by the press.").

> The reasons for Rule 6(e) are multiple:
>
> In addition to preventing adverse pretrial publicity about a person who may be indicted and subsequently tried, secrecy protects the reputation of a person under investigation who is not indicted. The secrecy requirement also encourages reluctant witnesses to testify without fear of reprisals from those against whom testimony is given, prevents tampering with grand jury witnesses in an effort to alter their trial testimony, and permits the grand jury to deliberate free from the influence of publicity. Finally, secrecy prevents disclosures to persons who may be interested in the investigation if the facts are known or might attempt to escape if they have reason to believe certain indictments will issue.

*United States v. Eisenberg*, 711 F.2d 959, 961 (11th Cir. 1983) (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 n.6 (1958)).

Several of the "facts" contained in Petitioners' submission contain allegations related to matters occurring before the grand jury. Pursuant to Fed. R. Crim. P. 6(e), the Government cannot confirm or deny the accuracy of those allegations. Likewise, portions of Exhibit A to Docket Entry 48 refer to matters occurring before the Grand Jury. Notwithstanding Petitioners' citations to the First Amendment and the interest of the press and the public in this case, the First Amendment right

of access is not absolute and sealing is appropriate in connection with grand jury proceedings. As explained by Judge Jordan in *United States v. Steinger*, 626 F. Supp. 2d 1231 (S.D. Fl. 2009):

> "The proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings," *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979), and this expectation of privacy is generally codified in Rule 6(e) of the Federal Rules of Criminal Procedure. . . . .
>
> There is a second reason why sealing is currently appropriate. As noted above, the Public Integrity Section has determined that six former or present public officials had no knowledge of, or involvement in, the alleged wrongdoing, and its probe continues against others who have yet to be indicted or cleared. The sealed documents and transcripts refer to many of those individuals by name. Disclosure of those names, and the matters being investigated, could have devastating consequences for those persons who have been cleared of any misconduct, as well as for those still under investigation. As William Shakespeare put it centuries ago, "the purest treasure mortal times afford is spotless reputation; that away, men are but guilded loam, or painted clay." W. Shakespeare, RICHARD II, ACT 1, SCENE 1, lines 177-78 (1597). And if it is true that "at every word a reputation dies," A. Pope, THE RAPE OF THE LOCK, CANTO III, line 16 (1712), then public access to the sealed documents and transcripts here could easily kill many reputations. This overriding interest is, I believe, of a higher value under [*Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984)] so as to warrant sealing, and provides good cause under the common-law access balancing test to preclude disclosure.

*Steinger*, 626 F. Supp. 2d at 1235-36 (brackets in original omitted). *See also In re Petition of American Historical Ass'n*, 62 F. Supp. 2d 1100, 1103 (S.D.N.Y. 1999) ("A cornerstone of the grand jury secrecy rule is the protection of the reputations and well-being of individuals who are subjects of grand jury proceedings, but are never indicted . . . [T]he rule of secrecy seeks to protect . . . unindicted individuals from the anxiety, embarrassment, and public castigation that may result from disclosure.") (cited in *Steinger*).

### B. Due Process

As noted above, one of the reasons behind 6(e) is to protect the reputations of persons who are under investigation but not indicted. This is a corollary to what the Court of Appeals found to be a due process protection afforded by the Fifth Amendment of the United States Constitution – namely, "that the liberty and property concepts of the Fifth Amendment protect an individual from being publicly and officially accused of having committed a serious crime, particularly where the accusations gain wide notoriety." *See In re Smith*, 656 F.2d 1101, 1106 (5th Cir. 1981) (citation omitted).[3] In *Smith*, the petitioner filed a motion seeking to have his name stricken from the factual proffers of two criminal defendants. Smith had not been criminally charged or convicted. The Court of Appeals agreed with Smith, castigating the Government:

> no legitimate governmental interest is served by an official public smear of an individual when that individual has not been provided a forum in which to vindicate his rights. . . .
>
> [W]e completely fail to perceive how the interests of criminal justice were advanced at the time of the plea hearings by such an attack on the Petitioner's character. The presumption of innocence, to which every criminal defendant is entitled, was forgotten by the Assistant United States Attorney in drafting and reading aloud in open court the factual resumes which implicated the Petitioner in criminal conduct without affording him a forum for vindication.

