UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80736-Civ-Marra/Johnson

JANE DOE #1 and JANE DOE #2

    v.

UNITED STATES
_____/

**JANE DOE #1 AND JANE DOE #2'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR ORDER DIRECTING THE U.S. ATTORNEY'S OFFICE NOT TO WITHHOLD RELEVANT EVIDENCE**

COME NOW Jane Doe #1 and Jane Doe #2 (also referred to as "the victims"), by and through undersigned counsel, to reply to the Government's response (DE #59) to their Motion for Order Directing the U.S. Attorney's Office Not to Withhold Relevant Evidence (DE #50). The Government does not dispute that it possesses easily-identifiable and easily-retrievable information that would help the victims prove that their CVRA rights have been violated. Nor does the Government deny that it is obligated to use its "best efforts" to insure that victims are accorded their rights, 18 U.S.C. § 3771(c)(1). For this reason alone, the Court should order the Government to provide this information to the victims. The Court should also order the Government to provide this information as part of the victims' right to be "treated with fairness," 18 U.S.C. § 3771(a)(8). The Government offers no convincing reasoning as to how it could possibly be treating the victims fairly to allow the Government to withhold material information concerning their case. The Court should therefore enter an order, as it would in any other

1

criminal or civil case, requiring the Government to make appropriate production of such evidence to the victims.

## I. THE GOVERNMENT IS VIOLATING ITS "BEST EFFORTS" OBLIGATIONS BY CONTINUING TO WITHOLD EVIDENCE FAVORABLE TO THE VICTIMS.

In their motion, the victims explained that the CVRA obligates government prosecutors to "make their *best efforts* to see that crime victims are . . . accorded[] their rights" under the CVRA. 18 U.S.C. § 3771(c)(1) (emphasis added). The victims also noted that "best efforts" are usually understood as requiring "[d]iligent attempts to carry out an obligation." Victims' Mot. at 4 (*citing* BLACK'S LAW DICTIONARY 169 (8th ed. 2004)). The victims accordingly argued that the Government was obligated to produce the information for the victims.

In response, the Government attempts to recast the victims' motion as one seeking some kind of right of discovery. But the victims are not urging that they themselves have the right to rummage through the government's files on the chance that they might turn up something useful for their case. Instead, the victims are simply asking the Court to order the Government to fulfill its *own* obligations to produce to the victims information that is highly relevant to this action. The "best efforts" requirement cannot possibly be understood as allowing the Government to simply suppress material information regarding this case.

The authorities that the Government cites do not support its far-fetched claim it can withhold relevant documents. For starters, it does not appear that any of these cases involve prosecutors' "best efforts" obligations under the CVRA, as it is not clear whether the facts of these cases (or the victims' attorneys) presented the "best efforts" issue with regard to the Government withholding material evidence.

2

Moreover, the first CVRA case cited by the Government – *United States v. Rubin*, 558 F.Supp.2d 411 (E.D.N.Y. 2008) – specifically contradicts the Government's position that victims are not entitled to obtain information from the Government.  In *Rubin*, crime victims argued that "the government has not provided information with which to pursue restitution in this case." *Id.* at 425.  The district court agreed that the CVRA "does not authorize an unbridled gallop to any and all information in the Government files," *id.* – a point that Jane Doe #1 and Jane Doe #2 readily concede.  But the district court went on to state that "[c]onferring with and *seeking information from the government in connection with restitution to be sought in an actual criminal proceeding*, by contrast, *would appear to be well within these bounds*." *Id.* (emphasis added).  The district court then went on to note that, because the Government believed some of the restitution information it possessed was secret grand jury material, it had provided the victims "with schedules setting forth information based on the grand jury materials that may, along with continued efforts to obtain the remainder of the grand jury material, fulfill [the victims'] request." *Id.*  The court went on to note that "[a]t oral argument, moreover, the government pledged to continue such efforts, to [the victims'] apparent satisfaction." *Id.*  The court accordingly found it unnecessary to rule further on the victims' motion for production of information, because the necessary information had apparently been produced.

