UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80736-Civ-Marra/Johnson

JANE DOE #1 AND JANE DOE #2,

       Plaintiffs,

v.

UNITED STATES OF AMERICA,

       Defendant.

_____/

MOTION TO INTERVENE
OR IN THE ALTERNATIVE FOR A *SUA SPONTE* RULE 11 ORDER

      Comes now, Movant Bruce E. Reinhart, pursuant to Federal Rule of Civil Procedure 24(b), and seeks leave to intervene as a party-in-interest in this matter.  Movant seeks to intervene to file a Motion for Sanctions based on unfounded factual and legal accusations made about Movant in Plaintiff's Motion for Finding of Violations of the Crime Victims' Rights Act (the "Motion") [DE 48].[1]  In the context of a motion alleging that the U.S. Department of Justice violated Plaintiff's rights under the Crime Victims Rights Act, Plaintiffs make irrelevant and gratuitous accusations that Movant violated unspecified Florida Bar rules and Department of Justice regulations.  Movant should be granted leave to intervene to rebut these false allegations, and to seek sanctions.  Alternatively, the Court on its own initiative should require Plaintiffs and their counsel to show their compliance with Federal Rule of Civil Procedure 11.

      Without any attempt to tie the allegations to the asserted violation of the CVRA, Paragraphs 52 and 53 of the Motion falsely allege that Movant, a non-party to this matter,

_____

[1] Movant was not served with a copy of the pleading.  Movant first saw the pleading on April 20, 2011.

violated Florida Bar rules and Department of Justice regulations by representing employees of Jeffrey Epstein ("Epstein") in civil litigation after the undersigned retired from the United States Attorney's Office for the Southern District of Florida (the "Office").  They also falsely allege that Movant, while still employed by the Office engaged in improper conduct relating to Epstein. The Motion does not make any effort to connect these allegations to the relief it seeks.  It does not explain how the accusations against Movant are relevant to its claims under the CVRA, nor does it explain how Movant's alleged conduct can be imputed to any party in the action. Because there is no proper purpose for these allegations, they are made in bad faith, unreasonably, vexatiously, and for the improper purpose of harassing Movant.

Plaintiff has injected into this action questions of law and fact relating to Movant's alleged conduct.  Movant now seeks to assert a claim under Fed. Rule Civ. P. 11 and 28 U.S.C. §1927 arising from the same questions of law and fact that Plaintiff raised.  Movant's claim shares with the main action common questions of law and fact.  *See New York News, Inc. v. Newspaper and Mail Deliverer's Union*, 139 F.R.D. 291, 293 (S.D.N.Y. 1991)(for purposes of Rule 24(b), claim that falsities in pleading impugned movant's reputation created a question of fact in common with underlying cause of action).   Therefore, the Court has discretion to permit intervention.  *C.f. Id.* (permissive intervention denied because it would unduly delay and prejudice imminent settlement of the original claims), *aff'd sub nom New York News v. Kheel,* 972 F.2d 482, 487 (2d Cir. 1992).  Here, the proposed intervention does not create a risk of undue delay or prejudice to the adjudication of the underlying claims.  *See* Fed. R. Civ. P. 24(b)(3).  Movant should be permitted to intervene under Fed. R. Civ. P. 24(b)(1)(B).

Unless Movant is permitted to intervene, he cannot remedy the false accusations in Paragraphs 52 and 53.  The Department of Justice has responded to the Motion.  It declined to respond on the merits to the allegations in Paragraphs 52 and 53 because they are so obviously

irrelevant to the Government's alleged violation of the CVRA.  As such, Movant's interest is not adequately protected by the existing parties.

Alternatively, Movant asks the Court *sua sponte* to issue an Order to Show Cause under Rule 11(c)(3)("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)").  This Court should not countenance a party making irrelevant, slanderous accusations against a non-party.  On the face of Plaintiffs' Motion, it is clear that the allegations in Paragraphs 52 and 53 are irrelevant to whether the CVRA was violated, and therefore are not being presented for a proper purpose. The Court should require Plaintiffs and their counsel to show what legal and factual inquiry they undertook to comply with Rule 11(b) before making the allegations in Paragraphs 52 and 53, and to articulate the proper purpose for which these allegations were included in their Motion.

As required by Fed. R. Civ. P. 24(c), attached to this motion is a proposed Motion for Sanctions.  If leave to intervene is granted, the Motion for Sanctions which will be served on Plaintiffs' counsel under Fed. R. Civ. P. 5, but not filed for 21 days thereafter.  *See* Fed. R. Civ. P. 11(c)(2).

Pursuant to Local Rule 7.1(a)(3), undersigned counsel contacted counsel for Plaintiffs and counsel for the United States.  Assistant United States Attorney Dexter Lee reported that the United States does not oppose the Motion to Intervene.  Bradley Edwards, Esq., counsel for Plaintiffs reported that they oppose the Motion to Intervene.

Respectfully submitted,

/s/ Bruce E. Reinhart
BRUCE E. REINHART,P.A.
Florida Bar # 10762
250 S. Australian Avenue, Suite 1400
West Palm Beach, Florida 33401
(561) 202-6360 fax (561) 202-6976
Breinhart@BruceReinhartLaw.com

3

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Motion to Intervene or in the Alternative for a *Sua Sponte* Rule 11 Order was served on all counsel of record by CM/ECF on May 3, 2011.

/s/Bruce Reinhart
BRUCE REINHART