# EXHIBIT A



# Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.

Qui Tam
Class Action
Personal Injury
Wrongful Death
Commercial Litigation

PATHTOJUSTICE.COM

August 26, 2010

Robert D. Critton, Jr., Esq.
BURMAN, CRITTON, et al.
303 Banyan Boulevard
Suite 400
West Palm Beach, Florida 33401

Dear Mr. Critton,

We are writing to advise you of our intention to use in two pending court cases and a Justice Department complaint process correspondence between Epstein's representatives and federal prosecutors. As we have indicated to you in the past, we do not believe that we are under any restrictions with regard to using these materials in filed court cases and are not aware of any court order restricting our use of this correspondence. You have not directed us to any such court order. Nonetheless, you apparently believe that some sort of restriction exists. Accordingly, we have agreed to give you notice of our intention to use the correspondence so that you can, if you so choose, file an objection.

As you know, Epstein recently chose to settle the lawsuit of Doe v. Epstein, Case No. 08-CV-80893-CIV-MARRA/JOHNSON, shortly before trial. The settlement he reached followed a few days after he provided to us, as Jane Doe's legal counsel, correspondence between his representatives and the U.S. Attorney's Office in connection with a federal prosecution related to sex offenses against minors that the U.S. Attorney's Office was conducting. That correspondence demonstrates that Epstein was prepared to plead guilty to sexually abusing children.

As you also know, Epstein has chosen to file a lawsuit against one of us (Brad Edwards, Esq.) in which he alleges that civil lawsuits against him for sexually abusing children were trumped up as some sort of a scheme to extort money from him. As you also know, Epstein took the 5th during his deposition on all relevant questions rather than providing supporting responses for his lawsuit.

Finally, as you know, there is currently pending before Judge Marra a case filed under the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771, in which two victims of sexual assault by

425 North Andrews Avenue, Suite 2, Fort Lauderdale, Florida 33301
954.524.2820 office    954.524.2822 fax



Robert D. Critton, Jr., Esq.
August 26, 2010
Page 2

Epstein allege they were deprived of their rights under the Act. For example, the victims allege that there were deprived of notice of pending plea bargain arrangements and an opportunity to be heard as well as the right to meaningfully confer with prosecutors. The correspondence provided to us is compelling evidence in support of their claims, as it demonstrates that federal prosecutors were conducting plea discussions with Epstein months before they alerted the victims to any possible plea bargain. The correspondence also demonstrates a willful plan to keep the victims in the dark about the plea discussions.

In light of these facts, we intend to make use of this correspondence in the two lawsuits mentioned above. Of course, because of the redaction you made to the documents (and we challenged and firmly believe was a clear violation of Judge Marra's Order), no actual statements from Epstein's representatives are disclosed in the documents -- only statements from federal prosecutors.

Our currently planned use includes the following:

Epstein v. Edwards

Mr. Jack Scarola, Esq., will file a motion for summary judgment on Epstein's meritless lawsuit against Brad Edwards, Esq., as well as pursuing Edwards' counterclaim for abuse of process. To demonstrate that Epstein knew that he was guilty of the crime of sexually abusing children, he intends to attach relevant parts of the correspondence as exhibits to our motion for summary judgment and various motions pursuing the counterclaim. Mr. Scarola, as Edwards' counsel and someone with whom Edwards has an attorney client relationship and privilege, received the documents in question before the settlement agreement was reached and is not a party to the settlement agreement. Nonetheless, out of an abundance of caution, we are giving you notice of his upcoming additional intended use of the documents.

In Re: Jane Doe, Case No. 08-80736-MARRA/JOHNSON

Now that the civil cases have been favorably resolved, we will shortly be filing additional pleadings in the CVRA case. These pleadings will ask for remedies to protect the victims' rights under the CVRA, as well as the invalidating of the non-prosecution agreement that the U.S. Attorney's Office entered with Epstein in violation of the CVRA.

Related to these efforts to secure relief under the CVRA, we will be seeking to have a legislative initiative made to modify the CVRA so that it better protects victims of sexual abuse and other serious crimes. As part of that effort, we intend to share the correspondence with Susan Howley, Legislative Director for the National Center for Victims of Crime, who is currently in discussions with legislative aides to Senator Leahy about modifications to the CVRA. We further intend to share the correspondence with Meg Garvin, Executive Director of the National Crime Victims Law Institute in Portland, Oregon. As you may know, Ms. Garvin worked with the victims in the CVRA matter early on. Ms. Garvin is also in contact with congressional staff about the need for modifications to the CVRA. She has also been in discussions with the General Accounting Office (GAO), which issued a report about the effectiveness of the CVRA. See GAO, Increasing Awareness, Modifying the Compliant Process,

Robert D. Critton, Jr., Esq.
August 26, 2010
Page 3

and Enhancing Compliance Monitoring with Improve Implementation of the Act (Dec. 2008). The GAO is continuing to monitor compliance with the Act, and we intend to ask Ms. Garvin to share the correspondence with the GAO.

As you may know, in the past crime victims groups have succeeded in changing victim's rights' laws and then having those changes applied to currently pending cases. *See, e.g.*, Paul G. Cassell, *Barbarians at the Gates? A Reply to the Critics of the Victims' Rights Amendment*, 1999 Utah L Rev. 479, 518-19 (discussing remedial legislation passed by Congress to protect victims of the Oklahoma City bombing which Congress intended to apply to pending trials).

<u>Justice Department Ombudsman</u>

The Justice Department also has a process for considering complaints by crime victims about their treatment in the criminal justice process. They have an ombudsman, who will consider specific complaints. We intend to file a complaint with the Ombudsman about the handling of this case, and in doing so plan to share our documents with the Ombudsman and seek advice from other attorneys who work in the legal clinics for the National Crime Victims Law Institute about how to most effectively file such a complaint.

The uses listed above are examples and are not intended to be exclusive descriptions of our intention to use these documents in judicial and legislative fora.

Unless we hear from you within seven days that you have initiated legal action to bar us from making the above-described uses of the correspondence, we will move forward with doing so.

Sincerely,

Steven R. Jaffe

SRJ/nas