UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80736-Civ-Marra/Johnson

JANE DOE #1 and JANE DOE #2

v.

UNITED STATES
_____/



### JANE DOE #1 AND JANE DOE #2'S SEALED SUPPLEMENTAL RESPONSE REGARDING REMEDIES IN RESPONSE TO GOVERNMENT'S SEALED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

# UNDER SEAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80736-Civ-Marra/Johnson

JANE DOE #1 and JANE DOE #2

v.

UNITED STATES
_____/

### JANE DOE #1 AND JANE DOE #2'S SEALED SUPPLEMENTAL RESPONSE REGARDING REMEDIES IN RESPONSE TO GOVERNMENT'S SEALED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

COME NOW Jane Doe #1 and Jane Doe #2 (also referred to as "the victims"), by and through undersigned counsel, to fill this sealed supplemental response regarding remedies in response to the Government's Sealed Motion to Dismiss for Lack of Subject Matter Jurisdiction. The response is in addition to the victim's unsealed response. It is filed separately and under seal because it discusses material that the Court has placed under seal. It explains that the Court should deny the Government's motion to dismiss for the additional reason that a declaration that the non-prosecution agreement violates the CVRA will useful to the victims in presenting their case for prosecution to U.S. Attorneys Offices in New York and New Jersey.

In its sealed pleading, the Government argues that the non-prosecution agreement it signed with Epstein does not bar his prosecution for crimes committed against Jane Doe #1 and Jane Doe #2 in New York City and New Jersey. Accordingly, the Government suggests that the victims' *exclusive* remedy is simply to confer with federal prosecutors there about a possible prosecution.

1

The simplest answer to the Government's argument is that this remedy is not an exclusive one, but rather a supplemental one to the other remedies that the victims seek. Nothing requires the victims to limit themselves to one remedy, and they are certainly not required to restrict themselves to the limited remedy the Government proposes.

In any event, the victims remain skeptical about the viability of such a "remedy" for illegal actions by the Government in the Southern District of Florida. For starters, they have not been to these districts, so it is not clear exactly how the prosecutors there would prosecute Epstein for sex offenses Epstein committed against them in Florida. Presumably the Government has in mind some sort of conspiracy or RICO prosecution, relying on isolated overt acts (perhaps telephone calls or plane travel) Epstein undertook there. But a conspiracy or RICO prosecution would not appear to allow prosecution for the numerous substantive sex offenses committed by Epstein against Jane Doe #1 and Jane Doe #2 in the Southern District of Florida. A sex offense does not appear to be a "continuing offense," and therefore the Government must prosecute it where it took place – namely, in the Southern District of Florida. Accordingly, the Government's "remedy" is not a complete one – it simply does not permit the victims to confer with prosecutors about prosecuting substantive sex offenses against them.

Moreover, precisely how the victims are going to meaningfully be able to convince federal prosecutors in New York City and New Jersey to prosecute a conspiracy to commit sex offenses against them in Florida is unclear. One significant problem is that the Government first disclosed this possible "remedy" to Jane Doe #1 and Jane Doe #2 in November 2011 – 40 months after they had filed their CVRA action. Why the Government waited so long to disclose this information it fails to explain. In fact, its unexplained delay in disclosing this information is

2

itself a new and separate violation of the CVRA, because it was unfair for the Government to withhold this information for so long. *See* 18 U.S.C. § 3771(a)(8) (Government must treat crime victims with "fairness"). But in any event, the long delay means that the victims will now have a much more difficult time convincing the federal prosecutors in these remote areas to pursue a criminal charge that more properly would appear to belong in the Southern District of Florida.

The most important stumbling block to convincing these other prosecutors to act, however, would appear to be the fact that the U.S. Attorney's Office for the Southern District of Florida has already investigated Epstein's crimes at length and decided to enter into a non-prosecution agreement. Federal prosecutors in New York and New Jersey reviewing that fact alone might decide that the Epstein has been punished enough.

For this reason, Jane Doe #1 and Jane Doe #2 propose the following additional remedies so that they may be afforded their CVRA right to reasonably confer with prosecutors in New York City and New Jersey about crimes committed against them:

- A ruling from this Court that the non-prosecution agreement is not a "global" resolution of Epstein's criminal liability for sex offenses committed against young girls in Florida in that it does not bar prosecution in New York City and New Jersey for conspiracy and RICO offenses related to these offenses;

- A declaration that the Government entered into the non-prosecution agreement in violation of Jane Doe #1 and Jane Doe #2's rights under the CVRA;

- An injunction from this Court forbidding the Government from relying on the non-prosecution agreement in making any decision about whether or not to prosecute Epstein for other crimes;

- An order from this Court that the Government provide Jane Doe #1 and Jane Doe #2 all information in its possession, including documents and correspondence, that they could use to present to the U.S. Attorney's Office in the Southern District of New York and the District of New Jersey to help persuade those offices to initiate criminal prosecutions of Epstein;

3

- An order from this Court pursuant to Fed. R. Crim. P. 6(e)(3)(E) releasing the grand jury material that the Government has referred to in its sealed pleading helping to establish venue over Epstein's sex offenses in the Southern District of New York and the District of New Jersey;

- A order from this Court directing the U.S. Attorney's Office for the Southern District of Florida to report to Jane Doe #1 and Jane Doe #2 whether the U.S. Attorney's Offices for the Southern District of New York and the District of New Jersey currently have or have ever had an investigation of Epstein for sex offenses against young girls;

- An award of attorney's fees and costs from this Court under the Court's inherent authority to enter such an award for Jane Doe #1 and Jane Doe #2's presentations to the Offices in the Southern District of New York and the District of New Jersey; and

- Any other remedy that the Court deems just and proper.

