UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 08-80736-CIV-MARRA/JOHNSON

JANE DOE 1 and JANE DOE 2,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

**MOTION TO STRIKE NOTICE OF SUPPLEMENTAL AUTHORITY**

    This is a motion by limited intervenors Jeffrey Epstein and attorneys Black, Weinberg, and Lefkowitz, to strike the plaintiffs' notice of supplemental authority [DE 173] because the "authority" cited by the plaintiffs – a comment by attorney Tonja Haddad to attorney Jack Scarola – is neither pertinent, significant, nor authoritative to the issues before this Court. Ms. Haddad's comment to Mr. Scarola does not pertain to plea negotiations and therefore her comment is irrelevant.

    The facts leading up to Ms. Haddad's comment are these: In a separate civil proceeding, Mr. Epstein has sued attorney Bradley Edwards in state court for abuse of process. Jeffrey Epstein is represented in that state civil action by Tonja Haddad; Mr. Edwards is represented by Jack Scarola.

    The email that the plaintiffs Jane Doe 1 and Jane Doe 2 have asked this Court to consider as supplemental "authority" is an exchange between the lawyers Tonja Haddad and Jack Scarola concerning a motion to compel discovery that was granted by the state court in the civil case. The entire exchange between the two attorneys, the motion to compel, and the order granting the motion are attached as **EXHIBIT A.**

    Among other things, the discovery that was compelled by the state court required that Mr.

Scarola, on behalf of his client attorney Bradley Edwards, produce all emails and correspondence between Mr. Edwards and the U.S. Attorney's Office or the State Attorney's Office (and other law enforcement agencies) regarding or mentioning Jeffrey Epstein.  Among other things, the emails involve Mr. Edwards' efforts to have Jeffrey Epstein investigated and indicted.

After the motion to compel was granted, Mr. Scarola complained to Ms. Haddad that emails between Bradley Edwards and prosecutors could be privileged. Ms. Haddad responded that such communications between Edwards and the government could not be privileged under any theory. The plaintiffs Jane Doe 1 and Jane Doe 2 now claim that this statement by Ms. Haddad is somehow supplemental "authority" and relevant to the legal issues pending before this Court concerning plea negotiations.  This is absurd.

The issues raised by Mr. Epstein and the intervening attorneys before this Court involve the confidential and privileged nature of plea negotiations between attorneys representing Epstein and government prosecutors.  Mr. Epstein and the intervening attorneys argue in this Court that the communications between the lawyers and the government are privileged and confidential because they involve plea negotiations engaged in by the lawyers representing Epstein and the prosecutors looking to indict him.

The emails between Bradley Edwards and the U.S. Attorney's Office or the State Attorney's Office are not about plea negotiations.  Bradley Edwards does not represent Jeffrey Epstein.  He did not communicate with any prosecutor at the U.S. Attorney's Office or the State Attorney's Office for the purposes of resolving or mitigating any potential criminal exposure of Jeffrey Epstein.  On the contrary, Bradley Edwards communicated with the government for the purposes of harming Mr. Epstein.  Ms. Haddad's comment about the non-privileged nature of emails between Bradley

2

Edwards and the government is not supplemental "authority" in this case.

While there is no local rule or rule of civil procedure addressing the filing of supplemental authority in the district courts, Federal Rule of Appellate Procedure 28(j) requires that supplemental authority be "pertinent and significant," as follows:

> **(j) Citation of Supplemental Authorities.** If pertinent and significant authorities come to a party's attention after the party's brief has been filed – or after oral argument but before decision – a party may promptly advise the circuit clerk by letter, with a copy to all other parties, setting forth the citations. The letter must state the reasons for the supplemental citations, referring either to the page of the brief or to a point argued orally. The body of the letter must not exceed 350 words. Any response must be made promptly and must be similarly limited.

FED. R. APP. P. 28(j).

Ms. Haddad's comment to Mr. Scarola that Bradley Edwards' emails with the government about Jeffrey Epstein are not privileged is neither pertinent, significant, nor authoritative to the plea negotiation issues before this Court. Indeed, Ms. Haddad's comment is irrelevant to the legal issues under consideration here. Accordingly, the Court should strike the plaintiffs' notice of supplemental authority or refuse to consider it.

3

We certify that on June 6, 2012, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system.

> Respectfully submitted,
>
> **BLACK, SREBNICK, KORNSPAN & STUMPF, P.A.**
> 201 South Biscayne Boulevard
> Suite 1300
> Miami, Florida 33131
> Office: (305) 371-6421
> Fax: (305) 358-2006
>
> By _____/S/_____
> **ROY BLACK, ESQ.**
> Florida Bar No. 126088
> **JACKIE PERCZEK, ESQ.**
> Florida Bar No. 0042201
> *On Behalf of Limited Intervenors Jeffrey Epstein*
> *And Attorneys Black, Weinberg, and Lefkowitz*