**Tonja Haddad Coleman**

| | |
|---|---|
| **From:** | Jack Scarola [JSX@SearcyLaw.com] |
| **Sent:** | Tuesday, May 08, 2012 3:41 PM |
| **To:** | <tonja@tonjahaddadpa.com> |
| **Subject:** | Re: Epstein discovery |

Thank you.

On May 8, 2012, at 3:27 PM, "Tonja Haddad Coleman" <tonja@tonjahaddadpa.com> wrote:

> Fine.
>
> Tonja Haddad Coleman, Esq.
> Tonja Haddad, P.A.
> Justice Building
> 524 South Andrews Avenue
> Suite 200 North
> Fort Lauderdale, Florida  33301
> (954) 467-1223
> (954) 337-3716 facsimile
> www.tonjahaddadpa.com
>
> The information contained in this transmission may contain privileged
> and confidential information.  It is intended only for the use of the
> person(s) named above. If you are not the intended recipient,  you are
> hereby notified that any review, dissemination, distribution or
> duplication of this communication is strictly prohibited. If you are
> not the intended recipient, please contact the sender by reply email
> and destroy all copies of the original message.
>
>
>
> -----Original Message-----
> From: Jack Scarola [mailto:JSX@SearcyLaw.com]
> Sent: Tuesday, May 08, 2012 3:23 PM
> To: <tonja@tonjahaddadpa.com>
> Cc: Brad Edwards
> Subject: Re: Epstein discovery
>
> You have misunderstood my communication. I am not asking you to waive
> anything but only to agree that the production we are making does not
> constitute a waiver as to anything we have continued to assert is
> privileged.
>
> On May 8, 2012, at 3:08 PM, "Tonja Haddad Coleman"
> <tonja@tonjahaddadpa.com>
> wrote:
>
>>
>> Jack:

1

>>
>> Thank you for your response. I am sure you are aware that the law
>> permits you to respond to a discovery request by stating that
>> "without waiving the objection" you are producing the documents.
>> However, because I have yet
> to
>> see the documents, or your privilege log, I cannot possibly agree to
>> anything, much less concede a privilege, as it is my understanding
>> that
> some
>> of the items to which you are objecting, for example, are electronic
>> communications to/from government entities which, as Mr. Edwards is
>> likely aware from his days as a government attorney, are legally a
>> matter of
> public
>> record, will not, in fact, be privileged under any theory.
>> That being said, kindly send what you have and if we still deem it
>> non-responsive, in non-compliance with the Court's order, or
>> otherwise not subject to any privilege, we can take it up with the Judge.
>> Thank you.
>>
>>
>> Tonja Haddad Coleman, Esq.
>> Tonja Haddad, P.A.
>> Justice Building
>> 524 South Andrews Avenue
>> Suite 200 North
>> Fort Lauderdale, Florida  33301
>> (954) 467-1223
>> (954) 337-3716 facsimile
>> www.tonjahaddadpa.com
>>
>> The information contained in this transmission may contain privileged
>> and confidential information.  It is intended only for the use of the
> person(s)
>> named above. If you are not the intended recipient,  you are hereby
> notified
>> that any review, dissemination, distribution or duplication of this
>> communication is strictly prohibited. If you are not the intended
> recipient,
>> please contact the sender by reply email and destroy all copies of
>> the original message.
>>
>>
>>
>> -----Original Message-----
>> From: Jack Scarola [mailto:JSX@SearcyLaw.com]
>> Sent: Tuesday, May 08, 2012 11:35 AM
>> To: tonja@tonjahaddadpa.com
>> Cc: Brad Edwards
>> Subject: Epstein discovery

