UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80736-CIV-MARRA

JANE DOE #1 and JANE DOE #2,

    petitioners,

vs.

UNITED STATES OF AMERICA,

    respondent.

_____/

FILED by _____ D.C.

JUN 18 2013

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – W.P.B.

## OMNIBUS ORDER

**THIS CAUSE** is before the court on various motions.

Upon consideration, it is **ORDERED AND ADJUDGED**:

1. The petitioners' protective motion seeking recognition of the availability of various remedies attaching to the CVRA violations alleged in this proceeding [DE 128] is **DENIED WITHOUT PREJUDICE** to renew the request for any particular form of relief or remedy in connection with the court's final disposition of petitioners' CVRA petition on the merits.

2. The intervenors' motion to strike the petitioners' supplemental authority regarding privilege claims [DE 177] is **DENIED AS MOOT**.

3. The petitioners' sealed motion for the court to deny the government's motion to dismiss based on existing pleadings, or alternatively, for leave to file a sur-reply [DE 152] is **DENIED AS MOOT**.

3. The petitioners' motion to compel discovery from the government [DE 130] is **GRANTED**. Within **THIRTY (30) DAYS** from the date of entry of this order, the government shall:

a. File answers to all outstanding requests for admissions in the open court file;

b. Produce responsive documents in response to all outstanding requests for production of documents encompassing any documentary material exchanged by or between the federal government and persons or entities outside the federal government (including without limitation all correspondence generated by or between the federal government and Epstein's attorneys), and

c. Produce all other responsive documents in response to all outstanding requests for production of documents. To the extent any claim of privilege is asserted in connection with the production of any documents falling within this broader category of materials *only* (i.e. materials other than communications generated between the federal government and outside persons or entities), the government shall further:

(i) contemporaneously file and serve, in the public portion of the court file, a privilege log clearly identifying each documents by author(s), addressee(s), recipient(s), date, and general subject matter and such other identifying data as required under Fed. R. Civ. P. 26.1 (g), and

(ii) contemporaneously submit all responsive documents withheld on claim of privilege to the court for *in camera* inspection by submitting the same for filing with the court under seal.

As to any documents falling into this broader category of materials (identified in ¶3.c.), and as to which the government has asserted claim of privilege with accompanying privilege log, petitioners shall have **THIRTY (30) DAYS** after service of the privilege log within which to file motion to compel contesting any asserted privilege claim, limited to **SEVEN (7) PAGES** in length,

2

and the government shall thereafter have **FIFTEEN (15) DAYS** after service of the petitioners's motion motion to file its response, if any, limited to **SEVEN (7) PAGES** in length. No further submissions on asserted privilege claims shall be entertained without the express invitation of the court.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 18th day of June, 2013.

_/s/ Kenneth A. Marra_
Kenneth A. Marra
United States District Judge

cc. All counsel

☐ SEALED
☑ NOT SEALED