UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80736-CIV-MARRA

JANE DOE #1 and JANE DOE #2,

    Petitioners,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## DECLARATION OF WIFREDO A. FERRER

I, Wifredo A. Ferrer, declare that:

1. I am the United States Attorney for the Southern District of Florida. I was appointed by President Barack H. Obama on February 24, 2010, and confirmed by the United States Senate on April 22, 2010. As United States Attorney, I perform the duties prescribed by Congress in 28 U.S.C. § 547, which include prosecuting for all offenses against the United States in this district, and prosecuting or defending, for the government, all civil actions, suits or proceedings in which the United States is concerned.

2. This declaration is based upon my personal review of each of the documents referenced below, and consideration of information available to me in my capacity as United States Attorney, Southern District of Florida.

3. I am aware of the lawsuit that has been filed in the United States District Court, Southern District of Florida, entitled <u>Jane Doe #1 and Jane Doe #2 v. United States</u>, Case No. 08-80736-CIV-MARRA. I am also aware that in connection with this litigation, petitioners served upon the government requests for production, seeking documents which petitioners claim

are relevant to their contention that their rights under the Crime Victims Rights Act, 18 U.S.C. § 3771, were violated. I am aware that, among the documents within the custody and control of the United States Attorney's Office, large numbers of documents were identified as responsive to petitioners' first request for production.

4. I am aware that among the documents responsive to petitioners' first request for production, which were obtained from the files of this Office, were a number of documents which the government withheld upon a claim that the documents reflect the U.S. Attorney's Office's internal deliberative processes. I am also aware that petitioners moved to compel production of documents for which the deliberative process privilege was asserted.

5. I have reviewed each of the following documents and have determined that the deliberative process privilege must be invoked on them. The following is a description of each document for which the deliberative process privilege is being asserted, and the basis for such assertion. The reference number at the beginning of the description refers to the number used in the government's privilege log and supplemental privilege log.

P005585-P005588: This is a memorandum written by Assistant U.S. Attorney Marie Villafaña, dated March 10, 2007, requesting approval for granting immunity under 18 U.S.C. § 6001 for witnesses in the Jeffrey Epstein criminal investigation. It is addressed to Karen Atkinson, then Chief of the Northern Division of this Office; Andrew Lourie, then Managing Assistant U.S. Attorney, Northern Division; Matt Menchel, then Chief, Criminal Division; and R. Alexander Acosta, then United States Attorney. Such a request must be approved first by the U.S. Attorney, with the ultimate approval authority being the Criminal Division, U.S. Department of Justice. The memorandum contains AUSA Villafaña's analysis of the criminal investigation, her opinions on why immunity should be granted, and her recommendation. This

document was predecisional, and contains the opinions and recommendations of a subordinate Assistant U.S. Attorney, made to her superior. It contains a frank discussion and analysis of the facts, and a recommendation as to the appropriate course of action. This memo was intended to be a direct part of the deliberative process of reaching a decision in the investigation of Mr. Epstein. It reveals the frank confidential deliberations and communications among government personnel on whether immunity should be accorded to a potential witness for the government. Accordingly, I formally invoke the deliberative process privilege.

P008365-008378: This is a second memorandum from AUSA Villafaña, dated June 17, 2008, seeking immunity under 18 U.S.C. § 6001 for a different potential witness. It is addressed to Karen Atkinson; Rolando Garcia, Deputy Chief, Criminal Division; Jeff Sloman, then First Assistant U.S. Attorney; and then U.S. Attorney Acosta. It also reveals AUSA Villafaña's opinions on why immunity should be accorded to a potential witness, and her recommendations on the appropriate action to be taken.

