UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80736-CIV-MARRA

JANE DOE #1 and JANE DOE #2,

        Petitioners,

v.

UNITED STATES OF AMERICA,

        Respondent.

_____/

### DECLARATION OF ROBIN C. ASHTON

I, Robin C. Ashton, declare that:

1. I am the Counsel of the Office of Professional Responsibility (OPR), United States Department of Justice.

2. This declaration is based upon my personal review of each of the documents referenced below, and consideration of information available to me in my capacity as Counsel, Office of Professional Responsibility, U.S. Department of Justice.

3. I am aware of the lawsuit that has been filed in the United States District Court, Southern District of Florida, entitled Jane Doe #1 and Jane Doe #2 v. United States, Case No. 08-80736-CIV-MARRA. I am also aware that in connection with this litigation, petitioners served the government with requests for production, seeking documents which petitioners claim are relevant to their contention that their rights under the Crime Victims Rights Act, 18 U.S.C. § 3771, were violated. I am aware that, among the documents within the custody and control of the Department of Justice that were identified as responsive to petitioners' first request for production, are certain documents maintained in the files of the Office of Professional

Responsibility (OPR).

4. I am aware that among the documents responsive to petitioners' first request for production, which were obtained from the files of OPR, were a number of documents which the government withheld upon a claim that the documents reflect the Department of Justice's internal deliberative process. I am also aware that petitioners moved to compel production of documents for which the deliberative process privilege was asserted.

5. I have reviewed each of the 39 pages of documents and have determined that the deliberative process privilege must be invoked to protect privileged information from disclosure. The following is a brief description of each of the 39 pages of documents for which the deliberative process privilege is being asserted, and the basis for the assertion. The reference number(s) at the beginning of the description refers to the numbers used in the government's supplemental privilege log.

P013909-P013911: This is a memorandum from Lisa Howard, Assistant Counsel, OPR to Ruth Plagenhoef, Acting Associate Counsel, OPR, containing a recommendation on the handling of the complaint submitted by Professor Cassell on December 10, 2010. In this three-page memorandum, Assistant Counsel Howard provides a recommendation and the basis for her recommendation. This document was predecisional, and contains the opinions and recommendations of a subordinate OPR attorney made to her supervisor. It contains a frank discussion and analysis of the facts, and a recommendation as to the appropriate handling of the allegation of misconduct. This memorandum was part of the deliberative process of reaching a decision on the appropriate disposition of the OPR complaint. It reveals the frank, confidential deliberations and communications among government attorneys on how to properly resolve the OPR complaint, the disclosure of which could deter attorneys in OPR from making

2

recommendations and discussing them candidly. Accordingly, I invoke the deliberative process privilege as to P013909-P013911.

P013912-P13914: This is the same memorandum as P013909-P013911, but it contains a handwritten notation dated May 4, 2011, by Acting Associate Counsel Plagenhoef, regarding a meeting between her, Assistant Counsel Howard, and myself, at which Assistant Counsel Howard's recommendation was discussed. Assistant Counsel Howard's memorandum contains her opinions and recommendations, which are part of the internal deliberative process. Accordingly, for the reasons discussed above with regard to P013909-P013911, I invoke the deliberative process privilege as to P013912-P13914.

P013915-P013918: The first page, P013915, is the first page of Assistant Counsel Howard's memorandum, with two post-it notes attached. In the upper right hand corner of P013915 is a post-it note signed by Acting Associate Counsel Plagenhoef, expressing her views on Assistant Counsel Howard's memorandum and requesting a meeting with me to discuss the matter. On the upper left side of P013915 is a lined post-it note, containing questions raised by me in response to Assistant Counsel Howard's memorandum and recommendation. P-013916-P013918 are the three pages of Assistant Counsel Howard's memorandum without the post-it notes, containing my handwritten notes, circled text, and underlined text. This document reflects a frank exchange of opinions between Assistant Counsel Howard, Acting Associate Counsel Plagenhoef, and me, including the opinions and recommendation in Assistant Counsel Howard's memorandum, Acting Associate Counsel Plagenhoef's recommendation, and notations indicating my questions and preliminary thoughts about the matter. For the reasons discussed above with regard to P013909-P013911, I invoke the deliberative process privilege as to P013915-P013918.

Defendants' Exhibit B
Case No. 08-80736-CIV-MARRA

P013919-P13921: This is a three-page draft letter submitted by Assistant Counsel Howard for my review. The draft letter is addressed to the Honorable Wifredo A. Ferrer, United States Attorney, United States Attorney's Office for the Southern District of Florida, and is marked "Confidential." The draft letter contains my handwritten edits. As a draft, it is inherently predecisional. It reflects the opinions and recommendations of Assistant Counsel, as well as my preliminary views, as to the appropriate contents for this letter to the U.S. Attorney. Accordingly, I invoke the deliberative process privilege as to P013919-P13921.

