# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80736-CIV-MARRA/JOHNSON

JANE DOE #1 and JANE DOE #2,

     *Plantiffs,*

v.

UNITED STATES OF AMERICA,

     *Defendant,*

ROY BLACK, *et al.,*

     *Intervenors*

_____/

# PROPOSED
## ORDER OF CONFIDENTIALITY ("PROTECTIVE ORDER")

THIS CAUSE came before the Court upon the *Intervenors' Motion For a Protective Confidentiality Order and Incorporated Memorandum of Law.* For the reasons that the Court will set forth in a separate forthcoming Order, the motion is hereby **GRANTED**.

Now, therefore, it is **ORDERED** that:

1.    This Protective Order applies to all correspondence between the United States Attorney's Office and the Intervenors, including any attachments thereto, that was the subject of the Court's Order of June 18, 2013 (Doc. 188), hereinafter referred to as the "Confidential Discovery Material" or "CDM."

2.    The parties shall designate the CDM by marking them on the face of the writing:

**CONFIDENTIAL - SUBJECT TO STIPULATION AND ORDER OF CONFIDENTIALITY.**

The marking shall be affixed in such a manner as not to obliterate or obscure any written matter. With respect to discovery materials produced electronically, the designation of Confidential may be made on the outside of the disk or cd.

3.      In the event that the Producing Party inadvertently fails to designate any CDM as confidential in this Action, it may make such designation subsequently by notifying all parties to whom such discovery material was produced, in writing as soon as practicable. After receipt of such notification, the parties to whom production has been made will treat the discovery material and all copies as having been designated as CDM.

4.      The parties agree that the CDM, or any summary thereof, shall be used solely for the purpose of this Action and for no other purpose without prior written approval from the Court or the prior written consent of the Producing Party and the Intervenors. All persons receiving or given access to CDM in accordance with the terms of this Protective Order consent to the continuing jurisdiction of this Court for the purposes of enforcing this Protective Order and remedying any violations thereof.

5. a.   CDM shall not be disclosed to anyone other than the following categories of persons:

(i) The Court (and any appellate court), including court personnel.

-2-

(ii) Court reporters (including persons operating video recording equipment at depositions) and person preparing transcripts of testimony to the extent necessary to prepare such transcripts, with the consent of counsel.

(iii) Plaintiffs' attorneys who appear as counsel of record in this case, including the attached list of paralegals, clerical, secretarial and other staff employed or retained by such counsel, provided that such staff and employees also comply with the provisions of Paragraph 6 hereof.

(iv) Retained consulting or testifying experts, advisors and consultants, including persons directly employed by such experts, advisors and consultants (collectively "experts") but only to the extent necessary to perform their work in connection with this Action.

(v) Any additional persons as counsel for the parties and Intervenors shall consent to in writing before the proposed disclosures.

b.      All parties and their respective counsel, paralegals and employees and assistants of all counsel receiving the CDM shall take all steps reasonably necessary to prevent disclosure of the CDM other than in accordance with the terms of this Protective Order.

c.      Disclosure of the CDM other than in accordance with the terms of this Protective Order may subject the disclosing person to such sanctions and remedies as this Court may deem appropriate, including without limitation, contempt, injunctive relief and damages.

6.      No copies of any CDM shall be made or delivered to any person other than those categories of persons referred to in paragraph 5 above, and even then only in accordance with paragraphs 7 and 8 herein.

7.      CDM may only be disclosed to persons who are not included in those categories referred to in paragraph 5.a. above, upon prior written consent of the Producing Party's and Intervenors' counsel.  If either the Producing Party's counsel or the Intervenors' counsel refuses to give consent, the CDM shall not be disclosed. The Receiving Parties may apply to the Court for an order of relief, on notice to the Producing Party and Intervenors.

8.      Any person referred to in paragraphs 5.a.iii through 5.a.v above who is furnished a copy of any CDM shall first be given a copy of this Protective Order and required to read it and be bound by its terms.

9.      At any time during this Action, the Receiving Parties may challenge the designation of CDM as confidential by written notice to the Producing Party's counsel and counsel for the Intervenors specifying by exact bates number the materials in dispute and the precise nature of the dispute with regard to each document or portion thereof.  The parties and Intervenors shall have twenty (20) days from receipt of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, the Receiving Parties amy move for an Order removing the confidential designation. The Receiving Parties shall have the burden of proof on such a motion to establish good cause for removing the confidential designation and treatment.

10.     No party shall be obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent challenge on the propriety of such designation and shall not constitute an admission that any information is, in fact, confidential.

