IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 4:07-cr-434 |
| | ) | |
| BP PRODUCTS NORTH AMERICA INC. | ) | Honorable Lee Rosenthal |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S RESPONSE TO VICTIMS' MOTION FILED PURSUANT TO THE CRIME VICTIMS RIGHTS ACT

Pursuant to the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, the government took all reasonable and appropriate measures to comply with the statute and ensure that the victims were afforded all their rights. Contrary to the claim by victims' counsel, there is nothing in the CVRA that prohibits the government from taking the steps detailed below. The government had to weigh its obligation to provide victims with notice and opportunity to be heard at all proceedings and obligation to provide the "reasonable" right for victims to confer with the government, with the feasibility of consulting with large numbers of victims, protecting a putative defendant's right to a fair trial, the Federal Rules of Evidence and Criminal Procedure, and maintaining the integrity of an ongoing investigation. The government then sought Court guidance prior to filing of any criminal charges specifically "to give effect to" the CVRA. 18 U.S.C. § 3771(d)(2).

The government clearly recognized its duties under the CVRA – and the challenges with consulting with hundreds, if not thousands of victims and civil plaintiffs, in a highly publicized case pre-indictment – and the need to protect both the constitutional rights of a putative

1

defendant and the on-going grand jury investigation.  Precisely for this reason, the government sought advice of the Court in its efforts to fully comply with the CVRA.[1/]  Judge Atlas' Order dated October 18, 2007, found that victim notification before any charging decisions were announced was impracticable and expressly ordered the government to refrain from any notification until after a plea agreement was signed and announced.  The *ex parte* proceeding was not a "maneuver" as alleged by victims' counsel, but rather a legitimate step before a federal district judge with the intent of fashioning a reasonable procedure as authorized pursuant to 18 U.S.C. § 3771(d)(2).

Victims' counsel allege that the Court should reject the plea agreement because the government grossly violated the victims' rights under the CVRA.  Rejection of the plea, however, is not a remedy available to the Court for an alleged violation of the CVRA.  The only remedy option available for an alleged violation is found in subsection (d)(5) of the CVRA.

---

[1/]   The government has a fundamental duty of ensuring the integrity of the grand jury investigation and protecting the rights of any prospective defendants from prejudicial media coverage.  See, e.g., United States v. Criden, 675 F.2d 550, 558 (3d Cir. 1982) (stating that "[t]he Government, quite properly, has the duty to ensure a fair trial and has an obvious interest in securing a conviction that will withstand appeal; reversal of a conviction because of prejudicial publicity, though perhaps rare, poses a risk to a successful prosecution.").

By contrast, counsel for some clients in the civil lawsuits took steps to keep the case in the media throughout the civil proceedings.  Victims' counsel made it known to the media that they had received grand jury subpoenas from the government.  They made it known to the media that they had been contacted by the government to speak to specific witnesses.  During the investigation, it was necessary for the government to consult with plaintiffs' counsel on more than one occasion to request that any contact with the media regarding the criminal investigation be curtailed.  It was against this background that the government had to balance its obligations to (1) provide notice and opportunity to be heard to the victims and (2) provide "reasonable" opportunity to confer with the government, and its duty to preserve a putative defendant's right to a fair trial.

Subsection (d)(5) allows a victim to seek the remedy of re-opening a plea or sentence, not rejecting it, only if:

> (A) the victim has asserted the right to be heard before or during the proceeding at issue and such right was denied;
> (B) the victim petitions the court of appeals for a writ of mandamus within 10 days; and
> (C) in the case of a plea, the accused has not plead to the highest offense charged.

18 U.S.C. § 3771(d)(5). Victims' counsel have conceded that the defendant pleaded not only to the highest offense charged, but the most significant charge supported by the facts. This fact alone precludes the victims' counsel from seeking the remedy of re-opening the plea under subsection (d)(5). The remedy of rejecting the plea that victims' counsel currently seek is simply not authorized under the CVRA.

Victims' counsel next argue that Judge Atlas' Order should have been unsealed immediately following announcement of the plea agreement. Until the victims' filing of January 31, 2008, no allegation of failure to comply with the section 3771(a)(5) existed. As soon as such an allegation arose, the government moved to unseal the order. Although the Order could have been unsealed on October 25, 2007, the Order by its terms directed the government to consult with the victims only after announcement of the proposed plea agreement. In no way does the fact that the court order remained sealed deprive the victims of any rights under the CVRA.

