UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80736-CIV-MARRA

JANE DOE #1 and JANE DOE #2,

    Petitioners,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

RESPONDENT'S RELEVANCE OBJECTIONS TO PETITIONERS'
FIRST REQUEST FOR PRODUCTION TO THE GOVERNMENT

Respondent United States of America, by and through its undersigned counsel, files its Relevance Objections to Petitioners' First Request for Production, and state:

I.    INTRODUCTION

On September 26, 2011, this Court found that the Crime Victims Rights Act (CVRA), 18 U.S.C. § 3771 et. seq., can apply before formal charges are filed.  D.E. 99 at 5-10.  The Court found that "some factual development is necessary to resolve the remaining issues in this case," and it would "permit Plaintiffs the opportunity to conduct limited discovery in the form of document requests and requests for admissions from the U.S. Attorney's Office."  D.E. 99 at 11.  The Court also stated that, "[b]ecause the Court will allow this limited factual development, it is unnecessary to decide here whether the CVRA or the Federal Rules of Civil Procedure provide discovery rights in this context."  Id.  In its September 22, 2014 Order, the Court noted that, "[a]s this Court has previously indicated, see DE 190, the Federal Rules of Civil Procedure govern the general course of this proceeding."  DE 257 at 3.

Petitioners' first request for production goes well beyond the "limited factual

development" permitted by the Court it its September 26, 2011 Order.  Further, many of the categories of documents requested by petitioners go well beyond the limits set out in Fed.R.Civ.P. 26(b)(1), which provides that, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."  Further, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.

Respondent has submitted a Privilege Log which describes each document withheld, and the privilege invoked for that document.  Respondent further objects because many of the requests seek documents which are irrelevant to the limited matters at issue before this Court.  The claims before this Court are:  (1) whether the government violated the CVRA; and, (2), if so, the appropriate remedy.

    II.    MANY OF THE DOCUMENTS SOUGHT ARE IRRELEVANT TO THE INQUIRY BEFORE THIS COURT

In Request for Production No. 1, petitioners seek the Federal Bureau of Investigation file on the Epstein case, to include documents, correspondence, witness statements, FBI 302s and other similar information "collected as part of its case against and/or investigation of Epstein." Petitioners also request the government's prosecution memorandum, as well as a draft indictment prepared in the case.   The information requested is irrelevant to the Court's inquiry as to whether the government violated the CVRA, and if so, the appropriate remedy for such violation.

Petitioners attempt to justify their request by maintaining that the Court's September 26, 2011 Order (D.E. 99 at 2 n.2) requires "further factual development."  This footnote was to the "Background" section of the Court's order, and the footnote did not refer specifically to

2

petitioners' claim that the government had developed a strong case.  More importantly, whether the government had a strong or weak case has nothing to do with the extent of the government's obligations under the CVRA, whether those obligations were complied with, or what remedy should be afforded if a violation did occur.   Thus, all the documents sought regarding the underlying criminal investigation, the FBI investigative file, prosecution memorandum, draft indictment, and other items sought in request for production 1 are irrelevant.

In Request for Production No. 10, petitioners request documents to support their claim that the FBI was led to believe their investigation of Epstein would lead to a federal criminal prosecution, and the U.S. Attorney's Office misled the FBI about the status of the case.  This has no relevance to whether a violation of the CVRA occurred, or the appropriate remedy if the Court finds a violation did occur.  The United States Attorney is vested with authority to "prosecute for all offenses against the United States" within his district.  28 U.S.C. § 547(1). The government disputes that the FBI was misled in any way by the U.S. Attorney's Office, but that issue is irrelevant to this case.   The decision on whether to prosecute belongs to the United States Attorney.

In Request for Production No. 16, petitioners request documents to support their claim that a former prosecutor in the U.S. Attorney's Office improperly represented persons close to Epstein, after his departure from the U.S. Attorney's Office.  They also contend that "it is also possible that other improper relationships exist between Government agents and Epstein."  The documents being requested are irrelevant because the issue before this Court is whether the government violated the CVRA, not how it exercised its prosecutorial discretion in the Epstein case.  The Court has found that "[w]hat the government chooses to do after a conferral with the victims is a matter outside the reach of the CVRA, which reserves absolute prosecutorial

3

discretion to the government." D.E. 189 at 10, <u>citing</u> 18 U.S.C. § 3771(d)(6).

In Request for Production No. 18, petitioners request documents from December 2010, and after the August 2011 hearing, regarding whether the United States Attorney's Office, Southern District of Florida, had a conflict of interest precluding it from handling various issues. Petitioners request "all documents, correspondence, and other information regarding the potential conflicts of interest that the Justice Department discussed or determined existed for the USAO SDFL, as well as any referral that was made to Main Justice or to any other District, including any documents that were transmitted to any other District regarding the conflict and regarding what was to be investigated." The information sought is irrelevant to this lawsuit. The relevant events in this case occurred in 2006-2008, when the case was opened by the U.S. Attorney's Office, the non-prosecution agreement was signed in September 2007, and Epstein entered his guilty plea in June 2008. The lawsuit was filed on July 7, 2008. Whether the U.S. Attorney's Office may have had a conflict of interest in December 2010 or August 2011, has no relevance to any issue before this Court.

In Request for Production No. 19, petitioners request documents that support, or contradict, an assertion in a three-page letter sent by the former United States Attorney, R. Alexander Acosta, to the news media in March 2011. The assertion was that Epstein launched "a yearlong assault on the prosecution and the prosecutors." Whether Mr. Acosta's assertions are supported or contradicted is irrelevant to whether the CVRA was violated.

In Request for Production No. 25, petitioners request that the government provide all initial disclosures required by the Federal Rules of Civil Procedure, including Rule 26(a)(1). Respondents object because the Court's finding that the Federal Rules of Civil Procedure "govern the general course of this proceeding," does not mean that all requirements governing

pretrial procedure apply.   Petitioners cannot obtain initial disclosures under Rule 26(a)(1) by simply incorporating it into a request for production.

DATED:  October 6, 2014            Respectfully submitted,

                                         WILFREDO A. FERRER
                                         UNITED STATES ATTORNEY

By:     __s/ Dexter A. Lee_____
         DEXTER A. LEE
         Assistant U.S. Attorney
         Fla. Bar No. 0936693
         99 N.E. 4th Street, Suite 300
         Miami, Florida  33132
         (305) 961-9320
         Fax:  (305) 530-7139
         E-mail:  dexter.lee@usdoj.gov

         ATTORNEY FOR RESPONDENT

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 6, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

         __s/ Dexter A. Lee_____
         DEXTER A.  LEE
         Assistant U.S. Attorney

SERVICE LIST

Jane Does 1 and 2 v.  United States,
Case No.  08-80736-CIV-MARRA/JOHNSON
United States District Court, Southern District of Florida

Bradley J. Edwards, Esq.,
Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820
Fax:  (954) 524-2822
E-mail: brad@pathtojustice.com

5

Paul G. Cassell
S.J. Quinney College of Law at the
University of Utah
332 S. 1400 E.
Salt Lake City, Utah 84112
(801) 585-5202
Fax: (801) 585-6833
E-mail: casselp@law.utah.edu

Attorneys for Jane Doe # 1 and Jane Doe # 2

Roy Black
Jackie Perczek
Black, Srebnick, Kornspan & Stumpf, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, Florida  33131
(305) 371-6421
Fax:  (305) 358-2006
E-mail:  rblack@royblack.com
         jperczek@royblack.com

Attorneys for Intervenors