UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80736-CIV-MARRA/JOHNSON

JANE DOE #1 AND JANE DOE #2,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA,

    Defendant.

_____/

**MOTION FOR LIMITED INTERVENTION BY ALAN M. DERSHOWITZ**

Alan M. Dershowitz (herein, "Prof. Dershowitz"), a nonparty to this litigation, is the victim of scurrilous allegations made in Jane Doe #3 and Jane Doe #4's Motion Pursuant to Rule 21 for Joinder in the Action (the "Joinder Motion"), filed as of record at DE 279. Having no remedy in this proceeding for the harm to his reputational interest, Prof. Dershowitz hereby seeks to intervene in this action, both as of right under Fed. R. Civ. P. 24(a) and permissively under Fed. R. Civ. P. 24(b), for the limited purposes of moving to strike the outrageous and impertinent allegations made against him and requesting a show cause order to the attorneys that have made them.

With respect to the legal framework for intervention, Prof. Dershowitz agrees with the general principles stated by this Court in its earlier Order on intervention dated September 26, 2011 (DE 99), including the broad discretion afforded district courts concerning intervention. However, as is summarized in the paragraphs that follow, this motion for intervention stands upon dramatically different circumstances than the prior motion, which was denied. The proposed Plaintiffs' and their counsel's defamatory falsehoods about Prof. Dershowitz are of an

entirely different order of magnitude, and they have spread around the world.

What makes them doubly troubling is their irrelevancy: although categorically false, the allegations against Prof. Dershowitz have absolutely nothing to do with whether the United States government violated its duty to confer with the Plaintiffs prior to entering into the non-prosecution agreement with Jeffrey Epstein, and, if so, what remedies might apply.  Because those are the issues to be adjudicated by the Court in the underlying lawsuit, it is apparent that the broadside against Prof. Dershowitz was ginned up for reasons having nothing to do with the merits of this case.  Prof. Dershowitz  must be given the opportunity to defend himself through intervention in this action.

I. **The Joinder Motion is nothing more than a vehicle to impugn the reputation of Prof. Dershowitz, filed with the certain result of stirring up media interest.**

The Joinder Motion purports to seek to add two new plaintiffs as parties to this litigation, but does not even attach a proposed amended complaint in violation of the local rules. *See* S.D. Fla. L.R. 15.1 (requiring a party who moves to amend a pleading to attach the original of the amendment to the motion).  Instead, the paper simply proffers various salacious allegations as quotable tabloid fodder.  Specifically naming Prof. Dershowitz, and identifying him as Mr. Epstein's counsel, Plaintiffs' counsel allege that Jane Doe #3 was "required" to have sexual relations with Prof. Dershowitz "on numerous occasions while she was a minor," and, in addition, that Prof. Dershowitz was "an eyewitness to the sexual abuse of many other minors." (DE 279 at 4.)  The Motion goes on to state that Prof. Dershowitz was involved in the negotiation of the non-prosecution agreement for Jeffrey Epstein which "provided protection for [Prof. Dershowitz] against criminal prosecution in Florida for sexually abusing Jane Doe #3." (*Id.*)

To the great detriment of Prof. Dershowitz, and as Plaintiffs' counsel surely anticipated, the contemptible allegations against Prof. Dershowitz and others have created a media firestorm. Over the weekend of January 3 and 4, 2015, major media outlets—including the Miami Herald, the Washington Post, the Wall Street Journal, the New York Times, and the Jerusalem Post—picked up the story and highlighted the most libelous allegations against Prof. Dershowitz.

Yet, as stated above, the allegations against Prof. Dershowitz are completely irrelevant to this case. The issue to be determined on the Plaintiffs' Petition is whether, in violation of the Crime Victims' Rights Act, the United States Attorney's Office breached its obligations to meet and confer with the Plaintiffs—including proposed plaintiff Jane Doe # 3, who has made the accusations against Prof. Dershowitz—prior to entering into a non-prosecution agreement with Jeffrey Epstein on September 24, 2007. That issue turns on the government's knowledge of Jane Doe # 3's allegation at the time of the agreement, including, for example, whether she was designated as a witness by the government. What has been levelled against Prof. Dershowitz simply has nothing to do with any relevant issues in this case. In short, there was no legitimate purpose for including these extremely harmful allegations in the Joinder Motion.

**II.**     **The allegations made against Prof. Dershowitz are outrageously false.**

Besides being wholly irrelevant, the allegations made in the Joinder Motion with respect to Prof. Dershowitz are categorically false. *See* Declaration of Alan Dershowitz, attached hereto as Exhibit A.

