UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80736-CIV-MARRA/JOHNSON

JANE DOE #1 AND JANE DOES #2

Plaintiffs,

vs.

UNITED STATES OF AMERICA,

Defendant.

_________________________________/

**ALAN DERSHOWITZ'S SUPPLEMENT TO HIS**
**MOTION FOR LIMITED INTERVENTION (DE 282)**

Alan M. Dershowitz, a nonparty to this litigation, respectfully supplements his previously filed Motion for Limited Intervention (DE 282), as follows[1]:

The rights afforded by the Crime Victims' Rights Act, 18 U.S.C. § 3771(a)(5) (hereinafter the "CVRA"), including the right to "confer with the attorney for the Government in the case," is a right that this Court has concluded applies ***before criminal charges are filed*** and concomitantly ***before a Non-Prosecution Agreement is entered***. (See, DE 99 and DE 189 at 8.) The decision to not pursue federal criminal prosecution against Jeffrey Epstein was made, at latest, on September 24, 2007 when a Non-Prosecution Agreement (hereinafter "NPA") was negotiated, finalized, and then executed by the Government and Jeffrey Epstein. The Petitioners in this case have vigorously argued that the decision not to federally prosecute Mr. Epstein did not moot their CVRA

[1] In the event the Court declines to accept this submission as a supplement to Dershowitz's pending Motion for Limited Intervention (DE 282), he respectfully reserves the right to include this as part of any Reply he might file. We hereby request the right to file a Reply.

rights, and that the right to "confer" should have been extended to them before the Government finalized the NPA. It is axiomatic, however, that the Government could not have conferred such rights upon a crime victim without knowing of her at the time the NPA was entered, as is the case with Jane Doe #4. Similarly, the Government's alleged failure to confer with Jane Doe #3 before entering the NPA could not rationally be contingent upon information the Government first learned in December 2014, as part of her Motion for Joinder. (DE 279, 280.) By definition, any information not known to the Government prior to September 24, 2007 is immaterial to any factual or legal issue of whether the Government violated Jane Doe #3's right to confer before the NPA was entered under the CVRA.

Moreover, because the target of the federal criminal investigation at the time was Jeffrey Epstein – and not Alan Dershowitz – the salacious and false accusations against Mr. Dershowitz were particularly immaterial and irrelevant to this Court's consideration of whether a Motion for Joinder should be allowed when made for the first time many years after the NPA was entered. Instead, it is Jane Doe #3's allegations against Mr. Epstein, who was in fact the target of the federal criminal investigation, that are relevant as those allegations, alone, would go towards qualifying her as a crime victim under section 3771(e) of the CVRA.

The contemptible allegations made against Alan Dershowitz for the very first time in December 2014, were not included in Jane Doe #3's statements to the Government, were not included in Jane Doe #3's statements to the FBI when she was initially interviewed, were not included in Jane Doe #3 action for civil damages under 18 U.S.C. § 2255 in 2009, and were not included in her tape recorded interview with her attorney

Bradley Edwards in April 2011. These false allegations against Alan Dershowitz are completely irrelevant as to whether or not she should be permitted to join this long lasting CVRA litigation.

Next, to the extent that the CVRA petition also contends that the Jane Does' rights to notice of a public court proceeding under 18 U.S.C. § 3771(a)(2) were violated, (see DE 127 at 3), this right could also not be vindicated by the lodging of new accusations against anyone after June 30, 2008. Rather than limit the factual representations made by Jane Doe #3 to her statements to the Government before that date, if any, which alone could conceivably have some relevance to the Government's alleged statutory failure to provide adequate notice, the Movants instead rely on allegations against Alan Dershowitz made for the very first time (to counsel's knowledge) in December of 2014.

Tellingly, Jane Does #3 and #4's Motion for Joinder (DE 279) never even attempts to address this threshold issue of timing. The CVRA calls on the district court to decide "any motion asserting a victim's right forthwith" and further includes an expedited mandamus procedure upon a denial of relief. 18 U.S.C. § 3771(d)(3). Importantly, the CVRA in a sub-section titled "Limitation on Relief" states:

> [A] victim may make a motion to re-open a plea or sentence only if (A) the victim has asserted the right to be heard before or during the proceeding at issue and such right was denied; (B) the victim petitions the court of appeals for a writ of mandamus within 14 days…

