# EXHIBIT 3



# Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.

November 19, 2014

VIA CERTIFIED MAIL
7009 1680 0000 4959 2808

Wifredo A. Ferrer
United States Attorney
Southern District of Florida
99 N.E. 4th Street
Miami, FL  33132

RE:   *Jane Does 1 and 2 v. United States*
      Case No. :   08-80736-Civ-Marra/Johnson

Dear Mr. Ferrer:

I sent you a letter in August requesting your office's stipulation to our adding Jane Doe #3 in this case. Unfortunately, we did not receive a response from your office. We are hopeful that your lack of a response was simple oversight.

In addition to following up on the August letter, we are now requesting your Stipulation to the adding of Jane Doe #4 as well. Her true name is                      She was identified by your office during the Federal Investigation, and consequently her name appeared on the list of victims attached to Mr. Epstein's Non-Prosecution Agreement.

As we expressed in our personal meetings a couple years ago, we don't understand the tactical decision to be adversarial to the victims of known sexual abuse on every point in this litigation. Now that many of those issues we discussed have been resolved in our favor, it seems to make even more sense to avoid engaging in unnecessary battles that could only serve the purpose of delaying the victims' rights to have this case resolved on its merits.

As I indicated in my August letter requesting your stipulation to the adding of Jane Doe #3, adding Jane Doe #4 will also not delay matters, so long as we can stipulate to her being added. Without a stipulation, we foresee litigation over this point, which will produce nothing but additional delay – and further question about your Office's commitment to full protection of victims' rights under the Crime Victims Rights Act.

Your office is very familiar with            and her circumstance. She was sexually trafficked and abused by Mr. Epstein (and others at the direction of Mr. Epstein) not only in this jurisdiction but throughout the United States and beyond. Unlike Jane Doe #3, Jane Doe #4 was included as a named victim in the NPA.

There is no statute of limitations in bringing such claims, and I think we would agree that the current case is the best vehicle through which to bring these claims, as opposed to forcing us to file new actions and starting over on issues and claims inextricably intertwined with the current litigation. We don't see a good reason for denying our motion, so we anticipate prevailing at the end. But even if you were to object and prevail on the motion to add her to the current litigation, the only consequence would be that            would then file a separate CVRA lawsuit, something she is entitled to do because the CVRA contains no time limit. We are simply trying avoid all this entirely unnecessary complication.

We have, throughout this case, consciously avoided filing anything that would unnecessarily cast your office in a bad light, and it is again with that in mind that we request your stipulation here. We need this stipulation by December 10, 2014 to avoid delaying any other aspects of this case. We will not file any pleadings on this subject before that date.

Lastly, we feel that we are once again at a stage in this litigation where it may make sense to meet again face-to-face to attempt to resolve, or at least narrow, some issues in an effort to avoid litigating some of the matters that we will be forced to litigate if the parties continue along this unreasonably adversarial path.

Thanks in advance for considering this request.

Very truly yours,

FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.

Bradley J. Edwards
BJE::mwk