UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:08-cv-80736-KAM

JANE DOE #1 and JANE DOE #2,

    Petitioners,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

### VICTIMS' RESPONSE TO ORDER REQUESTING JUSTIFICATION FOR ESPTEIN'S UNOPPOSED MOTION FOR A SUPPLEMENTAL PROTECTIVE ORDER

COME NOW petitioners Jane Doe No. 1 and Jane Doe 2, as well as movants Jane Doe No. 3 and Jane Doe No. 4 ("the victims"[1]), to respond to the Court's Order Requesting Justification for Intervenor Epstein's Unopposed Motion for a Protective Order (DE 286). The victims believe that the motion should be denied. The only reason the victims' did not oppose the motion earlier was their (perhaps mistaken) belief that the Court had already directed that they were not to file the most recently-disclosed plea bargain correspondence in the public court file and that they must agree on protective order language with Epstein's attorneys. But in light of the Court's recent request for justification, the victims wish to reassert their position that the correspondence should be cited in the open court file. The victims also believe that Epstein's

---

[1] As promised in their pending motion to join (DE 280), Jane Doe No. 3 and Jane Doe No. 4 do not seek to expand the number of pleadings filed in this case. If allowed to join this action, they would simply support the pleadings already being filed by Jane Doe No. 1 and Jane Doe No. 2 – including this pleading.

1

recent pleading makes clear that there is no basis for keeping the correspondence in the most recent pleading out of the public court file.

By way of background, the Court will recall that it previously ruled that correspondence between prosecutors and defense attorneys in this case was not confidential. DE 188.[2] Epstein then took an interlocutory appeal to the Eleventh Circuit, which affirmed this Court's ruling. *See Jane Doe No. 1 v. U.S.,* 749 F.3d 999, 1008 (11th Cir. 2014) ("No privilege prevents the disclosure of the plea negotiations."). Following that ruling, the U.S. Attorney's Office provided some new correspondence to victims' counsel, and Epstein moved for a protective order preventing its disclosure. DE 247. The victims opposed that motion and argued that the parties to this case should be able to cite correspondence regarding the non-prosecution agreement in their public court filings. DE 251. The Court then entered a brief order, granting in part and denying in part Epstein's motion for a protective order. The Court's order contained this passage:

> Epstein argues that good cause exists for protecting the correspondence because this is a "high profile" case, and petitioners' counsel has made numerous comments to the press about this case in the past. See Motion, Ex. 2-4 (DE 247-2 – 4). The Court finds that Epstein has shown good cause to prevent potential dissemination of the correspondence between the government and the intervenors to the press for the purposes of generating publicity. Accordingly, the provisions that would limit disclosure of the correspondence in question to the proposed list of people are acceptable. However, the Court finds the proposed requirement to seek leave of Court to seal the filing every time a party files a motion is overly restrictive and that it will inhibit the administration of this case. Any party may file any document subject to the limited protective order in connection with any

---

[2] All of the procedural history surrounding the correspondence is recounted at greater length in DE 251 at 1-7.

2

>motion when such document is relevant to the prosecution or defense of any motion.

DE 255 at 4-5.

In light of this passage, Epstein's counsel contacted victims' counsel and requested entry of a broad protective order that placed all correspondence under seal, even in Court filings. Epstein's counsel persuaded victims' counsel that this was the fair reading of the order and intention of the Court. Perhaps misunderstanding the Court's order (and particularly its admonition directing counsel to agree to the terms of protective order), the victims' counsel did not oppose the terms of the protective order proposed by Epstein's counsel, and counsel for Epstein then submitted the protective order as an unopposed motion (DE 261). It is this unopposed motion that the Court has requested be justified.

The victims respect the Court's previous brief order on the confidentiality of the correspondence, and indeed may have read that order as extending more broadly than the Court intended it to extend. The victims do not wish to question any earlier court ruling. But so that the record remains clear, the victims continue to assert all their arguments that they previously advanced against keeping the correspondence under seal. *See generally* DE 251 at 1-18. As the Court will recall, the victims argued that it was already the "law of the case" that some correspondence could be included in public court filings (*id.* at 7-8), [3] that sealing the

---

[3] The victims cited DE 188, in which the Court had ruled that it "finds no legitimate compelling interest which warrants the continued suppression of this evidentiary material under seal in this proceeding." DE 188 at 9-10. Under this order, some of the correspondence associated with the non-prosecution agreement is part of the public record, while other, more recently-produced correspondence remains at issue.

3

correspondence would prevent the public from learning about matters of considerable public concern (*id.* at 8-11), and that Epstein has failed to establish either a legal basis or factual "good cause" for a protective order (*id.* at 11-16).

Epstein's latest filing attempting to justify a protective order (DE 295) only makes clearer any lack of justification for keeping the correspondence under seal when included as part of an otherwise public court filing. Epstein's pleading begins by reciting various Eleventh Circuit cases which he suggests should "guide" the Court's inquiry in this area. DE 295 at 4. But not included among these relevant cases is *Jane Doe No. 1 v. U.S.,* 749 F.3d 999 (11th Cir. 2014), which ruled that the very correspondence at issue in this case is not privileged.

Epstein then goes on to attempt to establish "good cause" for keeping the correspondence under seal, even in publicly-filed court pleadings. Epstein contends that the plea correspondence is "confidential" even if it is not privileged. But Epstein does not discuss this Court's earlier order – DE 188 – which specifically found the correspondence was not confidential and directed the victims "to file unreduced pleading, including attached correspondence, *in the open court file.*" DE 188 at 10.

