UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80736-CIV-MARRA/JOHNSON

JANE DOE 1 and JANE DOE 2,          :
                                     :
    Plaintiffs,                     :
v.                                   :
                                     :
UNITED STATES OF AMERICA,           :
                                     :
    Defendant.                      :
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . :

**EPSTEIN'S REPLY IN SUPPORT OF SUPPLEMENTAL PROTECTIVE ORDER**

There is no doubt that the Eleventh Circuit has held that Epstein's plea negotiation and settlement communications are not *privileged*. We acknowledged this throughout our initial filing. However, there also can be no doubt that despite these negotiations not being privileged, they are still *confidential* by longstanding tradition. And confidential material can be filed under seal, even if it is relevant, as the plaintiffs say, to an issue in the case. The question is not whether the material is relevant, but whether good cause exists to temporarily seal this confidential information pending a determination by the court as to whether all or part or none of the communications should be made public.

The best example of good cause for keeping these materials sealed is the claim by the plaintiffs that the settlement communications need to be publicly filed because they show that Mr. Epstein's lawyers "pushed prosecutors to agree to a confidentiality provision that illegally kept the non-prosecution agreement secret from the victims." [DE 298 at 6]. Yet the 23-page defense letter that the plaintiffs propose to file publicly with their opposition to Professor Dershowitz's intervention makes *no mention* of any confidentiality agreement or any agreement

1

to keep the Non-Prosecution Agreement secret. Indeed, the letter makes no mention *at all* of notification to the plaintiffs. Mr. Epstein has a principled basis to distrust the decision-making as to what documents the plaintiffs will append to a pleading and therefore contends that a temporary sealing order is appropriate under the circumstances of this case.[1]

There is good cause to issue the protective order we have requested until the Court can make a considered determination of whether these traditionally confidential plea negotiations should be made part of this public record. The relief we seek is temporary, to maintain the *status quo* until the Court has determined that the balance weighs in favor of unsealing a letter relating to an issue being disputed in good faith. *FTC v. Abbvie Prod. LLC*, 713 F.3d 54, 63 (11th Cir. 2013) ("The test for whether a judicial record can be withheld from the public is *a balancing test* . . .").

The CVRA expressly provides that "Nothing in this chapter shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction." 18 U.S.C. § 3771(d)(6). The Act codifies the long-standing principle that "[t]he Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal laws," *United States v. Armstrong*, 517 U.S. 456, 464 (1996), and that whether to investigate possible criminal conduct, grant immunity, negotiate a plea, or dismiss charges are all central to the prosecutor's executive function. *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000).

Notwithstanding the insinuations by Plaintiffs' counsel, the Non-Prosecution Agreement – which is in the public record – was negotiated at arm's length with the largest U.S. Attorney's

---

[1] Plaintiffs did not dispute that Mr. Edwards in fact placed many emails and letters of the Government side of the correspondence in the state court file as an attachment to an attachment to a motion, see DE 295 at 2.

2

Office in the country. The NPA was approved by the U.S. Attorney for the Southern District of Florida. When Mr. Epstein's attorneys appealed from some of its provisions and sought its modification, his appeals were rejected and the NPA was endorsed at various levels within the Department of Justice in Washington. There is no reality to the notion that Epstein somehow coerced the United States government into a non-prosecution agreement by improper means.

There are a number of legal issues that the Court will be called upon to resolve that directly affect whether Epstein's plea negotiations are "relevant" or "central" to the Court's resolution of the CVRA complaint. Although the Court has issued rulings regarding its view of the scope of CVRA rights, [See, e.g. DE 189], none have predetermined whether the plea negotiations leading up to the NPA are ultimately deemed to be relevant or irrelevant to any disputed issue, whether either plaintiff possesses standing to seek rescission of the NPA, or whether the Court would agree that as a matter of law, judicial review of the plea negotiations or the NPA itself would impermissibly affect not only Epstein's constitutional and contractual rights but also the separation of powers between the executive and judicial branches (as argued by the Government, see DE 290 at 11). The plea negotiations should remain sealed until these issues are resolved.

    Respectfully submitted,

**BLACK, SREBNICK, KORNSPAN & STUMPF, P.A.**
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
Telephone (305) 371-6421
Fax (305)358-2006

By:     s/Roy Black
    **ROY BLACK, ESQ.**

3

Florida Bar No. 126088
rblack@royblack.com
**JACKIE PERCZEK, ESQ.**
Florida Bar No. 0042201
jperczek@royblack.com
*On behalf of Jeffrey Epstein*


**MARTIN G. WEINBERG, P.C.**
20 Park Plaza
Suite 1000
Boston, MA 02116
Telephone: (617) 227-3700
Fax: (617) 338-9538

By:   s/Martin G. Weinberg
**MARTIN G. WEINBERG, ESQ.**
Massachusetts Bar No. 519480
owlmgw@att.net
*On behalf of Jeffrey Epstein*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was filed by my office via CM/ECF, this 28th day of January, 2015.

By:   s/Roy Black
**ROY BLACK, ESQ.**

4