# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80736-CIV-MARRA/JOHNSON

JANE DOE #1 AND JANE DOE #2,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

### SUPPLEMENT TO REPLY IN SUPPORT OF MOTION
### FOR LIMITED INTERVENTION BY ALAN M. DERSHOWITZ

Alan M. Dershowitz hereby files this supplement to his Reply in Support of his Motion for Limited Intervention, (D.E. # 306), filed on February 2, 2015, in light of Petitioners' subsequent filings. Indeed, Petitioners' Reply in Support of Motion Pursuant to Rule 21 for Joinder in Action ("Reply") (D.E. # 310), as well as their unwarranted and duplicative Protective Motion Pursuant to Rule 15 to Amend Their Petition to Conform to Existing Evidence and to Add Jane Doe No. 3 and Jane Doe No. 4 as Petitioners (D.E. # 311), both filed on February 6, 2015, continue the smear campaign against Professor Dershowitz, and, in so doing, the submissions demonstrate exactly why his limited intervention is necessary and proper.

Both Petitioners' Protective Motion and their Reply cite to or otherwise rely on the February 5, 2015 declaration of Jane Doe No. 3, which was filed as an exhibit to the Reply. (*See* D.E. # 310-1). This declaration amounts to a detailed chronology of Jane Doe No. 3's purported story and, once again, contains untrue and defamatory allegations against Professor Dershowitz. Yet, at bottom, this newly-minted chronology proves only one thing: that Jane Doe No. 3 is lying with respect to her claims against Professor Dershowitz.

In her February 5, 2015 declaration, Jane Doe No. 3 swears that "[i]n around 2011," she first told Bradley Edwards that she "had been sexually abused by Prince Andrew, Ghislaine Maxwell, Jean Luc Brunel, Alan Dershowitz, and other powerful people." (Feb. 5, 2015 Decl. of Jane Doe No. 3, ¶ 49.)  The disclosure of this alleged abuse had to have occurred before April 2011, when Jane Doe No. 3 claims to have had a "follow up" recorded interview with Edwards in which she allegedly repeated the general information she had purportedly disclosed to Edwards earlier.  (*See id.*, ¶ 50.)  Significantly, in this follow up interview, she did not allege that Professor Dershowitz had sexually abused her.  (*Id.*)

If Jane Doe No. 3 is supposedly now claiming that she told Edwards, ***before April 2011***, that Professor Dershowitz had abused her, several significant conclusions flow from this chronology.  First, she and Edwards sat on this highly charged accusation for three years and eight months before first using it in their pleading filed on December 30, 2014.  This constitutes laches that prejudiced Professor Dershowitz in two significant ways:

1) Had Professor Dershowitz known almost four years earlier that these outrageously false allegations were being made, he would have been in a far better position to secure travel and other records needed to disprove these charges.  Every year that goes by makes it more difficult to secure such records, which are periodically purged from electronic and other files.

2) Memories of witnesses fade with time.  Disproving allegations of supposed misconduct allegedly transpiring 13-15 years ago is manifestly made more difficult by the delays.  Predictably, Jane Doe No. 3 has refused to provide specific dates and times when and where the alleged acts occurred.  Her "memory" has been "selective" at best, providing "details" when it serves her interests, but omitting the kinds of details that could be

2

disproved by travel and other records. The closer in time Professor Dershowitz was informed of these false allegations, the more likely it would be that he could have pressed Jane Doe No. 3 for such details. Now she will be able to say "it was 15 years ago. How can you expect me to remember?"

Second, Jane Doe No. 3's new chronology about the timing of her alleged disclosure to her counsel would indicate that Edwards and Jack Scarola deliberately misled Professor Dershowitz when they sought his deposition later in 2011. In their correspondence with Professor Dershowitz regarding the deposition request, Edwards and Scarola completely avoided accusing him of having abused Jane Doe No. 3. They explicitly sought his deposition as an alleged *witness*, not as an alleged *perpetrator*. Professor Dershowitz replied that he was not a witness to any wrongdoing and the matter was dropped. Had Professor Dershowitz been informed *then* that Jane Doe No. 3 was falsely accusing him of the outrageous crimes of which she has *now* accused him, he would have surely sought an opportunity to respond, as he has now. Instead, at least according to Jane Doe No. 3's latest version of the timing, Edwards and Scarola deliberately misled Professor Dershowitz about his alleged status in the matter.

Another possibility, however, is that Jane Doe No. 3 is lying *now* about when she told Edwards and Scarola about Professor Dershowitz's alleged abuse. This is likely since she did not accuse Professor Dershowitz of being a perpetrator in her subsequent recorded interview with Edwards. Moreover, Jane Doe No. 3 has never been "afraid" of Professor Dershowitz, as she claims she is of others, because he holds no government position and has no power over her. The reason she did not name him to the Government, or anyone else during the relevant time period, is that he did nothing improper and she knew that. The reason she has named him

3

now is apparently to generate headlines for a possible book contract and to artificially enhance her chances of being allowed to join the current federal lawsuit.

