# EXHIBIT 1

**To**
**JANE DOE NO. 1 AND JANE DOE NO. 2'S RESPONSE IN OPPOSITION TO**
**MOTION FOR LEAVE TO FILE SUPPLEMENT TO REPLY IN SUPPORT OF**
**MOTION FOR LIMITED INTERVENTION BY ALAN M. DERSHOWITZ**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 9:08-80736-Civ-Marra/Johnson

**JANE DOE #1 and JANE DOE #2**

    **v.**

**UNITED STATES**
_____/

### JANE DOE NO. 1 AND JANE DOE NO. 2'S RESPONSE TO SUPPLEMENT IN SUPPORT OF MOTION FOR LMITED INTERVENTION BY ALAN M. DERSHOWITZ

COME NOW Jane Doe No. 1 and Jane Doe No. 2 (the "current victims"), by and through undersigned counsel, to file this response to the Supplement to Reply in Support of Motion for Limited Intervention by Alan Dershowitz (DE 317-1).  Dershowitz claims that an affidavit submitted by Jane Doe No. 3 in support of an unrelated pleading proves that she is "lying with respect to her claims against [him]."  DE 317-1 at 1.  The affidavit proves nothing of the sort.  Indeed, if recent pleadings show anything, it is that Dershowitz continues to hide the truth about his activities.

Before turning to the specifics of what Dershowitz argues in his supplement, it is even more important to consider what he *fails* to argue.  In neither his original reply (DE 306) nor his recent supplement (DE 317-1) has Dershowitz provided specific evidence to contest Jane Doe No. 3's allegations that he sexually molested her.  This omission is revealing, because Dershowitz has repeatedly claimed in the media that he has irrefutable proof that her allegations are false.  For example, on January 7, 2015, on the Fox Business (Lou Dobbs) program, Dershowitz stated: "I did the investigation in a day and was able to prove through *all kinds of*

1

*records* that I couldn't have been in these places.   The woman is a serial liar.  If [Cassell and Edwards] had done that investigation, they would have come to the same conclusion."[1] Similarly, on January 8, 2015, on the Greta van Susteren show on FOX, Dershowitz claimed: "Now I can prove through *documentary evidence* that I was never at the times and places she [Jane Doe No. 3] alleges she had sex with me."[2]  Yet despite having publicly claimed to have "all kinds of records" and "documentary evidence" that "prove" Jane Doe No. 3 is lying, Dershowitz has yet to produce a single document to this Court.   Dershowitz's intransigence is not limited to this case, as he has also refused to comply with discovery requests in a parallel defamation action in state court.   His refusal has led to a pending motion to compel.  *See* Plaintiff's Motion to Compel Production of Documents, *Edwards v. Dershowitz*, No. CACE 15-000072 (Feb. 23, 2015) (attached as Exhibit 1) ("despite having had 45 days to gather materials that allegedly provide 'absolute proof' than he has never even met Jane Doe No. 3 – and despite having told numerous media sources that he had already collected such information – Dershowitz has provided none of these documents . . . .").[3]  The Court should draw the obvious inference that Dershowitz, despite making broad claims to the media, has no such evidence to produce – because Jane Doe No. 3's allegations are true.

---

[1]  http://video.foxbusiness.com/v/3976630676001/alan-dershowitz-the-woman-is-a-serial-liar/? - sp=show-clips.

[2]  http://radio.foxnews.com/2015/01/08/greta-alan-dershowitz-this-time-its-personal/.

[3]  Jane Doe No. 3 explained in her earlier response that the Court should not allow Dershowitz to intervene here because he can protect his (alleged) reputational interests in the pending defamation action.  DE 291 at 11-12).  The Court may be interested to learn that Dershowitz has recently filed a counterclaim against Edwards and Cassell for defaming him in that action – suggesting he can litigate his reputational interests there, and thus has no need to do so here.

In his most recent supplemental filing with this court (DE 317-1), Dershowitz twists the facts and jumps to conclusions in service of his crusade against Jane Doe No. 3. For example, Dershowitz notes that Jane Doe No. 3 told attorney Edwards before April 2011 that Dershowitz had abused her, but then says "she and Edwards sat on this highly charged accusation for three years and eight months before first using it in their [sic] pleading filed on December 30, 2014. This constitutes laches that prejudiced . . . Dershowitz . . . ." DE 317-1 at 2. Dershowitz ignores the key fact that in April 2011, attorney Edwards did not represent Jane Doe No. 3. Accordingly, he could not "sit" on her claims against Dershowitz because he was not empowered, at that time, to pursue them.[4]

With regard to the claim of laches, Dershowitz argues that he has been prejudiced because if the allegations had been filed earlier, "he would have been in a far better position to secure travel and other records needed to disprove these charges." DE 317-1 at 2. But, as noted above, Dershowitz has already told worldwide news media that he has already collected all of the records and can provide irrefutable, documentary proof that Jane Doe No. 3 is lying. For example, Dershowitz has told the *Boston Globe* that "he will use his travel and credit card records, which he said he has fastidiously saved, to refute the allegations against him."[5]

---

[4] Nor did Jane Doe No. 3 sit on any claims against Dershowitz, notably claims relating to the CVRA case. In 2011, Jane Doe No. 3 lacked legal counsel regarding the CVRA claim. It was not until her recent return from Australia to the United States that she understood the claims involved in the CVRA action and obtained legal counsel to pursue them. *See* DE 310-1 at 8, ¶ 57.

[5] "Dershowitz 'thrilled' to be sued for defamation," *Boston Globe* (Jan. 7, 2015), available at, http://www.bostonglobe.com/metro/2015/01/06/sued-for-defamation-dershowitz-thrilled-chance-question-lawyers-sex-crime-accuser/21QibSrwNC343eKMadWNeL/story.html.

Dershowitz can't have it both ways – simultaneously claiming he has the records and that he is harmed in collecting them – and the Court should not credit his conflicting positions.

## CONCLUSION

The Court should deny Dershowitz's motion to intervene.

