UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:08-CV-80736-KAM

JANE DOE 1 and JANE DOE 2,

      Petitioners,

vs.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## OPINION AND ORDER

This cause is before the Court on various discovery related matters.  In response to Petitioners' first requests for production, the respondent Government asserted various privileges in three privilege logs and submitted nearly 15,000 pages of documents for in camera inspection. (DEs 212-1, 216-1, 329-1).  Petitioners object to every privilege asserted.  (DE 265).

Intervenor Jeffrey Epstein supports the Government's assertion that certain grand jury materials should remain secret, and he moves to prevent disclosure of those materials.  (DE 263). Petitioners filed a response.  (DE 271).

Finally, the Government objects to the relevancy of several of Petitioners' requests for production.  (DE 260).  Petitioners responded (DE 266) and filed a supporting supplement (DEs 267, 268).

The Court has conducted its in camera review of materials submitted, has carefully considered the materials and the parties' submissions, and is fully advised in the premises.

## I. Background

This is a case against the United States for allegedly violating the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771, by failing to involve Petitioners (and other similarly situated victims of Intervenor Epstein) in the process that ultimately led to a federal non-prosecution agreement between the Government and Epstein. (DE 1). The parties and intervenors debate the discoverability of documents that show exactly what led to the non-prosecution agreement.

In March 2011, Petitioners moved "to allow use of correspondence between the U.S. Attorney's Office and counsel for Epstein" to prove their CVRA case. (DE 51 at 1). Petitioners argued that the correspondence was relevant as it "shows that the U.S. Attorney's Office was aware of its statutory obligation to inform the victims of the non-prosecution agreement," and that they should be allowed to use it "as it sheds important light on the events surrounding the non-prosecution agreement, which are central to the victims' arguments that the U.S. Attorney's Office violated their rights." (Id. at 5, 6). The Court granted Petitioners' request and ordered the Government to "[p]roduce responsive documents in response to all outstanding requests for production of documents encompassing any documentary material exchanged by or between the federal government and persons or entities outside the federal government (including without limitation all correspondence generated by or between the federal government and Epstein's attorneys)" (DE 190 at 2). The Court also ordered the Government to produce all responsive documents "other than communications generated between the federal government and outside persons or entities." (Id.). If the Government claimed privilege over any of these documents, the Court ordered the Government to (1) file "a privilege log clearly identifying each document[] by author(s), addressee(s), recipients(s), date, and general subject matter and such other identifying

data," and (2) to "submit all responsive documents withheld on claim of privilege to the court for in camera inspection." (Id.).

The Government produced 1,357 pages of documents to Petitioners, filed three privilege logs, and submitted nearly 15,000 pages to the Court for in camera inspection. (See DE 257 at 2). The Government asserts that the documents submitted for in camera inspection are privileged for reasons such as the privacy rights of non-party victims, grand jury secrecy under Federal Rule of Criminal Procedure 6(e),[1] and the attorney–client, work product, deliberative process, and investigative privileges. (DEs 212-1; 216-1, 329-1). Moreover, with the Court's leave (DE 257 at 4), the Government objects to the relevancy of several of Petitioners' requests for production (DE 260).

## II.  Discussion

District courts have "broad discretion in shaping the scope of discovery under Fed.R.Civ.P. 26(b)." Williams v. City of Dothan, 745 F.2d 1406, 1415 (11th Cir. 1984). The Court will first address matters related to whether a privilege protects the submitted documents from discovery and then turn to whether any otherwise non-privileged documents are relevant to Petitioners' CVRA case. Specific rulings as to the submitted documents are found in the Table appended to this Opinion and Order.

### A.    Privilege Assertions

#### 1.  Challenge to the Sufficiency of Government's Privilege Assertions

Petitioners raise several general objections to the Government's privilege logs. They

---

[1] In a previous ruling, the Court noted that Plaintiffs formally requested the release of grand jury materials, but the Court reserved "ruling as to whether the materials in question are protected from disclosure by Federal Rule of Criminal Procedure 6(e)." (DE 257 at 3).

argue that the Government's logs are inadequate because they do not "clearly identify" the documents as ordered by this Court.  (DE 265 at 2; DE 190 at 2).  The Court has reviewed the Government's privilege logs and the documents that they describe, and the Court finds that the logs—describing nearly 15,000 pages of documents— are adequate to facilitate a meaningful in camera inspection and assessment of the asserted privileges.  To the extent inadequacies may be present, the Court finds that judicial resources would not be best spent by requiring the Government to submit a revised, more detailed log.  See N.L.R.B. v. Jackson Hosp. Corp., 257 F.R.D. 302, 307 (D.D.C. 2009) (court may remedy inadequate privilege log by in camera inspection of described documents or permitting party another chance to submit a more detailed log).

Petitioners also argue that the Government has failed to provide the factual underpinnings necessary to hold that certain privileges apply, specifically the deliberative process privilege, investigative privilege, work product privilege, and attorney–client privilege.  Discussed in more detail below, the Court finds it unnecessary to consider whether the deliberative process and investigative privilege apply in this case as other, stronger, privileges are at play, or, as discussed further below, many of the documents over which the deliberative process and investigative privileges are asserted are irrelevant to this proceeding.  Regarding the work product and attorney–client privileges, and the Court has considered the materials submitted and the Government's arguments, and finds that the Government has submitted sufficient evidence to evaluate its claims of privilege.  (See DE 238-1) (discussing documents prepared by the United States Attorney's Office in anticipation of possible Epstein prosecution); see Stern v. O-Quinn, 253 F.R.D. 663, 675 (S.D. Fla. 2008) (Rosenbaum, Mag. J.) (relying on allegations within

4

pleading to decide application of work product privilege).  The Court will therefore evaluate each claim of privilege as it relates to the documents submitted.

### 2.  Grand Jury Secrecy

The Government asserts that many of the documents identified in its logs are protected by Federal Rule of Criminal Procedure 6(e), which governs the secrecy of grand jury proceedings. (See DE 212-1; DE 216-1 at 4, 6).  These documents include subpoenas issued and documents received and prepared during the course of grand jury investigations into whether Epstein committed indictable federal offenses.  (DE 212-1 at 1).  Petitioners argue that the Court can (and should) authorize disclosure in this case.  (DE 265 at 17).

"It has long been a policy of the law that grand jury proceedings be kept secret . . . . The English rule of grand jury secrecy has been incorporated into our federal common law and remains an integral part of our criminal justice system."  United States v. Aisenberg, 358 F.3d 1327, 1346 (11th Cir. 2004) (internal quotation marks omitted).  "Rule 6(e) of the Federal Rules of Criminal Procedure codifies this secrecy principle and prohibits the disclosure of grand jury material except in the limited circumstances provided for in Rule 6(e)(3)."  Id.  One such exception is Rule (6)(e)(3)(E)(i), which permits a court to authorize disclosure "preliminary to or in connection with a judicial proceeding."  Fed. R. Crim. P. 6(e)(3)(E)(i).  Additionally, a court has inherent authority to disclose grand jury materials beyond the literal wording of Rule 6(e)(3) in "exceptional circumstances."  Aisenberg, 358 F.3d at 1347.  "The district court has 'substantial discretion' in determining whether grand jury materials should be released."  Id. at 1349 (quoting Douglas Oil Co. v. Petrol Stops N.W., 441 U.S. 211, 223 (1979)).

Whether proceeding under Rule 6(e)(3) or the court's inherent authority, there are well

settled guidelines for determining when grand jury secrecy may be broken.  Id. at 1347.

Specifically, the parties seeking disclosure must show:

> (1) "that the material they seek is needed to avoid a possible injustice in another judicial proceeding";
>
> (2) "that the need for disclosure is greater than the need for continued secrecy"; and
>
> (3) "that their request is structured to cover only material so needed."

Id. at 1348 (citing Douglas Oil Co.,N.W., 441 U.S. 211, 222 (1979)).  These demanding

standards apply even after the grand jury has concluded its operations.  Id.  The burden of

demonstrating that the need for disclosure outweighs the need for secrecy rests on the party

seeking disclosure.  Id.  "In order to carry this burden, the party seeking disclosure of grand jury

material must show a compelling and particularized need for disclosure."  Id.  That is, "the

private party must show circumstances had created certain difficulties peculiar to this case, which

could be alleviated by access to specific grand jury materials, without doing disproportionate

harm to the salutary purpose of secrecy embodied in the grand jury process."  Id. at 1348-49

(internal quotation marks omitted) (emphasis in original).

Accordingly, the grand jury proceedings at issue are "presumptively secret," see In re

Subpoena to Testify, 864 F.2d 1559, 1562 (11th Cir. 1989), and Petitioners have the heavy

burden of overcoming this presumption.[2]  Petitioners argue that they have met their burden in

their response to Epstein's motion to uphold grand jury secrecy.  (DE 271 at 3).

---

[2]  Because the burden lies with Petitioners, Petitioners' argument that disclosure is
appropriate because the Government "has not attempted to defend its invocation of grand jury
secrecy" is of no moment.  (DE 278 at 10).

