UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:08-CV-80736-KAM

JANE DOE 1 and JANE DOE 2,

   Petitioners,

vs.

UNITED STATES OF AMERICA,

   Respondent.

_____/

## ORDER ON THIRD SUPPLEMENTAL PRIVILEGE LOG

This cause is before the Court on the Government's Third Supplemental Privilege Log. (DE 338-1). The Court has conducted an in camera review of the documents submitted with the most recent privilege log, and it has considered the Government's privilege assertions as well as Petitioners' previously-argued objections to those assertions. The Court hereby adopts its reasoning and holdings from its Opinion and Order dated July 6, 2015. (DE 330).

The Court must address an issue that it previously found unnecessary to address. The Government claims that certain email correspondence between attorneys in the United States Attorney's Office and agents for the Federal Bureau of Investigations are protected by the attorney-client privilege. (See DE 338-1 at 1, 2, 4, 5). Petitioners have objected to this assertion because the FBI cannot be considered a "client" of the United States Attorney's Office and the communications in question were not seeking the provision of legal advice. (See DE 265 at 5). After reviewing the documents submitted with the third supplemental privilege log, the Court concludes that the Government has not demonstrated that the attorney-client privilege applies to

communications it had with FBI agents concerning prosecution and victims notification.[1]

The attorney-client privilege "protects the disclosures that a client makes to his attorney, in confidence, for the purpose of securing legal advice or assistance." Cox v. Adm'r U.S. Steel & Carnegie, 17 F.3d 1386, 1414 (11th Cir. 1994). The privilege may cover "conversations between the prosecutors (as attorneys) and client agencies within the government." United States v. Zingsheim, 384 F.3d 867, 871 (7th Cir. 2004) (emphasis added). Such communications, i.e., "communication[s] by an attorney working for a government agency," are protected "when the communication relates to some legal strategy, or to the meaning, requirements, allowances, or prohibitions of the law." A.N.S.W.E.R. Coal. v. Jewell, 292 F.R.D. 44, 48 (D.D.C. 2013) (emphasis added). In the context of prosecutions, it has been held that prosecutors "do[] not render legal services to . . . investigators in the context of pursuing criminal charges against a third-party." Sampson v. Schenck, No. 8:07CV155, 2009 WL 484224, at *8 (D. Neb. Feb. 23, 2009).

The communications at issue do not indicate that the FBI was a "client agency" of the United States Attorney's Office, so as to say that the Office was "working for" FBI agents. Nor do the communications indicate that their purpose was to secure legal advice or assistance for the

---

[1] In its previous Opinion and Order, the held that the Government's correspondence with FBI agents was protected under the work-product doctrine. (See, e.g., DE 330 at 36 (S:13282-13283, S:13284), 44 (S:14070-14074)). The Court reaffirms that holding: The "work-product doctrine is distinct from and broader than the attorney-client privilege." United States v. Nobles, 422 U.S. 225, 238 (1975). Moreover, "work-product privilege applies to . . . discussions between prosecutors and investigating agents, both state and federal." United States v. Zingsheim, 384 F.3d 867, 872 (7th Cir. 2004) (citing FTC v. Grolier Inc., 462 U.S. 19 (1983)). In its third supplemental privilege log, however, the Government does not assert that its correspondence with various FBI agents is protected by the work-product doctrine. (See, e.g., DE 338-1 at 1 (P-014928)). As discussed above and in the table, the Court concludes that the privileges that are asserted do not apply.

FBI. The communications do not contain the provision of legal advice or assistance from the United States Attorney's Office. Rather, the communications evince the Office's and FBI's common goal of pursuing criminal charges against Jeffrey Epstein and accomplishing victims' notification. The Court concludes that they are not covered by the attorney-client privilege.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Government shall produce documents consistent with the following Table, which rulings and comments constitute the holding of this Court.[2]

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of October, 2015.

_____
KENNETH A. MARRA
United States District Judge

---

[2] To the extent any documents required to be produced by this order contain the names or addresses of any actual or alleged victim of Jeffrey Epstein's, the documents shall be produce to Plaintiffs in an unredacted form. If any of the documents are later filed with the Court in connection with an attempt either to obtain or oppose a claim for relief, the names or addresses of any actual or alleged victim may be redacted if the individual wishes to remain anonymous.

**TABLE**
Detail of Privilege and Relevancy Holdings

| Bates Range[3] | Ruling on Privilege or Relevancy | Comment (as necessary) |
|---|---|---|
| 014924 | Protected from discovery by opinion work product privilege. | |
| 014925-014927 | Protected from discovery by opinion work product privilege. | |
| 014928 | Produce. | The attorney-client privilege does not apply, as the FBI is not a client seeking legal services or advice. The investigative privilege does not apply, as the Government has not demonstrated that withholding the documents is necessary to protect an "ongoing criminal investigation." See F.T.C. v. Timeshare Mega Media & Mktg. Grp., Inc., No. 10-62000-CIV, 2011 WL 6102676, at *3-4 (S.D. Fla. Dec. 7, 2011). To the extent the investigative privilege would apply, Petitioners' need outweighs the qualified privilege. Grand jury secrecy does not apply, as the communication does not "disclose a matter occurring before the grand jury." Fed. R. Crim. P. 6(e). All previous protective orders and instructions (DE 336 at 2) regarding victim identity apply. |
| 014929-014933 | Production not necessary; not relevant or likely to lead to the discovery of materials relevant to the instant CVRA litigation. | |
| 014934-014935 | Protected from discovery by opinion work product privilege. | |

