## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 9:08-80736-Civ-Marra/Johnson

**JANE DOE #1 and JANE DOE #2**

> **v.**

**UNITED STATES**

_____/

### JANE DOE NO. 1 AND JANE DOE NO. 2'S MOTION FOR DEPOSITIONS OF
### GOVERNMENT WITNESSES

COME NOW Jane Doe No. 1 and Jane Doe No. 2 (the "victims"), by and through undersigned counsel, to file this motion for court permission to take the depositions of six important Government witnesses in this action.

The witnesses have significant information relevant to the case and the victims should be allowed to depose them. For example, two the witnesses are FBI agents who the Government claims properly informed the victims about Jeffrey Epstein's non-prosecution agreement. Three of the witnesses are Assistant U.S. Attorney's (AUSA's) who were heavily involved in discussions with defense counsel about victim notifications as well as organizing telephone calls and other contacts with victims that the Government maintains adequately informed the victims about the Epstein case. The sixth witness is the U.S. Attorney would made all final decisions on victim notifications and Epstein's non-prosecution agreement (NPA). These witnesses are also apparently going to form the basis for the Government's summary judgment motion regarding the victims' alleged "complicity" in Epstein's crimes. Documentary evidence does not reveal what

these witnesses will say on these subjects.  Because these six witnesses are all central to the dispute, the victims should be allowed to take their depositions.

As the Court is aware, the victims have been working on securing evidence to prove their allegations of violations of the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771.  The Court has previously ruled that the victims could undertake "limited discovery in the form of document requests and requests for admissions from the U.S. Attorney's Office." DE 99 at 11. The Court also stated that "[e]ither party may request additional discovery if necessary."  *Id.*

The victims have now secured various emails and letters between the Government and defense counsel for Epstein.  But that discovery does not directly shed light on several critical issues in the case.

One of the victims' central contentions in this case is that the Government did not properly inform them of the NPA's provisions. While the victims have propounded Requests for Admission to the Government on this point, the Government has contested those requests – even arguing that its FBI agents properly and fully informed the victims.  *See, e.g.,* Gov't Resp. to 2d RFA 14(a) (The Government "denies that, during the period from September 24, 2007,through June 2008, the USAO-SDFL did not inform Jane Doe 1 that the non-prosecution agreement would block prosecution of the federal offenses committed against her by Jeffrey Epstein and his potential co-conspirators; through FBI agents, the USAO-SDFL informed Jane Doe 1about the substance of the non-prosecution agreement and that the agreement would resolve the federal case involving Jane Doe 1.").  Moreover, because these contacts were apparently made in person or via telephone, there appears to be no clear documentary record as to what the Government is contending that its agents told the victims.

Similarly, another of the victims' central contentions in the case is that the Government crafted a non-prosecution agreement with Epstein's lawyers that was designed to be concealed – and, in fact, was concealed from the victims. The victims have also argued that prosecutors and defense attorneys agreed among themselves create an agreement with broad immunity provisions that would not be disclosed to the victims. Here again, the Government has denied these contentions, claiming that it had no intent to conceal the argument and it properly conferred with the victims throughout the process. *See, e.g.,* Gov't Resp. to 2d RFA 14(e) (The Government "denies that, during the period from September 24, 2007, through June 2008, the USAO-SDFL did not inform other victims listed in the annex or appendix to the non-prosecution agreement that the non-prosecution agreement would block prosecution of the federal offenses committed against that victim by Jeffrey Epstein and his potential co-conspirators."). Here again, because of the nature of these denials, the documents available to the victims do not fully reveal what was – and was not – agreed to among the parties to the NPA and what kind of disclosure to the victims was approved.

Another example of information not contained in the documents concerns a new argument from the Government. The Government recently informed victims' counsel and the Court that it will apparently contend that Jane Doe 1, Jane Doe 2, and other victims in the case cannot obtain any relief under the CVRA. *See* Tr. (Nov. 23, 2015) at 4-5. If we understand the Government's new position correctly, the Government concedes that Jane Doe 1 and Jane Doe 2 and other similarly-situated victims were all "victims" covered by the CVRA, because they were are all persons "directly and proximately harmed as a result of the commission of a Federal offense" committed by Jeffrey Epstein. 18 U.S.C. § 3771(e). However, the Government apparently plans

to take the position that the victims are barred from seeking relief by another provision in the CVRA that provides "[a] person *accused of the crime* may not obtain any form of relief under this chapter." 18 U.S.C. § 3771(d)(1) (emphasis added). Apparently the Government believes that because Epstein pressured some of his young victims into performing sexual acts, those victims themselves were complicit in Epstein's crimes and therefore are barred from seeking relief under the CVRA.

