# ATTACHMENT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80736-Civ-Marra/Johnson

JANE DOE #1 and JANE DOE #2,

    Plaintiffs

    v.

UNITED STATES,

    Defendants
_____/

### JANE DOE #1 AND JANE DOE #2'S SUPPLEMENTAL REQUEST FOR PRODUCTION TO THE GOVERNMENT REGARDING CO-CONSPIRATOR IMMUNITY PROVISION AND RELATED SUBJECTS

COME NOW Jane Doe #1 and Jane Doe #2 ("the victims), by and through undersigned counsel, and request the defendant United States (hereinafter "the Government") to produce within 30 days the original or best copy of the items listed herein below for inspection and/or copying, pursuant to the Court's Order (DE 99) directing discovery in this case, the Court's Order denying the Government's motion to dismiss and lifting stay of discovery (DE 189), the Court's Omnibus Order (DE 190), and the Court's Order Denying Motion to Join (DE 324):

### BACKGROUND

As the Government will recall, the victims have repeatedly asked the Government to stipulate to undisputed facts in this case. The Government has declined. Accordingly, the victims filed their Motion for Finding of Violations of the Crime Victims' Rights Act and Request for a Hearing on Appropriate Remedies (DE 48) (the victims' "summary judgment motion"). On September 26, 2011, the Court denied the victims' motion to have their facts accepted (DE 99 at 11). At the same time, however, the Court has ordered discovery to develop

1

the factual record concerning the summary judgment motion (DE 99 at 11).  Following various other proceedings, on June 1, 2013, the Court denied the Government's motion to dismiss.  DE 189.  That denial also lifted stay of discovery proceedings.  DE 189 at 14 ("The stay of discovery pending ruling on the Government's motion to dismiss entered on November 8, 2011 [DE# 123] is also lifted.").  The Court also entered an Omnibus Order (DE 190) that, among other things, granted the victims motion to compel (DE 130).

On April 7, 2015, the Court denied a motion by two victims – Jane Doe No. 3 and Jane Doe No. 4 – to join in the action.  At the same time, however, the Court ruled that "the merits of this case will be decided based on a determination of whether the Government violated the rights of Jane Doe 1, Jane Doe 2, and all 'other similarly situated victims' under the CVRA."  DE 324 at 9.  The Court also ruled that Jane Doe 3 and Jane Doe 4 may participate in the case "by offering their properly supported . . . affidavits . . . to support the relevancy of discovery requests . . . ."  *Id.* at 8.  The Court noted that Jane Doe 3, in particular, "is free to reassert these factual details through proper evidentiary proof, should Petitioners demonstrate a good faith basis for believing that such details are pertinent to a matter presented for the Court's consideration.

A motivating reason for the Government failing to confer with the victims, in addition to those already outlined in pleadings in this case, would be the immunity provision obtained by all Epstein co-conspirators through the NPA.  To meet its CVRA obligations, the identities of the various co-conspirators who could no longer be charged with crimes they committed against the victims would need to be identified to the victims at which time the victims would have the right to confer about the possible resolution of crimes committed by those co-conspirators prior to the resolution being made.  The prosecutor/victim conference on this issue would have made this co-conspirator immunity clause very difficult to insert into the NPA.  In light of the relevancy of

2

this information to this action, the rulings in this case, and information learned by Jane Doe 1 and Jane Doe 2 since their last discovery requests, they now propound the following supplemental discovery requests. They hope that the Government will voluntarily provide the requested information without need for intervention by the Court.

**SUPPLEMENTAL DISCOVERY REQUESTS**

The numbered discovery requests below should all be construed in light of the definition of terms provided at the end of the requests.

Supplemental Discovery Request 1. Throughout their pending summary judgment motion and their originally-filed complaint, Jane Doe 1 and Jane Doe 2 contend that they received inadequate notifications from the Government (and, in particular, the U.S. Attorney's Office acting through FBI agents) about the plea negotiations that occurred with Jeffrey Epstein and the non-prosecution agreement that was ultimately reached. They have also contended that the same inadequate notifications were provided to other similarly situated victims. Please provide all documents, correspondence, and other information regarding victim notifications in this case, including (but not limited to):
   (a) All crime victim notifications sent to Jane Doe 3 (and all drafts of the notifications);
   (b) All crime victim notifications sent to Jane Doe 4 (and all drafts of the notifications);
   (c) All crime victim notifications sent to other victims similarly situated to Jane Doe 1 and Jane Doe 2, including those victims listed in the annex or appendix to the non-prosecution agreement (and drafts of the notifications); and
   (d) Victim notifications sent on or about September 3, 2008, that described this action as "litigation between the United States and two other victims regarding the disclosure of the entire agreement between the United States and Mr. Epstein."

