# ATTACHMENT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80736-Civ-Marra/Matthewman

JANE DOE #1 and JANE DOE #2,

    Petitioners,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**UNITED STATES' RESPONSE TO**
**PETITIONERS' SECOND REQUEST FOR ADMISSIONS TO THE GOVERNMENT**

The United States (hereinafter the "Respondent") hereby responds to *Jane Doe 1 and Jane Doe 2's Second Request for Admissions to the Government Regarding Questions Relevant to Their Pending Action Concerning the Crime Victims Rights Act* (hereinafter the "*Second Request for Admissions*"), and states as follows:[*]

Objection to Requests' Overbroad and
Unduly Burdensome Use of Petitioner-Defined "Government"

The Respondent objects to the petitioners' use in ten of its numbered requests for admissions (i.e., Requests No. 9, 10, 13, 18, 19, 20, 23, 24, 25, and 26), half of which contain numerous subparts, of the capitalized word "Government," which petitioners have purported to define as follows:

---

[*] The Respondent's response is confined to Request No. 1 through Request No. 28 in the "Discovery Requested" section of the *Second Request for Admissions* and does not intend to respond to assertions in any other section of the *Second Request for Admissions* (including the "Background" section), none of which appear to separately state any matter calling for an admission. Nonetheless, the Respondent denies the assertion that the Respondent has declined the request of Jane Doe #1 and Jane Doe #2 to stipulate to undisputed facts in this case.

1

> The term "Government" means the federal government, including all employees of and components of the United States Department of Justice (such as, the Office of the Attorney General, the Office of the Deputy Attorney General, the Criminal Divisions, the Office of Professional Responsibility, the Child Exploitation and Obscenity Section, the U.S. Attorney's Offices for the Southern District and Middle District of Florida, the Southern District of New York, the District of New Mexico, and the District of the U.S. Virgin Islands, and the Federal Bureau of Investigation), the Federal Aviation Administration, the Bureau of Immigration and Customs Enforcement, and any other federal government agencies with law enforcement responsibilities related to the Epstein case (such as the Internal Revenue Service). This request for production seeks all documents, correspondence, and other information held by all of these entities, including all employees of and components of the Justice Department that worked on or were in any way involved [sic] the Epstein investigation and/or that possess information relevant to the victims' claims.

and also objects to the asserted blanket application of the final sentence in the above-quoted paragraph to the entirety of the *Second Request for Admissions.* The above-quoted language seeks to require the Respondent to inquire of all of the foregoing governmental departments, components, and agencies, both enumerated and unenumerated, and of all of their employees, when preparing the Respondent's responses to the petitioners' *Second Request for Admissions*. This language thus renders the petitioners' requests overly broad and burdensome and not calculated to lead to or involve information relevant to the instant matter. This litigation involves petitioners' claims that the United States Attorney's Office for the Southern District of Florida (USAO-SDFL) violated the petitioners' rights under the Crime Victims Rights Act (CVRA) when the USAO-SDFL entered into a non-prosecution agreement with Jeffrey Epstein which restricted the possibility of a later federal prosecution of Epstein in the Southern District of Florida for certain offenses. The Court has ruled that the claimed CVRA injury at issue in these proceedings "is not the government's failure to prosecute Epstein federally - an end within the sole control of the government" but is instead "the government's failure to confer with the victims before disposing of contemplated federal charges." D.E. 189 at 10. Moreover, the Court

2

has ruled that petitioners' claim in these proceedings is a "claim against a local federal prosecutorial authority [the USAO-SDFL] which did actively investigate potential charges against Epstein in this district and formally resolved those charges with the challenged non-prosecution agreement at issue in this action." *Id.* at 13-14.  Given the local nature of the claims involved in this CVRA litigation, petitioners' efforts to require an extraordinary discovery inquiry of a vast array of governmental departments, components, agencies, and employees beyond the USAO-SDFL and those governmental actors with whom the USAO-SDFL directly worked in the course of its investigative and prosecutorial efforts concerning Jeffrey Epstein is overly broad and burdensome and not calculated to lead to or involve information relevant to the instant CVRA litigation.

