UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80736-CIV-MARRA

JANE DOE NO. 1 AND
JANE DOE NO. 2,

    Petitioners,

vs.

UNITED STATES,

    Respondent.

_____/

**RESPONDENT'S OPPOSITION TO PETITIONERS' MOTION TO
COMPEL ANSWERS TO SUPPLEMENTAL REQUESTS FOR ADMISSION
AND REQUESTS FOR PRODUCTION**

Respondent, by and through its undersigned counsel, files its Opposition to Petitioners' Motion to Compel Answers to Supplemental Requests for Admission and Requests for Production, and states:

I.    INTRODUCTION

On April 7, 2015, this Court denied petitioners' motion to join Jane Doe No. 3 and Jane Doe No. 4. D.E. 324. The Court also struck allegations by Jane Doe No. 3, as to how she was sexually abused by Alan Dershowitz and others, finding that

> these lurid details are unnecessary to the determination of whether Jane Doe 3 and Jane Doe 4 should be permitted to join Petitioners' claim that the Government violated their rights under the CVRA. The factual details regarding with whom and where the Jane Does engaged in sexual activities are immaterial and impertinent to this central claim (i.e., that they were known victims of Mr. Epstein and the Government owed them CVRA duties), especially considering that these details involve non-parties who are not related to the respondent Government. These unnecessary details shall be stricken.

D.E. 324 at 5(emphasis in original).    On Saturday, April 11, 2015, four days after the Court issued its order, petitioners served the Supplemental Request for Production and Second Request for Admissions which are the subject of their motion to compel.

On June 17, 2015, the Government responded to the two discovery requests at issue, lodging various objections.  Exhibit A, United States' Response to Jane Doe #1 and Jane Doe #2's Supplemental Request for Production, and Exhibit B, United States' Response to Petitioners' Second Request for Admissions to The Government.

    II.    PETITIONERS' MOTION TO COMPEL IS UNTIMELY UNDER S.D.FLA. L.R. 26.1(i)(1)

Petitioners' motion to compel should be denied because it is untimely.  S.D.Fla.L.R. 26.1(i)(1) provides:

> (1)  *Time for Filing*.  All motions related to discovery, but not limited to motions to compel discovery and motions for protective order, shall be filed within thirty (30) days of the occurrence of grounds for the motion.  Failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought.  Neither this thirty (30) day period nor any other Court-ordered scheduling deadlines may be extended by stipulation.

The Government responded to petitioners' Supplemental Request for Production, and Second Request for Admissions, on June 17, 2015.  The Government objected to various portions of the Supplemental Request for Production and the Second Requests for Admission, which are being challenged by petitioners in their motion to compel.  Since the grounds for petitioners' motion arose on June 17, 2015, petitioners were obligated under S.D.Fla.L.R. 26.1(i)(1) to file their motion to compel within thirty (30) days.  Since they did not file their motion until December 28, 2015, the motion should be denied as being untimely.

### III.  PETITIONERS' DISCOVERY REQUESTS ARE BEYOND THE PERMISSIBLE SCOPE IN FED.R.CIV.P. 26(b)(1)

The Government objected to the supplemental discovery requests seeking documents pertaining to Jane Doe No. 3's claims of sexual abuse by Alan Dershowitz (Supplemental Discovery Request 3) and Request for Admission 24 and 25.  The basis of the government's objections was that the documents sought by petitioners were not relevant to a claim or defense of Jane Doe 1, Jane Doe 2, or the Government.  Specifically, whether the Government developed any information regarding the sexual abuse of Jane Doe 3 by someone other than Mr. Epstein was irrelevant for the purposes of the CVRA lawsuit.  United States' Response to Jane Doe #1 and Jane Doe #2's Supplemental Request for Production at 2, citing Fed.R.Civ.P. 26(b)(1).

