UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80736-CIV-MARRA

JANE DOE NO. 1 AND
JANE DOE NO. 2,

      Petitioners,

vs.

UNITED STATES OF AMERICA,

      Respondent.
_____/

RESPONDENT'S OPPOSITION TO PETITIONERS' MOTION FOR
DEPOSITIONS OF GOVERNMENT WITNESSES

Respondent United States of America, by and through its undersigned counsel, files its Opposition to Petitioners' Motion for Depositions of Government Witnesses, and states:

PETITIONERS' MOTION FOR ADDITIONAL DISCOVERY,
IN THE FORM OF DEPOSITIONS, SHOULD BE DENIED

I. BACKGROUND

In its Order of September 26, 2011, the Court provided that, "[b]ecause the Court finds some factual development is necessary to resolve the remaining issues in this case, it will permit Plaintiffs the opportunity to conduct limited discovery in the form of document requests and requests for admissions from the U.S. Attorney's Office. Either party may request additional discovery if necessary." D.E. 99 at 11.

Since that Order was issued, petitioners have served three (3) separate requests for production, and three (3) separate requests for admissions. The first request for production sought twenty-five (25) broad categories of documents. The second request for production (April 11, 2015) sought seven categories of documents. The third request for production

(December 2, 2015) seeks eleven categories of documents.

Petitioners' First Request for Admissions sought admissions on twenty-six (26) assertions. Their Second Request for Admissions sought admissions on twenty-eight (28) assertions. The Third Request for Admissions seeks admissions on twenty-six (26) assertions, with sixteen (16) assertions having thirty-three (33) subparts. This is tantamount to a request for more than 500 separate admissions, hundreds of which pertain only to non-parties.

On December 29, 2015, petitioners served yet another set of discovery requests, comprising a supplemental request for production, seeking four categories of documents, and a fourth request for admissions, seeking admissions to six assertions of fact, with thirty-three subparts for each. The thirty-three subparts pertain to Jane Does 1 through 33. This fourth request is tantamount to a request for nearly 200 additional admissions.

On January 26, 2016, the government notified petitioners that it would not be raising an argument under 18 U.S.C. § 3771(d)(1) that Jane Does 1 through 33 are barred from obtaining relief under the CVRA due to complicity in the crimes committed by Jeffrey Epstein.[1] Petitioners have withdrawn their third and fourth request for admissions, but still seek four categories of documents in their request for production, propounded on January 29, 2016. Part of petitioners' justification for the six depositions is the government's assertion of the argument under section 3771(d)(1). D.E. 344 at 1, 3-4. Since the government will not be raising that argument, that portion of the justification no longer exists.

The burden of providing discovery and responding to petitioners' requests has been borne

---

[1] Jane Doe 1 and Jane Doe 2 are the petitioners in the above-styled case, but precisely which individual corresponds to the "Jane Doe 3" through "Jane Doe 33" references made by petitioners is unclear, beyond the fact that the 32 individuals constituting Jane Does 3 through 33 were identified on the list of victims that was prepared by the government pursuant to the terms of the non-prosecution agreement with Epstein.

entirely by the government. Despite availing themselves of this opportunity to conduct "limited" discovery, petitioners want more, in the form of depositions of (1) FBI Special Agent E. Nesbitt Kuyrkendall; (2) FBI S/A Jason Richards; (3) Jeffrey Sloman, who formerly served as both United States Attorney and First Assistant U.S. Attorney; (4) Matt Menchel, who formerly served as Chief of the Criminal Division; (5) Assistant U.S. Attorney Marie Villafana; and (6) R. Alexander Acosta, who formerly served as United States Attorney.[2]

## II. THERE IS NO AUTHORITY FOR AUTHORIZING OR CONDUCTING DEPOSITIONS IN THIS CVRA LITIGATION.

Petitioners' motion to conduct depositions should be denied, because they have had ample opportunity to engage in the limited discovery authorized by the Court. The instant action is one asserting rights under the Crime Victim Rights Act, 18 U.S.C. § 3771. In the majority of cases where putative victims seek to assert rights under the CVRA, there is an existing criminal prosecution, in which the victim can present his or her claims to the Court in the criminal case. 18 U.S.C. § 3771(d)(3)(a). Since a criminal case is governed by the Federal Rules of Criminal Procedure, there is no provision allowing the depositions being sought by petitioners. Federal Rule of Criminal Procedure 15(a) provides that, "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial." A putative victim is not

