# EXHIBIT
# 1

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

(212) 446-4800

www.kirkland.com

Jay P. Lefkowitz, P.C.
To Call Writer Directly:
212 446-4970
lefkowitz@kirkland.com

Facsimile:
(212) 446-4900

Dir. Fax: 212-446-6460

**Confidential. For Settlement
Purposes Only, Pursuant to Rule 408.**

October 10, 2007

**VIA E-MAIL**

R. Alexander Acosta
United States Attorney's Office
Southern District of Florida
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401

*Re: Jeffrey Epstein*

Dear Alex:

I write as a follow up to our conversation yesterday regarding the open issues that remain in the Epstein matter. As you are aware, we continue to have serious disagreements with Ms. Villafana regarding the nature of the settlement process for identified individuals' § 2255 claims. Legal representation in a lawsuit was never contemplated by the Federal Plea Agreement (the "Agreement"). Over the course of the negotiations of the Agreement, the parties worked diligently to create an alternative dispute resolution for those identified individuals seeking a civil remedy for the conduct at issue, in an effort to avoid long drawn out disputes over liability in public adversarial litigations. Initially, we proposed that Mr. Epstein create a trust whereby a trustee would be appointed by the Circuit Court to disperse the funds to the identified individuals based on a good faith showing of injury. In response, Ms. Villafana proposed the appointment of a guardian ad litem to represent the identified individuals, not an attorney, which suggests that litigation was never contemplated by either party. Ultimately, the parties agreed to Paragraphs 7 and 8 of the Agreement, which allow for a single attorney representative to settle the claims of the identified individuals and create a procedural alternative to public adversarial litigation.

In keeping with the parties' understanding of Paragraphs 7 and 8, you should know that we are in agreement with your choice of Judge Edward Davis, but we believe Judge Davis should act as the attorney representative to settle claims pursuant to the Agreement and the parties' longstanding understanding of the settlement process. Because the process we have agreed to does not contemplate litigation with respect to the attorney representative, Judge Davis can work to negotiate settlements with the identified individuals without further involvement by the government or its agents. Below, I've outlined our main areas of concern with the approach Ms.

Chicago      Hong Kong      London      Los Angeles      Munich      San Francisco      Washington, D.C.

**Confidential. For Settlement Purposes Only, Pursuant to Rule 408.**

R. Alexander Acosta
October 10, 2007
Page 2


Villafana has taken regarding the role of the attorney representative and the settlement process for § 2255 claims pursuant to Paragraphs 7 and 8 of the Agreement.

      **First Issue: The Settlement Process and the Role of the Attorney Representative.** The settlement procedure we propose, and which we believe is made clear by the Agreement, is reasonable and consistent with the intention of the parties: the attorney representative will represent the identified individuals provided they opt to enter into a settlement agreement with Mr. Epstein with respect to their § 2255 claims. The attorney representative will negotiate a total settlement amount with Mr. Epstein. Once the United States has formally declined to prosecute Mr. Epstein in this matter, and each identified individual electing to settle has waived her right to pursue any other claims against Mr. Epstein, the attorney representative will distribute the proceeds in the manner he sees fit. If the identified individuals cannot settle or opt not to settle on a damages amount with Mr. Epstein, then the attorney representative may not continue his representation and is barred from filing lawsuits pursuant to § 2255 and the identified individuals would not be suing under § 2255 as contemplated by Paragraph 8.

      Based on the specific language in the contract and the intent of both parties, we believe that the Agreement clearly provides that the identified individuals may opt to make use of the attorney representative so long as they can reach a settlement agreement with Mr. Epstein. If the parties cannot settle on a damages amount with Mr. Epstein, then the attorney representative may not continue his representation and is barred from filing lawsuits pursuant to § 2255.

      The provisions of the Agreement make clear that the role of the attorney representative is limited to settling claims brought by identified individuals pursuant to the Agreement. While Paragraph 7 defines who may be represented by the attorney representative, Paragraph 8 outlines the scope of that representation. Paragraph 7 states:

> The United States shall provide Epstein's attorneys with a list of individuals whom it has identified as victims, as defined in 18 U.S.C. § 2255, after Epstein has signed this agreement and has been sentenced. Upon the execution of this agreement, the United States, in consultation with and subject to the good faith approval of Epstein's counsel, shall select an attorney representative for these persons, who shall be paid for by Epstein. Epstein's counsel may contact the identified individuals through that representative.