*Id.* at 1106, 1107. The Court of Appeals ordered the District Court Clerk's Office to "completely and permanently obliterate and strike from the records of the pleas of guilty . . . any and all identifying reference to or name of Mr. Smith, the Petitioner, so that such references may not be used as a public record to impugn the reputation of Petitioner." *Id.* at 1107. The Court further ordered that all of the pleadings in the case be sealed. *Id.*

---

[3]This opinion of the Fifth Circuit was made binding precedent in the Eleventh Circuit pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Courts have interpreted *Smith* to apply not only to references to unindicted co-conspirators in indictments and factual proffers, but also to motion papers. *See, e.g., United States v. Anderson*, 55 F. Supp. 2d 1163, 1168 (D. Kan. 1999) ("After carefully reviewing the government's moving papers on the conflict of interest issue, the court can find no reason why the government might have 'forgotten' the presumption of innocence in such a public pleading . . .") (citing *Smith*, 656 F.2d at 1107); *United States v. Holy Land Foundation*, 624 F.3d 685 (5th Cir. 2010) (Fifth Amendment rights of organization were violated when its name was listed among 246 unindicted coconspirators in pre-trial brief).

Petitioners' "Statement of Undisputed Material Facts," and Exhibit A to DE48 contain allegations related to uncharged crimes against not only Epstein but several other individuals.[4]  In keeping with the First Amendment's limited right of access, the United States does not oppose the motion to unseal in full, rather, pursuant to *Smith* and its progeny, the relevant allegations should be redacted. *See, e.g., Smith*, 656 F.2d at 1107 (ordering Clerk's Office to "completely and permanently obliterate and strike from the records . . . any and all identifying reference to or name of Mr. Smith" and sealing all other related records); *United States v. Anderson*, 55 F. Supp. 2d 1163, 1170 (D. Kan. 1999) (ordering Clerk's Office to "completely and permanently strike" all references to petitioners); *Steinger*, 626 F. Supp. 2d at 1237 (concluding that documents must be kept fully sealed because "redactions would be so heavy as to make the released versions incomprehensible and unintelligible").

Filed herewith, under seal in accordance with Rule 6(e), is a proposed redacted copy of DE48 and the relevant pages of Exhibit A.  With respect to DE48 itself, the Government has only redacted

---

[4]The NPA also contains such references.

language that in some way suggests that the Government (including the FBI) is the source of the allegation. However, the Government reiterates, as it has stated in its opposition to "Petitioners' Motion to Have Their Statement of Undisputed Material Facts Accepted" that it denies all of the allegations contained in Petitioners' Statement that aver violations of law by Epstein or others that have not resulted in a conviction, including but not limited to paragraphs 1, 2, 4, 5, 10, 11, 17, 37, 52, and 53. With respect to Exhibit A, out of 359 pages, the United States only seeks to redact 40 full pages, and seeks to redact individual words or sentences on an additional 20 pages.

The United States further respectfully requests that the Court allow it to redact the personal telephone number and email address of its personnel, that appears on eighteen pages in Exhibit A to DE48. The information serves no evidentiary purpose.

The United States has conferred with counsel for Petitioners on these matters. Petitioners have no objection to the redaction of the personal telephone number and email address of government personnel and to the redaction of individual statutory references in Exhibit A. Petitioners object to redactions of DE48 and to further redactions of Exhibit A. For ease of reference by the Court, the redactions that are agreed to are marked in blue; those that are in dispute are marked in red. Redactions that appear in plain black are pre-existing (i.e., they are redactions done either by Petitioners or by Epstein's counsel).

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court deny, in part, Petitioners' Motion to Unseal its Motion for Finding of Violations of Crime Victim's Rights Act and Request for Hearing on Appropriate Remedies [DE48] and Exhibit A thereto and, instead, that the Court unseal only a redacted version of those pleadings, that is, the redacted documents filed

herewith.

              Respectfully submitted,

              WIFREDO A. FERRER
              UNITED STATES ATTORNEY


By:  s/ Dexter A. Lee
    DEXTER A. LEE
    Assistant U.S. Attorney
    Fla. Bar No. 0936693
    99 N.E. 4th Street
    Miami, Florida 33132
    (305) 961-9320
    Fax: (305) 530-7139
    E-mail: dexter.lee@usdoj.gov

    Attorney for Respondent

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 7, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.


    s/ Dexter A. Lee
    DEXTER A. LEE
    Assistant U.S. Attorney

SERVICE LIST

Jane Does 1 and 2 v. United States,
Case No. 08-80736-CIV-MARRA/JOHNSON
United States District Court, Southern District of Florida

Bradley J. Edwards, Esq.,
Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820
Fax: (954) 524-2822
E-mail: brad@pathtojustice.com

Paul G. Cassell
S.J. Quinney College of Law at the
University of Utah
332 S. 1400 E.
Salt Lake City, Utah 84112
(801) 585-5202
Fax: (801) 585-6833
E-mail: casselp@law.utah.edu

Attorneys for Jane Doe # 1 and Jane Doe # 2