The Government actions in this case are a far cry from those in *Rubin*.  Rather than providing the victims with material information (or even summaries of that information), the Government has simply stonewalled.  The Court should accordingly order the Government to produce the victims what is "well within the bounds" of the CVRA – that is, material information about their claims.

3

The Government also cites several cases in which district courts have declined to turn over to crime victims their own confidential pre-sentencing reports. Gov't Resp. at 3-4. These cases about *judicial* obligations say nothing about *prosecutorial* obligations under the CVRA "best efforts" provision. It is unsurprising that the provision does not obligate judges to take sides in a case and help crime victims obtain their rights; instead, that requirement extends to "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation, and prosecution of crime." 18 U.S.C. § 3771(c)(1). Thus, while the "best efforts" requirement does not obligate judges to turn over their own confidential materials (PSRs prepared by the court's probation officers), prosecutors must provide evidence that would help victims. Indeed, in one of the cases cited by the Government – *United States v. Sacane*, 2007 WL 951666 (D. Conn. Mar. 28, 2007) – the Court specifically stated that the victims should not try to obtain relevant information from the courts but instead should get it from prosecutors: "If the [victims] believe additional . . . disclosures are necessary, then pursuant to the CVRA they may enlist the assistance of the government; but they are not permitted to bypass the government and discover information directly from [the defendant]." *Id.* at *2 (citing the "best efforts" provision of the CVRA).

In addition, these cases involving PSRs hardly support the Government's position that relevant evidence can simply be concealed from crime victims – and from the Court. To the contrary, one of the rationales for these cases holding that victims cannot review the PSR is that the PSR is already reviewed by the Court. Thus, in the first PSR case cited by the Government, *United States v. Coxton*, 598 F.Supp.2d 737 (W.D.N.C. 2009), the Court declined to disclose PSR information to the victims because "[n]othing in the PSR enhances or changes [the victims'

4

restitution] claims. The Court will review the information in the PSR along with the victims' claims and other factors relevant to restitution, and will make its decision." *Id.* at 740.  Here, of course, the Court cannot review material information that the Government has decided to withhold – and victims are deprived of the chance to place that information before the Court.

The Government also cites *United States v. Moussaoui*, 483 F.3d 220 (4th Cir. 2007). *Moussaoui* is completely irrelevant to this case, as it involved efforts by *civil* litigants to intervene in a criminal case and obtain discovery for *civil litigation. See id.* at 224 (plaintiffs identified as civil tort plaintiffs).  Indeed, before the Fourth Circuit, the civil litigants "abandoned" any claim that the CVRA even applied. *Id.* at 234.  The Fourth Circuit commented in dicta that the CVRA rights "are limited to *criminal* justice process; the Act is therefore silent and concerned with victims' rights to file *civil* claims against their assailants." *Id.* at 234-35 (emphases added).  *Moussaoui* says nothing about the rights of Jane Doe #1 and Jane Doe #2, who are seeking to vindicate their CVRA rights in the criminal justice process.

Finally, it is useful to recall that the Government does not deny that it is concealing relevant information that will help the victims prove their case.  Nor does the Government claim it would be burdensome to produce this information.  Instead, the Government simply takes that position that there is nothing in the CVRA which obligates it to take even the smallest steps to help the victims.  If accepted, this position would eviscerate the CVRA command that prosecutors must use their "best efforts" to afford victims their rights.  As the victims explained in their motion (at p. 4), "best efforts" is usually understood "in the natural sense of the words as requiring that the party puts its muscles to work to perform with full energy and fairness the relevant express promises and reasonable implications therefrom." *Stabile v. Stabile*, 774 N.E.2d

5

673, 676 (Mass. App. Ct. 2002). This Court should order the prosecutors to put their muscles to work to protect the rights of the victims in this case.