Because Jane Doe #1 and Jane Doe #2 are seeking these remedies (in addition to the remedies outlined in their unsealed pleading), they clearly possess standing to pursue their claim that the Government violated the CVRA in entering into the secret non-prosecution agreement. The above-outlined remedies respond to injuries that they have suffered and are currently suffering with regard to being able to confer with the U.S. Attorney's Offices in the Southern District of New York and New Jersey. An order from this Court awarding these remedies would directly address these injuries.

Moreover, under the holding of the D.C. Circuit in *Byrd v. EPA*, 174, F.3d 239, 244 (D.C. Cir. 1999), the victims plainly have standing to litigate the illegality of the non-prosecution agreement. Under *Byrd*, a ruling from the Court that the agreement is illegal will be useful to the victims in attempting to persuade these other offices to pursue criminal charges against Epstein. In *Byrd*, the D.C. Circuit considered the Government's argument that an environmental consultant trying to obtain timely access to information under the Federal Advisory Committee

Act about an Environmental Protection Agency (EPA) advisory committee meeting failed to meet the "redressability" requirement to pursue his claim. The government argued that because the committee had already finally concluded its deliberations and the consultant had since been given access to the requested information, the consultant could not show that a ruling on whether he should have been given timely access would redress any injury to him. The D.C. Circuit rejected the Government's argument. The Circuit explained:

> [The consultant's] injury, however, resulted from EPA's failure to furnish him with the documents until long after they would have been of any use to him. Thus, contrary to EPA's contentions, declaratory relief will redress [the consultant's] injury because it will provide him with this Court's declaration that the agency failed to comply with FACA; and such a declaration will give [the consultant] "ammunition for [his] attack on the Committee's findings" in subsequent agency proceedings that make use of the [Committee's recommendation].

*Byrd v. U.S. E.P.A.*, 174 F.3d 239, 244 (D.C. Cir. 1999). Similarly in this case, a declaration from this Court that the Government entered into the non-prosecution agreement in violation of the CVRA would provide "ammunition" for the victim's "attack" on that agreement in further discussions with the Government, as well as in any other fora where the issue may arise. As the Eleventh Circuit has indicated in applying the D.C. Circuit's holding, a person disadvantaged by an allegedly illegal Government action possesses standing to challenge that illegal action and seek an injunction against further use of that action. *See Miccosukee Tribe of Indians of Florida v. Southern Everglades Restoration Alliance,* 304 F.3d 1076, 1081 (11th Cir. 2002) finding standing because plaintiff's alleged injury could well be redressed by prohibiting the use of allegedly illegal agency recommendations by other federal agencies) (relying on *Byrd v. EPA*, 174 F.3d 239, 244 (D.C.Cir.1999)). Jane Doe #1 and Jane Doe #2 are seeking such an injunction

5

here and accordingly possess standing to challenge the legality of the non-prosecution agreement.

One final reason exists for rejecting the Government's claim, as least at this time. The Government argues that it would be possible for Epstein to be prosecuted in New York City and Jersey. This is a factual claim, however, that the Government has failed to support with any facts. Until the Government proves this factual proposition, the Court must deny the Government's motion to dismiss.

## CONCLUSION

The Court should deny the Government's motion to dismiss.

DATED: December 6, 2011

                                    Respectfully Submitted,

                                    Bradley J. Edwards
                                    FARMER, JAFFE, WEISSING,
                                    EDWARDS, FISTOS & LEHRMAN, P.L.
                                    425 North Andrews Avenue, Suite 2
                                    Fort Lauderdale, Florida 33301
                                    Telephone (954) 524-2820
                                    Facsimile (954) 524-2822
                                    Florida Bar No.: 542075
                                    E-mail: brad@pathtojustice.com

                                    *and*

                                    Paul G. Cassell
                                    *Pro Hac Vice*
                                    S.J. Quinney College of Law at the
                                       University of Utah
                                    332 S. 1400 E.
                                    Salt Lake City, UT 84112
                                    Telephone: 801-585-5202

               Facsimile: 801-585-6833
               E-Mail: cassellp@law.utah.edu

               Attorneys for Jane Doe #1 and Jane Doe #2

## CERTIFICATE OF SERVICE

  The foregoing document was served on December 6, 2011, on the following parties by deposit into First Class U.S. Mail.

Dexter Lee
A. Marie Villafaña
Assistant U.S. Attorneys
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
(561) 820-8711
Fax: (561) 820-8777
E-mail: Dexter.Lee@usdoj.gov
E-mail: ann.marie.c.villafana@usdoj.gov

Attorneys for the Government

7