>>
>> I have completed my review of the documents responsive to your
>> outstanding discovery request and it appears from that review that
>> ALL of the
> documents
>> fall within the attorney work product privilege. Nevertheless, we are
>> prepared to produce the documents to you today with very minor and
>> clearly identified redactions, if you will agree that our production
>> does not constitute or support a waiver of any other privilege
>> assertion. In the absence of such an agreement, we will be obliged to
>> assert privilege as to all the documents and make them available to
>> the Court for in camera inspection.
>> Please let me have your response at your earliest convenience so as
>> not to delay our production.
>>
> ********************************************************************
> ******
>> ************** Privileged and Confidential Electronic communication
>> is not
> a
>> secure mode of communication and may be accessed by unauthorized persons.
>> This communication originates from the law firm of Searcy Denney
>> Scarola Barnhart & Shipley, P.A. and is protected under the
>> Electronic
> Communication
>> Privacy Act, 18 U.S.C. S2510-2521. The information contained in this
> E-mail
>> message is privileged and confidential under Fla. R. Jud. Admin.
>> 2.420 and information intended only for the use of the individual(s)
>> named above. If the reader of this message is not the intended
>> recipient, you are hereby notified that any dissemination,
>> distribution, or copy of this
> communication
>> is strictly prohibited. Personal messages express views solely of the
> sender
>> and shall not be attributed to the law firm. If you received this
>> communication in error, please notify the sender immediately by
>> e-mail or
> by
>> telephone at (800) 780-8607 and destroy all copies of the original
> message.
>> Thank you.
>>
> ********************************************************************
> ******
>> **************
>>
> ********************************************************************
> ******
> ******
> ************** Privileged and Confidential Electronic communication is
> not a secure mode of communication and may be accessed by unauthorized persons.

> This communication originates from the law firm of Searcy Denney
> Scarola Barnhart & Shipley, P.A. and is protected under the Electronic
> Communication Privacy Act, 18 U.S.C. S2510-2521. The information
> contained in this E-mail message is privileged and confidential under
> Fla. R. Jud. Admin. 2.420 and information intended only for the use of
> the individual(s) named above. If the reader of this message is not
> the intended recipient, you are hereby notified that any
> dissemination, distribution, or copy of this communication is strictly
> prohibited. Personal messages express views solely of the sender and
> shall not be attributed to the law firm. If you received this
> communication in error, please notify the sender immediately by e-mail or by telephone at (800) 780-8607 and
destroy all copies of the original message.
> Thank you.
> ******************************************************************
> ******
> **************
>
*****************************************************************************************

Privileged and Confidential Electronic communication is not a secure mode of communication and may be
accessed by unauthorized persons. This communication originates from the law firm of Searcy Denney Scarola
Barnhart & Shipley, P.A. and is protected under the Electronic Communication Privacy Act, 18 U.S.C.
S2510-2521. The information contained in this E-mail message is privileged and confidential under Fla. R. Jud.
Admin. 2.420 and information intended only for the use of the individual(s) named above. If the reader of this
message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of
this communication is strictly prohibited. Personal messages express views solely of the sender and shall not be
attributed to the law firm. If you received this communication in error, please notify the sender immediately by
e-mail or by telephone at (800) 780-8607 and destroy all copies of the original message. Thank you.
*****************************************************************************************

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION AG
CASE NO. 502009CA040800XXXXMB
Judge David F. Crow

JEFFREY EPSTEIN,

      Plaintiff/Counter-Defendant,

v.

SCOTT ROTHSTEIN, individually, and
BRADLEY J. EDWARDS, individually,

      Defendants/Counter-Plaintiffs.

_____/

## ORDER ON PLAINTIFF JEFFREY EPSTEIN'S
## MOTION TO COMPEL AND AMEND PROTECTIVE ORDER

**THIS MATTER** came before the Court on Plaintiff Jeffrey Epstein's Motion to Compel and

Amend Protective Order in the above-styled case.  This Court having reviewed the Motion, having

heard argument of counsel, and being otherwise fully advised in the premises, it is hereby

      **ORDERED AND ADJUDGED** as follows:  The Motion seeks to Compel a Request to
Produce and to modify this Court's prior Protective Order in regard to specific requests of the Defendant
EDWARDS.  In addition, the Motion seeks authority to direct a subpoena to the Bankruptcy Trustee of
the former law firm of the Defendants EDWARDS and ROTHSTEIN.  The Court finds that the Amended
Request for Production and request for subpoena, does request documents which the Court finds are either
relevant and/or reasonably calculated to lead to admissible evidence.  Therefore, within twenty (20) days
of the date of this Order, the Defendant EDWARDS shall produce any non-privileged documents as
identified in Paragraph 13 of EDWARDS' Motion to Compel and Amend Protective Order.  In addition,
the Plaintiff EPSTEIN is given authority to issue a subpoena to the Bankruptcy Trustee requesting the
identical documents that are non-privileged.
      Nothing in this Order shall constitute any waiver or ruling upon any privilege that may apply to
said documents and the Defendant EDWARDS and/or others may file an objection to any such
documentation on any privilege grounds and shall file a privilege log specifically identifying such
documents.