<u>Draft Indictments in the Epstein Criminal Investigation</u>. The government has withheld copies of the draft indictments prepared in the Epstein case under the deliberative process privilege. These are: P008391-P008498; P008551-P008602; P010759-P010793; P011664-P011698; P012189-P012241; P012283-P012361; P011704-P011755; P012554-P012605; and P013450-P013503. Draft documents are inherently predecisional, and reflect the author's opinions and recommendations to the official to whom the draft document is presented. These draft indictments were prepared by AUSA Villafaña, and reflect her opinions on the appropriate charges to be filed against Epstein. They are also a recommendation from a subordinate AUSA to a supervisory AUSA, and ultimately, the U.S. Attorney, as to the criminal charges which can be sustained by the evidence the government expects to present to a court in a criminal trial. The

Government's Exhibit A
Case No. 08-80736-CIV-MARRA

draft indictment is a frank and candid assessment of the evidence gathered in the case, and the criminal charges which can be proven based on the evidence gathered. These draft indictments were presented to AUSA Villafaña's supervisors, for comment and approval. Accordingly, I formally invoke the deliberative process privilege as to the draft indictments in the Epstein case.

Prosecution Memorandum, P012454-P012534. This is a prosecution memorandum in the Epstein case, dated May 1, 2007, and revised on September 13, 2007, prepared by AUSA Villafaña. It is addressed to R. Alexander Acosta, U.S. Attorney; Jeff Sloman, First Assistant U.S. Attorney; Matt Menchel, Chief, Criminal Division; Andrew Lourie, Managing Assistant U.S. Attorney, West Palm Beach; and Karen Atkinson, Chief, West Palm Beach. The prosecution memorandum contains AUSA Villafaña's analysis of the evidence; potential charges which could be made; the elements of each proposed charge; and the evidence available to sustain each element. It also contains her opinions on what charges should be lodged, and her recommendations. The opinions and recommendations are being made to supervisory AUSAs, and to the U.S. Attorney, who has final authority to approve the proposed criminal charges, and the indictment. A prosecution memorandum must contain a frank and candid assessment of the evidence uncovered in an investigation, and a sound recommendation on whether a conviction can be obtained. Accordingly, I formally invoke the deliberative process privilege on the prosecution memorandum, as well as the two addenda to the memorandum, P012535-P012536, dated June 14, 2007, and P012537-P012546, dated September 13, 2007, respectively. These two addenda to the prosecution memorandum address changes made to the draft indictment in response to comments made during the previous reviews of the draft indictment.

P010652-P010659: This document is a draft motion to release Grand Jury Transcripts from the state court in Palm Beach County, Florida, and to seal all proceedings. It was prepared

by AUSA Villafaña and submitted for approval to her supervisor.

P011790-P011803: This is a memorandum dated June 9, 2009, prepared by AUSA Villafaña, concerning a potential breach of the non-prosecution agreement. It was submitted to her supervisory AUSAs, and ultimately to the U.S. Attorney for final action. It contains her analysis of the facts, and her opinions and recommendations on the action to be taken.

P011878-P011879: This is a draft letter prepared by AUSA Villafaña, intended for some of Mr. Epstein's defense attorneys. It was submitted for review and approval by her supervisors, and contains her opinions and recommendations on the suggested content of the letter, and appropriate disposition of the issue addressed in the letter, whether a breach of the non-prosecution agreement occurred.

P012174-P012176: This is a draft letter, dated September 17, 2009, prepared by AUSA Villafaña, for submission to a defense attorney representing Mr. Epstein. It was submitted for approval by Jeff Sloman, Acting United States Attorney. The draft contains AUSA Villafana's opinions and recommendations regarding the proper disposition of the matter addressed in the letter.

P013266-P013271: This is a memorandum prepared by AUSA Villafaña on July 26, 2011, and was submitted to First Assistant U.S. Attorney Benjamin Greenberg. The memorandum addresses the issue of whether a potential conflict of interest existed in the U.S.Attorney's Office's continued handling of the Epstein criminal case. It is predecisional because First Assistant U.S. Attorney Greenberg and I had to determine whether to request recusal of the U.S. Attorney's Office from the Department of Justice. The memorandum contains AUSA Villafaña's opinions and recommendations on whether to seek office-wide recusal.