P013922-P013924: This is a second draft letter addressed to U.S. Attorney Ferrer, prepared by Assistant Counsel Howard. The draft was submitted to me for my review, and contains my handwritten notations and markings. The draft letter is predecisional, and reflects my opinions, as well as those of Assistant Counsel Howard. Accordingly, I invoke the deliberative process privilege as to P013922-P013924.

P013925-P013927: This is a draft letter, prepared by Assistant Counsel Howard, addressed to Professor Paul G. Cassell. The draft letter was submitted to me for review, and contains my handwritten notations and markings. The draft letter is predecisional, and reflects my opinions, as well as those of Assistant Counsel Howard. Accordingly, I invoke the deliberative process privilege as to P013925-P013927.

P013928-P013930: This is a second draft letter to Professor Cassell, prepared by Assistant Counsel Howard. The draft letter was submitted to me for review, and contains my handwritten notations and markings. It is predecisional, and reflects my opinions, as well as those of Assistant Counsel Howard. Accordingly, I invoke the deliberative process privilege as to P013928-P013930.

P013931-P013933: This is a third draft letter to Professor Cassell, prepared by Assistant

Counsel Howard, for my review. It contains numerous strikethroughs, circled text, and revised text added by me. The draft letter is predecisional, and reflects my opinions, as well as those of Assistant Counsel Howard. Accordingly, I invoke the deliberative process privilege as to P013931-P013933.

P013934-P013936: This is a third draft letter addressed to U.S. Attorney Ferrer, prepared by Assistant Counsel Howard. The draft was submitted to me for my review, and contains my handwritten notations and markings. The draft letter is predecisional, and reflects my opinions, as well as those of Assistant Counsel Howard. Accordingly, I invoke the deliberative process privilege as to P013934-P013936.

P013937-P13939: This is a fourth draft letter to Professor Cassell, prepared by Assistant Counsel Howard, for my review. It contains strikethroughs, circled text, and revised text added by me. The draft letter is predecisional, and reflects my opinions, as well as those of Assistant Counsel Howard. Accordingly, I invoke the deliberative process privilege as to P013937-P13939.

P013940-P13942: This is a fourth draft letter addressed to U.S. Attorney Ferrer, prepared by Assistant Counsel Howard. The draft was submitted to me for my review, and contains strikethroughs, circled text, and revised text added by me. The draft letter is predecisional, and reflects my opinions, as well as those of Assistant Counsel Howard. Accordingly, I invoke the deliberative process privilege as to P013940-P13942.

P013943: This document contains a series of e-mails between Assistant Counsel Howard and Acting Associate Counsel Plagenhoef, regarding revision of the letters to U.S. Attorney Ferrer and Professor Cassell for review by Acting Associate Counsel Plagenhoef. In the last e-mail from Acting Associate Counsel Plagenhoef to Assistant Counsel Howard at 11:19 a.m.,

May 5, 2011, Acting Associate Counsel Plagenhoef poses a question to Assistant Counsel Howard regarding an issue in the case. This exchange is part of the internal deliberations to finalize the letters to U.S. Attorney Ferrer and Professor Cassell. Accordingly, I invoke the deliberative process privilege as to P013943.

P013944: This document contains a series of e-mails between Assistant Counsel Howard and Acting Associate Counsel Plagenhoef, regarding revision of the letters to U.S. Attorney Ferrer and Professor Cassell for review by Acting Associate Counsel Plagenhoef. In the last e-mail from Acting Associate Counsel Plagenhoef to Assistant Counsel Howard, at 11:17 a.m. on May 5, 2011, Acting Associate Counsel Plagenhoef poses a question to Assistant Counsel Howard regarding an issue in the case. This exchange is part of the internal deliberations to finalize the letters to U.S. Attorney Ferrer and Professor Cassell. Accordingly, I invoke the deliberative process privilege as to P013944.

P013945: This document contains an e-mail exchange between Assistant Counsel Howard and Acting Associate Counsel Plagenhoef, regarding revision of the letters to U.S. Attorney Ferrer and Professor Cassell for review by Acting Associate Counsel Plagenhoef, on May 4, 2011. Ms. Plagenhoef advises Ms. Howard that she needs to consider the letters, and poses questions about an issue in the case. This exchange is part of the internal deliberations to finalize the letters to U.S. Attorney Ferrer and Professor Cassell. Accordingly, I invoke the deliberative process privilege as to P013945.

P013946: This document is an e-mail from Acting Associate Counsel Plagenhoef to me on May 4, 2011, summarizing a conversation with Assistant U.S. Attorney Dexter Lee; discussing several issues in the case; and making a recommendation about the potential impact of certain facts on OPR's proposed resolution of the case. This document is predecisional, and

Defendants' Exhibit B
Case No. 08-80736-CIV-MARRA

represents the opinions and recommendations of Acting Associate Counsel Plagenhoef. Accordingly, I invoke the deliberative process privilege as to P013946.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of October, 2013.

Robin C. Ashton
Counsel
Office of Professional Responsibility
United States Department of Justice

Defendants' Exhibit B
Case No. 08-80736-CIV-MARRA