11.     In the event a party seeks to file any pleading, brief or memorandum or other document purporting to reproduce, paraphrase or summarize any CDM or portions thereof, that party shall take appropriate action to insure that the documents receive proper protection from public disclosure and shall seek leave of Court to file the document under seal in accordance with Local Rules of the United States District Court for the Southern District of Florida.

12.     a.      In the event that a party intends to file CDM with the Court in support of, or in opposition to, a non-discovery motion (e.g. motion for summary judgment or any other dispositive or substantive motion), the filing party shall take appropriate action to insure that the documents receive proper protection from public disclosure and shall seek leave of Court to file the document under seal in accordance with the local rules.

b.      The non-discovery motion filing and briefing schedule shall be adjusted and tolled to provide sufficient time for the Court to consider and rule on the motion seeking permission to file the document(s) under seal.

c.      Once the matter has been resolved, the filing party may file the document(s) in accordance with the parties' and Intervenors' agreement and/or the Court's instructions, as applicable.

13.     The CDM and/or other papers which are filed under seal shall be kept under seal until further order of the Court; however, said CDM and other papers filed under seal shall be available to the Court and counsel of record, and to all other persons entitled to receive the confidential information contained therein under the terms of this Protective Order.

14.     This Protective Order is intended to provide a mechanism for the handling of the CDM and is not intended to imply that any CDM is relevant or admissible in this Action or any other litigation. Any party may move for relief from, or general or particular modification of, the mechanism for maintaining confidentiality herein set forth, or the application of this Protective Order in any particular circumstance, and each party specifically reserves all rights to object to the relevance or admissibility of any information produced in accordance with this Protective Order on any grounds it may deem appropriate.

15.     If a party receiving CDM in accordance with the terms of this Protective Order is served with a subpoena or other process by any court, administrative or legislative body, or any other person or organization which calls for the production of any CDM, the party to whom the subpoena or other process is directed shall, within two business days of its service, notify the opposing party or parties and the Intervenors of the pendency of such subpoena or order and provide them with a copy of the subpoena or process and the date by which compliance is requested. Any party or the Intervenors opposing the production of the

information demanded in the subpoena or process shall notify the party served of its objections as early as possible prior to the requested compliance date.

16.     This Protective Order may be amended with leave of Court, by the agreement of counsel for the parties and Intervenors in the form of a stipulation submitted to the Court for approval, or by the Court *sua sponte* after affording the parties and Intervenors the opportunity to be heard. If the parties and Intervenors cannot agree to an amendment, then a formal motion to amend must be filed with the Court.  This Protective Order is intended to regulate the handling of CDM and documents during this litigation, but shall remain in full force and effect until modified, superseded or terminated on the record by agreement of the parties thereto or by order of the Court.

17.     All counsel of record in this Action shall make a good faith effort to comply with the provisions of this Protective  Order and to ensure that their agents, employees and clients do so as well. In the event of a change of counsel, retiring counsel shall notify new counsel of their responsibilities under this Order.

18.     This Protective Order does not restrict or limit the use of CDM at any hearing or trial, which may be the subject of a further protective order and/or appropriate court orders. Prior to any hearing or trial at which the use of CDM is anticipated, the parties and Intervenors shall meet and confer regarding the use of the CDM. If the parties and Intervenors cannot agree, the parties and Intervenors shall request the Court to rule on such procedures. Notwithstanding, this Protective Order shall remain in full force and effect until

modified, superseded, terminated on the record by agreement of the parties and Intervenors or by order of the Court.

19.    Within sixty (60) days after the conclusion of this Action, whether by judgment, settlement or otherwise, including conclusion of any appeal, all CDM including but not limited to materials furnished to consultants and/or experts shall be returned to the Producing Party unless the parties stipulate to destruction in lieu of return; provided, however, that counsel of record in this case may retain for their files, copies of any of their work product, pleadings, court filings, brief, and exhibits, which incorporate or contain documents, information or material designated as "CONFIDENTIAL".

20.    Upon final termination of this Action, whether by judgment, settlement or otherwise, including all appeals, the Clerk of the Court shall return to counsel for the parties, or destroy, any materials filed under seal. Before destroying any document filed under seal, the Clerk of Court shall advise all parties of their option to accept return or destruction and shall allow no less than thirty (30) days from issuance of the notice for counsel to respond. In the absence of a response, the Clerk of Court may destroy documents filed under seal.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this __ day of May, 2014.

_____
Kenneth Marra
United States District Judge

cc:
All counsel

-8-