The victims suggest several alternative procedures that the government should have followed to better give effect to the CVRA. While there are myriad procedures that could have been followed, the government outlined what it believed to be a reasonable procedure and presented it to the Court for approval.[2] In light of the number of victims and civil litigants, the

---

[2] The comparison made by victims' counsel between this case and the Oklahoma City bombing case is misplaced. In the Oklahoma City case, the conferral with victims took place

extensive publicity, and the ongoing investigation, the Court concluded that the government's procedure was "reasonable" under the circumstances, and the government fully complied with the terms of the Order.[3/]

At least one appellate court has held that the CVRA does not provide an unqualified right

---

well after the indictments had been returned by the grand jury. In this case, no public charging document existed prior to October 24, 2007, and the criminal investigation into the March 23, 2005, explosion was continuing.

[3/] The government's steps in this case were equally reasonable under Department of Justice guidelines, which victims' counsel claim were ignored. It is important to note that the CVRA expressly states that victims have an unqualified right to notice and an opportunity to be heard before any proceedings. The CVRA, however, is silent on when the "reasonable right to confer" is initiated. Therefore, even under the standard cited by victims' counsel, the government complied with the letter and spirit of the CVRA. Article IV. B.1 of the Attorney General Guidelines for Victim and Witness Assistance (2005) directs that the requirement for the government to consult with victims begins "when charges are filed." Further, Article IV.B.2.c(3) informs prosecutors that:

> Responsible officials should make reasonable efforts to notify identified victims of, and consider victims' views about, prospective plea negotiations. In determining what is reasonable, **the responsible official should consider factors relevant to the wisdom and practicality of giving notice and considering views in the context of the particular case**, including, but not limited to, the following factors:
> 
> (a) The impact on public safety and risks to personal safety.
> 
> (b) The number of victims.
> 
> (c) Whether time is of the essence in negotiating or entering a proposed plea.
> 
> (d) Whether the proposed plea involves confidential information or conditions.
> 
> (e) Whether there is another need for confidentiality.
> 
> (f) Whether the victim is a possible witness in the case and the effect that relaying any information may have on the defendant's right to a fair trial.

Attorney General Guidelines for Victim and Witness Assistance (2005) at 30 (emphasis added).

4

to confer with the government in the context of plea negotiations. In the case of <u>In re W.R. Huff Asset Management Co.</u>, 409 F.3d 555 (2d Cir. 2005), the Court of Appeals for the Second Circuit stated that "[n]othing in the CVRA requires the Government to seek approval from crime victims before negotiating or entering into a settlement agreement. The CVRA requires only that the court provide victims with an opportunity to be heard concerning a proposed settlement agreement." <u>Id.</u> at 564.[4]

Prior to filing the motions and raising objections to the government's procedure pursuant to the CVRA, counsel for the victims never asked nor were denied the opportunity to confer with the government in this case. Indeed, the government remained in contact with counsel for the victims through the investigation, benefitted from their cooperation with the investigation, and at no time sought to deprive victims of their CVRA rights.[5]

---

[4]  The victims argued in prior submissions and in open court they sought to "confer" with the government through letters written to the U.S. Attorney in December and January but were rebuffed. These letters were written several weeks after the U.S. Attorney's Office had announced the proposed plea and began making repeated efforts to contact victims as mandated by the CVRA and Judge Atlas' Order. The letters, written by counsel, specifically requested an explanation of the methods used in arriving at the $50 million criminal fine. The letters do not request a conference under the terms of the CVRA. Further, the letters were written only after victims' counsel had filed motions in this Court, objecting to the plea agreement based, *inter alia*, on the adequacy of the fine, to which the government had to respond. Therefore, because the victims were involved in these proceedings, and because the substance of the letters dealt with a pending issue before this Court and not a CVRA issue, neither the CVRA nor any other statute or regulation dictated that a response was necessary.

[5]  The victims' allegation that the government failed to comply with the CVRA following announcement of the plea agreement is unfounded. As detailed in open court, the government has, *inter alia*, (1) held a press conference announcing the plea agreement to the public; (2) distributed copies of the plea documents to the public; (3) mailed three notices to victims outlining court hearings and their right to be heard; (4) established a telephone number and website with updates concerning the case; (5) provided victims the opportunity to submit victim impact statements; and (6) made available the victim-witness coordinator to ensure that victims' were afforded all CVRA rights. Furthermore, after being informed of the proposed plea, liaison

Counsel for victims were, understandably, vigorous in litigating for all of their clients' civil claims against the prospective corporate criminal defendant. Their efforts in the state civil actions included extensive coverage and cooperation with the media. While such efforts are permitted for counsel litigating private civil actions in state court, they are prohibited for prosecutors in federal criminal procedure. Federal Rule of Evidence 410 provides that "evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions ... (4) any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or which result in a plea of guilty later withdrawn." The commentary to Rule 410 amplifies the reasoning behind the rule. To admit statements made in the course of plea discussions would effectively nullify the allowance of withdrawal and place the accused in a dilemma utterly inconsistent with his right to a trial. The advisory notes also noted that the purpose of excluding statements made in plea discussions is to promote the disposition of criminal cases by compromise. "[F]ree communication is needed, and security against having an offer of compromise or related statement admitted in evidence effectively encourages it." Fed. R. Evid. 410 advisory committee's note.