In fact, they are absolutely outrageous. Prof. Dershowitz is married and has three children and two grandchildren. He is the Felix Frankfurter Professor of Law, Emeritus, at Harvard Law School. Prof. Dershowitz, a graduate of Brooklyn College and Yale Law School, joined the Harvard Law School faculty at age 25 after clerking for Judge David Bazelon and Justice Arthur

Goldberg. Prof. Dershowitz is, among other things, a civil liberties attorney. During his long and distinguished career, he has published more than one thousand articles in newspapers, journals and magazines on a variety of topics. He has published fiction and non-fiction works and law review articles about criminal and constitutional law. He has received awards from many institutions and organizations for his work, including the Anti-Defamation League. In his private legal practice he represents individuals and corporations, and even provides counsel to various world leaders. Prof. Dershowitz's reputation, which is sterling, is at the core of his remarkable career.

### III. Prof. Dershowitz should be allowed to intervene under these circumstances.

It is to protect his reputation for which Prof. Dershowitz seeks to intervene in this action. He is entitled to do so under these circumstances, both as of right and with the permission of the Court.

Intervention as of right is governed by Federal Rule of Civil Procedure 24(a)(2). Rule 24(a)(2) requires the Court to allow anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. Among the interests that satisfy these criteria are injury to reputation. *Sackman v. Liggett Grp., Inc.*, 167 F.R.D. 6, 20-21 (E.D.N.Y. 1996) (citing *Penthouse Int'l, Ltd. v. Playboy Enterprises, Inc.,* 663 F.2d 371, 373, 392 (2d Cir. 1981)). The burden of demonstrating an interest relating to the subject of the action that cannot be adequately represented by others is minimal. *Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1255 (11th Cir. 2002).

Clearly, Plaintiffs' and Plaintiffs' counsel's accusations of sex with minors and

conspiracy to violate the law are injurious to Prof. Dershowitz's reputation—indeed, they constitute libel *per se*—such that he has an interest relating to the subject matter of this action. It is far from certain, however, that the defendant in this action, United States of America, has the same interest as Prof. Dershowitz in disproving the preposterous allegations that have been made against him. For example, in defending the suit that Plaintiffs have brought, the United States of America will not necessarily need to defend against or seek to disprove the allegations that Prof. Dershowitz had sex with minors in concert with Mr. Epstein. Only Prof. Dershowitz is situated to protect his reputational interest here.

This Court's recently-published and fully-considered reasoning in *Krauser v. Evolution Holdings, Inc.*, 975 F.Supp. 2d 1247 (S.D. Fla. 2013) (finding inventor had standing to challenge a patent application which denied his contribution, based on inventor's reputational interest) supports this notion: "The common law recognized that a man's reputation was possibly his most valuable asset, that vindicating that reputation in the face of one who sought to defame it was of paramount importance, and that such vindication need not unnecessarily punish the defamer because a judgment in favor of the plaintiff that simply established the falsity of the defamation—and nothing more—was vindication enough." *Id.* at 1260. That is essentially what Prof. Dershowitz seeks here.

Furthermore, permissive intervention under Rule 24(b) is also appropriate. *See Walker v. Jim Dandy Co.*, 747 F.2d 1360, 1365 (11th Cir. 1984).

**IV.     These facts are distinguishable from those presented by the earlier intervenor motion filed by Bruce Reinhart.**

Prof. Dershowitz acknowledges that this Court earlier denied a motion to intervene by former Assistant United States Attorney Bruce E. Reinhart in 2011. (*See* DE 99 at 12-13.) Back

then, Plaintiffs alleged that Mr. Reinhart gave "at least the improper appearance" of having made a decision in Mr. Eptsein's favor in his own self-interest, specifically to obtain "favorable employment" from Mr. Epstein in the future as an attorney in private practice. Mr. Reinhart moved to intervene for purposes of seeking sanctions against Plaintiff for this accusation. (*See* DE 79.) This Court held that intervention for purposes of filing a motion for sanctions was denied, finding that it "cannot permit anyone slighted by allegations in court pleadings to intervene and conduct mini-trials to vindicate their reputation. Absent some other concrete interest in these proceedings, the Court **does not believe that the allegations here are sufficiently harmful** to justify permissive intervention." (DE 99 at 13 (emphasis added).)