18 U.S.C. § 3771(d)(5). Although the matter sub judice is not technically a motion to re-open a federal plea, the statutory context reflects the importance of an early filing so that a judicial resolution can precede the service of a criminal defendant's sentence. Clearly, the CVRA was not intended to allow Jane Doe #3 to now, for the first time, make new

allegations against innocent non-parties who were not even targets or subjects of the federal criminal investigation that ended with the NPA. This is particularly true given the facts that Jane Doe #3 knew of the NPA not later than 2008, sued Mr. Epstein under its provisions in 2009 (benefitting from the NPA's requirement that Mr. Epstein not contest liability to any claimant suing him for damages under 18 U.S.C. § 2255), gave a recorded interview to her lawyer in April 2011 regarding Mr. Epstein, and had knowledge (at least constructive, if not actual) that this Court ruled on September 26, 2011 that CVRA rights apply before a formal charge is brought. (See, DE 99, DE 189 at 5, 8.) Jane Doe #3 makes no attempt to provide a principled basis for why she would delay her request to join the CVRA after providing the attorney for Jane Does 1 and 2 with a taped interview 44 months earlier.

Finally, the attempt to connect the allegations against a non-investigated non-party, Alan Dershowitz, to a CVRA right to confer by contending that he "play[ed] a significant role in negotiating the NPA on Epstein's behalf" and "helped negotiate an agreement with a provision that provided protection for himself…" is simply false. (DE 279 at 4.) The Government can attest that the NPA was negotiated with other counsel for Mr. Epstein – specifically, attorneys Jay Lefkowitz and Martin Weinberg. Additionally, its immunity provision was intended to apply to four alleged co-conspirators, who were named in the original NPA and later redacted at their request. The Government will surely attest to the fact that at the time the NPA was drafted, Alan Dershowitz was never alleged to be a potential co-conspirator. And, even if he had engaged in sex with under-aged victims, ***which he most assuredly has not***, the opposing lawyers would surely argue that he is not subject to the immunity because the alleged rape would make him an

alleged perpetrator, rather than a co-conspirator. To be sure, all of this is irrelevant because Alan Dershowitz was neither. Nor was he a suspect, subject, or target at the time of the NPA.

WHEREFORE Alan M. Dershowitz respectfully requests that the Court enter an order granting his limited motion to intervene (DE 282) for such purposes as may be appropriate including submitting a motion to strike the allegations made against him and requesting the issuance of a show cause order against Plaintiffs' counsel, and awarding such other relief that the Court deems just and proper under these unfortunate circumstances.

Respectfully submitted,

Thomas Scott, Fla. Bar No. 149100
thomas.scott@csklegal.com
COLE, SCOTT & KISSANE, P.A.
Dadeland Centre II
9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 33156
Telephone: (305) 350-5300
Facsimile: (305) 373-2294

-and-

*/s/ Kendall Coffey*
Kendall Coffey, Fla. Bar No. 259681
kcoffey@coffeyburlington.com
Gabriel Groisman, Fla. Bar No. 25644
ggroisman@coffeyburlington.com
Benjamin H. Brodsky, Fla. Bar No. 73748
bbrodsky@coffeyburlington.com
COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, PH 1
Miami, Florida 33133
Telephone: (305) 858-2900
Facsimile: (305) 858-5261

*Counsel for Alan M. Dershowitz*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 12, 2015, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the Service List below via transmission of Notice of Electronic Filing generated by CM/ECF.

/s/ Kendall Coffey

**Service List**

| | |
|---|---|
| Bradley J. Edwards<br>FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.<br>425 North Andrews Avenue, Suite 2<br>Fort Lauderdale, Florida 33301<br>Telephone (954) 524-2820<br>Facsimile (954) 524-2822<br>E-mail: brad@pathtojustice.com<br><br>*and*<br><br>Paul G. Cassell<br>*Pro Hac Vice*<br>S.J. Quinney College of Law at the University of Utah<br>332 S. 1400 E.<br>Salt Lake City, UT 84112<br>Telephone: 801-585-5202<br>Facsimile: 801-585-6833<br>E-Mail: cassellp@law.utah.edu<br><br>*Attorneys for Jane Doe #1, 2, 3, and 4* | Dexter Lee<br>A. Marie Villafaña<br>UNITED STATES ATTORNEY'S OFFICE<br>500 S. Australian Ave., Suite 400<br>West Palm Beach, FL 33401<br>(561) 820-8711<br>Fax: (561) 820-8777<br>E-mail: Dexter.Lee@usdoj.gov<br>E-mail: ann.marie.c.villafana@usdoj.gov<br><br>*Attorneys for the Government* |