Epstein also never grapples with the fact that the correspondence between his defense attorneys and the prosecutors is central to this lawsuit. As victims had discussed at length earlier, "what the defense attorneys and prosecutors discussed and agreed to lies at the heart of this case." DE 251 at 12. If Epstein's protective order is entered, much of the litigation will essentially have to be carried on in secret, as the victims will file correspondence under seal, and then the Government or putative intervenors (i.e., Epstein, Dershowitz, or others) will file responding correspondence under seal.

Epstein argues that there is a "real" danger that correspondence will simply be "dumped as purported exhibits to motions even when not relevant" to issues at hand. Yet in spite of six-and-a-half years of litigation to choose from, Epstein can find only a single example to prove his point: a pleading that does not involve him. In a recently-filed pleading, the victims quoted from correspondence written by one of Epstein's attorneys (Alan Dershowitz) in connection to responding to a motion for intervention by Dershowitz. *See* DE 291 at 38. The victims also attached the entire letter in which Dershowitz wrote those words to avoid any suggestion that his words were wrenched out of context. Epstein now contends that the letter was attached "to satisfy a craving for what is sensational or scandalous." DE 295 at 14. But as the Court can quickly verify by reviewing the letter, it does not contain "scandalous" material. Instead, the letter makes only a very few factual representations about Epstein's sexual abuse – one of which is quoted by the victims – and then makes extensive legal arguments about whether federal prosecution is warranted.[4] Without quoting from the letter in this public court filing, the Court can easily verify that the first part of the letter discusses congressional purpose of various federal statutes, the second part provides an overview of various statutes, the third part reviews statutory text, the fourth part makes an argument about the breath of a particular statute, the fifth part makes arguments about other reasons why the statute is inapplicable to the case, and the sixth part offers a conclusion about how the statutes apply in this case. The letter then finishes with a

---

[4] Epstein contends that there are "exhibits" attached to the twenty-three page letter, but this is incorrect. The only thing that the victims attached was the letter itself.

plea for prosecutorial leniency. The letter is thus hardly salacious, but does provide valuable insight into the issues which the victims were addressing in their pleading.[5]

Epstein concludes by asserting that "Epstein and a host of other individuals have been the subject of the most outlandish and offensive attacks, allegations, and plain inventions." DE 295 at 16. But Epstein does not indicate which, if any, of the alleged "attacks" in the current pleadings are untrue or are otherwise "inventions." To the extent that Epstein is criticizing the victims' pleadings, the victims stand prepared to prove their assertions as the case progresses. Indeed, as the Court is well aware, the victims have sought thousands of pages of documents (currently before the Court for *in camera* review) which will help in that effort.

The victims have now obtained the full text of correspondence between the defense attorneys and the prosecutors. As the Court knows, the victims have previously alleged that (for example) the defense attorneys pushed prosecutors to agree to a confidentiality provision that illegally kept the non-prosecution agreement secret from the victims – and the public. Allowing that issue to be litigated in public pleadings does not "ratify private spite or promote public scandal" (DE 295 at 16) but rather promotes public confidence that these important issue are being handled appropriately by the Court. *See In re Hearst Newspapers, L.L.C.*, 641 F.3d 168, 177 (5th Cir. 2011) (conducting criminal proceedings without the public present "breed[s] suspicion of prejudice and arbitrariness, which in turn spawns disrespect for the law").

## CONCLUSION

---

[5] The victims would have no objection to only a few pages of the letter being entered into the public court file if the Court believes that other, surrounding pages are not required for context.

For all these reasons, the victims request that the Court deny Epstein's motion for a supplemental protective order (DE 261) and instead enter an appropriate order allowing all of the parties to quote from the correspondence in their public pleadings in this case and to attach unsealed exhibits relating to filed pleadings.

DATED: January 26, 2015

Respectfully Submitted,

/s/ Bradley J. Edwards
Bradley J. Edwards
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Telephone (954) 524-2820
Facsimile (954) 524-2822
E-mail: brad@pathtojustice.com

*and*

Paul G. Cassell
*Pro Hac Vice*
S.J. Quinney College of Law at the
   University of Utah[*]
332 S. 1400 E.
Salt Lake City, UT 84112
Telephone: 801-585-5202
Facsimile: 801-585-6833
E-Mail: cassellp@law.utah.edu

*Attorneys for Jane Does Nos. 1, 2, 3, and 4*

---

[*] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served on January 26, 2015, on the following using the Court's CM/ECF system:

Dexter Lee
A. Marie Villafaña
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
(561) 820-8711
Fax: (561) 820-8777
E-mail: Dexter.Lee@usdoj.gov
E-mail: ann.marie.c.villafana@usdoj.gov

*Attorneys for the Government*

Roy Black, Esq.
Jackie Perczek, Esq.
BLACK, SREBNICK, KORNSPAN
& STUMPF, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
Telephone (305) 371-6421
Fax (305)358-2006
jperczek@royblack.com

Martin G. Weinberg, Esq.
MARTIN G. WEINBERG, P.C.
20 Park Plaza
Suite 1000
Boston, MA 02116
Telephone: (617) 227-3700
Fax: (617) 338-9538
owlmgw@att.net

*Attorneys for Jeffrey Epstein*

/s/ Bradley J. Edwards