Yet another possibility is that Jane Doe No. 3 in fact told Edwards and Scarola before April 2011, but they didn't believe her and declined to act until now on what was obviously a false accusation. The explanation Jane Doe No. 3 and her attorneys are offering now, however—that she told them back in early 2011, they believed her, and yet they acted (and failed to act) *as if* she hadn't told them—should result in striking those scurrilous allegations in light of the 3 year, 8 month inexcusable delay in taking any action.

It is also important to note what the Government, in its response to the Protective Motion, did not mention. It is indisputable that Jane Doe No. 3 never accused Professor Dershowitz of any wrongdoing during the time the Non-Prosecution Agreement was being negotiated and for several years thereafter. Indeed, it is self-evident that, during the time the Non-Prosecution Agreement was being negotiated, Professor Dershowitz's name never came up as a possible suspect in any wrongdoing. As is well known to all who deal with federal prosecutors, had his name come up as a possible suspect, Professor Dershowitz would have been immediately recused from the negotiations, and he would have been investigated. Clearly, he was never recused because he was completely innocent of wrongdoing and, until now, was never even accused.[1] Thus, the outrageous allegations raised against Professor Dershowitz are completely irrelevant to Jane Doe Nos. 3 and 4 seeking to challenge the 2007 Non-Prosecution Agreement.

---

[1] The affidavit of FBI Agent Timothy R. Slater, (*see* D.E. # 304-1), further confirms that there was no possibility that Jane Doe No. 3 mentioned Professor Dershowitz's name during the investigation of Jeffrey Epstein. As set forth in his affidavit, when Agent Slater attempted to contact Jane Doe No. 3 about the investigation, Jane Doe No. 3 asked that Agent Slater not bother her with this again. Despite providing her with his name and the number of the FBI Miami Field Office, Agent Slater did not hear from Jane Doe No. 3 again.

As stated in his earlier briefing, Professor Dershowitz has no interest in joining this case other than to strike the scurrilous and irrelevant allegations against him, which, as demonstrated herein, continue unabated in Petitioners' most recent filings. Professor Dershowitz should be afforded an opportunity to defend himself against these harmful, defamatory, and false allegations. Thus, if Jane Doe No. 3 and Jane Doe No. 4 are allowed to join or otherwise participate in this lawsuit, Professor Dershowitz's motion for limited intervention should be granted for such purposes as may be appropriate, including submitting a motion to strike or other relief. If the Court rejects the pending motion for joinder or the Protective Motion through which Petitioners also seek to add Jane Doe No. 3 and Jane Doe No. 4, then the Court should strike the scurrilous allegations against Professor Dershowitz, or, alternatively, determine the possible mootness of his motion for limited intervention. Of course, if the Court strikes the allegations against him *sua sponte*, Professor Dershowitz will withdraw his motion for limited intervention.

Respectfully submitted,

*/s/   Kendall Coffey*
Kendall Coffey, Fla. Bar No. 259681
kcoffey@coffeyburlington.com
Gabriel Groisman, Fla. Bar No. 25644
ggroisman@coffeyburlington.com
Benjamin H. Brodsky, Fla. Bar No. 73748
bbrodsky@coffeyburlington.com
COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, PH1
Miami, Florida  33133
Telephone:  (305) 858-2900
Facsimile:   (305) 858-5261

- and –

Thomas Scott, Fla. Bar No. 149100
thomas.scott@csklegal.com
COLE, SCOTT & KISSANE, P.A.
Dadeland Centre II
9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 33156
Telephone:     (305) 350-5300
Facsimile:     (305) 373-2294

*Counsel for Prof. Alan M. Dershowitz*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on this 12th day of March, 2015, on all counsel or parties of record on the Service List below.

                                               /s/ Kendall Coffey

## SERVICE LIST

Bradley J. Edwards
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Telephone (954) 524-2820
Facsimile (954) 524-2822
E-mail: brad@pathtojustice.com

*and*

Paul G. Cassell
*Pro Hac Vice*
S.J. Quinney College of Law at the
University of Utah
332 S. 1400 E.
Salt Lake City, UT 84112
Telephone: 801-585-5202
Facsimile: 801-585-6833
E-Mail: cassellp@law.utah.edu

*Attorneys for Jane Doe #1, 2, 3, and 4*

Dexter Lee
A. Marie Villafaña
UNITED STATES ATTORNEY'S OFFICE
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
(561) 820-8711
Fax: (561) 820-8777
E-mail: Dexter.Lee@usdoj.gov
E-mail: ann.marie.c.villafana@usdoj.gov

*Attorneys for the Government*