DATED: March 24, 2015

Respectfully Submitted,

/s/ Bradley J. Edwards
Bradley J. Edwards
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Telephone (954) 524-2820
Facsimile (954) 524-2822
E-mail: brad@pathtojustice.com

*And*

Paul G. Cassell
*Pro Hac Vice*
S.J. Quinney College of Law at the
  University of Utah[*]
332 S. 1400 E.
Salt Lake City, UT 84112
Telephone: 801-585-5202
Facsimile: 801-585-6833
E-Mail: cassellp@law.utah.edu

*Attorneys for Jane Does No. 1, 2, 3 and 4*

---

[*] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah

4

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served on March 24, 2015, on the following using

the Court's CM/ECF system:

Dexter Lee
A. Marie Villafaña
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
(561) 820-8711
Fax: (561) 820-8777
E-mail: Dexter.Lee@usdoj.gov
E-mail: ann.marie.c.villafana@usdoj.gov

*Attorneys for the Government*

Thomas Scott, Fla. Bar No. 149100
COLE, SCOTT & KISSANE, P.A.
Dadeland Centre II
9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 33156
(305) 350-5300
Fax: (305) 373-2294
E-mail: thomas.scott@csklegal.com

*Attorneys for Alan Dershowitz*

/s/ Bradley J. Edwards

# EXHIBIT 1

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:  CACE 15-000072

BRADLEY J. EDWARDS and PAUL G.
CASSELL,

               Plaintiff(s),

vs.

ALAN M. DERSHOWITZ,

               Defendant(s).

_____/

## PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiffs, Bradley J. Edwards and Paul G. Cassell, by through their undersigned attorneys, move to compel production of documents relevant to this action that defendant Alan M. Dershowitz has refused to produce.

Dershowitz has told numerous media sources that he has collected documents that provide "absolute proof" that he has not sexually abused a minor woman known as "Jane Doe No. 3." And yet despite having received a valid discovery request for these and other related documents more than 45 days ago, Dershowitz has refused to produce these documents to Edwards and Cassell. Indeed, he has refused to produce *any* documents to them. Accordingly, the Court should direct Dershowitz to produce these materials forthwith, as well as order him to pay reasonable costs and attorneys' fees necessitated by his refusal to make any appropriate document production.

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Plaintiffs' Motion to Compel Production of Documents

## FACTUAL BACKGROUND

On December 30, 2014, Jane Doe No. 3 filed a motion (and later a corrected motion) seeking to join a case in the U.S. District Court for the Southern District of Florida, *Jane Doe Nos. 1 and 2 v. United States*, No. 9:08-cv-80736. She was represented by two attorneys who specialize in (among other things) representing crime victims, Bradley J. Edwards and Paul G. Cassell. The case involved an attempt to rescind a non-prosecution agreement (NPA) barring the prosecution of Jeffrey Epstein and his criminal associates on grounds that the victims' rights under the Crime Victims Rights Act (CVRA) had been violated.

In her corrected motion, Docket Entry (DE) 280, Jane Doe No. 3 briefly proffered the circumstances that would qualify her as a "victim" eligible to assert rights under the CVRA. *See* 18 U.S.C. 3771(e) (defining a CVRA "victim"). Jane Doe No. 3 briefly explained that when she was a minor, Jeffrey Epstein had trafficked her to Prince Andrew and Alan Dershowitz (among others) for sexual purposes. The motion also provided specific reasons why Jane Doe No. 3's participation was relevant to the case, including the pending discovery issues regarding Prince Andrew and Dershowitz. *See* DE 280 at 9-10 (explaining several reasons participation of new victims was relevant to existing issues).

After the motion was filed, Dershowitz made numerous media statements about the filing – and defamatory statements about Edwards and Cassell. For example, on CNN on January 5, 2015, Dershowitz stated that Edwards and Cassell are "prepared to lie, cheat, and steal. These are unethical lawyers."

2

**Edwards, Bradley vs. Dershowitz**
**Case No.: CACE 15-000072**
Plaintiffs' Motion to Compel Production of Documents

http://www.cnn.com/videos/world/2015/01/05/wrn-uk-sex-abuse-allegations-alan-dershowitz-intv.cnn

In the course of defaming Edwards and Cassell, Dershowitz also made numerous representations that he had collected documents proving that he had never even met Jane Doe No. 3, much less sexually abused her. For example, on the same CNN program on January 5, Dershowitz stated: "No, never met her [Jane Doe No. 3], I didn't know what she looked like until I saw her photograph. . . . I have a superb memory. I have a memory of not having met her. *I did not meet her.* And believe me, I remember everybody I've ever had sex with. . . . *I can prove it by flight records. I can prove it by my travel records.*" *Id.* (emphasis added). Dershowitz went on to say that disproving Jane Doe No. 3's allegations was a simple task requiring about one hour of work: "If they [Edwards and Cassell] had just done an hours' worth of work, they would have seen she is lying through her teeth." *Id.*

That same day, on NBC's *Today Show*, Dershowitz repeated his claim that it was a simple matter to collect documents disproving allegations made by Jane Doe No. 3:

> Her lawyers Paul Cassell, a former Federal judge and Brad Edwards, deliberately and willfully filed this pleading which they knew I had no opportunity to respond to in court, without doing any investigation, *if they had simply investigated the manifests of the airplanes, if they had checked my travel records*, if they had asked me and I could have given the names of these people who are witnesses, *they would know the stories, totally, completely false.*

https://www.youtube.com/watch?v=ZXePKTws0f0

3

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Plaintiffs' Motion to Compel Production of Documents

Two days later, Dershowitz told Lou Dobbs on Fox Business, that he had already completed his investigation and had "all kinds of records" proving that Jane Doe No. 3 was a liar:

> They [Edwards and Cassell] did it for crass financial and political reasons. More to the point is [what] they didn't do... *I did the investigation in a day and was able to prove through all kinds of records that I couldn't have been in these places.* The woman is a serial liar. If they had done that investigation, they would have come to the same conclusion.

http://video.foxbusiness.com/v/3976630676001/alan-dershowitz-the-woman-is-a-serial-liar/?   - sp=show-clips.