Regarding whether (1) grand jury materials are "needed to avoid a possible injustice" in this case, Petitioners argue that "an injustice may occur" if the materials are not disclosed to them. (DE 217 at 4). They argue that the possibility for injustice exists because this Court has already recognized that aspects of this case "must be considered in the historical factual context of the entire interface between Epstein, the relevant prosecutorial authorities and the federal offense victims—including an assessment of the allegation of a deliberate conspiracy between Epstein and the federal prosecutors to keep the victims in the dark on the pendency of negotiations between Epstein and the federal authorities." (Id.) (quoting the Court's Order at DE 189 at 12 n.6). They also argue that injustice may result without the grand jury materials because the "critical starting point for the victims' case" is proof that the Government had an "extremely strong case against Epstein." (Id.).

The Court concludes that Petitioners have not met their heavy burden of demonstrating a compelling and particularized need for the disclosure of grand jury materials pertaining to the investigation of Epstein. Materials that the Government presented in secrecy to a grand jury relative to a case against Epstein are not part of the "interface" that occurred between Epstein, prosecuting authorities, and the victims. As the Court has already explained, the harm in this case did not arise out of the Government's failure to secure a grand jury indictment against Epstein. (DE 189 at 10) ("The victim's CVRA injury is not the government's failure to prosecute Epstein federally—an end within the sole control of the government."). Rather, the harm in this case arose from the Government's alleged failure to confer adequately with Petitioners before deciding to abandon a federal case against Epstein. (Id.). The Court has reviewed the portions of the submitted documents to which grand jury secrecy is invoked, and it

finds that none of the grand jury materials produced has a bearing on the Government's alleged failure to confer with Petitioners before electing to forego a federal prosecution.

The Court also concludes that Petitioner's asserted need to prove that the Government had an "extremely strong case against Epstein" does not justify the disclosure of secret grand jury materials. Petitioners seek to use the grand jury materials as the means to an improper end—a judicial determination that the Government made an inexplicably poor decision when it decided not to prosecute Epstein.

"[T]he Government retains 'broad discretion' as to whom to prosecute." Wayte v. United States, 470 U.S. 598, 607 (1985). The CVRA incorporates this principle, providing that "[n]othing in this chapter shall be construed to impair the prosecutorial discretion" of federal prosecutors. 18 U.S.C. § 3771(d)(6). Courts tread lightly where prosecutorial discretion is concerned because "the decision to prosecute is particularly ill-suited to judicial review." Wayte, 470 U.S. at 607; see also 35 Geo. L.J. Ann. Rev. Crim. Proc. 203, 203 n.648 (2006). "Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake." Wayte, 470 U.S. at 607 (emphasis added); see also Town of Newton v. Rumery, 480 U.S. 386, 396 (1987) (courts normally must defer to prosecutorial decisions about whom to prosecute because, "[i]n addition to assessing the strength and importance of a case, prosecutors also must consider other tangible and intangible factors, such as government enforcement priorities.") (emphasis added).

Petitioners asserted strategy of demonstrating that the Government had an improper

motive to hide its "extremely strong" case asks the Court to decide (or assume) that the

Government did in fact have an "extremely strong" case against Epstein.  As Petitioners point

out, the Government has not admitted that it believed it had a "strong case" for prosecution.  (DE

266 at 8).[3]  In light of this refusal to admit the strength of the case, Petitioners seek grand jury

materials to present to the Court the case for prosecuting Epstein.  (Id. at 9).  Basically,

Petitioners ask the Court to interject itself in place of the Government and adjudicate whether the

Government erred, and thus had a motive for hiding its error, when it decided not to prosecute

Epstein.  As the Supreme Court has articulated, "courts are [not] competent to undertake" the

kind of analysis necessary to assess the "strength of the case" for or against any particular

prosecution.  Wayte, 470 U.S. at 607; see also United States v. Armstrong, 517 U.S. 456, 465

(1996) (Judicial deference to prosecutors' decisions "rests in part on an assessment of the relative

competence of prosecutors and courts.").  Nor is the Court competent to undertake an analysis of

how strong the Government perceived its case against Epstein at the time it decided not to

prosecute.  Stated plainly, whether the Government had a "strong" case against Epstein was for

the Government to decide in its sole discretion; the Court will not foray into matters related to

assessing the strength of the Government's case against Epstein.

---

[3]  In response to Petitioners Request for Admission regarding whether the Government had a case for "federal prosecution against Epstein for many federal sex offenses," (DE 266 at 8), the Government responded:

> The government admits that the FBI and the U.S. Attorney's Office for the Southern District of Florida ("USAO") conducted an investigation into Jeffrey Epstein ("Epstein") and developed evidence and information in contemplation of a potential federal prosecution against Epstein for many federal sex offenses. Except as otherwise admitted above, the government denies Request No. 1.

(DE 213-1 at 1).

9

Accordingly, because the Court will not—and cannot—endeavor to assess the strength of the Government's case against Epstein at the time it decided to enter into the non-prosecution agreement, the Court concludes that Petitioners have not shown that they will suffer an injustice in this case if they are denied access to materials that the Government presented to grand juries during their investigation into whether Epstein committed federal crimes.  Likewise, Petitioners have not shown that their need for these materials is compelling or particularized to their asserted interests under the CVRA.  Therefore, the Court will deny Petitioners access to the materials over which grand jury secrecy applies under Fed. R. Crim. P. 6(e).

### 3.  Work Product Doctrine

The Government asserts that many of the documents submitted are protected by the attorney work-product privilege.  (DE 212-1 at 1-21; DE 216-1 at 1-14).  These documents include draft correspondences and indictments, as well as attorney research and handwritten notes.  (See, e.g., DE 212-1 at 2, 17).  Petitioners argue that the work-product privilege is unavailable for a number of reasons.  (DE 265 at 6, 8, 14-16).

The work-product doctrine traces its roots to the Supreme Court's recognition that "it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel."  Hickman v. Taylor, 329 U.S. 495, 510 (1947).  The privilege is codified at Federal Rule of Civil Procedure 26(b)(3):

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).  But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and

10

> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A).  Although fact-based work product may be disclosed on a showing of "substantial need," the court must avoid "disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Id. 26(b)(3)(B).  Such "opinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." Cox v. Adm'r U.S. Steel & Carnegie, 17 F.3d 1386, 1422 (11th Cir. 1994).  In the context of government attorneys, the "work-product privilege applies to . . . discussions between prosecutors and investigating agents, both state and federal." United States v. Zingsheim, 384 F.3d 867, 872 (7th Cir. 2004) (citing FTC v. Grolier Inc., 462 U.S. 19 (1983)).

The work-product privilege extends only to documents that an attorney prepares "in anticipation of litigation." Fed. R. Civ. P. 26(a)(3)(A).  Petitioners argue that the work-product privilege does not apply to the submitted documents because they were not prepared "in anticipation of [the instant] CVRA litigation."  (DE 265 at 7).  Retreating somewhat from this initial assertion, Petitioners argue that "[m]any of the documents at issue here were not prepared in anticipation of litigation, and certainly not in anticipation of the litigation about the Crime Victims' Rights Act."  (Id.).

Although "[s]ome older cases took the position that the work-product immunity applied only to documents prepared in direct relation to the case at bar," 8 Wright, Miller & Marcus, Fed. Prac. & Fed. P. § 2024, p. 518 (3d ed. 2010), more recent cases "have generally found that documents produced in anticipation of litigating one case remain protected in a subsequent case[]

11

if they were created by or for a party to the subsequent litigation," <u>Underwriters Ins. Co. v. Atlanta Gas Light Co.</u>, 248 F.R.D. 663, 668 (N.D. Ga. 2008).  These cases rely on the Supreme Court's dicta in <u>Federal Trade Communication v. Grolier, Inc.</u>, that "the literal language of [Rule 26(b)(3)] protects materials prepared for <u>any</u> litigation or trial as long as they were prepared by or for a party to the subsequent litigation."  462 U.S. 19, 25 (1983) (emphasis in original); <u>see also</u> 8 Wright, Miller & Marcus, Fed. Prac. & Fed. P. § 2024, p. 519 n.47 (3d ed. 2010) (collecting cases).  Similarly, the work-product doctrine applies regardless of whether litigation actually ensued, so long as it can be fairly said that the document was prepared or obtained because of the prospect of litigation.  See <u>Kent Corp. v. N.L.R.B.</u>, 530 F.2d 612, 623 (5th Cir. 1976) (holding that agency documents produced when deciding "to prosecute or not to prosecute" were protected work product, regardless of "whether litigation actually ensured").

After its <u>in camera</u> review, the Court finds that the majority of work-product documents identified by the Government were prepared or obtained by the Government because of the reasonable prospect of litigating a criminal case against Epstein.  (DE 212-1 at 1–21; DE 216-1 at 1–12; DE 329-1 at 1–18).[4]  This CVRA litigation and the underlying criminal investigation are integrally related, and the work-product doctrine protects from discovery materials prepared in anticipation of either in the instant litigation.