---

[3] The following documents are found in Box #5 submitted for in camera review.

| | | |
|---|---|---|
| 014936-014940 | Protected from discovery by opinion work product privilege and grand jury secrecy. | |
| 014941-014954 | Protected from discovery by opinion work product privilege. | |
| 014955-014971 | Protected from discovery by opinion work product privilege. | |
| 014972-014975 | Protected from discovery by grand jury secrecy; also, not relevant or likely to lead to the discovery of materials relevant to the instant CVRA litigation. | |
| 014976 | Protected from discovery by opinion work product privilege. | |
| 014977-014978 | Produce. | The attorney-client privilege does not apply, as the FBI is not a client seeking legal services or advice. The investigative privilege does not apply, as the Government has not demonstrated that withholding the documents is necessary to protect an "ongoing criminal investigation." See F.T.C. v. Timeshare Mega Media & Mktg. Grp., Inc., No. 10-62000-CIV, 2011 WL 6102676, at *3-4 (S.D. Fla. Dec. 7, 2011). To the extent the investigative privilege would apply, Petitioners' need outweighs the qualified privilege. |
| 014979-014980 | Protected from discovery by opinion work product privilege. | |
| 014981 | Protected from discovery by opinion work product privilege and grand jury secrecy. | |
| 014982-014990 | Protected from discovery by opinion work product privilege. | |
| 014991-015004 | Protected from discovery by grand jury secrecy. | |
| 015005-015006 | Protected from discovery by opinion work product privilege. | |
| 015007 | Protected from discovery by opinion work product privilege. | |
| 015008-015024 | Protected from discovery by opinion work product privilege. | |

| | | |
|---|---|---|
| 015025-015028 | Protected from discovery by opinion work product privilege. | |
| 015029-015034 | Protected from discovery by opinion work product privilege. | |
| 015035-015062 | Protected from discovery by opinion work product privilege. | |
| 015063-015069 | Protected from discovery by opinion work product privilege. | |
| 015070-015071 | Produce. | The attorney-client privilege does not apply for the reasons discussed above. |
| 015072-015074 | Protected from discovery by opinion work product privilege. | |
| 015075-015081 | Protected from discovery by opinion work product privilege. | |
| 015082-015084 | Protected from discovery by opinion work product privilege. | |
| 015085-015090 | Protected from discovery by opinion work product privilege. | |
| 015091-015092 | Produce. | The attorney-client privilege does not apply, as the FBI is not a client seeking legal services or advice. The investigative privilege does not apply, as the Government has not demonstrated that withholding the documents is necessary to protect an "ongoing criminal investigation." See F.T.C. v. Timeshare Mega Media & Mktg. Grp., Inc., No. 10-62000-CIV, 2011 WL 6102676, at *3-4 (S.D. Fla. Dec. 7, 2011). To the extent the investigative privilege would apply, Petitioners' need outweighs the qualified privilege. Grand jury secrecy does not apply, as the communication does not "disclose a matter occurring before the grand jury." Fed. R. Crim. P. 6(e). All previous protective orders and instructions (DE 336 at 2) regarding victim identity apply. |
| 015093-015097 | Protected from discovery by opinion work product privilege. | |

| | | |
|---|---|---|
| 015098 | Protected from discovery by opinion work product privilege. | |
| 015099 | Protected from discovery by opinion work product privilege. | |
| 015100-015116 | Protected from discovery by opinion work product privilege. | |
| 015117-015135 | Protected from discovery by opinion work product privilege. | |
| 015136-015172 | Protected from discovery by opinion work product privilege. | |
| 015173-015186 | Protected from discovery by opinion work product privilege. | |
| 015187-015194 | Protected from discovery by opinion work product privilege. | |
| 015195-015198 | Protected from discovery by opinion work product privilege. | |
| 015199-015206 | Protected from discovery by opinion work product privilege. | |
| 015207-015213 | Protected from discovery by opinion work product privilege. | |
| 015214-015226 | Protected from discovery by opinion work product privilege; also, not relevant or likely to lead to materials relevant to this CVRA litigation. | |
| 015227-015233 | Protected from discovery by opinion work product privilege. | |
| 015234-015238 | Production not necessary; not relevant to likely to lead to materials relevant to this CVRA litigation. | The letter from the Florida Bar's counsel simply denies the Government's request for an advisory opinion and points the Government to potentially applicable rules of professional conduct. It bears no indication on whether the Government violated victims' rights under the CVRA in distributing victim notification letters. |
| 015239-015263 | Protected from discovery by opinion work product privilege. | |
| 015264-015267 | Protected from discovery by opinion work product privilege. | |