As the Court is well aware, there has never been any public document (or other private document that we have seen) in this or any related case that has "accused" Epstein's young victims of a committing "the crime" that Epstein committed. Accordingly, the Government's position must be that its internal actions constitute a sufficient "accusation" barring any relief for the victims. Indeed, the Government apparently intends to seek summary judgment based on this argument. *See* Tr. (Nov. 23, 2015) at 5. Given that this argument rests on internal "accusations" not revealed in documentary evidence, the only way for the victims to explore this newly-raised argument is by deposing the prosecutors on this subject.

In the interest of brevity, these are just several illustrative examples of areas where the Government has attempted to stake out a contrary position to the victims' and where the documents available in the case do not adequately reveal the facts. If this general point is disputed by the Government, the victims can provide many further examples in reply.

Accordingly, the victims request leave to depose six witnesses. The Government has agreed that the Court has this power. *See* DE 99 at 11 ("the United States agreed that this Court, under its inherent authority to manage this case, could impose discovery obligations on each party."). In its July 20, 2015 initial disclosures under Fed. Civ. P. 26(a)(1)(A)(1), the

Government itself listed all six witnesses as persons who possess information relevant to this case.

The six witnesses are:

> FBI Special Agent E. Nesbitt Kuyrkendall;
> FBI Special Agent Jason Richards;
> (Former) First AUSA Jeff Sloman (currently employed at a Miami law firm);
> (Former) Chief of the Criminal Division Matt Menchel (currently employed at a Miami law firm);
> AUSA Marie Villanfaña;
> (Former) U.S. Attoreny R. Alexander Acosta (currently employed at Florida International University).

This list is a short one – culled from the more than fifty names of possible witnesses identified by the Government in its initial disclosures.  The limited subjects of the deposition would be the general issues discussed above – i.e., victim notifications (or lack thereof) regarding the non-prosecution agreement, the discussions with defense counsel regarding the non-prosecution agreement and its ultimate scope as well as its disclosure (or non-disclosure) to the victims, and the status of the victims as having been harmed by Epstein and have been complicit in his crimes.  In order that the victims may have access to deposition testimony that these witnesses might provide in time for use in their soon-to-be-filed summary judgment motion, the victims respectfully request a prompt response from the Government to this motion and then prompt approval by the Court.

<u>**POSITION OF THE GOVERNMENT**</u>

The victims asked the Government to voluntarily make these witnesses available for deposition.  The Government said that the victims should "file a motion" and that the Government would oppose the motion.

5

## CONCLUSION

The Court should permit the victims to depose six important witnesses in this case.

DATED: December 17, 2015

Respectfully Submitted,

/s/ Bradley J. Edwards
Bradley J. Edwards
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Telephone (954) 524-2800
Facsimile (954) 524-2822
E-mail: brad@pathtojustice.com

*And*

Paul G. Cassell
*Pro Hac Vice*
S.J. Quinney College of Law at the
   University of Utah[*]
332 S. 1400 E.
Salt Lake City, UT 84112
Telephone:801-585-5202
Facsimile:801-585-6833
E-Mail:cassellp@law.utah.edu

*Attorneys for Jane Does No. 1, 2, 3 and 4*

---

[*]This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah

## CERTIFICATE OF SERVICE

    I certify that the foregoing document was served on December 17, 2015, on the following

using the Court's CM/ECF system:

Dexter Lee
A. Marie Villafaña
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
(561) 820-8711
Fax: (561) 820-8777
E-mail: Dexter.Lee@usdoj.gov
E-mail: Ann.Marie.C.Villafana@usdoj.gov

*Attorneys for the Government*

Roy Eric Black
Jacqueline Perczek
Black Srebnick Kornspan & Stumpf
201 S Biscayne Boulevard
Suite 1300
Miami, FL 33131
305-371-6421
Fax: 358-2006
Email: pleading@royblack.com

*Attorneys for Jeffrey Epstein*

                    /s/ Bradley J. Edwards

7