Supplement Discovery Request 2. The Non-Prosecution Agreement in this case contains a provision that provides immunity in the Southern District of Florida not only to Epstein, but also to "any potential co-conspirators of Epstein." Please provide all documents, correspondence, and other information regarding this co-conspirator immunity provision, including any draft agreement containing or not containing this provision and any communications or documents regarding this provision and the identity of persons covered by this provision. Please also indicate from these documents which were shared with Doe 1, Doe 2 and all other similarly situated victims notifying them of this provision.

Supplemental Discovery Request 3. Jane Doe 3 has filed a sworn affidavit regarding her allegations that one of Epstein's defense attorneys, Alan Dershowitz, sexually abused her in the Southern District of Florida and elsewhere (and also witnessing abuse) before being involved in the plea negotiations in this case. Based on this information, Jane Doe 1 and Jane Doe 2 intend to argue (among other things) that the facts surrounding these allegations provided an additional

3

motive for Epstein's defense team (including Dershowitz) and the Government to try to keep the non-prosecution agreement secret from the victims as well as providing an improper reason for Dershowitz to lobby the Justice Department in support of an agreement that had not been disclosed to the victims.  Please provide all documents, correspondence, and other information regarding Alan Dershowitz's sexual abuse of Jane Doe 3 or other under-age girls, as well as his witnessing of sexual abuse or possible sexual abuse of under-age girls by Epstein, as well as him being in the same vicinity with Epstein while possible sexual abuse of under-age girls by Epstein was occurring, including (but not limited to):

(a) Any documents, correspondence, witness statements, and similar information that the Government has developed or possesses suggesting that Dershowitz had contact with or was in proximity to Jane Doe 1, 2, 3, or 4;

(b) Any documents, correspondence, witness statements, and similar information that the Government has developed or possesses suggesting that Dershowitz was present in Epstein's mansion in Palm Beach, Florida;

(c) Any documents, correspondence, witness statements, and similar information that the Government has developed or possesses suggesting that Dershowitz was present in Epstein's mansion in New York, New York;

(d) Any documents, correspondence, witness statements, and similar information that the Government has developed or possesses suggesting that Dershowitz was present in Epstein's "Zorro" ranch in New Mexico or elsewhere with Epstein in New Mexico;

(e) Any documents, correspondence, witness statements, and similar information that the Government has developed or possesses suggesting that Dershowitz was present on Epstein's island in the U.S. Virgin Islands or elsewhere in the U.S. Virgin Islands;

(f) Any documents, correspondence, witness statements, and similar information that the Government possesses regarding Dershowitz receiving or witnessing a massage from a female or "massage therapist" employed by Epstein or present at any of Epstein's properties;

(g) Any documents, correspondence, witness statements, and similar information that the Government possesses regarding Dershowitz being in the presence of females under the age 18 in the company or Epstein, on any property owned or controlled by Epstein, or who were introduced to him (Dershowitz) by Epstein;

(h) Any documents, correspondence, witnesses statements, and similar information that the Government has developed or possesses regarding Dershowitz being observed or in proximity to Epstein employee Juan Alessi;

(i) Any documents, correspondence, witnesses statements, and similar information that the Government has developed or possesses regarding Dershowitz being observed or in proximity to Epstein employee Alfredo Rodriguez;

(j) Any documents, correspondence, witnesses statements, and similar information that the Government has developed or possesses regarding the circumstances and reasons that lead to Alfredo Rodriguez circling for FBI agents telephone and other information related to Dershowitz in Epstein's contacts book (sometimes referred to as the "Holy Grail");

(k) Any documents, correspondence, witness statements, and similar information that the Government has developed or possesses regarding a close personal relationship between Epstein and Dershowitz;

4

(l) Any flight logs, flight manifests, documents, correspondence, witness statements, and similar information that the Government possesses regarding Dershowitz being on an aircraft that was owned or controlled by Epstein or that also had as a passenger Jeffrey Epstein, Jane Doe 3, Sarah Kellen, Nadia Marcinkova, Adrianna Mucinska, Ghislaine Maxwell, Jean Luc Brunel, or a person identified only as a "female"; and

(m) Any other documents, correspondence, witness statements and similar information suggesting that Dershowitz had a motive for approval of, or would receive a benefit from, a non-prosecution agreement with Epstein that extended to any "potential co-conspirator of Epstein."