Objections and Responses<br>
<u>to Individual Requests for Admissions</u>

1. Admitted.

2. Admitted.

3. The Respondent objects to Request No. 3 as overly broad and burdensome and not calculated to lead to or involve information relevant to the instant matter; Request No. 3 calls for, and any response would require, a historical assessment of how "[m]ost of the immunity provisions in the plea agreements and non-prosecution agreements entered into by the U.S. Attorney's Office for the Southern District of Florida" have extended immunity over the course of the more than 150 years in which the Southern District of Florida has existed, and that assessment would require the Respondent to compile and review all plea agreements and non-prosecution agreements ever entered into in the Southern District of Florida.

4. Denied.

5. Admitted.

6. The Respondent admits that, as reflected in a July 6, 2007, letter from Gerald Lefcourt and Alan Dershowitz to four members of the USAO-SDFL, Alan Dershowitz was among the defense lawyers who were representing Jeffrey Epstein and who met with the USAO-SDFL on or about June 26, 2007.  Except as otherwise admitted above, the Respondent denies Request No. 6.

7. (a)-(b) The Respondent admits that the USAO-SDFL ultimately agreed to add a provision that addressed immunity for co-conspirators into the non-prosecution agreement that it entered with Epstein, and that the USAO-SDFL added such a provision at the request of the Epstein legal defense team, but denies that an Assistant U.S. Attorney working on the Epstein matter agreed to add such a provision into a proposed non-prosecution agreement on or about September 16, 2007 through correspondence denoted US_Atty_Cor-0032.  Except as admitted above, the Respondent denies Requests No. 7(a) and 7(b).

    (c) Admitted.

8. Denied.

9. The Respondent objects to Request No. 9 as calling for a response that is protected from disclosure by Federal Rule of Criminal Procedure 6(e), by the law enforcement investigative privilege, by the deliberative process privilege, and by the work product doctrine.  The Respondent also objects to Request No. 9 as being overly broad and unduly burdensome and not calculated to lead to or involve information relevant to the instant matter due to petitioners' use of the petitioner-defined term "Government."  *See supra* at 1-3.  To the extent that the Respondent possesses documents that tend to

4

reflect the "other persons that [the government] could charge," as mentioned in the September 16, 2007 correspondence denoted US_Atty_Cor_0032, and that have not been made available to Jane Doe 1 and Jane Doe 2, any such documents would have been produced to the Court for its *in camera, ex parte* review of the Respondent's discovery objections.

10. The Respondent objects to Requests No. 10(a)-10(h) as calling for responses that are protected from disclosure by Federal Rule of Criminal Procedure 6(e), by the law enforcement investigative privilege, by the deliberative process privilege, and by the work product doctrine.  The Respondent also objects to Request No. 10 as being overly broad and unduly burdensome and not calculated to lead to or involve information relevant to the instant matter due to petitioners' use of the petitioner-defined term "Government."  *See supra* at 1-3.

11. Denied.

12. The Respondent admits that, after receiving a request (RFP MIA 000281) from Epstein defense counsel Jay Lefkowitz on September 24, 2007, to "[p]lease do whatever you can to keep this from becoming public," the USAO-SDFL did take some steps to keep the non-prosecution agreement from becoming public.  Except as otherwise admitted above, the Respondent denies Request No. 12.

13. The Respondent objects to Request No. 13 as being overly broad and unduly burdensome and not calculated to lead to or involve information relevant to the instant matter due to petitioners' use of the petitioner-defined term "Government." *See supra* at 1-3.  Notwithstanding this objection, the Respondent responds to request No. 13 as follows:

5

(a) Denied.

(b) Admitted.

(c) The Respondent admits that, during the period from September 24, 2007, through June 2008, it did not notify Jane Doe 3 about the existence of the non-prosecution agreement; during that period, the Respondent was unaware of Jane Doe 3's address and Jane Doe 3 had further requested that the government not bother her.

(d) The Respondent admits that, during the period from September 24, 2007, through June 2008, it did not notify Jane Doe 4 about the existence of the non-prosecution agreement; during that period, the Respondent was unaware of Jane Doe 4 or her now-asserted status as a victim.