Fed.R.Civ.P. 26(b)(1), as amended on December 1, 2015, provides:[1]

> (b)  Discovery Scope and Limits.
>
> (1)  Scope in General.  Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any part's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Whether Mr. Dershowitz sexually abused Jane Doe 3 is not relevant to any claim or defense of either petitioner, nor the Government (Supplemental Discovery Request 3) .[2]  Similarly, whether

---

[1] "Amendments to the Federal Rules of Civil Procedure govern proceedings after the date they are effective in an action then pending unless the Supreme Court specifies otherwise or the court determines that applying them in a particular action would be infeasible or work an injustice."  In Re Harwell, 628 F.3d 1312, 1316  n.4 (11th Cir. 2010), citing Fed.R.Civ.P. 86(a).

[2] In their motion to compel, petitioners suggest that government counsel has admitted that the government possesses materials indicating that Alan Dershowitz sexually abused Jane Doe 3, or some other minor victim.  Motion to Compel at 4.  That is not so.  Supplemental  Discovery Request 3 contained thirteen (13) subparts, (a) through (m),

the Government has documents showing that Prince Andrew, Ghislaine Maxwell, Jean Luc Brunel, were in the presence of, or in close proximity to, Jane Doe 3 (Supplemental Discovery Request 6), is also beyond the permitted scope of discovery in Rule 26(b)(1).

> A.  The Court's April 7, 2015 Order Did Not "Specifically Recognize" that Discovery Requests Could be Made About Dershowitz

Petitioners attempt to discount the Government's reliance upon the Court's April 7, 2015 Order, in its objections to some of their discovery requests.  That Order denied their motion to add Jane Doe 3 and Jane Doe 4, and struck the allegations regarding Mr. Dershowitz.  Motion to Compel at 6-7.  Petitioners claim that, "the Court specifically stated that other victims could participate in this case on some issues, including discovery issues," and proceeded to paraphrase a passage from page 8 of D.E. 324:

> "The necessary 'participation' of [other victims] . . . in this case can be satisfied by offering their properly supported – and *relevant, admissible,* and *non-cumulative* – testimony as needed, whether through testimony at trial . . . or affidavits *submitted to support the relevancy of discovery requests* . . . ." DE 324 at 8 (second emphasis added).  Motion to Compel at 7.

The entire passage from the Court's Order states:

> The necessary "participation" of Jane Doe 3 and Jane Doe 4 in this case can be satisfied by offering their properly supported – and <u>relevant</u>, <u>admissible</u>, and <u>non-cumulative</u> – testimony as needed, whether through testimony at trial (<u>see</u> DE 280 at 9) or affidavits submitted to support the relevancy of discovery requests (footnote omitted)(<u>see</u> <u>id</u>. at 10).

D.E. 324 at 8(emphasis in original).   Petitioners' use of a second emphasis, for the phrase "affidavits *submitted to support the relevancy of discovery requests*" presumably indicates their

---

many of which seek materials unrelated to whether Alan Dershowitz sexually abused anyone. In the e-mail to petitioners' counsel on June 30, 2015, referenced by petitioners, the undersigned stated, "The government does have some responsive materials to Supplement Discovery Request 3, pertaining to Alan Dershowitz.  We have not examined some of the materials which we believe may be responsive, but believe that, if there is responsive information, it would likely be located in those documents."

4

belief that this passage recognizes that other victims, like Jane Doe 3, "could participate in this case on some issues, including discovery issues."

The Court referred to DE 280, page 10, immediately after the phrase quoted by petitioners. DE 280 is petitioners' Corrected Motion Pursuant to Rule 21 for Joinder in Action. On page 10, petitioners attempted to justify the joinder of Jane Doe 3 and Jane Doe 4 as "directly relevant to the discovery disputes currently pending in this case." D.E. 280 at 10. Petitioners referred to various relevance objections raised by the Government to their discovery, and maintained that Jane Doe 3 and Jane Doe 4's participation as parties "will help prove the relevancy of those requests, as well as the need for those requests." D.E. 280 at 10.