---

[2] During the status conference held by the Court on November 23, 2015, petitioners' counsel advised the Court that, in the event disputed factual issues still existed after the Court ruled on the petitioners' motion for summary judgment, petitioners would want to conduct depositions. They have apparently thought better of this position, since their motion is not premised upon a denial, or partial denial, of their summary judgment motion due to a factual dispute. To the extent that factual disputes remain that preclude summary judgment, those should be resolved through an evidentiary hearing where the Court is the trier of fact. See Lehman v. Nakshian, 453 U.S. 156, 160 (1981) ("It has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government."); see also Washington Int'l Ins. Co. v. U.S., 863 F.2d 877, 878-79 (Fed. Cir. 1988) (Seventh Amendment preserves the right to a jury trial in those actions in which the right existed at common law at the time of the Seventh Amendment's 1791 adoption).

3

a "party" to a criminal proceeding, since the only parties are the Government and the defendant. Thus, no victim can invoke Fed.R.Crim.P. 15 to authorize a deposition.

Section 3771(d)(3)(a) also provides that, "if no prosecution is underway, [the rights described in subsection (a) shall be asserted] in the district court in the district in which the crime occurred." This is the provision petitioners rely upon for maintaining their CVRA action. If a purported crime victim would not be entitled to conduct depositions where CVRA rights are being asserted in a pending criminal case, it would be odd indeed for the same purported victim to have such a right where no criminal case was pending.

There is no basis in the CVRA for petitioners to conduct the depositions they seek, nor in the Federal Rules of Criminal Procedure. Consequently, their motion should be denied.

III.   THE REQUESTED DEPOSITIONS, WHICH INCLUDE DEPOSITIONS
       OF FBI SPECIAL AGENTS KUYRKENDALL AND RICHARDS,
       SHOULD NOT BE PERMITTED

Petitioners seek to depose four federal prosecutors (including two former United Sates Attorneys) and FBI Special Agents Kuyrkendall and Richards, who were the case agents in the criminal investigation of Jeffrey Epstein. The CVRA, however, does not provide access to non-public information to crime victims. In United States v. Moussaoui, 483 F.3d 220 (4th Cir. 2007), the court of appeals held that the district court erred when it ordered the government to provide non-public information to victims who were also civil plaintiffs who had filed civil tort suits after the September 11, 2001 terror attacks. Those victims had intervened in the criminal prosecution of Zacarias Moussaoui, and claimed in the district court that the CVRA and Title IV of the Air Transportation Safety and System Stabilization Act gave them a right of access to the information they were seeking. Id. at 224-25. The district court granted intervention, and directed that the victims be provided access to non-classified and non-sensitive security

4

information material. After the victims propounded a broad discovery request, the government sought reconsideration. The reconsideration request was denied, and the government appealed. Id. at 226.

On appeal, the victims abandoned their reliance on the CVRA and the Air Transportation Safety and Stabilization Act as granting authority for the district court to allow discovery. Id. at 234. The Fourth Circuit observed that, "[t]his was wise strategy, as nothing in those two statutes support the district court's exercise of power." Id. The appellate court also noted that, "[t]he rights codified by the CVRA, however, are limited to the criminal justice process; the Act is therefore silent and unconcerned with victims' rights to file civil claims against their assailants." Id. at 234-35.

This reasoning also applies to instances where a putative victim is seeking to assert rights under the CVRA against the government. If a criminal proceeding had been commenced against Jeffrey Epstein in federal court, petitioners would have asserted their CVRA claims in the context of that criminal prosecution. Any disputed factual issues would have been decided in an evidentiary hearing, with the Court as the finder of fact. Just as a criminal defendant challenging a search has no right to depose the testifying government agents prior to the evidentiary hearing, petitioners have no right to depose Agents Kuyrkendall and Richards. Petitioners should not have more rights in the absence of a criminal prosecution against Epstein than they would have had he been formally charged.