      Under Paragraph 8 of the Agreement, which provides the terms of the representation, the attorney representative is only appointed to protect the interests of those identified individuals who elect to waive any claim for damages other than the damages agreed to by the parties. Paragraph 8 states:

> If any of the individuals referred to in paragraph (7), supra, elects to file suit pursuant to 18 U.S.C. § 2255, Epstein will not contest the jurisdiction of the United States District Court for the Southern District of Florida over this person and/or the subject matter, and Epstein waives his right to contest liability and also waives his right to contest damages up to an amount as agreed to between the

RFP MIA 000002

**Confidential. For Settlement Purposes Only, Pursuant to Rule 408.**

R. Alexander Acosta
October 10, 2007
Page 3


> identified individual and Epstein, so long as the identified individual elects to proceed exclusively
> under 18 U.S.C. § 2255, and agrees to waive any other claim for damages, whether pursuant to
> state, federal, or common law. Notwithstanding this waiver, as to those individuals whose names
> appear on the list provided by the United States, Epstein's signature on this agreement, his waivers
> and failures to contest liability and such damages in any suit are not to be construed as an admission
> of any criminal or civil liability.

Paragraph 8 addresses how Mr. Epstein's waivers are triggered pursuant to a settlement with each identified individual. Paragraph 8 is clear that Mr. Epstein will only waive § 2255 liability "so long as" each identified individual proceeds exclusively under § 2255 and agrees to waive damages other than "an amount as agreed to between the identified individual and Epstein." The Agreement's silence with respect to what happens if the parties cannot settle on a damages amount indicates that the parties intended for the scope of the attorney representative's representation to be limited to settling claims with Mr. Epstein, not representing these identified individuals in § 2255 lawsuits.

Ms. Villafana, however, insists that the attorney representative's duties include pursuing a lawsuit under § 2255 on behalf of each identified individual in the event that settlement talks are unsuccessful. This interpretation is incorrect because Ms. Villafana ignores Paragraph 8, which limits the scope of the attorney representative's representation.

The longstanding intention of the parties is also consistent with our interpretation of the Agreement based on prior iterations of the Agreement, which only refer to appointing a trustee or a guardian ad litem to protect the interests of the identified individuals. Thus, legal representation in a lawsuit was never contemplated under the Agreement. Also, Mr. Epstein's agreement to pay the attorney representative's fees reaffirms that the parties never intended for the attorney representative to bring lawsuits. § 2255 includes a provision for attorney's fees, but only if there is a monetary recovery. If the Agreement contemplates, as Ms. Villafana suggests, that the attorney representative could file suit on behalf of each identified individual, Mr. Epstein would never have agreed to pay attorneys fees for those that being suit and lose. It is clear that Mr. Epstein agreed to pay the attorney representative's fees because he assumed that each identified individual represented by the attorney representative would recover something by settling on their respective damages claim.

Ms. Villafana's interpretation of the Agreement would also trigger profound ethical problems due to the conflicts of interests that would arise. For instance, if Mr. Epstein agrees to pay for the attorney representative's fees and monthly expenses in any potentially litigated matter, then the attorney representative would effectively be incentivized to reject settlement under § 2255 in an effort to draw out the lawsuits and incur more fees. If the lawyer were allowed to represent the identified individuals in a lawsuit, the best interests of each identified individual might not be served, because the attorney representative will always be more interested in pursuing lawsuits in lieu of settling claims against Mr. Epstein efficiently and fairly. This conflict

**Confidential.  For Settlement Purposes Only, Pursuant to Rule 408.**

R. Alexander Acosta
October 10, 2007
Page 4

could compromise the attorney representative's duty of loyalty.  *See* ABA Annotated Model
Rules of Professional Conduct, Rule 1.8(f) ("A lawyer shall not accept compensation for
representing a client from one other than the client unless... there is no interference with the
lawyer's independence of professional judgment or with the client-lawyer relationship").  And Mr.
Epstein would essentially be paying the attorney representative to sue himself.  Such a result is
inappropriate and unconscionable.

The attorney representative will face other conflicts as well.  As a general matter, multiple
representation of a group of individuals that elects to settle on damages as well as one or more
individuals who reject settlement carries with it the heightened potential for irreparable conflicts.
For example, the ethics rules preclude an attorney from simultaneously representing parties that
are likely to end up in conflict.  *See* ABA Annotated Model Rules of Professional Conduct, Rule
1.7 ("A lawyer shall not represent a client if...there is a significant risk that the representation of
one or more clients will be materially limited by the lawyer's responsibilities to another client, a
former client or a third person or by a personal interest of the lawyer.").  Here, I can imagine a
case where one of the identified individuals is called as a witness by Mr. Epstein to dispute an
allegation by another identified individual who is a party to the case.  The attorney representative
would have to cross examine the witness, who is also his client.  In another scenario, the attorney
representative may receive privileged information from one identified individual, which precludes
him from using that information with respect to another identified individual.  In each scenario,
the attorney representative will be simultaneously representing parties that may be in conflict, in
violation of Rule 1.7.

For these reasons, we believe that Ms. Villafana's interpretation of the Agreement in
connection with the attorney representative's role in the settlement process must be rejected.