## II.   THE VICTIMS HAVE A DUE PROCESS RIGHT UNDER THEIR CVRA "RIGHT TO BE TREATED WITH FAIRNESS."

The victims are also entitled to receive favorable evidence in the Government's possession for the same reason that criminal defendants receive such information: the fundamental dictates of fairness require that the Government not deliberately withhold relevant information contrary to its position in court. In their motion (at pp. 5-9), the victims explained why fairness entitles them to "*Brady*" information (i.e., information contradicting the Government's position) no less than criminal defendants. In response, the Government does not even pretend to argue that it is somehow fair for it to suppress this information. Instead, the Government raises the technical claim that in the absence of any "protected life, liberty, or property interest," the Due Process Clause is not triggered. Gov't Resp. at 5.

The Government completely misapprehends the victims' position. The victims are not arguing that they have a right under the Due Process Clause of the United States Constitution to receive favorable information.[1] Instead, they are arguing that they possess such a right under the CVRA's right to be "treated with fairness." 18 U.S.C. § 3771(a)(8). That right has already been triggered in this litigation, as the victims are asserting this right. Being treated with fairness means (at a minimum) receiving due process. As one of the CVRA's co-sponsors (Senator Kyl) explained, "The broad rights articulated in this section [§ 3771(a)(8)] are meant to be rights

---

[1] The Government's distortion of the victims' position is hard to understand in view of the fact that the victims' specifically stated in their motion that they were *not* raising a constitutional argument. *See* Victims' Motion at 6 ("To be sure, the victims in this case do not rely on a federal *constitutional* right to due process." (emphasis in original).

themselves and are not intended to just be aspirational. One of these rights is the right to be treated with fairness. Of course, fairness includes the notion of *due process*. Too often victims of crime experience a secondary victimization at the hands of the criminal justice system. This provision is intended to direct Government agencies and employees, whether they are in executive or judiciary branches, to treat victims of crime with the respect they deserve." 150 CONG. REC. S4269 (Apr. 22, 2004) (emphasis added).

It is simply not treating the victims with "the respect they deserve" to withhold from them relevant evidence that will help prove their case. The courts have repeatedly recognized that, once criminal defendants request favorable information from the government "the prosecution's suppression of such evidence, whether in good or bad faith, violates due process." *Ward v. Hall*, 592 F.3d 1144 (11th Cir. 2010). For the same reasons, the prosecution's suppression of favorable evidence from the victims violates that their right to be treated with fairness. The *Brady* decision explains that "[s]ociety wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). So too here – our system of administering justice will suffer if Jane Doe #1 and Jane Doe #2 are treated unfairly. The Court should therefore order that the Government give the victims of a sex offender the same kind of information that they would give to the sex offender himself – e.g., favorable information in the Government's possession that will support the victims' claims.

### III. THE VICTIMS ARE ALSO ENTITLED TO DISCLOSURE UNDER THE FEDERAL RULES OF CIVIL PROCEDURE.

7

The victims are also entitled to receive information favorable to them under the rules civil procedure. As explained at greater length in their motion (at pp. 9-10), the Court opened the victims' CVRA case as a civil case (i.e., as case no. 08-80736-Civ-Marra/Johnson) and the case would therefore presumptively appear to be governed by the Federal Rules of Civil Procedure. Accordingly, the victims have fully made their initial disclosures to the Government required by Fed. R. Civ. P. 26(a)(1)(A). The Government, however, has refused to reciprocate any such disclosures to the victims.

In response to victims' point about the apparently applicability of the rules of civil procedure, the Government takes a new position. It had previously told the victims that it would not confer with them about this CVRA case because it was "civil" litigation rather than criminal litigation. *See* Victims' Mot. at 9 (*citing* Doc. #41 at 1-2). Now, the Government finds it convenient to disavow that earlier position and instead says that it is "happenstance" that this case is opened as a civil matter. Gov't Resp. at 7. But the Government cannot deny that Rule 1 of the Federal Rules of Civil Procedure makes the civil rules applicable to what is undeniably currently a civil case. *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts . . . ."). If the Government wanted to be relieved from the obligations of the civil rules or have this case moved to the Court's criminal docket, it could have filed a motion to that effect. Instead, it has done nothing. Accordingly, the Government must make the ordinary initial disclosures that it makes in other civil cases.