Epstein v. Rothstein and Edwards
Case No. 502009CA040800XXXXMB/Division AG
Order on Epstein's Motion to Compel and Amend Protective Order
Page 2 of 2

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida

this _____ day of April, 2012.

SIGNED AND DATED
APR 1 0 2012
JUDGE DAVID F. CROW

_____
HONORABLE DAVID F. CROW
CIRCUIT JUDGE

Copies furnished to:

Joseph L. Ackerman, Jr., Esq.
Fowler White Burnett, P.A.
901 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401

Lilly Ann Sanchez, Esq.
The L•S Law Firm
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, FL 33131

Jack Scarola, Esq.
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Blvd.
West Palm Beach, FL 33409

Jack A. Goldberger, Esq.
Atterbury, Goldberger & Weiss, P.A.
250 Australian Avenue, South, Suite 1400
West Palm Beach, FL 33401-5012

Marc S. Nurik, Esq.
Law Offices of Marc S. Nurik
One E. Broward Blvd., Suite 700
Fort Lauderdale, FL 33301

Bradley J. Edwards, Esq.
Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301

JEFFREY EPSTEIN,

      Plaintiff,

vs.

SCOTT ROTHSTEIN, individually,
and BRADLEY J, EDWARDS,
individually.

      Defendants.

_____/

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.  502009CA040800XXXXMBAG

## PLAINTIFF'S AMENDED MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS

Plaintiff Jeffrey Epstein, by and through his undersigned counsel and pursuant to Rule 1.380 of the *Florida Rules of Civil Procedure*, hereby moves this Court to enter an order compelling the Defendant Bradley Edwards, yet again, to provide responses to Plaintiff's Request for Production. Plaintiff likewise requests that this Court order sanctions against Defendant Edwards for his direct and flagrant disregard of this Court's previous Order dated April 10, 2012. In support thereof, Plaintiff states:

### INTRODUCTION

On March 9, 2012, Plaintiff Epstein served upon Defendant Edwards a Motion to Compel and to Amend and Lift a Protective Order. A true and correct copy of Plaintiff's Motion is attached hereto as "Exhibit A." On April 10, 2012, this Court entered an Order on Plaintiff's Motion to Compel, stating that "within twenty (20) days of the date of this Order, the Defendant EDWARDS shall produce any non-privileged documents as identified in Paragraph 13 of EDWARDS' [sic] Motion to Compel and Amend Protective Order." *See Order entered April 10, 2012*, a true and correct copy of which is attached hereto as "Exhibit B." The Order further avowed that "[n]othing in this Order shall

constitute any waiver or ruling upon any privilege that may apply to said documents and the Defendant EDWARDS and/or others may file an objection to any such documentation on any privilege grounds and *shall file a privilege log specifically identifying such documents*." *See Exhibit B* (emphasis added). Accordingly, all responses were due on or before April 30, 2012.

On May 9, 2012, Plaintiff received Defendant Edwards' untimely response to the afore-referenced Request to Produce. A perfunctory review of the items provided by Edwards established that his response was both incomplete and deficient. Edwards' response contained nothing more than partial electronic communications between himself and three or four of the countless reporters with whom he had communications during the relevant time period. On or about May 15, 2012, and after sending a letter to Defendant explaining his non-compliance, Plaintiff filed its initial Motion to Compel and for Sanctions. In response thereto, Defendant served upon Plaintiff a privilege log[1] as to the electronic mail correspondence between Edwards and a member of the press, Conchita Sarnoff. There was no reference, objection, or privilege asserted as to the rest of the items Defendant was ordered by this Court to produce; to wit: "[a]ll e-mails, data, correspondence, and similar documents dated April 1, 2008 through August 1, 2010 by and between Bradley J. Edwards. Scott W. Rothstein, Marc Nurik, Cara Holmes, Mike Fisten and any one of the following regarding or mentioning Jeffrey Epstein in any way: (a) the U.S. Attorney's Office, (b) the State Attorney's Office, (c) the Federal Bureau of

---

[1] While the document is labeled "Privilege log," it contains an objection to each of the Discovery requests as "irrelevant" notwithstanding that this Court has already deemed them as relevant.