Government's Exhibit A
Case No. 08-80736-CIV-MARRA

P013282-P013283: This is a two-page e-mail from AUSA Villafaña, dated July 9, 2008, to former U.S. Attorney Acosta; Jeff Sloman; Karen Atkinson, and FBI Special Agents Nesbitt Kuyrkendall and Jason Richards. The e-mail addresses issues raised in a letter sent by Jack Goldberger, an attorney representing Mr. Epstein, regarding notification of the victims. The e-mail contains AUSA Villafaña's opinions on the appropriate response to Mr. Goldberger's letter, and her recommendations.

P013284: These are e-mails dated July 10, 2008, at 5:12 p.m. from AUSA Villafaña, addressed to former U.S. Attorney Acosta; Jeff Sloman, Karen Atkinson, and FBI Special Agents Kuyrkendall and Richards, regarding a proposed response to Mr. Goldberger's letter regarding victim notification. The e-mail contains AUSA Villafaña's opinions and recommendations as to the appropriate response to Mr. Goldberger's letter and had attached a draft letter response to Mr. Goldberger. The second e-mail is on July 10, 2008, at 5:15 p.m., from Jeff Sloman to AUSA Villafaña, former U.S. Attorney Acosta, Karen Atkinson, and FBI Agents Kuyrkendall and Richardson, indicating his agreement with AUSA Villafaña's proposed response to Mr. Goldberger.

P013286-P013289: This is an e-mail on August 5, 2008, from AUSA Villafaña to former U.S. Attorney Acosta, Jeff Sloman, Robert Senior, then Chief of the Criminal Division; and Karen Atkinson, entitled "Jeffrey Epstein Agreement." At this time, there was a dispute between this Office and Mr. Epstein's attorneys regarding what documents constituted the non-prosecution agreement. AUSA Villafaña's e-mail discussed various e-mails from her to a number of Mr. Epstein's attorneys regarding the binding nature of the agreement, and incorporated one such e-mail and language from others. The August 5, 2008 e-mail contains AUSA Villafaña's opinions and recommendations on the appropriate response by the U.S.

Government's Exhibit A
Case No. 08-80736-CIV-MARRA

Attorney's Office to Mr. Epstein's assertions of what documents were binding on him.

P013294-P013299: These are e-mail exchanges from August 15, 2008, from AUSA Villafaña directed to former U.S. Attorney Acosta, Jeff Sloman, Robert Senior, Karen Atkinson, and Dexter Lee; and from former U.S. Attorney Acosta, directed to AUSA Villafaña, Jeff Sloman, Robert Senior, Karen Atkinson, and Dexter Lee, regarding the dispute between Mr. Epstein's attorneys and the U.S. Attorney's Office regarding the operative documents in the non-prosecution agreement. The e-mails incorporate e-mail exchanges between AUSA Villafaña and some of Mr. Epstein's attorneys. These e-mails are predecisional as they contain AUSA Villafaña's opinions and recommendations on the position to be taken by the U.S. Attorney's Office in the dispute with Mr. Epstein's attorneys.

P013343-P013350: These documents are draft letters prepared by AUSA Villafaña, dated November 30, 2007. The first letter, P013343, is the last page of a six page draft letter intended for former U.S. Attorney Acosta to send to Kenneth Starr, one of Mr. Epstein's attorneys. The second draft letter, P013344-P013350, was intended for Jeff Sloman to send to Jay Lefkowitz, another attorney representing Mr. Epstein. The subjects of the draft letters are performance and victim notification. These drafts are predecisional to the final decision whether to sign and dispatch such letters to their recipients. The drafts contain AUSA Villafaña's opinions and recommendations as to the proper position to be taken by the U.S. Attorney's Office.

P013363-P013366: This is two copies of a draft letter faxed by AUSA Villafaña on December 28, 2007, to the U.S. Attorney's Executive Office, proposing a response by former U.S. Attorney Acosta to Jay Lefkowitz. The draft letter is predecisional, and contains the opinions and recommendations of AUSA Villafaña as to the appropriate response to Mr.

Lefkowitz's assertions.