Of course, there are also fundamental due process rights affected by the release of confidential settlement communications. These Rule 410 and due process concerns are more

---

counsel to the victims informed the media of its favorable views of the plea agreement. See, e.g., Press Release, Brent Coon & Associates, October 26, 2007, *available at* http://www.bcoonlaw.com/site/bp_criminal (last visited February 7, 2008) ("This settlement fully validates our position that Lord Browne and his cronies at BP were directly responsible for the fatal explosion at Texas City. We are proud to have provided the DOJ with key internal BP documents....").

6

pronounced in a case such as this, which has a high level of media attention and involves a large number of victims. Disclosing confidential settlement communications to the victims' counsel prior to the execution of the plea agreement, which the government had good cause to believe would also be released, even inadvertently, to the media, would do indirectly what the government could not do directly--improperly inform potential jurors in a criminal trial of statements and offers made in the course of plea discussions. Such disclosures have the potential to taint the jury pool through additional pre-trial publicity.

The government made reasonable efforts to comply with the terms of the CVRA and to provide victims with the rights set forth in section 3771.[6/] While hindsight may suggest to some that there were other procedures that could have been followed, the government consulted with the Court in an effort to give effect to the CVRA, and fully executed its responsibilities under the terms of the Order. The government's actions did not violate the CVRA and should not form a basis to reject the plea agreement currently before this Court.

---

[6/] To the extent the counsel for the victims' arguments are premised on alleged violations of Department of Justice guidelines, the victims are not entitled to any relief. The guidelines specifically provide as follows:

> These AG Guidelines provide only internal Department of Justice guidance. They are not intended to, do not, and may not be relied upon to create any rights, or standards of conduct or care, substantive or procedural, enforceable at law by any person in any matter civil or criminal. These AG Guidelines shall not be construed to create, enlarge, or imply any duty or obligation to any victim, witness, or other person for which the United States or its employees could be held liable in damages. No limitations are hereby placed on otherwise lawful litigative prerogatives of the Department of Justice.

Attorney General Guidelines for Victim and Witness Assistance (2005) at 75.

7

Respectfully submitted,

DONALD J. DeGABRIELLE, Jr.  RONALD J. TENPAS
United States Attorney  Acting Assistant Attorney General
Southern District of Texas  Envi. and Natural Resources Division
  United States Department of Justice

By:  /S/ Abe Martinez  By:  /S/ Daniel W. Dooher
  Abe Martinez    Daniel W. Dooher
  Assistant United States Attorney    Senior Trial Attorney
  Southern District of Texas    Environmental Crimes Section

By:  /S/ S. Mark McIntyre  By:  /S/ David B. Joyce
  S. Mark McIntyre    David B. Joyce
  Assistant United States Attorney    Trial Attorney
  Southern District of Texas    Environmental Crimes Section

8

## CERTIFICATE OF SERVICE

I certify that the foregoing Motion was filed electronically on February 8, 2008, using the Courts's CM/ECF system.

        By:    /S/ S. Mark McIntyre
                  S. Mark McIntyre
                  Assistant United States Attorney
                  Southern District of Texas

## CERTIFICATE OF CONFERENCE

I certify that counsel for the Government has spoken with Victims' Counsel and Victims' Counsel is opposed to this motion.

        By:    /S/ S. Mark McIntyre
                  S. Mark McIntyre
                  Assistant United States Attorney
                  Southern District of Texas

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 4:07-cr-434 |
| | ) | |
| BP PRODUCTS NORTH AMERICA INC. | ) | Honorable Lee Rosenthal |
| | ) | |
| Defendant. | ) | |

ORDER

Upon consideration of the Victims' Motion for Decision on their CVRA Motions "Forthwith" as Guaranteed in the CVRA, it is hereby:

(1) FOUND that the Government has fully satisfied its obligations under the CVRA; and

(2) ORDERED that the relief requested in the Victims' Motion is DENIED.

Signed at Houston, Texas this _____ day of <u>February</u>, 2008.

_____
Honorable Lee Rosenthal
United States District Judge