Apparently, counsel for Plaintiffs have taken this Court's order denying intervention as to Mr. Reinhart to mean that defamatory and unsupportable allegations can be made in court papers in this action with complete impunity. Counsel for Plaintiffs have scandalously and improperly published falsehoods, abusing the litigation privilege, as well as this Court's rulings. But the docket sheets and courtrooms of the United States District Court for the Southern District of Florida should not be used as a bulletin board to which irrelevant, baseless, and ill-willed reputational attacks can be tacked up without consequence.

Moreover, contrary to what Plaintiffs and their counsel appear to think, this situation is fundamentally distinguishable from that presented by the Reinhart motion, simply by virtue of the harmfulness of the allegations made. Few accusations, if any, can launch such an immediate sensation as well as an enduring taint, notwithstanding their utter falsity and the impeccable reputation of the accused. And, in contrast to the Reinhart motion, which presented a potential intervenor who had previously had the opportunity to defend his reputation "in this docket" and before this Court, no such opportunity has yet been afforded Prof. Dershowitz.

Additionally, unlike Mr. Reinhart, who sought to add the fact-driven dynamics of Rule 11 to this case, Prof. Dershowitz seeks simply to end the potential license for character assassination created by the continued dwelling of those allegations in this Court's filings. If allowed to intervene, Prof. Dershowitz would seek to strike the outrageous allegations based on this Court's authority to strike material that is "scandalous, immaterial or redundant." *Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 697 n.2 (8th Cir. 1978) (citing *Skolnick v. Hallett*, 350 F.2d 861 (7th Cir. 1975). In fact, the Court has the authority to strike such material on its own. Fed. R. Civ. P. 12(f)(1). Alternatively, if intervention were granted, he would request that the Court grant intervention for purposes of submitting a request for a show cause order to Plaintiffs' counsel with respect to their investigation of and justification for including the allegations against Prof. Dershowitz in the Joinder Motion. In sum, Prof. Dershowitz submits that the remedy to be afforded a leading public figure deeply maligned by the under-handed techniques employed by Plaintiffs' counsel in this case should not be limited to wounded resignation and public denials. Intervention is due here.

WHEREFORE Alan M. Dershowitz respectfully requests that the Court enter an order granting his limited motion to intervene for such purposes as may be appropriate including submitting a motion to strike the allegations made against him and requesting the issuance of a show cause order against Plaintiffs' counsel, and awarding such other relief that the Court deems just and proper under these unfortunate circumstances.

Respectfully submitted,

Thomas Scott, Fla. Bar No. 149100
thomas.scott@csklegal.com
COLE, SCOTT & KISSANE, P.A.
Dadeland Centre II
9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 33156
Telephone:	(305) 350-5300
Facsimile:	(305) 373-2294

-and-

/s/	Kendall Coffey
Kendall Coffey, Fla. Bar No. 259681
kcoffey@coffeyburlington.com
Benjamin H. Brodsky, Fla. Bar No. 73748
bbrodsky@coffeyburlington.com
COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, PH1
Miami, Florida  33133
Telephone:  (305) 858-2900
Facsimile:  (305) 858-5261

*Counsel for Prof. Alan M. Dershowitz*

**CERTIFICATE OF REASONABLE CONFERRAL**
**WITH COUNSEL FOR THE PARTIES**

I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties who may be affected by the relief sought in the motion—including phone calls and emails on today's date. Counsel for Plaintiffs have indicated that they do not oppose movant's intervention in the case, but that their non-opposition is "limited" and "does not extend to the merits of any arguments on procedural or substantive issues in the case." Counsel for Defendant have not responded to movant's request for consent to his proposed intervention.

*/s/ Kendall Coffey*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on this 5th day of January, 2015, on all counsel or parties of record on the Service List below.

/s/ Kendall Coffey

## SERVICE LIST

Bradley J. Edwards
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Telephone (954) 524-2820
Facsimile (954) 524-2822
E-mail: brad@pathtojustice.com

and

Paul G. Cassell
*Pro Hac Vice*
S.J. Quinney College of Law at the
University of Utah
332 S. 1400 E.
Salt Lake City, UT 84112
Telephone: 801-585-5202
Facsimile: 801-585-6833
E-Mail: cassellp@law.utah.edu

*Attorneys for Jane Doe #1, 2, 3, and 4*

Dexter Lee
A. Marie Villafaña
UNITED STATES ATTORNEY'S OFFICE
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
(561) 820-8711
Fax: (561) 820-8777
E-mail: Dexter.Lee@usdoj.gov
E-mail: ann.marie.c.villafana@usdoj.gov

*Attorneys for the Government*