In response to the CVRA motion that Edwards and Cassell had made for Jane Doe No. 3, on January 5, 2015, Dershowitz filed a motion to intervene in the case to respond, along with an affidavit claiming that he had not sexually abused Jane Doe No. 3. In that affidavit, Dershowitz stated that "[i]f [Edwards and Cassell] had done any reasonable investigation of their client's false allegations, they would have found *absolute proof* that I did not [sexually abuse her] . . . even the most minimal of investigation would have proven conclusively that I could not have had sex with their client on Mr Epstein's island, in New Mexico or on the airplanes; and that I did not have sex with her in his New York or Palm Beach homes." DE 282-1 at ¶ 8.

On January 6, 2015, plaintiffs Edwards and Cassell filed their complaint in this action, alleging a massive public assault on their character by defendant Dershowitz. On January 9, 2015, Edwards and Cassell filed their Initial Request for Production to Defendant Alan M. Dershowitz. They requested production of documents along the lines that Dershowitz suggested he had already collected. For example, Request for Production (RFP) No. 9 sought "[copies of

4

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Plaintiffs' Motion to Compel Production of Documents

any and all 'absolute proof' as described in paragraph 8 of the sworn declaration of Alan M.

Dershowitz."

On February 11, 2015, counsel for Edwards and Cassell sent an email to counsel for

Dershowitz, noting that discovery production was past due and inquiring as to whether a motion

to compel would be necessary.  That same day, a paralegal for Cole, Scott & Kissane confirmed

that appropriate production would be made by the end of the week.  Shortly after, an attorney for

Dershowitz disavowed that commitment, and indicated that Dershowitz would make his

productions by February 23, 2015.

On February 23, 2015 – 45 days after the discovery requests had been served –

Dershowitz responded.  With regard to the request for production of documents, Dershowitz

produced no documents whatsoever.  Instead, he made a vague commitment to produce

unspecified documents at some unspecified time in the future.  Illustrative of Dershowitz's

failure to make any substantive production is the following request for production and

Dershowitz's answer:

> 9. Copies of any and all "absolute proof" as described in paragraph 8 of
> the sworn Declaration of Alan M. Dershowitz.
>
> RESPONSE:  Defendant objects to this Document Request to the extent
> that Plaintiffs seek to alter or shift any burdens of proof as a matter of law in this
> action. Subject to and without waiving the foregoing specific objections and
> General Objections, *Defendant responds that he will produce all responsive, non-
> privileged documents currently in his possession, custody or control.*

Dershowitz made the same evasive response – "Defendant responds that he will produce"

unspecified "non-privileged documents" – to multiple discovery requests.  *See* Dershowitz

**Edwards, Bradley vs. Dershowitz**
**Case No.: CACE 15-000072**
Plaintiffs' Motion to Compel Production of Documents

Response to Requests for Production 1, 2, 3, 4, 5, 6, 9, 10, 13, 14, 15, 16, 19, 20, 21, 22, and 23. To permit the Court to review the extent of Dershowitz's evasions, a copy of his responses is attached to this pleading as Exhibit A.

In short, despite having had 45 days to gather materials that allegedly provide "absolute proof" that he has never even met Jane Doe No. 3 – and despite having told numerous media sources that he had already collected such information – Dershowitz has produced none of these documents to Edwards and Cassell.  He has also made blanket assertions of a variety of privileges, but has produced no privilege logs.

## CONCLUSION

Accordingly, Edwards and Cassell request:

1.   That Dershowitz be directed to produce all materials covered by the discovery requests forthwith;

2. That Dershowitz be held to have waived any and all otherwise applicable privileges as a consequence of his failure to timely file a privilege log; and

3.   That Dershowitz be ordered to pay reasonable costs and attorneys' fees associated with the need to file this motion to compel.

## CERTIFICATE OF GOOD FAITH EFFORT TO RESOLVE

Plaintiffs have attempted in good faith to resolve the discovery issues presented in this motion (and others) as evidenced by the letter attached as Exhibit B.  The Defendant has failed to respond as of the time of the filing of this motion.

6

**Edwards, Bradley vs. Dershowitz**
**Case No.: CACE 15-000072**
Plaintiffs' Motion to Compel Production of Documents

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via E-Serve to all Counsel on the attached list, this _2ND_ day of _March_, 2015.

Jack Scarola
Florida Bar No.: 169440
Attorney E-Mail(s):  jsx@searcylaw.com and mep@searcylaw.com
Primary E-Mail:  _scarolateam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:     (561) 383-9451
Attorneys for Plaintiffs

**Edwards, Bradley vs. Dershowitz**
**Case No.: CACE 15-000072**
Plaintiffs' Motion to Compel Production of Documents

## COUNSEL LIST

Thomas Emerson Scott, Jr., Esquire
Thomas.scott@csklegal.com;
Steven.safra@csklegal.com
Cole Scott & Kissane P.A.
9150 S Dadeland Boulevard, Suite 1400
Miami, FL  33156
Phone: (305)-350-5329
Fax: (305)-373-2294
Attorneys for Defendant

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE 15-000072

EDWARDS, *et al.*,

      Plaintiffs / Counterclaim Defendants,

          v.

DERSHOWITZ,

      Defendant / Counterclaim Plaintiff.

_____/

## DEFENDANT / COUNTERCLAIM PLAINTIFF ALAN M. DERSHOWITZ'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' INITIAL REQUESTS FOR PRODUCTION

Defendant/Counterclaim Plaintiff Alan M. Dershowitz ("Defendant") submits the following objections and responses to the Plaintiffs' Initial Request for Production ("Document Requests") propounded by Plaintiffs/Counterclaim Defendants Bradley J. Edwards and Paul G. Cassell ("Plaintiffs").