---

[4]  The Government asserts that the work-product doctrine applies to documents prepared by attorneys in the Department of Justice's Office of Professional Responsibility (OPR) in response to Petitioners' counsel's request for an investigation into the Government's handling of the Epstein case.  (DE 216-1 at 12–14).  Although these documents were prepared by Government attorneys, the Government has not demonstrated that they were prepared "in anticipation of litigation or for trial" so as to be protected work product.  Fed. R. Civ. P. 26(b)(3)(A).  As discussed in the next section, however, the Court has thoroughly reviewed these documents and finds that they are not relevant, or likely to lead to materials relevant to the instant CVRA litigation.  (See <u>infra</u> Sect. B.3.)

Petitioners argue that the work-product doctrine "does not apply" in this case for two additional reasons.  First, they argue that the doctrine does not apply in a case brought by crime victims against the federal prosecutors who were bound to protect their rights under the CVRA. (DE 265 at 13).  Second, they argue that the doctrine does not apply because the conduct of those prosecutors is a "central issue" in this case.  (Id. at 15).  The Courts finds these arguments unavailing.

First, Petitioners argue that the "work product doctrine does not apply to claims advanced by crime victims that federal prosecutors have violated their public responsibilities under the Crime Victims' Rights Act."  (Id. at 14).  Because the CVRA compels prosecutors to make their "best efforts" to notify victims of their rights, Petitioners argue that the Government cannot withhold documents that "might allow them to protect those very rights."  (Id. at 15).  By way of illustration, Petitioners offer the case of In re Grand Jury Subpoena Duces Tecum, where the Eighth Circuit broadly stated that "the general duty of public service calls upon government employees and agencies to favor disclosure over concealment."  112 F.3d 910, 920 (8th Cir. 1997).

A closer inspection of In re Grand Jury Subpoena reveals that it does not stand for the categorical rule that the work product doctrine is inapplicable in cases against public prosecutors. The statement on which Petitioners rely was made in the context of determining whether to recognize a previously undefined privilege: "whether an entity of the federal government may use the attorney-client privilege to avoid complying with a subpoena by a federal grand jury."  Id. at 915 (emphasis added); see also id. at 921 ("We believe the strong public interest in honest government and in exposing wrongdoing by public officials would be ill-served by recognition of

13

a governmental attorney-client privilege applicable in criminal proceedings inquiring into the actions of public officials."). The Eighth Circuit did not purport to espouse a broad-ranging rule that defeated existing, well-defined privileges such as the work product doctrine. This is important, as the Supreme Court has recognized that the "work-product doctrine is distinct from and broader than the attorney-client privilege." United States v. Nobles, 422 U.S. 225, 238 (1975) (citing Hickman, 329 U.S. at 508). In fact, the Eighth Circuit went on to consider the application of the work product doctrine and concluded that it did not apply because the materials in question were not prepared in "anticipation of litigation." 112 F.3d at 924-25. It did not find the work product doctrine wholly inapplicable based on a goal of public disclosure.

In light of the well-established bounds of the work product doctrine—which grants public prosecutors "near absolute immunity" over their mental impressions in subsequent civil litigation—the Court finds that the CVRA's mandate that prosecutors make their "best efforts" to accord crime victims their rights does not create a "very rare and extraordinary circumstance" in which discovery of protected work product would be allowed. See Cox, 17 F.3d at 1422.

Second, Petitioners argue that the work product doctrine does not apply because the conduct of the Government's attorneys is a "central issue" in this case. (Id. at 15). Some lower courts have held that disclosure of opinion work product is "justified principally where the material is directly at issue, particularly if the lawyer or law firm is a party to the litigation." 8 Wright, Miller & Marcus, Fed. Prac. & Fed. P. § 2026, p. 567 & n.19 (3d ed. 2010) (collecting cases). To satisfy this showing, however, the party seeking disclosure of opinion work product must make "a far stronger showing of necessity and unavailability by other means" than is needed to justify discovery of fact-based work product. Id. (quoting Upjohn Co. v. United States,

14

449 U.S. 383, 402 (1981)); see also In re Doe, 662 F.2d 1073, 1080 (4th Cir. 1981) (even under

crime-fraud exception to work product doctrine, party "must show a greater need for the opinion

work product material than was necessary in order to obtain the fact work product material").

The Court finds that Petitioners have not made the strong showing of necessity and

unavailability required to disclose the mental impressions of counsel that might be at issue in this

case.  (See DE 265 at 16).  Discovery of opinion work product is most often granted in bad-faith

settlement cases, where "mental impressions [of the underlying counsel] are the pivotal issue in

the current litigation."  Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 573, 577 (9th Cir.

1992).  Other than by analogizing to bad-faith actions, Petitioners have not demonstrated how

delving in to the "mental impressions" of Government attorneys is pivotal to proving their

allegations that the Government failed to accord them their rights under the CVRA.  (See DE 265

at 15).  Insofar as they seek to demonstrate that the attorneys' mental impressions should have led

them to conclude that prosecution was the best course, such inquiry cannot be allowed for

reasons discussed above.  Elsewhere, Petitioners assert that they can prove their case by

demonstrating a "conspiracy between the Government and defense counsel to deliberately

conceal vital information from the victims."  (DE 266 at 7).  Because of the availability of this

method of proof, Petitioners lack a compelling need to gain access to internal Government work

product evidencing its internal mental impressions regarding the Epstein matter.

Finally, Petitioners argue that any work-product protection available in this case should

be negated because the Government's communications facilitated "misconduct" by depriving the

victims of their rights under the CVRA.  (DE 265 at 6).  The Eleventh Circuit has recognized that

"[t]he crime-fraud exception presents one of the rare and extraordinary circumstances in which

15

opinion work product is discoverable." Cox, 17 F.3d at 1422.  The Eleventh Circuit has not

indicated whether this "rare and extraordinary" exception extends to instances of "misconduct"

in the form of violating a civil rights statute, such as the CVRA.  Even so, the Court finds that

such alleged "misconduct" does not rise to the level of conduct that triggers an exception to the

work product doctrine.  See, e.g., In re Sealed Case, 754 F.2d 395, 401 (D.C. Cir. 1985)

(exception to attorney-client privilege applied where alleged wrongdoing included "perjured

testimony, document destruction, and similar misconduct"); United States v. Myers, 593 F.3d

338, 347 n.14 (4th Cir. 2010) (noting that exception applied where litigant "defrauded" public

defender by submitting false invoices).  Petitioners' allegation that the Government failed to

accord them their full CVRA rights—the allegation at the heart of this case—does not rise to the

level of conduct sufficiently serious enough to displace the work product privilege.

Moreover, Petitioners fail to set forth prima facie evidence that the Government in fact

committed "misconduct" in this case.  To invoke the crime-fraud exception, the party seeking

disclosure must (1) make a prima facie showing that the material was produced in the

commission of criminal or fraudulent conduct and (2) that it was produced "in furtherance of the

criminal or fraudulent activity or was closely related to it." Cox, 17 F.3d at 1416; see also id. at

1422 (noting that same "two-part test" applies in context of both attorney client privilege and

work product doctrine).  Petitioners argue that the fact that the OPR "collected information about

possible improper behavior" establishes a prima facie case of Government misconduct.  (DE 265

at 7).  An investigation into wrongdoing does not presuppose that wrongdoing took place.  After

its in camera review, the Court finds that Petitioners have not made a prima facie showing of

serious misconduct sufficient to negate the protections of the work product doctrine.

16

Materials constituting the opinion work product of the Government's attorneys shall therefore be withheld from Petitioners.  Certain documents that the Court considers fact-based work product may be produced subject to relevancy considerations discussed below.

**B.      Relevancy of Requests for Production**

In addition to asserting privileges, the Government responds to Petitioners' first request for production by arguing that many of the materials requested are not relevant to the instant CVRA litigation.  (DE 260).

Rule 26 of the Federal Rules of Civil Procedure defines the general scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  "Discovery should ordinarily be allowed unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action."  Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 695-96 (S.D. Fla. 2007) (citing Dunkin' Donuts, Inc. v. Mary's Donuts, Inc., No. 01-0392, 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001)).

**1.  Request No. 1—the FBI File on the Epstein Matter and Indictment Material**

In their first request for production, Petitioners seek the file generated by the FBI in the Epstein matter, including all documents "collected as part of its case against and/or investigation

of Epstein." (DE 260 at 2). Petitioners also request that the Government produce all prosecution memoranda and draft indictments prepared in the case. (Id.). The Government argues that such materials regarding its decision to prosecute Epstein are irrelevant to the issue of whether they denied Petitioners their rights under the CVRA. (Id.). Petitioners disagree. They argue that "materials going to the strength of the Government's case against Epstein" are a "vital part" of their case against the Government. (DE at 266 at 8). "Those materials would directly demonstrate that the Government had an extremely strong case against Epstein, giving the Government a motive for needing to keep the victims in the dark about the plea deal." (Id.). The Court concludes that discovery should not extend to these materials.

First, the Court finds that all prosecution memoranda, research into indictable offenses, and draft indictments are protected opinion work product. These documents were created by the Government in anticipation of a possible prosecution of Epstein and evince the Government's internal mental impressions, legal theories, and strategy concerning the issues presented by a possible prosecution. As discussed above, Petitioners have not demonstrated "rare and extraordinary circumstances" justifying an exception to this well-established protection.