Supplemental Discovery Request 4. As the Government is aware, in 2011, Jane Doe 3 met with FBI agents at the U.S. Consulate in Sydney, Australia, to discuss the criminal prosecution of Jeffrey Epstein and others who were associated with him. Please provide:

(a) Any unredacted FBI 302's or witness statements made of the meeting and any related meetings;
(b) Any FBI 302's, witness statements, documents, correspondence, or similar information later collected regarding information provided by Jane Doe 3 at the meeting;
(c) Any documents, correspondence, or similar information developed in anticipation of the meeting with Jane Doe 3, including questions to be asked and persons of interest to inquire about;
(d) Any photographs or similar evidence taken to show Jane Doe 3 at the meeting;
(e) Any photographs or similar evidence collected from Jane Doe 3 at or after the meeting; and
(f) Any FBI 302's, witness statements, documents, correspondence, or similar information developed as a result of Jane Doe 3's contact with the FBI in and around April 2014 following up on her meeting in Sydney.

Supplemental Discovery Request 5. As the Government is aware, Jane Doe 3 has previously requested that she receive copies of video surveillance or other pictures of her that the FBI or and other federal agencies have acquired as a result of their investigation into crimes committed by Jeffrey Epstein or any of his co-conspirators, so that she can know all of the crimes to which was a victim. The Government has declined in the past but certainly recognizes the relevance now. Please provide a copy of all videos, photographs, or other recordings of Jane Doe 3 that the Government (including the FBI) has obtained as a result of its investigation into Jeffrey Epstein or his co-conspirators, including surveillance videos, photographs, or similar images taken in Epstein's Florida and New York mansions, New Mexico Ranch, or on Epstein's island in the U.S. Virgin Islands. Please also provide the same for Jane Doe 1, 2, and 4. If any of the videos, photographs or images constitute child pornography as defined in 18 U.S.C. § 2256(8), please provide a general description (including a description of the persons involved in the images) rather than actual images themselves.

Supplemental Discovery Request 6. As the Government is aware, on around March 13, 2001, a photograph was taken of Jane Doe 3 appearing in the presence of Prince Andrew and Ghislaine Maxwell. Jane Doe 3 has alleged that this photograph provides corroborating evidence

5

of a conspiracy by Epstein and others to engage in international sex trafficking in the Southern District of Florida and elsewhere in violation of 18 U.S.C. § 1591, as well as a motivation for powerful persons to want to secure a broad non-prosecution agreement of Epstein and to negotiate the NPA in violation of the victims' rights.  Please provide:
  (a) Any witness statements, documents, correspondence, or similar information regarding Prince Andrew being in the presence of or in proximity to Jane Doe 3 in London, New York, or the U.S. Virgin Islands;
  (b) Any witness statements, documents, correspondence, or similar information regarding Ghislaine Maxwell being in the presence of or in proximity to Jane Doe 3 in London, New York, Florida, or the U.S. Virgin Islands;
  (c) Any witness statements, documents, correspondence, or similar information regarding Jean Luc Brunel being in the presence of or in proximity to Jane Doe 3 in London, New York, Florida, or the U.S. Virgin Islands;
  (d) Any witness statements, documents, correspondence, or similar information, including immigration records regarding entry into or exit from the United States in March 2001 by Jane Doe 3;
  (e) Any witness statements, documents, correspondence, or similar information regarding Prince Andrew being at Jeffrey Epstein's New York mansion at the same time as Jane Doe 3; and
  (f) Any witness statements, documents, correspondence, or similar information regarding Prince Andrew being on Jeffrey Epstein's island in the U.S. Virgin Islands at the same time as Jane Doe 3.

Supplemental Discovery Request 7.  In answer to requests for admissions, the Government admitted that it possesses or has knowledge or information (including telephone logs, photographs, emails, or statement(s) of other credible sources) about a personal or business relationship between Jeffrey Epstein and Matthew Menchel.  Please provide all witness statements, documents, correspondence, or similar information regarding this personal or business relationship.