(e) The Respondent denies that, during the period from September 24, 2007, through June 2008, it did not notify other victims listed in the annex or appendix to the non-prosecution agreement about the existence of the non-prosecution agreement.

(f) The Respondent admits that, during the period from September 24, 2007, through June 2008, it did not notify persons similarly situated to Jane Doe 2 (that is, persons who informed the government that they were not victims of any offense committed by Epstein) about the existence of the non-prosecution agreement. The Respondent further admits that, during the period from September 24, 2007, through June 2008, it was unaware of any other identified victims similarly situated to Jane Doe 1 (that is, such similarly situated victims other than the victims listed in the annex or appendix to the non-prosecution agreement) and did not notify any such unknown similarly-situated victims about the existence of the non-prosecution agreement.

14. (a) The Respondent denies that, during the period from September 24, 2007, through June 2008, the USAO-SDFL did not inform Jane Doe 1 that the non-prosecution agreement would block prosecution of the federal offenses committed against her by Jeffrey Epstein and his potential co-conspirators; through FBI agents, the USAO-SDFL informed Jane Doe 1 about the substance of the non-prosecution agreement and that the agreement would resolve the federal case involving Jane Doe 1.

(b) Admitted.

(c) Admitted.

(d) Admitted.

(e) The Respondent denies that, during the period from September 24, 2007, through June 2008, the USAO-SDFL did not inform other victims listed in the annex or appendix to the non-prosecution agreement that the non-prosecution agreement would block prosecution of the federal offenses committed against that victim by Jeffrey Epstein and his potential co-conspirators.

(f) The Respondent admits that, during the period from September 24, 2007, through June 2008, the USAO-SDFL did not inform persons similarly situated to Jane Doe 2 (that is, persons who informed the government that they were not victims of any offense committed by Epstein) that the non-prosecution agreement would block prosecution of the federal offenses committed against that person by Jeffrey Epstein and his potential co-conspirators. The Respondent further admits that, during the period from September 24, 2007, through June 2008, the USAO-SDFL was unaware of any other identified victims similarly situated to Jane Doe 1 (that

7

is, such similarly situated victims other than the victims listed in the annex or appendix to the non-prosecution agreement) and did not inform any such unknown similarly-situated victims that the non-prosecution agreement would block prosecution of the federal offenses committed against that person by Jeffrey Epstein and his potential co-conspirators.

15. The Respondent admits that, on November 21, 2007, a representative of the USAO-SDFL met with representatives of the Epstein defense team, including Alan Dershowitz. Except as otherwise admitted above, the Respondent denies Request No. 15.

16. The Respondent admits that, during the November 21, 2007, meeting between a representative of the USAO-SDFL and representatives of the Epstein defense team, the Epstein defense team members, including Alan Dershowitz, discussed with the representative of the USAO-SDFL some of the provisions of the Epstein non-prosecution agreement. Except as otherwise admitted above, the Respondent denies Request No. 16.

17. The Respondent admits that, on or before July 3, 2008, the USAO-SDFL had received communications from Epstein's defense team reflecting that Alan Dershowitz was familiar with the Epstein non-prosecution agreement and further admits that the non-prosecution agreement contained a term providing that "the United States also agrees that it will not institute any criminal charges against any potential co-conspirators of Epstein" if Epstein "successfully fulfills all of the terms and conditions" of the non-prosecution agreement. Except as otherwise admitted above, the Respondent denies Request No. 17.

18. The Respondent objects to Request No. 18 as being overly broad and unduly burdensome and not calculated to lead to or involve information relevant to the instant matter due to petitioners' use of the petitioner-defined term "Government." *See supra* at 1-3. Notwithstanding this objection, the Respondent admits that, as of July 3, 2008, it had not made attorney Bradley J. Edwards aware that it had already entered into a non-prosecution agreement with Jeffrey Epstein or that the non-prosecution could preclude the prosecution of the individuals identified in Requests No. 18(a)-18(d).

19. The Respondent objects to Request No. 19 as being overly broad and unduly burdensome and not calculated to lead to or involve information relevant to the instant matter due to petitioners' use of the petitioner-defined term "Government." *See supra* at 1-3. Notwithstanding this objection, the Respondent denies Request No. 19.

20. The Respondent objects to Request No. 20 as being overly broad and unduly burdensome and not calculated to lead to or involve information relevant to the instant matter due to petitioners' use of the petitioner-defined term "Government." *See supra* at 1-3. Notwithstanding this objection, the Respondent admits that the first written communication that it sent to Jane Doe 3 about the Epstein matter was a victim notification letter sent on or about September 3, 2008. Except as otherwise admitted above, the Respondent denies Request No. 20.

21. (a) The Respondent admits that, in the drafting of the September 3, 2008, victim notification letter that the USAO-SDFL sent to Jane Doe 3 and others, the USAO-SDFL decided to describe the petitioners' CVRA proceedings, in part, as

9

"litigation between the United States and two other victims regarding the disclosure of the entire agreement between the United States and Mr. Epstein" and further identified those proceedings as "the matter of *In re Jane Does 1 and 2*, United States District Court for the Southern District of Florida Court File No. 08-80736-CIV-MARRA." Except as otherwise admitted above, the Respondent denies Request No. 21(a).

(b) The Respondent admits that, in the drafting of the September 3, 2008, victim notification letter that the USAO-SDFL sent to Jane Doe 3 and others, the USAO-SDFL did not describe the petitioners' CVRA proceedings as involving the potential invalidation of the non-prosecution agreement and did not so describe the proceedings partly because, at that time, the petitioners were not asking for judicial invalidation of the non-prosecution agreement. Except as otherwise admitted above, the Respondent denies Request No. 21(b).

22. The Respondent objects to Request No. 22 because it seeks admissions that are beyond the scope of the discovery permitted by Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) provides, in pertinent part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Request No. 22, however, seeks admissions pertaining to the FBI's interview of Jane Doe 3 in 2011, four years after the non-prosecution agreement was executed, and three years after this CVRA lawsuit was commenced. What occurred during the FBI's 2011 interview of a non-party, Jane Doe 3, has no

10

relevance to this CVRA litigation or to any party's claim or defense in the litigation. Notwithstanding this objection, the Respondent responds to request No. 22 as follows:

(a) Admitted.

(b) The Respondent admits that, when FBI agents met with Jane Doe 3 in Australia in 2011, they collected photographs and other materials from Jane Does 3 that helped corroborate some of the information that Jane Doe 3 provided to them. Except as otherwise admitted above, the Respondent denies Request No. 22(b).

(c) Admitted.

23. The Respondent objects to Requests No. 23(a)-23(e) as being overly broad and unduly burdensome and not calculated to lead to or involve information relevant to the instant matter due to petitioners' use of the petitioner-defined term "Government." *See supra* at 1-3. The Respondent also objects to Requests No. 23(a)-23(e) because the requests seek admissions either pertaining to Jane Doe 3's claims of sexual abuse by Alan Dershowitz or pertaining to the possibility that Dershowitz may have witnessed sexual abuse. On April 7, 2015, the Court denied petitioners' motion to add Jane Doe 3 and Jane Doe 4 as petitioners in this case. D.E. 324. The Court specifically found that "these lurid details are unnecessary to the determination of whether Jane Doe 3 and Jane Doe 4 should be permitted to join Petitioners' claim that *the Government* violated their rights under the CVRA. The factual details regarding with whom and where the Jane Does engaged in sexual activities are immaterial and impertinent to this central claim (i.e., that they were known victims of Mr. Epstein and the Government owed them CVRA duties), especially considering that these

11

details involve non-parties who are not related to the respondent Government. These unnecessary details shall be stricken." D.E. 324 at 5 (emphasis in original). Fed. R. Civ. P. 26(b)(1) provides, in pertinent part, that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense— including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Thus, any admissions sought by petitioners must be relevant to a claim or defense of Jane Doe 1, Jane Doe 2, or the government, but not Jane Doe 3. The admissions sought by petitioners concerning the government's collection or awareness of information about Alan Dershowitz's whereabouts are simply not relevant to their claim that the government violated the CVRA. Whether the government collected or became aware of any information regarding Dershowitz's whereabouts is irrelevant for the purposes of this CVRA litigation. The Respondent further objects to Requests No. 23(a)-23(e) as calling for responses that are protected from disclosure by Federal Rule of Criminal Procedure 6(e), by the law enforcement investigative privilege, and by the work product doctrine.

24. The Respondent objects to Request No. 24 as being overly broad and unduly burdensome and not calculated to lead to or involve information relevant to the instant matter due to petitioners' use of the petitioner-defined term "Government." *See supra* at 1-3. The Respondent also objects to Request No. 24 because the request seeks an admission either pertaining to Jane Doe 3's claims of sexual abuse by Alan Dershowitz or pertaining to the possibility that Dershowitz may have witnessed sexual abuse. On April 7, 2015, the Court denied petitioners' motion to add Jane Doe

12

3 and Jane Doe 4 as petitioners in this case. D.E. 324. The Court specifically found that "these lurid details are unnecessary to the determination of whether Jane Doe 3 and Jane Doe 4 should be permitted to join Petitioners' claim that *the Government* violated their rights under the CVRA. The factual details regarding with whom and where the Jane Does engaged in sexual activities are immaterial and impertinent to this central claim (i.e., that they were known victims of Mr. Epstein and the Government owed them CVRA duties), especially considering that these details involve non-parties who are not related to the respondent Government. These unnecessary details shall be stricken." D.E. 324 at 5 (emphasis in original). Fed. R. Civ. P. 26(b)(1) provides, in pertinent part, that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense— including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Thus, any admissions sought by petitioners must be relevant to a claim or defense of Jane Doe 1, Jane Doe 2, or the government, but not Jane Doe 3. The admissions sought by petitioners concerning the government's collection or awareness of information about Alan Dershowitz's whereabouts or his proximity to Epstein when Epstein was in close proximity to females under the age of 18 are simply not relevant to the petitioners' claim that the government violated the CVRA. Whether the government collected or became aware of any information regarding Dershowitz's whereabouts or his physical proximity to Epstein is irrelevant for the purposes of this CVRA litigation. The Respondent further objects to Request No. 24 as calling for a response that is protected from disclosure by Federal Rule of

13

Criminal Procedure 6(e), by the law enforcement investigative privilege, and by the work product doctrine.

25. The Respondent objects to Request No. 25 as being overly broad and unduly burdensome and not calculated to lead to or involve information relevant to the instant matter due to petitioners' use of the petitioner-defined term "Government." *See supra* at 1-3. The Respondent also objects to Requests No. 25 because the request seeks admissions pertaining to Jane Doe 3's claims of sexual abuse by Alan Dershowitz. On April 7, 2015, the Court denied petitioners' motion to add Jane Doe 3 and Jane Doe 4 as petitioners in this case. D.E. 324. The Court specifically found that "these lurid details are unnecessary to the determination of whether Jane Doe 3 and Jane Doe 4 should be permitted to join Petitioners' claim that *the Government* violated their rights under the CVRA. The factual details regarding with whom and where the Jane Does engaged in sexual activities are immaterial and impertinent to this central claim (i.e., that they were known victims of Mr. Epstein and the Government owed them CVRA duties), especially considering that these details involve non-parties who are not related to the respondent Government. These unnecessary details shall be stricken." D.E. 324 at 5 (emphasis in original). Fed. R. Civ. P. 26(b)(1) provides, in pertinent part, that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense— including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Thus, any admissions sought by petitioners must be relevant to a claim or defense of Jane Doe 1, Jane Doe 2, or the government, but not

14

Jane Doe 3. The admission sought by petitioners concerning the government's investigation or acquisition of information about Alan Dershowitz's possible involvement with Epstein's sexual abuse is simply not relevant to the petitioners' claim that the government violated the CVRA. Whether the government investigated or acquired information about Alan Dershowitz's possible involvement with sexual abuse is irrelevant for the purposes of this CVRA litigation. The Respondent further objects to Request No. 25 as calling for responses that are protected from disclosure by Federal Rule of Criminal Procedure 6(e), by the law enforcement investigative privilege, and by the work product doctrine.

26. The Respondent objects to Requests No. 26(a)-26(e) as being overly broad and unduly burdensome and not calculated to lead to or involve information relevant to the instant matter due to petitioners' use of the petitioner-defined term "Government." *See supra* at 1-3. The Respondent also objects to Requests No. 26(a)-26(e) as calling for responses that are protected from disclosure by Federal Rule of Criminal Procedure 6(e), by the law enforcement investigative privilege, and by the work product doctrine. Notwithstanding the foregoing objection, the Respondent admits that, as part of the criminal investigation of Jeffrey Epstein, the government collected photographs or other images of Jane Doe 3 from Jane Doe 3 in 2011.

27. (a) Denied.

    (b) Denied.

    (c) Denied.

28. The Respondent objects to Requests No. 28(a)-28(b) as seeking admissions that are beyond the scope of the discovery permitted by Fed. R. Civ. P. 26(b)(1) and 36(a)(1).

15

Rule 26(b)(1) provides, in pertinent part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense— including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Rule 36(a)(1) further provides, in pertinent part, that a party may request another party to "admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either." The admissions sought by Requests No. 28(a)-28(b), however, do not involve "facts, the application of law to fact, or opinions about either," but instead seek admissions concerning the *procedural posture* and *timing* of discovery responses—matters which are not "relevant to any party's claim or defense" in this CVRA proceeding, have no substantive bearing on the merits of these proceedings, and are not the proper subject of requests for admissions pursuant to Fed. R. Civ. P. 36.[†] Notwithstanding the foregoing objections, the Respondent admits that as of April 1, 2015, the USAO-SDFL had not (a) provided Jane Doe 1 or Jane Doe 2 all of the discovery to which they were entitled nor (b) certified to the court that it had provided all the discovery to which Jane Doe 1 and Jane Doe 2 were entitled; for example, as of April 1, 2015, the Respondent's responses to the *Second Request for Admissions* were not yet due, and the Respondent's response to the petitioners' *Supplemental Request for Production to the Government Regarding Co-Conspirator Immunity Provision and Related Subjects* was also not yet due. Except as admitted above, the Respondent denies Requests No. 28(a)-28(b).

---

[†] The only procedural matter for which Rule 36(a) contemplates admissions is "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)(B).

                Respectfully submitted,

                WIFREDO A. FERRER
                UNITED STATES ATTORNEY

By:   */s Dexter A. Lee*
       Dexter A. Lee
       Assistant United States Attorney
       Florida Bar No. 0936693
       99 N.E. 4th Street
       Miami, Florida 33132
       Tel: (305) 961-9320; Fax: (305) 530-7139
       Email: dexter.lee@usdoj.gov

       A. Marie Villafaña
       Assistant United States Attorney
       Florida Bar No. 0018255
       500 S. Australian Avenue, Suite 400
       West Palm Beach, FL 33401
       Tel: (561) 820-8711; Fax: (561) 820-8777
       Email: ann.marie.c.villafana@usdoj.gov

       Eduardo I. Sánchez
       Assistant United States Attorney
       Florida Bar No. 877875
       99 N.E. 4th Street
       Miami, Florida 33132
       Tel: (305) 961-9057; Fax: (305) 536-4676
       Email: eduardo.i.sanchez@usdoj.gov

       Attorneys for United States

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *United States' Response to Petitioners' Second Request for Admissions to the Government* was served via email on this 17th day of June, 2015, on the parties and counsel appearing on the attached service list.

                                      */s Dexter A. Lee*
                                      Assistant United States Attorney

**SERVICE LIST**

*Jane Does 1 and 2 v. United States*,
Case No. 08-80736-CIV-MARRA/MATTHEWMAN
United States District Court, Southern District of Florida


Brad Edwards, Esq.,
Farmer, Jaffe, Weissing,
Edwards, Fistos & Lehrman, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820
Fax: (954) 524-2822
E-mail: brad@pathtojustice.com


Paul G. Cassell
S.J. Quinney College of Law at the
University of Utah
332 S. 1400 E.
Salt Lake City, Utah 84112
(801) 585-5202
Fax: (801) 585-6833
E-mail: casselp@law.utah.edu

Attorneys for Jane Doe # 1 and Jane Doe # 2