The Court's reference to DE 280, page 10, indicates the Court was addressing petitioners' claim, and expressing the Court's belief that Jane Doe 3 and Jane Doe 4 could still submit affidavits to support the relevancy of the petitioners' discovery requests, without being added as additional petitioners. This is the 'participation in discovery issues' contemplated by the Court, not that petitioners could pursue discovery about claims of alleged sexual abuse, perpetrated on non-party minors by individuals other than Jeffrey Epstein.

The Court denied petitioners' motion to add Jane Doe 3 and Jane Doe 4 to the case, and also struck allegations regarding Jane Doe 3's alleged sexual abuse, finding that, "[t]he factual details regarding with whom and where the Jane Does engaged in sexual activities are immaterial and impertinent to this central claim (i.e., that they were known victims of Mr. Epstein and the Government owed them CVRA duties), especially considering that these details involve non-parties who are not related to the respondent Government. These unnecessary details shall be stricken." D.E. 324 at 5. That reasoning does not countenance discovery requests from petitioners, that would obligate the Government to produce documents relating to whether Mr.

5

Dershowitz sexually abused Jane Doe 3, or was in close proximity to her when sexual abuse was occurring.

    IV.    DISCOVERY ABOUT DERSHOWITZ'S INVOLVEMENT IN JEFFREY EPSTEIN'S CRIMES IS BEYOND THE PROPER SCOPE OF DISCOVERY

Petitioners contend that discovery about Mr. Dershowitz's involvement in the criminal offenses committed by Jeffrey Epstein are "highly relevant." Motion to Compel at 9-21. They claim that Dershowitz was involved in his client's crime, and had a self-interest in negotiating a non-prosecution agreement providing immunity for all potential co-conspirators, which petitioners claim would include Dershowitz.[3] Id. at 9-10.

The alleged subjective motivations of one of Mr. Epstein's legion of defense attorneys is not relevant to a claim or defense of any of the parties, nor is it proportional to the needs of the case. Whether Mr. Dershowitz had an ulterior motive to negotiate an agreement that protected himself from criminal prosecution, does not make it more or less likely that the Government violated the CVRA. The plain language of the CVRA does not create any obligations in defendants, defense counsel, or persons otherwise accused of crime, to less vigorously defend against government prosecutorial efforts.

Petitioners' tenuous justification for discovery regarding Mr. Dershowitz fails the proportionality element of Rule 26(b)(1). The December 15, 2015 amendment to Rule 26(b)(1) was intended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse" by emphasizing the need to analyze proportionality before ordering production of relevant information." State Farm Ins. Co. v. Fayda, 2015 WL 7871037 at *2

---

[3] In making this allegation, petitioners are also accusing Mr. Dershowitz of having a conflict of interest in his representation of Mr. Epstein. McCorkle v. U.S., 325 Fed.Appx. 804 (11th Cir. 2009)(conflict of interest could result from trial defense counsel's possible participation in client's criminal activity), and Armienti v. U.S., 234 F.3d 820 (2nd Cir. 2000)(Per se conflict of interest where trial counsel is implicated in the very crime for which his or her client is on trial).

6

(S.D.N.Y. Dec. 3, 2015).  Any marginal probative value, if any exists at all, of documents establishing Mr. Dershowitz's involvement in Epstein's criminal activities does not justify the effort which the Government would have to expend to search for responsive documents, or to answer requests for admission pertaining to Dershowitz.  As an example, Request for Admission 24 asks the Government to admit that as a "part of its criminal investigation of Jeffrey Epstein between 2005 and the date on which the investigation concluded, the Government collected or became aware of information suggesting that Alan Dershowitz was in close proximity to Jeffrey Epstein at a time when young females (under the age of 18) were also in close proximity to Epstein."  Motion to Compel at 3.   Answering this request would require the Government to examine all of the witness interview notes and FBI -302's, of the young women abused by Epstein, to determine if any mention was ever made of Alan Dershowitz being in close proximity when the abuse occurred.  This expenditure of time and expense is completely unjustified where any resulting information provided will be of no benefit in proving or disproving whether the Government violated any CVRA obligation.  The particular identities of the "potential co-conspirators of Epstein" referenced in the non-prosecution agreement simply makes no difference in the assessment of whether the Government violated the CVRA.

     Petitioner also argues that Dershowitz's self-interest in having the non-prosecution agreement executed somehow bears directly on the Government's motive for violating the petitioners' CVRA rights.  Motion to Compel at 12-18.  Plainly the documents and responses petitioners seek pertain to Dershowitz's motives to have the non-prosecution agreement approved and executed.   Petitioners provides no rational explanation of how Dershowitz's alleged self-interest  would be imputed or ascribed to the Government.    Like any legal advocate, Dershowitz advanced positions which favored Epstein, or sought the best outcome for

7

his client.  Whether he did so because he had a self-interest, or was motivated solely by his genuine belief the non-prosecution agreement was the most favorable available outcome for his client, is irrelevant insofar as this CVRA lawsuit is concerned.  In its April 7, 2015 Order, the Court noted that the details regarding with whom and where the Jane Does engaged in sexual activities were immaterial and impertinent to the central claim, "especially considering that these details involve non-parties who are not related to the respondent Government." D.E. 324 at 5.

Mr. Dershowitz was not related to the Government.  Indeed, he was an adversary who was trying to advocate on behalf of a client who was under criminal investigation.  His subjective motivations cannot be ascribed or imputed to the Government.  Therefore, any documents that could reflect sexual conduct between Dershowitz and Jane Doe 3 are irrelevant to any claim or defense in this CVRA case.

Petitioners also contend that evidence of Dershowitz's improper self-interest would support the claim that he sought a confidentiality provision in the non-prosecution agreement, to prevent the petitioners from finding out and objecting.   This too is irrelevant on the issue of whether the Government violated the CVRA.  Dershowtiz's motives, whether pure or otherwise, is not probative of whether the Government violated any CVRA duty.  Dershowitz was under no obligation to ensure that the Government complied with any duties under the CVRA.  In accordance with the Sixth Amendment, in the adversary system, his function was as an advocate on behalf of his client.

The documents and information sought by petitioners in their Supplemental Request for Production and Second Request for Admissions, which are the subject of their motion to compel, are not proportional to the needs of the case, given the non-probative value of the subjective

8

motivations of Mr. Dershowitz.   Accordingly, petitioners' motion to compel should be denied.

DATED:  January 14, 2016                         Respectfully submitted,

                                                 WIFREDO A. FERRER
                                                 UNITED STATES ATTORNEY


                                         By:    ___s/ Dexter A. Lee_____
                                                 DEXTER A. LEE
                                                 Assistant U.S. Attorney
                                                 Fla. Bar No. 0936693
                                                 99 N.E. 4th Street, Suite 300
                                                 Miami, Florida   33132
                                                 (305) 961-9320
                                                 Fax:  (305) 530-7139
                                                 E-mail:  dexter.lee@usdoj.gov

                                                 ATTORNEY FOR RESPONDENT


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 14, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                                 __s/ Dexter A. Lee_____
                                                 DEXTER A.  LEE
                                                 Assistant U.S. Attorney

SERVICE LIST

Jane Does 1 and 2 v.  United States,
Case No.  08-80736-CIV-MARRA/JOHNSON
United States District Court, Southern District of Florida
Bradley J. Edwards, Esq.,
Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820
Fax:  (954) 524-2822
E-mail: brad@pathtojustice.com

Paul G. Cassell
S.J. Quinney College of Law at the

9

University of Utah
332 S. 1400 E.
Salt Lake City, Utah 84112
(801) 585-5202
Fax: (801) 585-6833
E-mail: casselp@law.utah.edu

Attorneys for Jane Doe # 1 and Jane Doe # 2