In their first request for production, petitioners sought the entire criminal case file in the Epstein criminal investigation, as well as any documents showing that the U.S. Attorney's Office misled the FBI regarding the disposition of the Epstein investigation. The government objected on the grounds of relevance, which was sustained by the Court. D.E. 330 at 14-17. If petitioners

5

have the opportunity to depose Agents Kuyrkendall and Richards, or any of the prosecutors who have been involved in this matter, they will likely delve again into these irrelevant matters. Since an objection to relevance is not a basis for instructing a deponent not to answer a question, Fed.R.Civ.P. 30(c)(2), the government will have little recourse to prevent questioning into these areas, short of terminating the deposition to seek a protective order. Fed.R.Civ.P. 30(d)(3)(A). Petitioners are also likely to inquire--as they have in previous discovery requests--about matters that are protected by grand jury secrecy pursuant to Fed. R. Crim. P. 6(e) and by the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege.[3] Since the potential for exceeding the scope of permissible discovery is great, no depositions of Agent Kuyrkendall, Agents Richards, or any of the federal prosecutors should be permitted. If petitioners want information from any of these individuals, they may make appropriate inquiry of them during the evidentiary hearing, where a judicial officer will be present to rule on any objections.

      IV.    THE DEPOSITIONS OF FORMER UNITED STATES ATTORNEYS AND OF ASSISTANT U.S. ATTORNEYS, FORMER AND CURRENT, SHOULD BE DENIED

Petitioners want to take the depositions of two former U.S. Attorneys, a former supervisory Assistant U.S. Attorney, and a current Assistant U.S. Attorney who participated in the criminal investigation of Jeffrey Epstein and made decisions regarding that investigation. Special additional considerations warrant the denial of such depositions.

In <u>West Peninsular Title Co. v. Palm Beach County</u>, 132 F.R.D. 301 (S.D.Fla. 1990), the district court observed that, "[f]ederal courts, however, have held that depositions of attorneys

---

[3] As this Court has recognized in the past, when the government has asserted such privileges and protections when confronted by petitioners' discovery efforts, "Petitioners [have] object[ed] to every privilege asserted." D.E. 330 at 1.

inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the same." Id. at 302 (citations omitted). In Klayman v. Freedom's Watch, Inc., 2007 WL 4414803 (S.D.Fla. Dec. 14, 2007), another district court noted that a deposition of an opposing party's attorney was presumed to be harassment of the opposing party and its attorney. 2007 WL 4414803 at *3. Further, the court found that burdens are placed on attorneys and the attorney-client privilege is threatened when a party seeks to depose the attorney of another party.

The fact that petitioners want to inquire about what the U.S. Attorney and Assistant U.S. Attorneys did in a previous matter does not dispel the concerns regarding deposing the opposing party's attorney. The attorney-client privilege and attorney work-product doctrine still apply to matters which have been concluded. FTC v. Grolier, Inc., 462 U.S. 19 (1983) ("[T]he literal language of the Rule [26(b)(3)] protects materials prepared for *any* litigation or trial as long as they were prepared by or for a party to the subsequent litigation.") (italics in original). Thus, the same concerns about encroaching upon privileged matters still exists. A party seeking to depose the other party's attorney must demonstrate that the deposition is the only practical means available of obtaining the information. West Peninsular, 132 F.R.D. at 302. Moreover, the party must also show that the information sought will not invade the realm of the attorney's work product, or any attorney-client privilege. Id. (citations omitted).

The deposition of the former U.S. Attorney, R. Alexander Acosta, should not be permitted. As the U.S. Attorney, he would not have been involved in direct consultation with victims or their representatives. Moreover, as the head of the Office, and the official with ultimate responsibility in determining the appropriate resolution of the Jeffrey Epstein investigation, his mental processes in the decisions he made cannot be invaded by petitioners. In United States v. Morgan, 313 U.S. 409 (1941), the Supreme Court held that it was improper for

the district court to allow the deposition of the Secretary of Agriculture, whose order fixing the maximum rates to be charged at the Kansas City stockyards was being challenged. The Supreme Court observed that the proceeding before the Secretary "has a quality resembling that of a judicial proceeding," and that probing of the mental processes of the Secretary should not have been allowed. Id. at 421-22. "Just as a judge cannot be subjected to such scrutiny … so the integrity of the administrative process must be equally respected." Id. at 422 (citations omitted). Any deposition of Mr. Acosta by petitioners would present a substantial risk that petitioners would seek to dissect and question every factor considered by Mr. Acosta in deciding that a non-prosecution agreement was the appropriate course to take.

Similarly, neither Mr. Sloman, the former First Assistant U.S. Attorney and former Acting U.S. Attorney, nor Mr. Menchel, the former Chief of the Criminal Division, were involved in any consultation with the victims. Their mental processes in making decisions on the Epstein criminal investigation are also protected from inquiry by petitioners

Petitioners also seek to depose Assistant U.S. Attorney Marie Villafaña. Her mental processes in the Epstein case also cannot be probed, and much of what petitioners want to elicit from her may be protected by the attorney-client, attorney work product, and deliberative process privileges.[4]

Petitioners nonetheless attempt to justify the attorney depositions by claiming that the Government denied that it failed to inform Jane Doe 1 and Jane Doe 2, during the period September 24, 2007 through June 2008, that the non-prosecution agreement would block the

---

[4] As previously mentioned, petitioners have shown little restraint in seeking documents and admissions which are covered by the attorney-client privilege; attorney work product doctrine; grand jury secrecy under Fed.R.Crim.P. 6(e); or relevance under Fed.R.Civ.P. 26. D.E. 330 at 5-17. There is little reason to believe that areas of inquiry in the proposed depositions will be more circumscribed.

8

prosecution of the federal offenses committed against them by Jeffrey Epstein and his potential co-conspirators. D.E. 344 at 2 (referencing Second Request for Admission 14(a)). The Government response to petitioners' request for admission stated, however, that FBI agents were the persons who made the notifications, not the attorneys petitioners seek to depose. Similarly, in its response to Second Request for Admission 14(e), the Government denied that, during the period from September 24, 2007, through June 2008, the USAO-SDFL did not inform any of the other, non-party victims listed in the annex or appendix to the non-prosecution agreement that the non-prosecution agreement would block prosecution of the federal offenses committed against that victim by Jeffrey Epstein and his potential con-conspirators. Whether or not the USAO-SDFL informed any of the other, non-party victims that were the subject of Second Request for Admission 14(e) that the non-prosecution agreement would block prosecution of the federal offenses committed against that victim by Jeffrey Epstein and his potential con-conspirators cannot serve to justify the petitioners' extraordinary request for depositions in this litigation. Whether or not those victims were so informed has no relevance to whether or not *the petitioners'* CVRA rights were violated--particularly where the Government has admitted that it did not so inform Jane Doe 2 (one of the petitioners), non-party Jane Doe 3, or non-party Jane Doe 4,[5] *see* Government's Resp. to Second Request for Admission 14(b)-(d), and has only denied that it did not inform *all* of the other, non-party victims that were the subject of Second Request for Admission 14(e)--and such deposition discovery is simply not proportional to the needs of the case given the legal and factual posture of this litigation.

---

[5] Jane Doe 3 and Jane Doe 4 in the petitioners' Second Request for Admissions are two specific non-party clients of petitioners' counsel and are thus to be distinguished from the undifferentiated Jane Does 3 through 33 referenced in later discovery requests propounded by petitioners.

## CONCLUSION

Petitioners' motion to depose government witnesses should be denied.  They have no right to conduct such depositions, and they have already engaged in extensive and more-than-sufficient discovery through the use of requests for production and requests for admissions.

DATED:  February 1, 2016		Respectfully submitted,

		WIFREDO A. FERRER
		UNITED STATES ATTORNEY


By:	 __s/ Dexter A. Lee_____
	DEXTER A. LEE
	Assistant U.S. Attorney
	Fla. Bar No. 0936693
	99 N.E. 4th Street, Suite 300
	Miami, Florida  33132
	(305) 961-9320
	Fax:  (305) 530-7139
	E-mail:  dexter.lee@usdoj.gov

	ATTORNEY FOR RESPONDENT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 1, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

	 __s/ Dexter A. Lee_____
	DEXTER A.  LEE
	Assistant U.S. Attorney

## SERVICE LIST

Jane Does 1 and 2 v.  United States,
Case No.  08-80736-CIV-MARRA/JOHNSON
United States District Court, Southern District of Florida
Bradley J. Edwards, Esq.,
Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820

Fax:  (954) 524-2822
E-mail: brad@pathtojustice.com

Paul G. Cassell
S.J. Quinney College of Law at the
University of Utah
332 S. 1400 E.
Salt Lake City, Utah 84112
(801) 585-5202
Fax: (801) 585-6833
E-mail: casselp@law.utah.edu

Attorneys for Jane Doe # 1 and Jane Doe # 2