**Second Issue:  Waiver of Liability.**  Ms. Villafana incorrectly alleges that Mr. Epstein
has waived liability even when claims are not settled.  Pursuant to the Agreement, if the identified
individuals choose not to settle with Mr. Epstein, he will not waive liability for those individuals
whose claims are not settled by the attorney representative.  Paragraph 8 is clear that Mr. Epstein
will only waive § 2255 liability so long as each identified individual proceeds exclusively under §
2255 and agrees to waive damages other than "an amount as agreed to between the identified
individual and Epstein." (Paragraph 8, Agreement)  Consequently, those identified individuals
who choose not to settle with Mr. Epstein are not covered by the terms of the Agreement and will
have to prove, among other things, that they are victims under the enumerated statutes.

**Third Issue:  Communication to Identified Individuals.**  Ms. Villafana proposes that
either she or federal agents will speak with the identified individuals regarding the settlement
process.  We do not think it is the government's place to be co-counsel to the identified
individuals, nor should the FBI be their personal investigators.  Neither federal agents nor anyone
from your Office should contact the identified individuals to inform them of the resolution of the

Confidential.  For Settlement Purposes Only, Pursuant to Rule 408.

R. Alexander Acosta
October 10, 2007
Page 5

case, including appointment of the attorney representative and the settlement process.  Not only would that violate the confidentiality of the Agreement, but Mr. Epstein also will have no control over what is communicated to the identified individuals at this most critical stage.  We believe it is essential that we participate in crafting a mutually acceptable communication to the identified individuals.  We further believe that communications between your Office or your case agents and the identified individuals might well violate Rule 6(e)(2)(B) of the Federal Rules of Criminal Procedure.  The powers of the federal grand jury should not, even in appearance, be utilized to advance the interests of a party to a civil lawsuit.

We propose that the following joint communication be made to Judge Davis, who will act as the attorney representative and communicate accordingly with the identified individuals:

As counsel for the United States of America and Jeffrey Epstein, we jointly write to you to provide information relevant to your services as the attorney representative to represent certain identified individuals who may have a civil claim against Mr. Epstein.

The United States has conducted an investigation of Mr. Epstein regarding his solicitation of females, some of whom the government alleges were underage, to engage in prostitution in his Palm Beach County home.   Based on this investigation, the United States has identified certain individuals who may be eligible to seek a civil remedy against Mr. Epstein pursuant to 18 U.S.C. § 2255.

The United States and Mr. Epstein have agreed to a resolution of this investigation.  As part of the resolution of this matter, the parties have agreed to a settlement process for these identified individuals.  The parties agree that you will contact each identified individual and explain the nature of the resolution of this matter, including the settlement process, in accordance with a joint communication drafted by the United States and Mr. Epstein.  The parties further agree that you will interview each identified individual to confirm that they have a viable claim against Mr. Epstein pursuant to 18 U.S.C. § 2255.

Pursuant to the resolution of this matter, you will represent only those identified individuals who elect to settle their claims with Mr. Epstein, and your duties will be limited to negotiating a settlement on the identified individuals' behalf and dispersing the settlement proceeds. Mr. Epstein has agreed that he will not contest jurisdiction in the Southern District of Florida, and he will not contest liability pursuant to 18 U.S.C. § 2255 for those identified individuals who elect to settle all potential claims against him regarding this matter. Mr. Epstein has also agreed to pay reasonable attorney's fees and expenses that you incur as a result of settlement negotiations and settlement administration of this matter.

Confidential.  For Settlement Purposes Only, Pursuant to Rule 408.

R. Alexander Acosta
October 10, 2007
Page 6

To settle these claims, the parties agree that you will negotiate a total settlement amount with Mr. Epstein for each identified individual who elects to settle.  After the United States formally declines to initiate any prosecution against Mr. Epstein related to this matter and each identified individual you represent executes a waiver of all rights to pursue any litigation regarding this matter, you may then distribute the proceeds from the total settlement amount to the identified individuals in the manner you see fit.

For those identified individuals who elect not to settle their claims, Mr. Epstein will not waive his right to contest jurisdiction, liability or damages.  Furthermore, Mr. Epstein will not pay for their attorney's fees or expenses, and you may not represent these individuals in any capacity.  Each of these individuals will be responsible for finding, hiring and paying for her own attorney.

The details regarding the United State's investigation of this matter and its resolution with Mr. Epstein is confidential.  You may not make public statements regarding this matter.  If you have any questions regarding this matter, including the settlement process, you must contact Mr. Epstein's counsel and request a joint clarification from said counsel and the United States.  You should not contact the United States directly.  The parties will make every effort to answer your questions via a joint communication.

Alex, as you know, when Mr. Epstein signed the Agreement, he did so in order to reach finality with your Office and with the express representation that the federal investigation against him would cease.  To that end, I would like your assurance that after you and I agree to the issues raised in this letter, that it will be the end of the United States' involvement barring a willful breech of the Agreement.  Specifically, the government or any of its agents will not make any further communications to the identified individuals and will not make any ex parte communications with Judge Davis.

I look forward to resolving these open issues with you during our 4:30 call today.

Sincerely,

Jay P. Lefkowitz