The Government does not argue that making such disclosures would be burdensome, unfair, or expensive. Presumably, then, the only reason the Government does not to disclose the information in its possession is that the materials are somehow embarrassing to the

8

Government's position. This hardly provides a legitimate basis for refusing to make common litigation disclosures – particularly in light of Congress' command to the Government that it must make its "best efforts" to protect victims' rights.  18 U.S.C. § 3771(c)(1).

The victims do not wish to engage in a metaphysical debate about whether this case is more accurately characterized as a "civil" case or a "criminal" case.  To the contrary, the victims are simply trying to get the same kind of information that the Government routinely provides in *all* cases.  Thus, as the victims explained in their motion (at p. 8), ordinarily in a criminal case the Court enters a "Standing Discovery Order" that requires the Government to "reveal to the defendant(s) and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issue of guilt or punishment within the scope of *Brady v. Maryland* . . . ."  Moreover, for criminal cases local rule 88.10(O) requires the government to "make every possible effort in good faith to stipulate to all facts . . . the truth or existence of which is not contested and the early resolution of which will expedite the trial." The Government is basically trying to have this case viewed as neither fish nor fowl: even though the case has been opened as a civil case, the rules of civil procedure do not apply; but even though the rules of civil procedure don't apply, the Government is not obligated to provide the disclosures ordinarily made in criminal cases.  The Court should not allow this kind of gamesmanship.  The Government knows full well that it has material information supporting the victims' case.[2]  The Court should require the Government to produce it.  Accordingly, the Court should enter the proposed order that the victims submitted with their original motion.

---

[2] If the Government did not have any such information, it could have simply filed an affidavit to that effect and the victims' motion would have been moot.  Moreover, in

9

## CONCLUSION

For all the foregoing reasons, the Court should order the U.S. Attorney's Office to produce information favorable to the victims. A proposed order to that effect was attached with the victims' original motion, which the Court should enter.

DATED: May 2, 2011

                                          Respectfully Submitted,

                                          s/ Bradley J. Edwards
                                          Bradley J. Edwards
                                          FARMER, JAFFE, WEISSING,
                                          EDWARDS, FISTOS & LEHRMAN, P.L.
                                          425 North Andrews Avenue, Suite 2
                                          Fort Lauderdale, Florida 33301
                                          Telephone (954) 524-2820
                                          Facsimile (954) 524-2822
                                          Florida Bar No.: 542075
                                          E-mail: brad@pathtojustice.com

                                          *and*

                                          Paul G. Cassell
                                          *Pro Hac Vice*
                                          S.J. Quinney College of Law at the
                                            University of Utah
                                          332 S. 1400 E.
                                          Salt Lake City, UT 84112
                                          Telephone: 801-585-5202
                                          Facsimile: 801-585-6833
                                          E-Mail: cassellp@law.utah.edu

                                          Attorneys for Jane Doe #1 and Jane Doe #2

---

conversations with the Government, it has been made clear to victims' counsel that the Government will not produce favorable information that it possesses.

**CERTIFICATE OF SERVICE**

The foregoing document was served on May 2, 2011, on the following using the Court's CM/ECF system:

Dexter A. Lee
A. Marie Villafaña
Assistant U.S. Attorneys
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
(561) 820-8711
Fax: (561) 820-8777
E-mail: dexter.lee@usdoj.gov
E-mail: ann.marie.c.villafana@usdoj.gov
Attorneys for the Government

Roy Black, Esq.
Jackie Perczek, Esq.
Black, Srebnick, Kornspan & Stumpf, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, FL 33131
(305) 37106421
(305) 358-2006

Martin G. Weinberg, P.C.
20 Park Plaza
Suite 1000
Boston, MA 02116
(617) 227-3700
(617) 338-9538

Joseph L. Ackerman, Jr.
Joseph Ackerman, Jr.
Fowler White Burnett PA
777 S. Flagler Drive, West Tower, Suite 901
West Palm Beach, FL 33401
Criminal Defense Counsel for Jeffrey Epstein
(courtesy copy of pleading via U.S. mail)