Investigation, (d) Conchita Sarnoff, and (e) any other news employees or reporters." *See* Exhibit A.  Accordingly, Defendant's response undeniably corroborates that he wholly disregarded this Court's Order, failed to comply with this Court's Order to produce the items responsive to Plaintiff's Request, and failed to provide any privilege log with respect to any of the afore-referenced parties, with the single exception being Sarnoff.

Finally, and of paramount concern, is the undeniable fact that these requests were due to Plaintiff on or before April 30, 2012; two full weeks before the deadline imposed upon Plaintiff by the Federal court to turn over documents Plaintiff intends to utilize in its deposition of Scott Rothstein; the Co-Defendant in this case.  The documents were due to the Federal court on or before May 15, 2012, and Plaintiff's deposition of Scott Rothstein is now scheduled for the week of June 11, 2012; dates about which Defendant has firsthand knowledge and has been aware for several weeks.  To date, and notwithstanding the above, Defendant has willingly, intentionally, and irrefutably ignored an Order from this Court resulting in his calculated thwarting of the discovery process.  As such, and as demonstrated more fully below, Plaintiff's requested order and sanctions are warranted.

## MEMORANDUM OF LAW

As this Court is aware, it Ordered Defendant Edwards to provide the following specific items:

> [a]ll e-mails, data, correspondence, and similar documents dated April 1, 2008 through August 1, 2010 by and between Bradley J. Edwards. Scott W. Rothstein, Marc Nurik, Cara Holmes, Mike Fisten and any one of the following regarding or mentioning Jeffrey Epstein in any way:  (a) the U.S. Attorney's Office, (b) the State Attorney's Office, (c) the Federal Bureau of Investigation, (d) Conchita Sarnoff, and (e) any other news employees or reporters.

3

*See* Exhibit A. The Order further avowed that Defendant Edwards was permitted to assert any alleged privilege by filing "a privilege log specifically identifying such documents." *See* Exhibit B. Edwards failed to either provide the items requested or a privilege log as to his communications with all listed entities/persons, other than Sarnoff.[2] It is well-settled law that if a party alleges that information requested from it is protected by privilege, then a privilege log must be prepared and attached to the response, *or the privilege is waived*. *See TIG Insurance Corp. of America v. Johnson*, 799 So. 2d 339 (Fla. 4th DCA 2001) (stating that failure to provide a reason for privilege and prepare a privilege log constitutes waiver of the privilege) (emphasis added). Here, Edwards fails to either respond to the Request to Produce or assert any privilege as Court ordered, with the single afore-referenced exception. A court has the inherent power to implement and enforce effective judicial proceedings pursuant to pretrial rules. As such, when a party fails to comply with a pretrial order, a court has broad discretion in determining sanctions. *First Republic Corp. of America v. Hayes*, 431 So. 2d 624 (Fla. 3d DCA 1983). Accordingly, Defendant Edwards' inapposite and patent disregard for this Court's Order mandates sanctions.

Finally, Plaintiff certifies that he "in good faith, has conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." FLA. R.CIV. P. 1.380. A true and correct copy of the correspondence sent to Defendant Edwards regarding the first Motion to

---

[2] The applicability and veracity of Edwards' assertion that the communications between himself and Sarnoff are "Work Product Privilege" will be addressed in a separate Motion and Memorandum of Law, as Plaintiff opposes this contention and submits that it has no basis in law or fact.

4

Compel is attached hereto as "Exhibit C," and the second, which was sent after receiving the Sarnoff "privilege log" is attached hereto as "Exhibit D." Pursuant to Rule 1.380 of the *Florida Rules of Civil Procedure,* Epstein is entitled to reasonable attorney's fees necessitated by Defendant's flagrant disregard of both this Court's Order and the afore-referenced Rules of Civil Procedure.

## CONCLUSION

Accordingly, for all of the reasons delineated above and in reliance upon the applicable law cited herein, Plaintiff Jeffrey Epstein respectfully requests that this Court, yet again, Order Defendant Bradley Edwards to respond in full to Plaintiff's Request to Produce, award attorney's fees as sanctions, and such other and further relief as this Court deems proper, including any available for Edwards' interference and impediment regarding the deposition of Scott Rothstein.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served upon all parties listed on the attached service list, via facsimile and US Mail, this May 30, 2012.

Tonja Haddad Coleman, Esq.
Fla. Bar No.: 0176737
LAW OFFICES OF TONJA HADDAD, PA
524 South Andrews Avenue
Suite 200N
Fort Lauderdale, Florida 33301
954.467.1223
954.337.3716 (facsimile)
Tonja@tonjahaddadpa.com

5

## SERVICE LIST

CASE NO.  502009CA040800XXXXMBAG

Jack Scarola, Esq.
Searcy Denney Scarola et al.
2139 Palm Beach Lakes Blvd.
West Palm Beach, FL 33409

Jack Goldberger, Esq.
Atterbury, Goldberger, & Weiss, PA
250 Australian Ave. South
Suite 1400
West Palm Beach, FL 33401

Marc Nurik, Esq.
1 East Broward Blvd.
Suite 700
Fort Lauderdale, FL 33301

Bradley J. Edwards, Esq.
Farmer Jaffe Weissing Edwards Fistos Lehrman
425 N Andrews Avenue
Suite 2
Fort Lauderdale, Florida 33301

Lilly Ann Sanchez, Esq.
LS Law Firm
Four Seasons Tower
15th Floor
1441 Brickell Avenue
Miami, Florida 33131

6

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION AG
CASE NO. 502009CA040800XXXXMB
Judge David F. Crow

JEFFREY EPSTEIN,

     Plaintiff/Counter-Defendant,

v.

SCOTT ROTHSTEIN, individually, and
BRADLEY J. EDWARDS, individually,

     Defendants/Counter-Plaintiffs.

_____/

## PLAINTIFF JEFFREY EPSTEIN'S MOTION TO COMPEL AND AMEND PROTECTIVE ORDER

Plaintiff, Jeffrey Epstein ("Epstein"), by and through his undersigned counsel, moves this Court to compel the production of documents from Defendant, BRADLEY J. EDWARDS ("Edwards") and to amend and lift a protective order relating to a subpoena to the Bankruptcy Trustee. The grounds for this Motion are as follows:

    1.    On April 12, 2010, Epstein sent a Request to Produce to Edwards requesting the following documents:

       3. All emails, data, correspondence, memos, or similar documents between Bradley J. Edwards, Scott W. Rothstein, William Berger, and Russell Adler and/or any attorney or representative of RRA and any investor or third party (person or entity) regarding Jeffrey Epstein or which mentions Jeffrey Epstein (including Mike Fisten, Kenneth Jenne, Patrick Roberts or Rick (Rich) Fandrey).

    2.    On May 11, 2010, Edwards served his response to this request by stating:

       3.    Objection as to communications to or from investigators as that is protected by the work-product and/or attorney-client privilege.

*Exhibit A*

Epstein v. Rothstein and Edwards
Case No. 502009CA040800XXXXMB/Div. AG
Epstein's Motion to Compel and Amend Protective Order

3.     Although Edwards did not object to producing all documents requested, he did not produce *any* documents responsive to this request. Nor did Edwards, who asserted privilege, prepare a privilege log related to this request. It is important to note that this request went to documents *within Edwards' possession and control* as opposed to documents that were produced from the Bankruptcy Trustee.

4.     The documents requested in #3 were also requested by means of a subpoena to the Bankruptcy Trustee dated April 17, 2010. After several motions and orders to compel, Edwards finally prepared a privilege log relating to communications to and from the investigators among others. However, Edwards did not produce any e-mails or documents between the lawyers at RRA and (a) the U.S. Attorney's Office, (b) the State Attorney's Office, (c) the Federal Bureau of Investigation – to which he had not objected and for which he did not claim a privilege on his privilege log.

5.     Edwards did not produce any documents by and between RRA lawyers or representatives and third parties such as Conchita Sarnoff, a reporter, and any other news employees or reporters. Edwards has not identified any communication with reporters on his privilege log.

6.     On January 3, 2011, Epstein sent a second subpoena requesting the following documents from the Bankruptcy Trustee:

1.     Any and all email communications by/between any attorney and/or employee of the former Rothstein law firm, including but not limited to, Scott Rothstein, Russell Adler, William Berger, Michael Fisten, Ken Jenne, David Boden, Deborah Villegas, Andrew Barnett, Patrick Roberts, Richard Fandry, Christina Kitterman, Gary Farmer and Bradley Edwards, on the one hand, and any of the following regarding Jeffrey Epstein:

2

Epstein v. Rothstein and Edwards
Case No. 502009CA040800XXXXMB/Div. AG
Epstein's Motion to Compel and Amend Protective Order

a)    U.S. Attorney's office;
b)    State of Florida Attorney's Office
c)    Federal Bureau of Investigations;
d)    City of Palm Beach Police Department;
e)    Any investigator working for the State of Florida;
f)    Any attorney, law firm and any agent of any attorney or law firm who represented any individual with a claim against Jeffrey Epstein.

7.    On April 1, 2011, Epstein sent a Request to Produce to Edwards seeking documents that support Edwards' contention that Epstein has waived his Fifth Amendment right by speaking to reporters.

8.    On May 5, 2011, Edwards responded with objections and claims of privilege. Edwards did not prepare a privilege log even though the Court ordered him to do so.

9.    On July 14, 2011, this Court entered an Order granting a Motion for Protective Order without prejudice relating to the records on the subpoena to the Bankruptcy Trustee based on scope and relevancy. A copy of the Order is attached to this Motion as Exhibit 1.

10.    On November 11, 2011, Edwards filed his Renewed Motion for Summary Judgment and a lengthy Statement of Undisputed Facts in which he purported to identify "summary judgment evidence" on which he relied. Such "undisputed facts" reference and/or quote the Palm Beach Police Incident Report (*see* ¶3), correspondence from the U.S. Attorney's Office to Epstein (*see* ¶¶5, 19, 25), correspondence between the U.S. Attorney's Office and Epstein's counsel (*see* ¶¶6, 20, 27) to support Edwards' argument that he acted in good faith and that Epstein "violated his agreement with the U.S. Attorney's Office..." (¶28). Edwards also quotes correspondence from the U.S. Attorney's Office to Epstein's counsel (*see* ¶6) specifically in support of his contention that there was a "joint attempt to minimize Epstein's civil exposure."

3

Epstein v. Rothstein and Edwards
Case No. 502009CA040800XXXXMB/Div. AG
Epstein's Motion to Compel and Amend Protective Order

(*Id.*). Edwards also cites from a proposed plea agreement (*see* ¶20) in support of his contention that Epstein engaged in witness tampering.

      11.    Edwards has also referred to statements allegedly made by Epstein to a reporter in ¶¶80-81 of his Undisputed Statement of Facts. Edwards contends Epstein's alleged statements to reporters waives his Fifth Amendment rights.

      12.    As a result of Edwards relying on communications with the government and reporters as part of his Renewed Motion for Summary Judgment and to support his contention that Epstein has waived his Fifth Amendment rights by speaking with reporters, discovery is highly appropriate on these issues and should be permitted.

      13.    Epstein wishes to amend and narrow his request to the Trustee to obtain the following records:

> All e-mails, data, correspondence, and similar documents dated April 1, 2008 through August 1, 2010 by and between Bradley J. Edwards, Scott W. Rothstein, Marc Nurik, Cara Holmes, Mike Fisten and any one of the following regarding or mentioning Jeffrey Epstein in any way: (a) the U.S. Attorney's Office, (b) the State Attorney's Office, (c) the Federal Bureau of Investigation, (d) Conchita Sarnoff, and (e) any other news employees or reporters.

      14.    The described documents are *not* privileged, so no in camera review is necessary. Epstein's request has been narrowed so that compliance and production are not overly broad or burdensome. The request is relevant and necessary in order for Epstein to defend Edwards' Renewed Motion for Summary Judgment, including Edwards' contention that Epstein has waived his Fifth Amendment rights by discussions and communications with media, news employees or reporters.

4

Epstein v. Rothstein and Edwards
Case No. 502009CA040800XXXXMB/Div. AG
Epstein's Motion to Compel and Amend Protective Order

15.    Based on the above, Epstein requests the following relief:

a.    An Order directing Edwards to produce the above-described records that are in *his* possession and control;

b.    An Order directing the Bankruptcy Trustee to produce the records described above and amending the prior protective order so as to allow the Bankruptcy Trustee to produce the records described above; and

c.    That the Order contain a specific deadline for compliance. Epstein requests compliance within twenty (20) days of the date of the Order so as to allow time for any additional discovery in advance of Rothstein's deposition and in advance of the hearing on Edwards' Renewed Motion for Summary Judgment.

16.    The undersigned counsel certifies that he has and will continue to attempt to resolve this matter with counsel for Edwards without the need of a hearing.

WHEREFORE, Plaintiff, JEFFREY EPSTEIN, requests the Court grant its Motion to Compel and Amend Protective Order for the reasons set forth above.

Respectfully submitted,

Joseph L. Ackerman, Jr.
Florida Bar No. 235954
FOWLER WHITE BURNETT, P.A.
901 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401
Telephone: (561) 802-9044
Facsimile:  (561) 802-9976
                and
Christopher E. Knight
Florida Bar. No. 607363

5

Epstein v. Rothstein and Edwards
Case No. 502009CA040800XXXXMB/Div. AG
Epstein's Motion to Compel and Amend Protective Order

FOWLER WHITE BURNETT, P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201
Attorneys for Plaintiff Jeffrey Epstein

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail on this 9th day of March, 2012 to: Jack Scarola, Esq., Searcy Denney Scarola Barnhart & Shipley, P.A., 2139 Palm Beach Lakes Blvd., West Palm Beach, FL 33409; Jack Alan Goldberger, Esq., Atterbury, Goldberger & Weiss, P.A., 250 Australian Ave. South, Suite 1400, West Palm Beach, FL 33401-5012; and Marc S. Nurik, Esq., Law Offices of Marc S. Nurik, One East Broward Blvd., Suite 700, Fort Lauderdale, FL 33301.

Joseph L. Ackerman, Jr.

6

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION AG
CASE NO. 502009CA040800XXXXMB
Judge David F. Crow

JEFFREY EPSTEIN,

    Plaintiff/Counter-Defendant,

v.

SCOTT ROTHSTEIN, individually, and
BRADLEY J. EDWARDS, individually,

    Defendants/Counter-Plaintiffs.

_____/

## ORDER ON PLAINTIFF JEFFREY EPSTEIN'S
## MOTION TO COMPEL AND AMEND PROTECTIVE ORDER

**THIS MATTER** came before the Court on Plaintiff Jeffrey Epstein's Motion to Compel and Amend Protective Order in the above-styled case. This Court having reviewed the Motion, having heard argument of counsel, and being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** as follows: The Motion seeks to Compel a Request to Produce and to modify this Court's prior Protective Order in regard to specific requests of the Defendant EDWARDS. In addition, the Motion seeks authority to direct a subpoena to the Bankruptcy Trustee of the former law firm of the Defendants EDWARDS and ROTHSTEIN. The Court finds that the Amended Request for Production and request for subpoena, does request documents which the Court finds are either relevant and/or reasonably calculated to lead to admissible evidence. Therefore, within twenty (20) days of the date of this Order, the Defendant EDWARDS shall produce any non-privileged documents as identified in Paragraph 13 of EDWARDS' Motion to Compel and Amend Protective Order. In addition, the Plaintiff EPSTEIN is given authority to issue a subpoena to the Bankruptcy Trustee requesting the identical documents that are non-privileged.

Nothing in this Order shall constitute any waiver or ruling upon any privilege that may apply to said documents and the Defendant EDWARDS and/or others may file an objection to any such documentation on any privilege grounds and shall file a privilege log specifically identifying such documents.

EXHIBIT B

Epstein v. Rothstein and Edwards
Case No. 502009CA040800XXXXMB/Division AG
Order on Epstein's Motion to Compel and Amend Protective Order
Page 2 of 2

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida this _____ day of April, 2012.

SIGNED AND DATED
APR 10 2012
JUDGE DAVID F. CROW

HONORABLE DAVID F. CROW
CIRCUIT JUDGE

Copies furnished to:

Joseph L. Ackerman, Jr., Esq.
Fowler White Burnett, P.A.
901 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401

Lilly Ann Sanchez, Esq.
The L•S Law Firm
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, FL 33131

Jack Scarola, Esq.
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Blvd.
West Palm Beach, FL 33409

Jack A. Goldberger, Esq.
Atterbury, Goldberger & Weiss, P.A.
250 Australian Avenue, South, Suite 1400
West Palm Beach, FL 33401-5012

Marc S. Nurik, Esq.
Law Offices of Marc S. Nurik
One E. Broward Blvd., Suite 700
Fort Lauderdale, FL 33301

Bradley J. Edwards, Esq.
Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301

# TONJA HADDAD, PA

524 South Andrews Avenue
Suite 200 North
Fort Lauderdale, FL 33301

954.467.1223 telephone
964.337.3716 facsimile
tonja@tonjahaddadpa.com

May 11, 2012

**Via US and Electronic Mail**
Jack Scarola, Esq.
Searcy Denney *et al.*
2139 Palm Beach Lakes Blvd.
West Palm Beach, FL 33409

Re:     *Epstein v. Edwards et al.*

Dear Mr. Scarola:

We are in receipt of your purported responsive documents to Paragraph 13 of our Motion to Compel and have reviewed same.  Please note that the request to which you were Court-ordered to respond required you to provide the following:

"All e-mails, data, correspondence, and similar documents dated April 1, 2008 through August 1, 2010 by and between Bradley J. Edwards, Scott W. Rothstein, Marc Nurik, Cara Holmes, Mike Fisten and any one of the following regarding or mentioning Jeffrey Epstein in any way: (a) the U.S. Attorney's Office; (b) the State Attorney's Office, (c) the Federal Bureau of Investigation, (d) Conchita Sarnoff, and (e) any other news employees or reporters." *See Paragraph 13 of Motion to Compel.*

However, you provided little more than multiple copies of correspondence responsive to subparts (d) and (e).  As such, please be advised that if we do not receive items responsive to the actual request; to wit:  all e-mails, data, correspondence, and similar documents dated April 1, 2008 through August 1, 2010 by and between Bradley J. Edwards, Scott W. Rothstein, Marc Nurik, Cara Holmes, Mike Fisten and any one of the following regarding or mentioning Jeffrey Epstein in any way: (a) the U.S. Attorney's Office, (b) the State Attorney's Office, and (c) the Federal Bureau of Investigation on or before Monday, May 14, 2012, we will be left with no choice but to, yet again, file all appropriate motions with the Court and seek any and all sanctions available, including those to which you will be vulnerable for violation of a Court order.

Sincerely,
TONJA HADDAD, PA

Tonja Haddad Coleman
for the firm

EXHIBIT C

## Tonja Haddad Coleman

| | |
|---|---|
| **From:** | Tonja Haddad Coleman [tonja@tonjahaddadpa.com] |
| **Sent:** | Tuesday, May 29, 2012 10:47 AM |
| **To:** | 'Mary E. Pirrotta' |
| **Cc:** | 'Jack Scarola' |
| **Subject:** | RE: Edwards adv. Epstein |

Jack:

To avoid any further miscommunications, misunderstandings, attempts to circumvent or delay the legal process, and any other intellectually dishonest or legally inconsistent statements made by you, please note the following with respect to your purported statement below and its accompanying attachment. As you are undoubtedly aware, you were Ordered by Judge Crow to produce the following (or provide a *proper* privilege log regarding same):

> [a]ll e-mails, data, correspondence, and similar documents dated April 1, 2008 through August 1, 2010 by and between Bradley J. Edwards. Scott W. Rothstein, Marc, Nurik, Cara Holmes, Mike Fisten and any on of he following regarding or mentioning Jeffrey Epstein in any way: (a) the U.S. Attorney's Office, (b) the State Attorney's Office, (c) the Federal Bureau of Investigation, (d) Conchita Sarnoff, and (e) any other news employees or reporters.

The plain language contained therein could not be more clear and definite. However, you have provided a privilege log that addresses correspondence with *one* of the parties listed above. As such, you are, yet again, failing to comply with the Court's Order. Accordingly, we disagree with your assessment as delineated below, and do not agree that you have completed production in accordance with Judge Crow's Order.

Tonja Haddad Coleman, Esq.
TONJA HADDAD, P.A.
Justice Building
524 South Andrews Avenue
Suite 200 North
Fort Lauderdale, Florida  33301
(954) 467-1223
(954) 337-3716 facsimile
www.tonjahaddadpa.com

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient,  you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

EXHIBIT D