P013374-013389: This is a sixteen-page letter dated June 3, 2008, from then Acting U.S. Attorney Jeff Sloman to former Deputy Attorney General Mark Filip, regarding Mr. Epstein's request that the Deputy Attorney General review the actions of the U.S. Attorney's Office in investigating and entering into a non-prosecution agreement with him. Acting U.S. Attorney Sloman's letter contains a detailed analysis of the Epstein investigation, the actions taken by the U.S. Attorney's Office, and a recommendation to Deputy Attorney General Filip as to the action he should take on the request for review submitted by Mr. Epstein. This document is predecisional since it was prepared prior to the Deputy Attorney General's decision on the action to be taken on Mr. Epstein's request. The document also contains the opinions and recommendations of Acting U.S. Attorney Sloman as to the appropriate decision to be made on Mr. Epstein's review request.

P013515-P013525: This is a draft letter, P013515-P013520, dated November 30, 2007, prepared by AUSA Villafaña and submitted to former U.S. Attorney Acosta for his review and signature. The intended recipient of the letter was Kenneth Starr, an attorney representing Mr. Epstein. The subject of the draft letter is compliance with the non-prosecution agreement. Other documents are internal e-mails (P013521-P013525) among Jeff Sloman; Alex Acosta; Andrew Lourie; and Marie Villafaña, regarding items to be addressed in the letter. These are all part of the internal deliberative process of the U.S. Attorney's Office in formulating the appropriate position on the compliance expected of Mr. Epstein in the non-prosecution agreement.

P013526-P013527: This is an e-mail dated May 23, 2007, from AUSA Villafaña to her supervisor, Karen Atkinson, regarding a draft proposed internal e-mail to be sent regarding the

Government's Exhibit A
Case No. 08-80736-CIV-MARRA

handling of the case. Attached is e-mail correspondence forwarded to AUSA Villafaña from Andrew Lourie, between Andrew Lourie and Gerald Lefcourt, one of Mr. Epstein's attorneys. The May 23, 2007 e-mail from Villafaña to Atkinson is a recommendation from Villafaña as to the proposed e-mail to be sent regarding the case.

P013655-P013745: These are draft plea agreements prepared by AUSA Villafaña which occurred as the process of negotiation with Mr. Epstein's defense attorneys progressed. The draft plea agreements are predecisional because they predate the ultimate decision which was made regarding the appropriate action to be taken in the investigation of Mr. Epstein. The draft plea agreements contain the opinions and recommendations of AUSA Villafaña as to the appropriate offers to be made and bargain to be struck with Mr. Epstein in a plea negotiation.

P013747-P013810: These documents are draft non-prosecution agreements prepared by AUSA Villafaña. They are predecisional because they were prepared prior to the final decision made by the U.S. Attorney's Office on the appropriate disposition of the criminal investigation of Mr. Epstein. These drafts contain the opinions and recommendations of AUSA Villafaña as to the obligations and duties of the government and Mr. Epstein in the event the non-prosecution agreement was executed.

P013812-P013833: These are drafts of various documents prepared by AUSA Villafaña during the course of negotiations with Mr. Epstein's attorneys. P013812-P013815 are draft criminal informations asserting proposed charges against Mr. Epstein; P013816-P013818 are draft plea proffers; P013819 is a draft motion to seal the information; P013820 is a draft proposed order to seal; P013821 is a draft penalty sheet; P013822 is a draft Warrant for Arrest; P013823-P013829 is a draft plea agreement; and P013830-P083822 are additional draft criminal informations. These documents were prepared by AUSA Villafaña as the negotiations with Mr.

Government's Exhibit A
Case No. 08-80736-CIV-MARRA

Epstein's attorneys progressed. The drafts are predecisional because they predate the ultimate decision which was made regarding the appropriate action to be taken in the investigation of Mr. Epstein. The draft informations, plea proffers, motions, plea agreements, and supporting documents contain the opinions and recommendations of AUSA Villafaña as to the appropriate offers to be made and bargain to be struck with Mr. Epstein in a plea negotiation.

6. I formally invoke the deliberative process privilege for each of the documents referenced in this Declaration.

7. I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 20, 2013.

*Wifredo A. Ferrer*
WIFREDO A. FERRER
UNITED STATES ATTORNEY
Southern District of Florida

Government's Exhibit A
Case No. 08-80736-CIV-MARRA