## PRELIMINARY STATEMENT

These responses and objections reflect the current state of Defendant's knowledge regarding the matters discussed herein. Defendant has not completed his discovery or trial preparation in this matter. Accordingly, Defendant reserves the right to revise, correct, clarify, supplement, or amend his objections and responses to reflect information hereafter discovered or acquired. These responses and objections are provided without prejudice to the rights of Defendant to use or rely upon subsequently discovered information or documents at any time, including at trial. The fact that a Document Request has been complied with in part shall not be construed as a waiver of all or any part of any objection that Defendant might or could make to

## EXHIBIT A

any Document Request propounded by Plaintiffs. Defendant further reserves the right to object to the admission in evidence of any and all information made available in response to the Document Requests on any ground, including, but not limited to, the ground that it is irrelevant and immaterial to the issues in this action.

## GENERAL OBJECTIONS

1.     The General Objections and statements in this section apply to each of Defendant's responses to the Document Requests set forth below and are not necessarily repeated in response to each individual Document Request.

2.     By responding to the Document Requests, Defendant does not concede that any information requested is relevant to this action or admissible at trial. Defendant expressly reserves the right to object to further discovery on the subject matter of any of these Document Requests.

3.     Defendant's responses set forth below include only documents located or obtained up to the date of service of the responses. Additional responsive, non-privileged documents may be ascertained or identified subsequently, and Defendant reserves the right to rely on such documents throughout this litigation and at trial.

4.     Defendant objects to each Document Request to the extent that it calls for documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. By responding to any Document Request, Defendant does not waive any applicable privilege as to that Document Request or as to any other present or future discovery request.

5.     Defendant generally objects to the Document Requests as unduly burdensome and oppressive to the extent that they ask Defendant to provide information that is beyond

2

Defendant's possession, custody, or control; is publicly available; is already in Plaintiffs' possession, care, custody, or control; or is generally available to Plaintiffs.

6.      Defendant generally objects to the Document Requests to the extent that the information sought is not identified with sufficient particularity.

7.      Defendant objects to the definition of "Documents" to the extent that it seeks the production of things beyond the scope of Rule 1.280 of the Florida Rules of Civil Procedure. Defendant further objects to the definition of "Documents" to the extent that it seeks "electronic data as well as application metadata and system metadata" and "inventories and rosters of your information technology (IT) systems – e.g., hardware, software and data, including but not limited to network drawings, lists of computing devices (servicers, PCs, laptops, PDAs, cell phones, with data storage and/or transmission features), programs, data maps and security tools and protocols" as overly broad and unduly burdensome.

## RESPONSES TO REQUESTS

1.      Copies of any and all documents reflecting or relating to any and all occasions on which you have been physically present on Little Saint James Island including but not limited to your visit to Little Saint James Island, as described in paragraph 3 of the sworn Declaration of Alan M. Dershowitz.

**RESPONSE:**

Subject to and without waiving the General Objections, Defendant responds that he will produce all responsive, non-privileged documents currently in his possession, custody or control relating to the sole occasion on which Defendant was physically present on Little Saint James Island.

2.      Copies of any and all documents evidencing the presence of your wife and daughter on Little Saint James Island, as described in paragraph 3 of the sworn Declaration of Alan M. Dershowitz.

**RESPONSE:**

Subject to and without waiving the General Objections, Defendant responds that he will produce all responsive, non-privileged documents currently in his possession, custody or control.

3.      Copies of any and all documents reflecting or relating to any and all occasions on which you have been physically present at Jeffrey Epstein's Ranch in New Mexico including but not limited to your visit to Jeffrey Epstein's Ranch in New Mexico, as described in paragraph 4 of the sworn Declaration of Alan M. Dershowitz.

**RESPONSE:**

Subject to and without waiving the General Objections, Defendant responds that he will produce all responsive, non-privileged documents currently in his possession, custody or control relating to the sole occasion on which Defendant was physically present at Jeffrey Epstein's Ranch in New Mexico.

4.      Copies of any and all documents evidencing the presence of your wife and daughter at Jeffrey Epstein's Ranch in New Mexico, as described in paragraph 4 of the sworn Declaration of Alan M. Dershowitz.

**RESPONSE:**

Subject to and without waiving the General Objections, Defendant responds that he will produce all responsive, non-privileged documents currently in his possession, custody or control.

5.      Copies of any and all documents evidencing the presence of your wife and daughter on Jeffrey Epstein's private plane, as described in paragraph 5 of the sworn Declaration of Alan M. Dershowitz.

**RESPONSE:**

Subject to and without waiving the General Objections, Defendant responds that he will produce all responsive, non-privileged documents currently in his possession, custody or control.

6.      Copies of any and all documents evidencing the presence of your nephew on Jeffrey Epstein's private plane, as described in paragraph 5 of the sworn Declaration of Alan M. Dershowitz.

**RESPONSE:**

Subject to and without waiving the General Objections, Defendant responds that he will produce all responsive, non-privileged documents currently in his possession, custody or control.

7.      Copies of any and all documents evidencing the presence of "members of Mr. Epstein's legal team", as described in paragraph 5 of the sworn Declaration of Alan M. Dershowitz.

**RESPONSE:**

Defendant objects to this Document Request as overly broad because Jane Doe #3 alleges in the filing titled "Jane Doe #3 and Jane Doe #4's Motion Pursuant to Rule 21 For Joinder In Action" (Doc. No. 279) (the "Joinder Motion") in the civil action captioned *Jane Doe #1, et al. v. United States*, Case No. 08-80736 (S.D. Fla.) (the "Federal Action") that she was "kept as [Jeffrey Epstein's] sex slave from about 1999 through 2002." Jane Doe #3 further alleges in the Joinder Motion that she "escape[d]" from Mr. Epstein and moved to Australia in 2002. Paragraph 5 of the sworn Declaration of Alan M. Dershowitz refers to plane travel by members of Mr. Epstein's legal team after 2002 and therefore Defendant further objects because this Document Request does not seek documents relevant to this action or documents reasonably calculated to lead to the discovery of admissible evidence.

8.      Copies of any and all flight manifests reflecting your presence or the presence of any member of your family on any aircraft on which Jeffrey Epstein was also a passenger during the same flight.

**RESPONSE:**

Defendant responds that he has no responsive, non-privileged documents.

9.      Copies of any and all "absolute proof" as described in paragraph 8 of the sworn Declaration of Alan M. Dershowitz.

5

**RESPONSE:**

Defendant objects to this Document Request to the extent that Plaintiffs seek to alter or shift any

burdens of proof as a matter of law in this action.  Subject to and without waiving the foregoing

specific objections and General Objections, Defendant responds that he will produce all

responsive, non-privileged documents currently in his possession, custody or control.


10.     Copies of any and all documents supporting the allegation that "Jane Doe #3 is a serial
liar" as described in paragraph 8 of the sworn Declaration of Alan M. Dershowitz.

**RESPONSE:**

Subject to and without waiving the General Objections, Defendant responds that he will produce

all responsive, non-privileged documents currently in his possession, custody or control.


11.     Copies of any and all documents tending to establish that President Clinton has never
visited Jeffrey Epstein's island, Little Saint James, as described in paragraph 8 of the sworn
Declaration of Alan M. Dershowitz.

**RESPONSE:**

Defendant objects to this Document Request because it misstates paragraph 8 of the sworn

Declaration of Alan M. Dershowitz, which expressly states that "*on information and belief,* I

have been advised that *Secret Service records* would confirm that President Clinton has never set

foot on that island."  (Emphasis added).  Subject to and without waiving the foregoing specific

objections and the General Objections, Defendant responds that he has no responsive, non-

privileged documents.

6

12.     Copies of any and all documents evidencing that Jane Doe #3 "has also told lies about many world leaders" as described in paragraph 8 of the sworn Declaration of Alan M. Dershowitz.

**RESPONSE:**

Defendant objects to this Document Request because it misstates paragraph 8 of the sworn

Declaration of Alan M. Dershowitz, which expressly states that "*on information and belief,* [Jane

Doe #3] has also told lies about many world leaders." (Emphasis added). Defendant further

objects to this Document Request because it seeks documents already in Plaintiffs' possession

and/or that are publicly available. Subject to and without waiving the foregoing specific

objections and the General Objections, Defendant responds by reference to statements by Jane

Doe #3 reflected in the media, which are equally available to Plaintiffs.


13.     Copies of any and all documents evidencing that "the State Attorney in Palm Beach County dropped a case that she sought to bring based on an assessment by the investigating detective regarding the 'victim's lack of credibility'" including a copy of the letter reflecting this decision as described in paragraph 8 of the sworn Declaration of Alan M. Dershowitz.

**RESPONSE:**

Defendant objects to this Document Request because it misstates paragraph 8 of the sworn

Declaration of Alan M. Dershowitz, which expressly states that "*on information and belief,* the

State Attorney in Palm Beach County dropped a case that she sought to bring based on an

assessment by the investigating detective regarding the 'victim's lack of credibility.' *A copy of*

*the letter reflecting this decision was forwarded to central records.*" (Emphasis added). Subject

to and without waiving the foregoing specific objections and the General Objections, Defendant

responds that he will produce all responsive, non-privileged documents currently in his

possession, custody or control.

14.     Copies of any and all documents evidencing that the attorneys for the Jane Does acted "in bad faith in an effort to have the media report it" as described in paragraph 9 of the sworn Declaration of Alan M. Dershowitz.

**RESPONSE:**

Subject to and without waiving the General Objections, Defendant responds that he will produce

all responsive, non-privileged documents currently in his possession, custody or control.

15.     Copies of any and all documents reflecting that Jane Doe #3 has charged President Bill Clinton with having sex with her on Jeffrey Epstein's Little Saint James Island.

**RESPONSE:**

Subject to and without waiving the General Objections, Defendant responds that he will produce

all responsive, non-privileged documents currently in his possession, custody or control.

16.     Copies of any and all documents reflecting that Jane Doe #3 has alleged that President Bill Clinton had sex or engaged in any inappropriate contact with her on the Island owned by Jeffrey Epstein.

**RESPONSE:**

Subject to and without waiving the General Objections, Defendant responds that he will produce

all responsive, non-privileged documents currently in his possession, custody or control.

17.     Copies of all pages of Passports held by you at any time during the past 12 years.

**RESPONSE:**

Defendant objects to this Document Request as seeking sensitive personal information and

documents that are not relevant to the subject matter of the pending action.

18.     Copies of any and all documents reflecting that Jane Doe #3 has ever willfully engaged in prostitution.

**RESPONSE:**

Defendant objects to this Document Request as vague because Defendant is not in a position to

determine the willful nature of Jane Doe #3's prostitution.  Defendant further objects to this

Document Request because Jane Doe #3 has repeatedly and publicly asserted that she gave her

body for sexual activity for hire after the age of 18 and agreed to secure other persons for the

purpose of prostitution or for any other lewd or indecent act and therefore the Document Request

is unduly burdensome.

19.     Copies of any and all documents reflecting that Jane Doe #3 is either a liar or has perjured herself in any way.

**RESPONSE:**

Subject to and without waiving the General Objections, Defendant responds that he will produce

all responsive, non-privileged documents currently in his possession, custody or control.

20.     Copies of any and all documents tending to support your assertion that Bradley J. Edwards:

    a. has a reputation of being sleazy;

    b. has acted in a sleazy manner;

    c. has engaged in unethical conduct;

    d. has knowingly relied upon false statements in any legal document filed by him;

    e. has engaged in any form of unethical conduct;

    f. has engaged in any form of conduct tending to demonstrate a lack of fitness to engage in the practice of law;

    g. has engaged in any form of conduct warranting the loss of his license to practice law or the imposition of any professional disciplinary action against him;

    h. has acted in a corrupt manner;

9

      i. failed to conduct any investigation of the allegations of Jane Doe #3 relating to you before referring to those allegations in a legal filing.

**RESPONSE:**

Subject to and without waiving the General Objections, Defendant responds that he will produce

all responsive, non-privileged documents currently in his possession, custody or control.

21.      Copies of any and all documents tending to support your assertion that Paul G. Cassell:

      a. has a reputation of being sleazy;

      b. has acted in a sleazy manner;

      c. has engaged in unethical conduct;

      d. has knowingly relied upon false statements in any legal document filed by him;

      e. has engaged in any form of unethical conduct;

      f. has engaged in any form of conduct tending to demonstrate a lack of fitness to engage in the practice of law;

      g. has engaged in any form of conduct warranting the loss of his license to practice law or the imposition of any professional disciplinary action against him;

      h. has acted in a corrupt manner;

      i. failed to conduct any investigation of the allegations of Jane Doe #3 relating to you before referring to those allegations in a legal filing.

**RESPONSE:**

Subject to and without waiving the General Objections, Defendant responds that he will produce

all responsive, non-privileged documents currently in his possession, custody or control.

10

22.    Copies of any and all records for the period 1998-2007 reflecting or relating to travel by you and/or any member of your family on any aircraft, boat, helicopter, or other means of transport owned, controlled, or under the direction of Jeffrey Epstein and/or any business entity with which Jeffrey Epstein was affiliated at the time of travel.

**RESPONSE:**

Defendant objects to this Document Request as overly broad because Jane Doe #3 alleges in the

Joinder Motion that she was "kept as [Jeffrey Epstein's] sex slave from about 1999 through

2002." Jane Doe #3 further alleges that she "escape[d]" from Mr. Epstein and moved to

Australia in 2002. Therefore Defendant objects to this Document Request to the extent that it

purports to seek documents relating to any time before 1999 or after 2002. Defendant further

objects to this Document Request as overly broad and premature because Jane Doe #3 has not

specified the dates on which she alleges Defendant engaged in misconduct on Mr. Epstein's

plane, which are the sole relevant allegations by Jane Doe #3 or her counsel concerning travel on

Mr. Epstein's plane that Defendant refutes and asserts are false. Subject to and without waiving

the General Objections, Defendant responds that he will produce all responsive, non-privileged

documents currently in his possession, custody or control relating to any occasions that may be

specifically identified by Jane Doe #3 on which she contends that Defendant travelled on Jeffrey

Epstein's plane between 1999 and 2002.


23.    Copies of any and all records, including emails and text messages, between you and Jeffrey Epstein between December 29, 2014 and today, regarding allegations made by Jane Doe #3 of sexual misconduct by either of you.

**RESPONSE:**

Defendant objects to this Document Request to the extent that it seeks documents regarding

allegations made by Jane Doe #3 of sexual misconduct by Jeffrey Epstein because such

documents are not relevant to the subject matter of this action and would be attorney-client

privileged communications in any event. Subject to and without waiving the foregoing specific

11

objections and the General Objections, Defendant responds that he will produce any responsive, non-privileged documents currently in his possession, custody or control.

Respectfully submitted,

*Of Counsel:*
Ashley E. Eiler
aeiler@wileyrein.com
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Phone: (202) 719-7000
Fax: (202) 719-7049

Kenneth A. Sweder
ksweder@sweder-ross.com
SWEDER & ROSS, LLP
131 Oliver Street
Boston, MA 02110
Phone: (617) 646-4466
Fax: (617) 646-4470

/s/ Thomas E. Scott
Thomas E. Scott, Esq.
Florida Bar No. 149100
Thomas.scott@csklegal.com
Steven R. Safra, Esq.
Florida Bar No. 057028
Steven.safra@csklegal.com
COLE, SCOTT & KISSANE, P.A.
Dadeland Centre II, 14th Floor
9150 South Dadeland Boulevard
Miami, Florida 33156
Phone: (305) 350-5300
Fax: (305) 373-2294

Richard A. Simpson (pro hac vice)
rsimpson@wileyrein.com
Mary E. Borja (pro hac vice)
mborja@wileyrein.com
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Phone: (202) 719-7000
Fax: (202) 719-7049

*Counsel for Alan M. Dershowitz*

12

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and accurate copy of the foregoing was served via E-Serve this 23rd day of February, 2015 to: Jack Scarola, Esquire, Searcy Denny et al., jsx@searcylaw.com and mep@searcylaw.com, counsel for Plaintiffs/Counterclaim Defendants.

COLE, SCOTT & KISSANE, P.A.
Attorneys for Alan M. Dershowitz
Dadeland Centre II, 14th Floor
9150 South Dadeland Boulevard
Miami, Florida 33156
Phone: (305) 350-5300
Fax: (305) 373-2294

By: /s/ Thomas E. Scott
Thomas E. Scott, Esq.
Florida Bar No. 149100
Thomas.scott@csklegal.com
Steven R. Safra, Esq.
Florida Bar No. 057028
Steven.safra@csklegal.com

SEARCY
DENNEY
SCAROLA
BARNHART
& SHIPLEY P.A.
*Attorneys*
*at Law*

■ WEST PALM BEACH OFFICE:

2139 PALM BEACH LAKES BLVD.
WEST PALM BEACH, FLORIDA 33409

P.O. BOX 3626
WEST PALM BEACH, FLORIDA 33402

(561) 686-6300
1-800-780-8607
1-800-220-7006 Spanish

□ TALLAHASSEE OFFICE:

THE TOWLE HOUSE
517 NORTH CALHOUN STREET
TALLAHASSEE, FL 32301-1231

(850) 224-7600
1-888-549-7011

ATTORNEYS AT LAW:

ROSALYN SIA BAKER-BARNES
¹F. GREGORY BARNHART
T. HARDEE BASS, III
LAURIE J. BRIGGS
⁸BRIAN R. DENNEY
BRENDA S. FULMER
¹MARIANO GARCIA
JAMES W. GUSTAFSON, JR.
MARA R. P. HATFIELD
ADAM S. HECHT
JACK P. HILL
KELLY HYMAN
DAVID K. KELLEY, JR.
CAMERON M. KENNEDY
WILLIAM K. KING⁷
DARRYL L. LEWIS¹
⁸WILLIAM A. NORTON
PATRICK E. QUINLAN³
EDWARD V. RICCI
⁹JOHN SCAROLA
MATTHEW K. SCHWENCKE
⁸CHRISTIAN D. SEARCY
⁹JONI A. SHIPLEY III
CHRISTOPHER K. SPEED ⁸⁹
BRIAN P. SULLIVAN ²⁴⁶
KAREN E. TERRY
DONALD J. WARD III³
⁹C. CALVIN WARRINER III

OF COUNSEL
⁸EARL L. DENNEY, JR.³

SHAREHOLDERS
⁸BOARD CERTIFIED

ALSO ADMITTED
¹KENTUCKY
² MAINE
³ MARYLAND
⁴ MASSACHUSETTS
⁵ MISSISSIPPI
⁶ NEW HAMPSHIRE
⁷ NEW JERSEY
⁸ VIRGINIA
⁹ WASHINGTON DC

PARALEGALS:

VIVIAN AYAN-TEJEDA
RANDY M. DUFRESNE
DAVID W. GILMORE
JOHN C. HOPKINS
DEBORAH M. KNAPP
VINCENT L. LEONARD, JR.
JAMES PETER LOVE
ROBERT W. PITCHER
PABLO PERHACS
KATHLEEN SIMON
STEVE M. SMITH
BONNIE S. STARK
WALTER A. STEIN

**VIA EMAIL**
**thomas.scott@csklegal.com**

February 25, 2015

Thomas Emerson Scott, Jr., Esquire
Cole Scott & Kissane P.A.
9150 S Dadeland Boulevard, Suite 1400
Miami, FL 33156

Re:     Edwards and Cassell vs. Dershowitz
        Our File No.:  20150013

Dear Tom:

I write in the hope of amicably resolving a number of issues that arise in connection with the discovery responses you have provided in the referenced matter.

*Responding "Subject to and Without Waiving" Objections*
*and Claims of Privilege*

It is a common and improper tactic to state "general objections" (or even specific ones) and then to respond to every request "subject to" those objections or claims of privilege. We cannot accept such responses. When this occurs, even if responsive information is forthcoming, we have no guarantee that you have not unilaterally withheld information subject to the stated objections or claims of privilege; in other words, it shields the very existence of responsive matters from discovery without any ability to assess the merits of the objection or claim of privilege as applied to the ostensibly protected matters. A federal court described the problem:

> This Court has on several occasions "disapproved [of] the practice of asserting a general objection 'to the extent' it may apply to particular requests for discovery." This Court has characterized these types of objections as "worthless for anything beyond delay of the discovery." Such objections are considered mere "hypothetical or contingent possibilities," where the objecting party makes "'no meaningful effort to show the application of any such theoretical objection' to any request for discovery."



**EXHIBIT B**

Thomas E. Scott, Jr., Esq.
Re: Edwards and Cassell v. Dershowitz
February 25, 2015
Page 2

Thus, this Court has deemed such "ostensible" objections waived or [has] declined to consider them as objections.

*Sonnino* v. *Univ. of Kan. Hosp. Auth.,* 221 F.R.D. 661, 666-67 (D. Kan. 2004) (citations omitted).

Of course, where claims of privilege are involved, the response must include a privilege log enabling us (and the court, if necessary) to assess the applicability of the privilege claimed. *See* Fla. R. Civ. P. 1.280(b)(5). Under Florida law, "the burden is upon the party asserting a privilege to establish the existence of each element of the privilege in question." *Fla. Sheriff's Self-Ins. Fund v. Escambia County,* 585 So.2d 461, 463 (Fla. 1st DCA 1991).

General or blanket objections are inappropriate in and of themselves: "A 'blanket' objection to interrogatories consisting of many, separate questions is insufficient. Objections in such a case should be addressed 'to a particular interrogatory or class of interrogatories, not to the interrogatories in general." *Twadell v. Twadell,* 199 So. 2d 501 (Fla. 4th DCA 1967) (quoting *Carson v. City of Ft. Lauderdale,* 173 So.2d 743 (Fla. 2d DCA 1965)).

The same principles apply to the general objections you have raised to our production requests.

### Boilerplate Objections

A boilerplate objection such as "overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence," baldly asserted, is "patently without merit." Such "stonewalling tactics" constitute discovery abuse. *First Healthcare Corp. v. Hamilton,* 740 So.2d 1189, 1193 (Fla. 4th DCA 1999); *see also First City Devs. Of Fla., Inc. v. Hallmark of Holly Condo. Ass 'n,* 545 So.2d 502, 503 (Fla. 4th DCA 1985) (noting that conclusory objections such as "burdensome" and "not reasonably calculated ..." are "words of the art [that] have little meaning without substantive support, ..").

Every burdensome objection you have raised is required to be supported by an affidavit detailing the extent of the burden claimed to preclude a substantive response.



Thomas E. Scott, Jr., Esq.
Re: Edwards and Cassell v. Dershowitz
February 25, 2015
Page 3

### *Asserting Privilege for Non-Existent Documents*

It is inappropriate to assert a claim of privilege or immunity for non-existent materials. *Greenleaf v. Amerada Hess Corp.*, 626 So.2d 263, 264 n.1 (Fla. 4th DCA 1993). We must assume that the privilege is asserted for a reason, i.e., that responsive and ostensibly privileged information in fact exists, else the privilege would not have been asserted. It follows that a privilege log must accompany all such responses.

### *Claiming Undue Burden for Non-Existent Materials*

Likewise, objecting on basis of burdensomeness and later conceding an opponent's right to materials or later claiming materials do not exist constitute abusive discovery practices. *First Healthcare Corp. v. Hamilton*, 740 So.2d 1189, 1194 (Fla. 4th DCA 1999).

### *Custody, Possession & Control*

Fla. R. Civ. P. reaches all documents (broadly defined and specifically including electronic data) in your client's "custody, possession, or control." Custody and possession are self-explanatory. "Control" is broader; it "means the legal right to obtain, even from nonparties. The concept of 'control' generally has been held to mean the legal right to obtain the requested documents. Parties thus can be requested to produce documents in the hands of their attorney, insurer, subsidiary, or another person outside the jurisdiction of the court." Lawrence M. Watson, Jr. & Michael S. Orfinger, *Fla. Civil Practice Before Trial § 16.60 (1993 ed.)* (citing 8 Wright & Miller, *Fed. Practice & Procedure* £16-10 (1998 ed.). A recent federal court case construing Fed. R. Civ. P. 41 (on which Fla. R. Civ. P. 1.350 is patterned), explained:

> The term "control" comprehends not only possession but also the right, authority, or ability to obtain the documents. Accordingly, Rule 34(a) allows a party seeking discovery to require production of documents beyond the actual possession of the opposing party if such party has retained "any right or ability to influence the person in whose possession the documents lie." [A] party is deemed to have control over documents held on its behalf by its attorneys. A party is also deemed to have control over financial records of the party that are in the possession of the party's accountant.

*MGP Ingredients, Inc.* v. *Mars, Inc.*, 2007 WL 3353401 (D. Kan. 2007) (citation omitted); *see also In Re Ski Train Fire of November 11, 2000 Kaprun Austria*, 2006



Thomas E. Scott, Jr., Esq.
Re: Edwards and Cassell v. Dershowitz
February 25, 2015
Page 4

WL 1328259, at *5 (S.D.N.Y. 2006) ("Courts have long construed the term 'control' as meaning more than simple 'possession.' 'Control has been construed broadly by the courts as the legal right, authority, or <u>practical</u> <u>ability</u> to obtain the materials sought upon demand.'"). *See also Frantz v. Golebiewski,* 407 So.2d 283, 285 n.4 (Fla. 3 DCA 1981) ("Interpretations of the federal rule are persuasive in considering its Florida equivalent.").

While your responses purport to recognize the obligation to produce documents subject to Mr. Dershowitz's "control", there are qualifications in the responses that would appear to contradict that recognition.  Your objection to the production of metadata has no legal foundation.

### *Word Play and Gamesmanship*

You will note that we do not include page after page of definitions. I believe that any lawyer reasonably fluent in English can carry out his or her duty to construe interrogatories and requests for production in the broad and liberal manner intended by the rules. Florida courts frown on parsing and gamesmanship. See, e.g. *First Healthcare Corp. v. Hamilton,* 740 So.2d 1189, 1194 (Fla. 4th DCA 1999) (chastising counsel who did not turn over "event" reports because plaintiff requested "incident" reports as engaged in "little more than a semantic shell game.").

Repeated assertions that statements were made by Mr. Dershowitz "upon information and belief" is an example of prohibited "word play."  That qualification has no bearing on the Defendant's discovery obligations.

### *"Will Produce"*

The Rules of Civil Procedure require <u>production</u> and not just a commitment of production at some unspecified future date.  If the documents you intend to produce are available for inspection and copying <u>now</u> as they are required to be, we are prepared to pick them up immediately.  If they are not immediately available, when will they be?

### *Timeframe Objections*

Your repeated attempts to restrict discovery to a narrow timeframe, fail to account for the fact that this is a defamation action arising out of broad defamatory statements made by Mr. Dershowitz impugning the honesty and integrity of the Plaintiffs without any limitations as to a specific time or circumstance. Mr. Dershowitz has also made broad public denials of misconduct unrestricted to any specific timeframe.  We are entitled to



Thomas E. Scott, Jr., Esq.
Re: Edwards and Cassell v. Dershowitz
February 25, 2015
Page 5

test the accuracy of those statements and to explore the full extent of the personal relationship he has had with Jeffrey Epstein.

*Evasive Answers*

The response to Interrogatory #2 is a typical example of an evasive response. Rather than address the substance of the questions posed, the Defendant engages in a four page diatribe about the alleged impropriety of naming him in a CVRA filing on behalf of Jane Doe #3. If that is the only improper conduct in which the Defendant contends Bradley Edwards has engaged, then the Defendant is obliged to say so.

Interrogatory #3 asks for the specific content of statements and the names of every witness to the making of the statements. We get a vague reference to "such comments" and references to the inability to "recall all of the people." Not a single witness' name is disclosed. If the Defendant is unable to identify a single person he is obliged to unequivocally say so.

*Refusing to Provide Substantive Responses Until Jane Doe #3 is Deposed*

This objection has absolutely no legal basis and fails to recognize that this is a defamation action against Dershowitz and not Mr. Dershowitz's defamation action against Jane Doe #3. This action is absolutely <u>not</u> dependent on the accuracy of the statements made by Jane Doe #3, although the Plaintiffs were and are confident of the accuracy of those statements.

*Objecting Because You Think We Already Know the Answers*

See for example the Response to Interrogatory #13. There is no legal basis for refusing to provide information because the Defendant believes the Plaintiff already knows the answer or has alternative sources to ascertain some or all of the information requested. An admission from an opposing party carries legal significance that other evidence does not have. We are entitled to Dershowitz's sworn responses regardless of what flight logs purport to show.

*Incomplete Answers*

See, for example, Interrogatory #15. A question that asks for names, addresses, and telephone numbers, is not properly responded to if all we get is, "Thomas and Joanne Ashe, as well as Defendant's wife and daughter."



Thomas E. Scott, Jr., Esq.
Re: Edwards and Cassell v. Dershowitz
February 25, 2015
Page 6

and we will file an appropriate motion to compel.  I would like to focus on substantive disagreements, obtain quick and fair rulings on them, and move on.

Sincerely,

JACK SCAROLA
JS/mep

cc:    Bradley Edwards, Esq.
       Paul G. Cassell, Esq.