Second, the Court finds that the information in the FBI's file regarding its investigation into Epstein has no possible bearing on the CVRA claim that is the subject matter of this action. Petitioners assert that the relevancy of this material is to "directly demonstrate that the Government had an extremely strong case against Epstein." (DE 266 at 8). As discussed above, this Court is ill-equipped to decide that the Government did in fact have a "strong case" for prosecution and made a hard-to-explain decision to forego a federal prosecution in lieu of a state plea. Rather, the inquiry for the Court is whether the Government afforded Petitioners their

18

rights under the CVRA, which does not turn on its decision whether to initiate a federal

prosecution.  See 18 U.S.C. § 3771(d)(6).  Materials going to the "strength" of the Government's

case for prosecution—and whether the Government had a motive to hide an embarrassing

misstep in failing to prosecute—have no relevance to that inquiry.

### 2.   Request No. 10—Materials Proving that the FBI was Mislead about Likelihood of Prosecution

Request number 10 requests "[a]ll documents, correspondence, and other information

relating to discussions between the U.S. Attorney's Office and the FBI concerning the status of

the investigation and the plea discussions with Epstein, as well as what kind of charges would

appropriately be filed against Epstein," and "[a]ll documents, correspondence, and other

information relating to the U.S. Attorney's Office's representations to the FBI and any other state

or local law enforcement agency about how this case was being handled."  (DE 274 at 5).  The

Government argues that communications it had with the FBI are irrelevant because the "decision

on whether to prosecute belongs to the United States Attorney."  (DE 260 at 3).  Petitioners argue

that these communications between the United States Attorney's Office and the FBI lie at the

"heart of this case" because they will prove that the Government mislead the FBI about the

progress of the Epstein case, and the FBI in turn mislead the victims.  (DE 266 at 9).  The Court

concludes that discovery should not extend to these materials.

First, the vast majority of documents responsive to this request—communications

between the U.S. Attorney's Office and the FBI—are protected from disclosure under either

principles of grand jury secrecy, the opinion work product doctrine, or both.  (See Table).

Second, the only portion of FBI materials which the Court has not found to be protected

19

by either grand jury secrecy or work product protection—the file folder labeled "(Victims)

Additional 302's," P-012624–012653 (DE 212-1 at 21)—is not responsive to the instant request

as it does not contain communications from the United States Attorney's Office to the FBI,

which was then in a position to relay communications to the victims.  Rather, these materials

contain fact-based summaries of statements provided by victims to interviewing FBI agents.

They are not relevant to this proceeding.

### 3.  Request No. 16—Materials Proving that Prosecutors had Improper Relationships with Persons Close to Epstein

Request number 16 seeks materials demonstrating that persons inside the United States

Attorney's Office had improper relationships with persons close to Epstein.  (DE 260 at 3).

Petitioners argue that these documents "show[] that a prosecutor working inside the U.S.

Attorney's Office when the deal was being arranged left the office shortly thereafter and began

representing persons close to Epstein (such as his pilots)."  (DE 266 at 11).  They argue that such

materials are relevant to their CVRA case because "if one of the prosecutors in the Office was

not working for the best interests of the United States, but rather for those of Epstein, that would

be clear evidence of motive to intentionally keep the victims in the dark."  (Id. at 11).  The Court

concludes that production of such documents should not issue.

After its in camera review, the Court finds that the documents discussing the issue of

whether an improper relationship existed between a former prosecutor and Epstein's co-

conspirators are not relevant to this proceeding.  The issue of whether a prosecutor violated

ethical canons by representing persons with close ties to Epstein after his retirement from the

United States Attorney's Office does not bear on the issue of whether the Government violated

Petitioners' CVRA rights <u>during</u> its negotiations with Epstein.  The only impropriety to which

Petitioners point occurred after the prosecutor's departure from the Government.  The

OPR—which opened an inquiry into the matter at Petitioners' counsel's request—closed their

inquiry into the matter by noting that the OPR has jurisdiction to investigate allegations of

misconduct involving only current Department of Justice attorneys.  (<u>See</u> P-013937;[5] <u>see also</u> P-

0013946).  The OPR did not investigate the matter further, and it issued no factual

determinations on whether a conflict existed before the prosecutor's departure.  Any OPR

correspondence regarding this inquiry that is not otherwise privileged is irrelevant to this CVRA

litigation.  (<u>See</u> Table at P-013944, P-013945).

In the same vein, correspondence between the United States Attorney's Office and the

OPR regarding self-reporting of conflicts alleged by Epstein's defense counsel are irrelevant to

this proceeding.[6]  (DE 212-1 at 21-22); (<u>see</u> Table at P-013227–013247).

### 4.  Request No. 18—Documents Concerning Recusal of the United States Attorney's Office for the Southern District of Florida

Request number 18 seeks information about why the United States Attorney's Office for

the Southern District of Florida was "'conflicted out' of handing various issues related to the

Epstein case."  (DE 266 at 11).  Specifically, it requests "all documents, correspondence, and

other information regarding the potential conflicts of interest that the Justice Department

discussed or determined existed for the USAO SDFL, as well as any referral that was made to

---

[5]  This is a draft letter addressed to Petitioners' counsel from an OPR attorney.  The Court assumes Plaintiff's counsel received the final version of this letter explaining the OPR's reasons for closing its investigation.

[6]  Ironically, Epstein's counsel raised conflict-of-interest concerns because they believed that certain prosecutors were too close to persons associated with the victims.

Main Justice or to any other District, including any documents that were transmitted to any other District regarding the conflict and regarding what was to be investigated."  (DE 260 at 4). Petitioners argue that such materials are relevant because they "show why the victims did not receive proper notifications about the non-prosecution agreement that the [United States Attorney's Office for the Southern District of Florida] negotiated with Epstein."  (DE 266 at 11). The Court concludes that the materials are not relevant in that regard.

First, the Court finds that the responsive documents are shielded by governmental attorney-client privilege.  The responsive documents are internal Department of Justice correspondences between attorneys for the United States Attorney's Office for the Southern District of Florida and the Executive Office of United States Attorneys.  (DE 212-1 at 22-23); (see Table at P-013248–13278).  One of the Executive Office's functions is to "[p]rovide general legal interpretations, opinions, and advice to United States Attorneys in areas of recusals." Offices of the United States Attorneys, United States Department of Justice, http://www.justice.gov/usao/eousa/mission-and-functions (last visited June 19, 2015).  The internal documents that Petitioners seek relate to the provision of legal advice by the Executive Office to the United States Attorney's Office for the Southern District of Florida regarding how to proceed in the Epstein matter given the initiation of CVRA litigation by Petitioners.  These communications are solely between attorneys within the United States Department of Justice. The communications do not constitute the commission of crime, fraud, or misconduct, but rather simply advise how to proceed given that allegations of misconduct have been made, i.e., allegations that the Government violated the victims' CVRA rights.

Moreover, the documents related to the recusal determination are not relevant to matters

22

concerning whether the Government violated Petitioners' CVRA rights several years before. Petitioners speculate that the reason that the Southern District recused "may have to do with the Office's treatment of the victims." (DE 266 at 12). The Court has reviewed the recussal materials, and they do not indicate that the Office had to step away from the Epstein matter because of its handling of victims' notifications, but rather because of the perceived conflict that would exist if the Office continued to investigate Epstein after the institution of CVRA litigation by Petitioners. The recusal materials have no relevancy to anything that occurred prior to the institution of the instant litigation by Petitioners.

### 5.  Request No. 19—Materials Related to Defense's Assault on Prosecution

In request number 19, Petitioners seek all documents supporting, or contradicting, a statement made by a United States Attorney to the media that Epstein launched "a yearlong assault on the prosecution and the prosecutors." (DE 260 at 4). After its <u>in camera</u> review, the Court has not identified any documents that are responsive to this request that are not otherwise protected opinion work product. No production under this request is necessary.

### 6.  Request No. 25—Initial Disclosures under FRCP 26(a)(1)

Finally, Petitioners request that the Government comply with its obligation to serve initial disclosures under Federal Rule of Civil Procedure 26(a)(1). Although Petitioners have already served their Rule 26(a)(1) disclosures (DE 266 at 13), and although this Court has repeatedly held that the Federal Rules of Civil Procedure "govern the general course of this proceeding," the Government maintains that the rule governing initial disclosures in civil litigation does not apply to it in this case. (DE 274 at 8). The Court disagrees. The Government shall serve its Rule 26(a)(1) disclosures on Petitioners within 14 days of this Opinion and Order.

23

C.      **Other Considerations**

Before concluding, the Court finds it necessary to address certain aspects of the

Government's privilege logs.

As mentioned, the Court previously ordered the Government to provide Petitioners all

"documentary material exchanged by or between the federal government and persons or entities

outside the federal government."  (DE 190 at 2).  Petitioners state that they "have now obtained

the full text of correspondence between the defense attorneys and the prosecutors."  (DE 298 at

6).  The documents produced for in camera review contain correspondence between the

Government and counsel for both Epstein and Petitioners.  Some of the documents were

inadvertently marked as privileged; some of the documents bear handwritten notes of

Government attorneys, and some are part of communication chains made up of both internal and

external communications.  The Table at the end of this order indicates instances where such

communications appear.  The Court requests that the Government certify within 14 days that

Petitioners have been provided with all external communications.

Additionally, the Court has identified several documents that are asserted "work product,"

but which are nothing more than factual complications of information regarding victim

identification.  The Court finds that Petitioners have a compelling need to know which

individuals the Government considered to be victims or potential victims at the time it negotiated

the non-prosecution agreement.  As indicated in the Table, the Government should confer with

Petitioners regarding the names of the individuals identified in these documents.  If Petitioners

have not been previously provided with these names, then Petitioners should have production of

the indicated documents.  The parties should stipulate to an appropriate protective order to

24

protect the victims' identity.

### III.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Government shall produce documents consistent with the following Table.  It is further **ORDERED AND ADJUDGED** that Intervenor Epstein's Motion for the Court to Protect From Disclosure Grand Jury Materials (DE 263) is **GRANTED**, and Petitioners' Motion to Seal (DE 267) is **DENIED** in light of this Court's Order at DE 326; DE 268 is hereby **UNSEALED**.

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 6th day July, 2015.

_____
KENNETH A. MARRA
United State District Judge

**TABLE**
Detail of Privilege and Relevancy Holdings

| Bates Range | Ruling on Privilege or Relevancy | Comment (as necessary) |
|---|---|---|
| 1:000001–000039[7] | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 1:000040–000549 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 1:000550–000621 | Protected from discovery by grand jury secrecy. | |
| 1:000622–000693 | Protected from discovery by grand jury secrecy. | |
| 1:000694-000781 | Protected from discovery by opinion work product privilege. | |
| 1:000782–000803 | Protected from discovery by grand jury secrecy. | |
| 1:000804–000854 | Protected from discovery by grand jury secrecy. | |
| 1:000855–000937 | Protected from discovery by grand jury secrecy. | |
| 1:000938–000947 | Protected from discovery by grand jury secrecy. | |
| 1:000948–000982 | Protected from discovery by opinion work product privilege. | |
| 1:000983–001007 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 1:001008–001056 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 1:001057–001959 | Protected from discovery by grand jury secrecy. | |
| 1:001960–002089 | Protected from discovery by grand jury secrecy. | |
| 1:002090–002169 | Protected from discovery by grand jury secrecy. | |
| 1:002170–002246 | Protected from discovery by grand jury secrecy. | |
| 1:002247–002265 | Protected from discovery by grand jury secrecy. | |
| 1:002266–002386 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 1:002387–002769 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |

---

[7] The first digit indicates the box number, with an "S" indicating materials identified in the supplemental privilege logs (DEs 216-1, 329-1).  The numbers following the colon are page ranges.

| | | |
|---|---|---|
| 1:002770–003211 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 1:003212–003545 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 1:003546–003552 | Protected from discovery by opinion work product privilege. | |
| 1:003553–003555 B | Protected from discovery by opinion work product privilege. | |
| 1:003556–003562 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 1:003563–003629 | Protected from discovery by grand jury secrecy. | |
| 1:003630–003633 | Protected from discovery by opinion work product privilege. | |
| 1:003634–003646 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 1:003647–003651 | Produce victim identities. | Document bears no indication that it was directly related to grand jury presentation, and it does not exhibit the mental impressions of counsel but rather the cumulation of facts. Petitioners should be provided with the victim identities under an appropriate protective order. |
| 1:003664–003678 | Protected from discovery by opinion work product privilege. | |
| 1:003679–003680 | Protected from discovery by opinion work product privilege. | |
| 1:003681–003687 | Protected from discovery by opinion work product privilege. | |
| 1:003688–003693 | Protected from discovery by opinion work product privilege. | |
| 1:003694–003711 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 1:003712 | Produce victim identity. | Contains nothing other than the written name of one victim. The Court finds that no privilege applies, and Petitioners should be made aware that this victim was known to the Government. |

| | | |
|---|---|---|
| 1:003713–003746 | Protected from discovery by grand jury secrecy. | |
| 1:003747–003751 | Protected from discovery by grand jury secrecy. | |
| 1:003752–004295 | Protected from discovery by grand jury secrecy. | |
| 1:004296–004350 | Protected from discovery by grand jury secrecy; also contains no materials relevant or likely to lead to discovery of materials relevant to the instant CVRA litigation. | |
| 1:004351–004381 | Protected from discovery by work product privilege. | |
| 1:004382–004478 | Protected from discovery by grand jury secrecy. | |
| 1:004479–004551 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 1:004552–004555 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 1:004556–004560 | Production not necessary; not relevant or likely to lead to the discovery of materials relevant to the instant CVRA litigation. | Contains factual information regarding the employment and wage history of Epstein's employees, obtained during the investigation into Epstein and his associates.  No bearing on victim notification or rights. |
| 1:004561–004565 | Protected from discovery by opinion work product privilege. | |
| 1:004566–004716 | Protected from discovery by grand jury secrecy. | |
| 1:004717–004722 | Protected from discovery by opinion work product privilege. | |
| 1:004723–004725 | Protected from discovery by opinion work product privilege. | |
| 1:004726–004819 | Protected from discovery by opinion work product privilege. | |
| 1:004820–004959 | Protected from discovery by opinion work product privilege. | |
| 1:004960–005059 | Protected from discovery by grand jury secrecy; also not relevant or likely to lead to the discovery of materials relevant to the instant CVRA litigation. | Contains factual information regarding the call history of Epstein (and associates) to victims, obtained during investigation into Epstein and associates.  Contains no information bearing on Government's obligation to crime victims. |

| 1:005060–005081 | Partially protected from discovery by opinion work product privilege. | Attorney handwritten notes are protected from discovery; the underlying correspondence is not and should be produced. The Government must certify that Petitioners have been provided the correspondence. |
|---|---|---|
| 1:005082–005083 | Protected from discovery by opinion work product privilege. | |
| 1:005108–005193 | Protected from discovery by opinion work product privilege. | |
| 1:005194–005300 | Protected from discovery by opinion work product privilege. | |
| 1:005301–005331 | Protected from discovery by grand jury secrecy. | |
| 1:005332–005341 | Protected from discovery by opinion work product privilege. | |
| 1:005342–005387 | Protected from discovery by grand jury secrecy. | |
| 1:005388–005442 | Except P-005420, protected from discovery by grand jury secrecy and opinion work product privilege. | The victims list at P-005420 bears no indication that it was produced to a grand jury and bears no attorney mental impressions.  Petitioners should be provided with the victim identities under an appropriate protective order. |
| 1:005443–005496 | Protected from discovery by grand jury secrecy. | |
| 1:005497–005556 | Protected from discovery by grand jury secrecy. | |
| 1:005557–005576 | Protected from discovery by opinion work product privilege. | |
| 1:005578–005583 | Protected from discovery by opinion work product privilege. | |
| 1:005584–005606 | Except P-005590–005595 and P-005596, protected from discovery by grand jury secrecy and opinion work product privilege. | P-005590–005595 and P–005596 are correspondence documents sent to victim's counsel.  No privilege applies. The Government must certify that Petitioners have been provided the correspondence. |
| 2:005607–005914 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |

29

| | | |
|---|---|---|
| 2:005915–005977 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:005978–006050 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:006051–006065 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:006066–006220 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:006221–006222 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:006223–006522 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:006523–006802 | Protected from discovery by grand jury secrecy. | |
| 2:006803–006860 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:006861–007785 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:007786–008120 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:008121–008139 | Protected from discovery by grand jury secrecy. | |
| 2:008140–008298 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:008364–008382 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:08383–008516 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:008536–008542 | Protected from discovery by opinion work product privilege. | |
| 2:008543–008549 | Protected from discovery by opinion work product privilege. | |
| 2:008550-008615 | Protected from discovery by opinion work product privilege. | |
| 2:008616–008686 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:008687–008776 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |

| | | |
|---|---|---|
| 2:008777-008808 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:008809–008847 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:008848-008862 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:008863–008890 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:009104–009111 | Protected from discovery by opinion work product privilege. | |
| 2:009126–008134 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:009135–009141 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:009141A–009141C | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:009142–009152 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:009153–009156 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:009157–009208 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:009209–009213 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:009214–009271 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:009272–009354 | Protected from discovery by opinion work product privilege. | |
| 2:009355–009403 | Protected from discovery by opinion work product privilege. | |
| 2:009404–009536 | Protected from discovery by opinion work product privilege. | |
| 2:009537–009574 | Protected from discovery by opinion work product privilege. | |
| 2:009575–009603 | Protected from discovery by opinion work product privilege. | |
| 2:009604–009711 | Protected from discovery by opinion work product privilege. | |

31

| | | |
|---|---|---|
| 2:009820–009965 | Protected from discovery by opinion work product privilege. | |
| 2:009966–010096 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:010097–010276 | Protected from discovery by opinion work product privilege. | |
| 2:010277–010394 | Protected from discovery by opinion work product privilege. | |
| 2:010395–010488 | Protected from discovery by opinion work product privilege. | |
| 2:010489–010509 | Protected from discovery by opinion work product privilege. | |
| 2:010510–010525 | Protected from discovery by opinion work product privilege. | |
| 2:010526–010641 | Protected from discovery by opinion work product privilege. | The correspondence between the Government and Epstein's counsel is not privileged and should be produced.  The Government must certify that it has been produced. |
| 2:010642–010650 | Protected from discovery by opinion work product privilege. | |
| 2:010651–010659 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:010660–010757 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 2:010758–010793 | Protected from discovery by opinion work product privilege. | |
| 2:010794–010829 | Protected from discovery by opinion work product privilege. | |
| 2:010830–010853 | Protected from discovery by opinion work product privilege. | |
| 2:010854–010876 | Protected from discovery by opinion work product privilege. | |
| 2:010877–010920 | Protected from discovery by opinion work product privilege. | |
| 2:010921–011049 | Protected from discovery by opinion work product privilege. | |

| 2:011050–011212 | Protected from discovery by opinion work product privilege. | |
|---|---|---|
| 2:011213–011237 | Protected from discovery by opinion work product privilege. | |
| 2:011238–011319 | Protected from discovery by opinion work product privilege. | |
| 2:011320–011361 | Protected from discovery by opinion work product privilege. | |
| 2:011362–011374 | Protected from discovery by opinion work product privilege. | |
| 2:011375–011456 | Protected from discovery by opinion work product privilege. | |
| 2:011457–011626 | Protected from discovery by opinion work product privilege. | |
| 3:011627–011662 | Protected from discovery by opinion work product privilege. | |
| 3:011663–012361 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 3:011699–011777 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 3:011778–011788 | Produce victim identities. | Document does not exhibit the mental impressions of counsel but rather the cumulation of facts.  Petitioners should be provided with the victim identities under an appropriate protective order. |
| 3:011789–011879 | Protected from discovery by opinion work product privilege. | |
| 3:011880–011922 | Protected from discovery by opinion work product privilege. | |
| 3:011923–011966 | Protected from discovery by opinion work product privilege. | The underlying correspondence between Government and Epstein's counsel should be produced without attorney annotations.  The Government must certify that Petitioners have this correspondence. |
| 3:011967–012016 | Protected from discovery by opinion work product privilege. | |

| | | |
|---|---|---|
| 3:01217–012055 | Protected from discovery by grand jury secrecy. | |
| 3:012056–012088 | Protected from discovery by grand jury secrecy. | |
| 3:012089–012129 | Protected from discovery by grand jury secrecy. | |
| 3:012130–012150 | Protected from discovery by grand jury secrecy. | |
| 3:012151–012167 | Protected from discovery by grand jury secrecy. | |
| 3:012168–012170 | Protected from discovery by grand jury secrecy. | |
| 3:012171–012173 | Protected from discovery by grand jury secrecy. | |
| 3:012174–012176 | Protected from discovery by opinion work product privilege. | Final versions of sent correspondence should be produced.  The Government must certify whether Petitioners have any sent version of this correspondence. |
| 3:012177–012178 | Protected from discovery by opinion work product privilege. | |
| 3:012179–012188 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 3:012362–012451 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 3:012451–012452 | Produce victim identities. | Document does not exhibit the mental impressions of counsel but rather the cumulation of facts.  Petitioners' need outweighs investigative privilege.  Petitioners should be provided with the victim identities under an appropriate protective order. |
| 3:012453–012623 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 3:012624–012653 | Production not necessary; documents are not relevant or likely to lead to the discovery of materials relevant to this CVRA litigation. | The Court has reviewed the content of the FBI "302's," which are forms prepared by FBI agents to document interviews.  These interview reports summarize the various victims' interactions with Epstein, and do not indicate a conveyance of information from the FBI to the victims regarding the likelihood of prosecution. |

| | | |
|---|---|---|
| 3:012654–012864 | Protected from discovery by opinion work product privilege. | |
| 3:012865–013226 | Protected from discovery by grand jury secrecy and opinion work product privilege. | |
| 3:013227 | Production not necessary; not relevant or likely to lead to the discovery of materials relevant to this CVRA litigation. | Involves OPR investigation into Epstein's allegation that certain prosecutors had conflicts of interest. Not relevant to victims' CVRA rights. |
| 3:013228–013230 | Production not necessary; not relevant or likely to lead to the discovery of materials relevant to this CVRA litigation. | Involves OPR investigation into Epstein's allegation that certain prosecutors had conflicts of interest. Not relevant to victims' CVRA rights. |
| 3:013231–013239 | Production not necessary; not relevant or likely to lead to the discovery of materials relevant to this CVRA litigation. | Involves OPR investigation into Epstein's allegation that certain prosecutors had conflicts of interest. Not relevant to victims' CVRA rights. |
| 3:013240–013247 | Production not necessary; not relevant or likely to lead to the discovery of materials relevant to this CVRA litigation. | Involves OPR investigation into Epstein's allegation that certain prosecutors had conflicts of interest. Not relevant to victims' CVRA rights. |
| 3:013248–013251 | Protected from disclosure by the attorney–client privilege; also not relevant or likely to lead to the discovery of materials relevant to this CVRA litigation. | |
| 3:013252–013253 | Protected from disclosure by the attorney–client privilege; also not relevant or likely to lead to the discovery of materials relevant to this CVRA litigation. | |
| 3:013254–013257 | Protected from disclosure by the attorney–client privilege; also not relevant or likely to lead to the discovery of materials relevant to this CVRA litigation. | |
| 3:013258–013259 | Protected from disclosure by the attorney–client privilege; also not relevant or likely to lead to the discovery of materials relevant to this CVRA litigation. | |
| 3:013260–013262 | Protected from disclosure by the attorney–client privilege; also not relevant or likely to lead to the discovery of materials relevant to this CVRA litigation. | |

| | | |
|---|---|---|
| 3:013263–013271 | Protected from discovery by attorney–client and opinion work product privilege; also not relevant or likely to lead to the discovery of materials relevant to this CVRA litigation. | |
| 3:013272–013278 | Protected from disclosure by the attorney–client privilege; also not relevant or likely to lead to the discovery of materials relevant to this CVRA litigation. | |
| S:013279–013280 | Protected from discovery by opinion work product privilege. | |
| S:013281 | Protected from discovery by opinion work product privilege. | |
| S:013282–013283 | Protected from discovery by opinion work product privilege. | |
| S:013284 | Protected from discovery by opinion work product privilege. | |
| S:013285–013289 | Protected from discovery by opinion work product privilege. | |
| S:013290–013292 | Protected from discovery by opinion work product privilege. | |
| S:013293–013299 | Protected from discovery by opinion work product privilege. | The portions of this correspondence between the Government and Epstein's counsel should be produced. The Government must certify that Petitioners have been provided with these outside correspondences. |
| S:013300–013303 | Protected from discovery by opinion work product privilege. | |
| S:013304–013325 | Protected from discovery by opinion work product privilege. | |
| S:013326–013329 | Protected from discovery by opinion work product privilege. | |
| S:013330–013333 | Protected from discovery by opinion work product privilege. | |
| S:013334–013337 | Protected from discovery by opinion work product privilege. | |

| | | |
|---|---|---|
| S:013342–013350 | Protected from discovery by opinion work product privilege. | The underlying correspondence between Epstein's counsel and the Government should be produced without attorney annotations.  The Government must certify that Petitioners have been provided with these outside correspondences. |
| S:013351–013361 | Protected from discovery by opinion work product privilege. | The underlying correspondence between Epstein's counsel and the Government should be produced without attorney annotations.  The Government must certify that Petitioners have been provided with these outside correspondences. |
| S:013362–013366 | Protected from discovery by opinion work product privilege. | Any version of the letter actually sent to Epstein's counsel should be produced. Government must certify whether it has been produced. |
| S:013367–013372 | Protected from discovery by opinion work product privilege. | Any version of the letter actually sent to Epstein's counsel should be produced. Government must certify whether it has been produced. |
| S:013373–013503 | Protected from discovery by opinion work product privilege. | |
| S:013504–013507 | Protected from discovery by opinion work product privilege. | |
| S:013508–013514 | Partially protected from discovery by opinion work product privilege. | Only the top portion of P-013509 contains materials internal to the Government—a one-sentence email between two United States Attorneys. The Government must certify that Petitioners have the remainder of P-013509 and P-013510–013514, as these communications are between the Government and Epstein's counsel. |

| S:013515–013525 | Protected from discovery by opinion work product privilege. | Any final version of the letter actually sent to Epstein's counsel should be produced. Government must certify whether it has been produced. |
|---|---|---|
| S:013526–013527 | Protected from discovery by opinion work product privilege. | |
| S:013528–013530, 013532–013537 | Protected from discovery by opinion work product privilege. | |
| S:013531 | Protected from discovery by grand jury secrecy. | |
| S:013538–013553 | Protected from discovery by opinion work product privilege. | |
| S:013554–013608 | Protected from discovery by opinion work product privilege. | |
| S:013609–013615 | Protected from discovery by grand jury secrecy. | |
| S:013616–013621 | Protected from discovery by opinion work product privilege. | |
| S:013622–013643 | Protected from discovery by opinion work product privilege. | |
| S:013644–013653 | Protected from discovery by opinion work product privilege. | |
| S:013654–013745 | Protected from discovery by opinion work product privilege. | |
| S:013747–013810 | Protected from discovery by opinion work product privilege. | |
| S:013811–013833 | Protected from discovery by opinion work product privilege. | |
| S:013834–013835 | Protected from discovery by opinion work product privilege. | |
| S:013836–013837 | Protected from discovery by opinion work product privilege. | |
| S:013838–013841 | Protected from discovery by opinion work product privilege; also not relevant material or likely to lead to discovery of material relevant to the instant CVRA litigation. | The underlying correspondence between Epstein's counsel and the Government should be produced without attorney annotations.  The Government must certify that Petitioners have been provided with these outside correspondences. |

38

| | | |
|---|---|---|
| S:013842 | Protected from discovery by opinion work product privilege; also not relevant material or likely to lead to discovery of material relevant to the instant CVRA litigation. | |
| S:013843–013844 | Protected from discovery by opinion work product privilege. | |
| S:013845–013846 | Protected from discovery by opinion work product privilege. | |
| S:013847–013849 | Protected from discovery by opinion work product privilege. | |
| S:013850 | Protected from discovery by opinion work product privilege. | |
| S:013851–013853 | Protected from discovery by opinion work product privilege. | |
| S:013854 | Protected from discovery by opinion work product privilege. | |
| S:013855 | Protected from discovery by opinion work product privilege. | |
| S:013856–013857 | Protected from discovery by opinion work product privilege. | |
| S:013858 | Protected from discovery by opinion work product privilege. | |
| S:013861–013865 | Protected from discovery by opinion work product privilege. | |
| S:013866 | Protected from discovery by opinion work product privilege. | |
| S:013867–013868 | Protected from discovery by opinion work product privilege. | |
| S:013869 | Protected from discovery by opinion work product privilege. | |
| S:013870–013871 | Produce; not protected from discovery by any privilege. | Only the top portion of the email chain contains correspondence internal to the Government, and this does not divulge any mental impressions or legal theories.  The rest of the email chain is between the Government and Epstein's counsel.  It should be produced. |

| | | |
|---|---|---|
| S:013872 | Protected from discovery by opinion work product privilege. | Besides internal Government correspondence, contains one email correspondence between the Government and Epstein's counsel, which will be produced at P–013870–013871. |
| S:013873 | Protected from discovery by opinion work product privilege. | |
| S:013876–013877 | Partially protected from discovery by opinion work product privilege. | The email correspondence at P–013877 is between the Government and Epstein's counsel, and not privileged. The Government must certify that Petitioners have been provided with these outside correspondences. |
| S:013878–013879 | Protected from discovery by opinion work product privilege. | |
| S:013880–013882 | Partially protected from discovery by opinion work product privilege. | Only the top two email correspondences are internal to the Government.  The remaining emails, starting at the bottom of P-013880 and running through P-013882, are between the Government and Epstein's counsel, and should be produced.  The Government must certify that Petitioners have been provided with these outside correspondences. |
| S:013883 | Protected from discovery by opinion work product privilege. | |
| S:013884–013886 | Protected from discovery by opinion work product privilege. | |
| S:013887 | Protected from discovery by opinion work product privilege. | |
| S:013888 | Protected from discovery by opinion work product privilege. | |
| S:013889–013890 | Protected from discovery by opinion work product privilege. | |
| S:013891 | Protected from discovery by opinion work product privilege. | |

| | | |
|---|---|---|
| S:013894–013898 | Protected from discovery by opinion work product privilege. | |
| S:013899 | Protected from discovery by opinion work product privilege. | |
| S:013900–013901 | Protected from discovery by opinion work product privilege. | |
| S:013902 | Protected from discovery by opinion work product privilege. | |
| S:013903–013904 | Identical to the email chain at S:013870–013871, and should likewise be disclosed. | |
| S:013905 | Partially protected from discovery by opinion work product privilege. | Email correspondence at bottom of page between Government and Epstein's counsel should be produced. The Government must certify that Petitioners have been provided with these outside correspondences. |
| S:013906 | Protected from discovery by opinion work product privilege. | |
| S:013909–013911 | Not relevant or likely to lead to material relevant to the instant CVRA litigation. | |
| S:013912–013914 | Not relevant or likely to lead to material relevant to the instant CVRA litigation. | |
| S:013915–013918 | Not relevant or likely to lead to material relevant to the instant CVRA litigation. | |
| S:013919–013921 | Not relevant or likely to lead to material relevant to the instant CVRA litigation. | |
| S:013922–013924 | Not relevant or likely to lead to material relevant to the instant CVRA litigation. | |
| S:013925–013927 | Not relevant or likely to lead to material relevant to the instant CVRA litigation. | The final version of this letter, which is addressed to Petitioners' counsel, should be available to Petitioners. |
| S:013928–013930 | Not relevant or likely to lead to material relevant to the instant CVRA litigation. | The final version of this letter, which is addressed to Petitioners' counsel, should be available to Petitioners. |

| | | |
|---|---|---|
| S:013931–013933 | Not relevant or likely to lead to material relevant to the instant CVRA litigation. | The final version of this letter, which is addressed to Petitioners' counsel, should be available to Petitioners. |
| S:013934–013936 | Not relevant or likely to lead to material relevant to the instant CVRA litigation. | |
| S:013937–013939 | Not relevant or likely to lead to material relevant to the instant CVRA litigation. | The final version of this letter, which is addressed to Petitioners' counsel, should be available to Petitioners. |
| S:013940–013942 | Not relevant or likely to lead to material relevant to the instant CVRA litigation. | |
| S:013943 | Not relevant or likely to lead to material relevant to the instant CVRA litigation. | |
| S:013944 | Not relevant or likely to lead to material relevant to the instant CVRA litigation. | |
| S:013945 | Not relevant or likely to lead to material relevant to the instant CVRA litigation. | |
| S:013946 | Not relevant or likely to lead to material relevant to the instant CVRA litigation. | |
| S:013947 | Not relevant or likely to lead to material relevant to the instant CVRA litigation. | |
| S:013948–013951 | Not relevant or likely to lead to material relevant to the instant CVRA litigation. | |
| S:013952–013953 | Not relevant or likely to lead to material relevant to the instant CVRA litigation. | |
| S:013954–013955 | Not relevant or likely to lead to material relevant to the instant CVRA litigation. | |
| S:013956–013969 | Protected from discovery by opinion work product privilege. | |
| S:[8]13970-13971 | Protected from discovery by opinion work product privilege; also, not relevant or likely to lead to material relevant to this CVRA litigation. | |
| S:13972 | Protected from discovery by opinion work product privilege. | |
| S:13973-13976 | Protected from discovery by opinion work product privilege. | |

---

[8] The Government's Second Supplemental Privilege Log begins here. (DE 329-1).

| | | |
|---|---|---|
| S:13977-13979 | Protected from discovery by opinion work product privilege. | |
| S:13980 | Protected from discovery by opinion work product privilege. | |
| S:13981 | Protected from discovery by opinion work product privilege. | |
| S:13982 | Protected from discovery by opinion work product privilege. | |
| S:13983-13984 | Protected from discovery by opinion work product privilege. | |
| S:13985-13989 | Protected from discovery by opinion work product privilege. | |
| S:13990-13991 | Protected from discovery by opinion work product privilege. | |
| S:13992-13994 | Protected from discovery by opinion work product privilege. | |
| S:13995-14010 | Protected from discovery by opinion work product privilege; also, not relevant or likely to lead to material relevant to this CVRA litigation. | |
| S:S:14011-14025 | Protected from discovery by opinion work product privilege. | |
| S:14026-14027 | Protected from discovery by opinion work product privilege. | |
| S:14028-14030 | Protected from discovery by opinion work product privilege. | |
| S:14031-01432 | Protected from discovery by opinion work product privilege. | |
| S:14033 | Protected from discovery by opinion work product privilege. | |
| S:14034 | Protected from discovery by opinion work product privilege. | |
| S:14035 | Protected from discovery by opinion work product privilege. | |
| S:14036 | Protected from discovery by opinion work product privilege. | |
| S:14037 | Protected from discovery by opinion work product privilege. | |

| S:14038-14041 | Protected from discovery by opinion work product privilege. | |
| S:14042 | Protected from discovery by opinion work product privilege. | |
| S:14043-14044 | Protected from discovery by opinion work product privilege. | |
| S:14045-14046 | Protected from discovery by opinion work product privilege. | |
| S:14047 | Protected from discovery by opinion work product privilege. | |
| S:14048 | Protected from discovery by opinion work product privilege. | |
| S:14049-14050 | Protected from discovery by opinion work product privilege. | |
| S:14051 | Protected from discovery by opinion work product privilege. | |
| S:14052 | Protected from discovery by opinion work product privilege. | |
| S:14053 | Protected from discovery by opinion work product privilege. | |
| S:14054 | Protected from discovery by opinion work product privilege. | |
| S:14055 | Protected from discovery by opinion work product privilege. | |
| S:14056 | Protected from discovery by opinion work product privilege. | |
| S:14057 | Protected from discovery by opinion work product privilege. | |
| S:14058 | Protected from discovery by opinion work product privilege. | |
| S:14059-14061 | Protected from discovery by opinion work product privilege. | |
| S:14062-14068 | Protected from discovery by opinion work product privilege. | |
| S:14069 | Protected from discovery by opinion work product privilege. | |
| S:14070-14074 | Protected from discovery by opinion work product privilege. | |

| S:14075-14089 | Protected from discovery by opinion work product privilege. | |
| S:14090-14102 | Protected from discovery by opinion work product privilege. | |
| S:14103-14107 | Protected from discovery by opinion work product privilege. | |
| S:14108-14134 | Protected from discovery by opinion work product privilege. | |
| S:14135-14149 | Protected from discovery by opinion work product privilege. | |
| S:14150-14156 | Protected from discovery by opinion work product privilege. | |
| S:14157-15160 | Protected from discovery by opinion work product privilege. | |
| S:14161 | Protected from discovery by opinion work product privilege. | |
| S:14162-14170 | Protected from discovery by opinion work product privilege. | |
| S:14171-14174 | Protected from discovery by opinion work product privilege. | |
| S:14175-14203 | Protected from discovery by opinion work product privilege. | |
| S:14204-14205 | Protected from discovery by opinion work product privilege. | |
| S:14206-14216 | Partially protected from discovery by opinion work product privilege. | The portions of the email chain from Epstein's counsel are not privileged.  The Government must certify that this outside correspondence has been produced. |
| S:14217-14238 | Partially protected from discovery by opinion work product privilege. | The portions of the email chain from Epstein's counsel are not privileged.  The Government must certify that this outside correspondence has been produced. |
| S:14239-14242 | Protected from discovery by opinion work product privilege. | |
| S:14243-14251 | Protected from discovery by opinion work product privilege. | |

| S:14252-14275 | Partially protected from discovery by opinion work product privilege. | The portions of the email chain from Epstein's counsel are not privileged. The Government must certify that this outside correspondence has been produced. |
|---|---|---|
| S:14276 | Protected from discovery by opinion work product privilege. | |
| S:14277-14282 | Protected from discovery by opinion work product privilege. | |
| S:14283-14284 | Protected from discovery by opinion work product privilege. | |
| S:14285-14298 | Protected from discovery by opinion work product privilege. | |
| S:14299-14307 | Protected from discovery by opinion work product privilege. | |
| S:14308-14310 | Protected from discovery by opinion work product privilege. | |
| S:14311-14329 | Partially protected from discovery by opinion work product privilege; outside correspondence and P-014315-014316 must be produced. | The Government must certify that the outside correspondence has been produced. The correspondence at P-014315-014316 must be produced; this fact-based material is not opinion work product as it does not reveal the mental impressions of counsel, and the court finds that Petitioners have a compelling need for the information contained therein. This need also outweighs any deliberative-process privilege that may apply. It not protected by the attorney-client privilege, as the Government has not demonstrated that FBI agent Kuyrkendall provided this information in an attempt to secure legal advice or a legal opinion from the United States Attorney's Office. The correspondence must be produced pursuant to an appropriate protective order. |

| | | |
|---|---|---|
| S:14330-14337 | Partially protected from discovery by opinion work product privilege. | The portions of the email chain from Epstein's counsel are not privileged.  The Government must certify that this outside correspondence has been produced. |
| S:14338-14354 | Protected from discovery by opinion work product privilege. | |
| S:14355-14361 | Protected from discovery by opinion work product privilege. | |
| S:14362-14402 | Protected from discovery by opinion work product privilege. | |
| S:14403-14414 | Protected from discovery by opinion work product privilege. | |
| S:14415-14420 | Protected from discovery by opinion work product privilege. | |
| S:14421-14428 | Protected from discovery by opinion work product privilege. | |
| S:14429-14439 | Protected from discovery by opinion work product privilege. | |
| S:14440 | Protected from discovery by opinion work product privilege. | |
| S:14441 | Protected from discovery by opinion work product privilege. | |
| S:14442 | Protected from discovery by opinion work product privilege. | |
| S:14443 | Protected from discovery by opinion work product privilege. | |
| S:14444 | Protected from discovery by opinion work product privilege. | |
| S:14445-14447 | Protected from discovery by opinion work product privilege. | |
| S:14448-14454 | Protected from discovery by opinion work product privilege. | |
| S:14455-14456 | Protected from discovery by opinion work product privilege. | |
| S:14457-14464 | Protected from discovery by opinion work product privilege. | |

| S:14486 | Protected from discovery by opinion work product privilege. | |
|---|---|---|
| S:14487 | Protected from discovery by opinion work product privilege. | |
| S:14488-14499 | Protected from discovery by opinion work product privilege. | |
| S:14500 | Protected from discovery by opinion work product privilege. | |
| S:14501-14506 | Protected from discovery by opinion work product privilege. | |
| S:14507-14508 | Protected from discovery by opinion work product privilege. | |
| S:14509-14519 | Protected from discovery by opinion work product privilege. | |
| S:14520 | Produce. | The Government has not supported its assertion of attorney-client privilege: the email does not, in and of itself, demonstrate that it was a communication between an attorney and clients regarding the provision of legal services or legal advice.  Petitioners' need for this material outweighs any deliberative process or investigative privilege that may apply. |
| S:14521-14522 | Protected from discovery by opinion work product privilege. | |
| S:14523 | Protected from discovery by opinion work product privilege. | |
| S:14524-14550 | Protected from discovery by opinion work product privilege. | |

| S:14551 | Produce. | The Government has not supported its assertion of attorney-client privilege: the email, authored by an FBI agent, does not indicate that it is a client communication seeking legal services or advice from an attorney, the United States Attorney's Office. Petitioners' need for this material outweighs any investigative privilege that may apply.  This must be produced pursuant to an appropriate protective order. |
|---|---|---|
| S:14552 | Protected from discovery by opinion work product privilege. | |
| S:14553-14556 | Protected from discovery by opinion work product privilege. | |
| S:14557 | Production not necessary as not relevant or likely to lead to material relevant to this CVRA litigation. | |
| S:14558 | Protected from discovery by opinion work product privilege. | |
| S:14559-14562 | Protected from discovery by opinion work product privilege. | |
| S:14563-14565 | Protected from discovery by opinion work product privilege. | |
| S:14566-14568 | Protected from discovery by opinion work product privilege. | |
| S:14569-14573 | Protected from discovery by opinion work product privilege. | |
| S:14574-14583 | Protected from discovery by opinion work product privilege. | |
| S:14584-14622 | Protected from discovery by opinion work product privilege. | |
| S:14623-14627 | Protected from discovery by opinion work product privilege. | |
| S:14628 | Protected from discovery by opinion work product privilege. | |
| S:14629 | Protected from discovery by opinion work product privilege. | |

| | | |
|---|---|---|
| S:14630-14631 | Protected from discovery by opinion work product privilege. | |
| S:14632-14646 | Protected from discovery by opinion work product privilege. | |
| S:14647-14649 | Protected from discovery by opinion work product privilege. | |
| S:14650-14653 | Protected from discovery by opinion work product privilege. | |
| S:14654-14655 | Protected from discovery by opinion work product privilege. | |
| S:14656-14665 | Protected from discovery by opinion work product privilege. | |
| S:14666-14693 | Protected from discovery by opinion work product privilege. | |
| S:14694-14706 | Protected from discovery by opinion work product privilege. | |
| S:14707-14711 | Protected from discovery by opinion work product privilege. | |
| S:14712-14716 | Protected from discovery by opinion work product privilege. | |
| S:14717-14721 | Protected from discovery by opinion work product privilege. | |
| S:14722-14727 | Protected from discovery by opinion work product privilege. | |
| S:14728-14742 | Protected from discovery by opinion work product privilege. | |
| S:14743-14780 | Protected from discovery by opinion work product privilege. | |
| S:14781-14800 | Protected from discovery by opinion work product privilege. | |
| S:14801-14810 | Protected from discovery by opinion work product privilege. | |
| S:14811-14829 | Protected from discovery by opinion work product privilege. | |
| S:14830-14837 | Protected from discovery by opinion work product privilege. | |
| S:14838-14843 | Protected from discovery by opinion work product privilege. | |

| S:14844-14851 | Protected from discovery by opinion work product privilege. | |
|---|---|---|
| S:14852-14864 | Protected from discovery by opinion work product privilege; also not relevant or likely to lead to material relevant to this CVRA litigation. | Involves self-reporting to OPR regarding Epstein's allegation that certain prosecutors had conflicts of interest.  Not relevant to victims' CVRA rights. |
| S:14865 | Protected from discovery by opinion work product privilege. | |
| S:14866-14883 | Protected from discovery by opinion work product privilege. | |
| S:14884-14886 | Protected from discovery by opinion work product privilege. | |
| S:14887-14894 | Protected from discovery by opinion work product privilege. | |
| S:14895-14900 | Protected from discovery by opinion work product privilege. | |
| S:14901-14906 | Protected from discovery by opinion work product privilege. | |
| S:14907-14911 | Protected from discovery by opinion work product privilege. | |
| S:14912-14919 | Protected from discovery by opinion work product privilege. | |
| S:14920-14923 | Protected from discovery by opinion work product privilege. | The Government notes that a redacted version has been produced to Petitioners.  (DE 329-1 at 18).  Only the unredacted version is privileged. |