## DEFINITIONS

For the purpose of construing the foregoing discovery requests, the following terms are defined:

The term "documents" means and includes, without limitation, all writings of any kind, including the originals and all non-identical copies or drafts, whether different from the original by reason of any notation made on such copy or draft or otherwise including, without limitation, correspondence, memoranda, notes, diaries, statistics, letters, e-mails, electronic computer files, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice communications, offers, notations of any sort of conversation, telephone calls, meetings or other communications, bulletins, printed matter, computer print-outs, teletypes, facsimiles, invoices, work sheets, flight logs, flight manifests, and all drafts, alterations, modifications, changes, and amendments of any of the foregoing, graphic or aural writs, records or representations of any kind including, without limitation, photographs,

charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and electronic, mechanical or electric records or representations of any kind including, without limitation, tapes, cassettes and disc recordings, and writings and printed material of every kind.

The term "correspondence" means any tangible object that conveys information or memorializes information that was conveyed in tangible or oral form including, but not limited to, writings, letters, memoranda, reports, notes, e-mails, telephone logs, telephone billing information, telephone recordings, and interoffice communications.

The term "victim" means any person that the Government identified as a possible victim of a sex offense committed by Jeffrey Epstein, including Jane Doe 1, 2, 3, and 4, all victims identified in attachment to the non-prosecution agreement entered into by Epstein, and any other person that the Government investigated as a possible victim of Epstein's sex offenses.

The term "Government" means the federal government, including all employees of and components of the United States Department of Justice (such as, the Office of the Attorney General, the Office of the Deputy Attorney General, the Criminal Divisions, the Office of Professional Responsibility, the Child Exploitation and Obscenity Section, the U.S. Attorney's Offices for the Southern District and Middle District of Florida, New Mexico, the Virgin Islands, and the Southern District of New York, and the Federal Bureau of Investigation) and other federal government agencies with law enforcement responsibilities related to the Epstein case (such as the Internal Revenue Service).  This request for production seeks all documents, correspondence, and other information held by all of these entities, including all employees of and components of the Justice Department that worked on or were in any way involved the Epstein investigation and/or that possess information relevant to the victims' claims.  For purposes of the request for production of flight logs and related travel information, this request includes the Federal Aviation Administration and Bureau of Immigrations and Customs Enforcement.

The term "including" means containing within the request, but not limiting the request.

The term "witness statement" means any document or other recording in any form (including oral form) reflecting, recording, or otherwise memorializing a statement made or information conveyed by a potential witness, including for example FBI 302's.  The term includes information collected by any law enforcement, prosecuting or government agency, including all federal, state, and local law enforcement agencies located in Washington, D.C., or Florida.

### PRIVILEGE LOG

If you believe that any document, correspondence, or other information requested in this request is subject to a privilege and if you intend to assert that privilege, please provide a "privilege log" consistent with Local Rule 26.1(g), including a description a document that is consistent with Local Rule 26.1(g)(3)(B).  Your privilege log should include the type of

document, general subject matter of the document, date of the document, and author and addressee of the document or correspondence.

## **REDUCING ANY UNDUE BURDEN**

If you believe that complying with any of the foregoing requests would be unduly burdensome, please contact victims' counsel – Bradley J. Edwards – to discuss ways to reduce any such burden.

DATED: April 11, 2015

        Respectfully Submitted,

        s/ Bradley J. Edwards
        Bradley J. Edwards
        FARMER, JAFFE, WEISSING,
        EDWARDS, FISTOS & LEHRMAN, P.L.
        425 North Andrews Avenue, Suite 2
        Fort Lauderdale, Florida 33301
        Telephone (954) 524-2820
        Facsimile (954) 524-2822
        Florida Bar No.: 542075
        E-mail: brad@pathtojustice.com

        *and*

        Paul G. Cassell
        *Pro Hac Vice*
        S.J. Quinney College of Law at the
          University of Utah[*]
        332 S. 1400 E.
        Salt Lake City, UT 84112
        Telephone: 801-585-5202
        Facsimile: 801-585-6833
        E-Mail: cassellp@law.utah.edu

        Attorneys for Jane Doe 1, 2, 3 and 4

---

[*] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah