# EXHIBIT 7



"Ann Marie Villafana"

09/16/2007 03:54 PM

To "Jay Lefkowitz" <JLefkowitz@kirkland.com>
cc
bcc
Subject Re:

History: This message has been replied to and forwarded.

Hi Jay -- This can wait until after the show, but my voice is going so I thought I would type it up. I talked to Andy and he still doesn't like the factual basis. In his opinion, the plea should only address the crimes that we were addressing, and we were not investigating Mr. Epstein abusing his girlfriend.

So, these are the only options that he recommended:

1. We go back to the original agreement where Mr. Epstein pleads only to state charges and serves his time in the state, except that we can agree to only 18 months imprisonment.

2. Mr. Epstein pleads guilty to the state charges and also pleads to either two obstruction counts or to one count of violating 47 USC 223(a)(1)(B), with a joint non-binding recommendation of 18 months, so that Mr. Epstein can serve his time federally.

3. (My suggestion only, not Andy's): I go back to the U.S. Attorney and ask him to agree to an ABA-plea to a 371 count (conspiracy to violate 2422(b)) with a binding 20-month recommendation so that Mr. Epstein can serve all of his time in a federal facility.

Or 4. Mr. Epstein pleads to one obstruction count, and serves part of his time federally and part state.

On your other proposed changes, some are fine and some are problematic.

Re your paragraph 2: As to timing, it is my understanding that Mr. Epstein needs to be sentenced in the state after he is sentenced in the federal case, but not that he needs to plead guilty and be sentenced after serving his federal time. Andy recommended that some of the timing issues be addressed only in the state agreement, so that it isn't obvious to the judge that we are trying to create federal jurisdiction for prison purposes. My understanding is that Mr. Epstein should sign a state plea agreement, plead guilty to the

**US_Atty_Cor_0030**

federal offenses, plead guilty to the state offenses, be sentenced on the federal offenses, and then be sentenced on the state offenses, and then start serving the federal sentence.

Re your paragraph 3: As to the reservation of Mr. Epstein's right to withdraw his state plea or to appeal his state plea or sentence, that is fine, but we need the caveat that, if he were to do so, the United States could proceed on our charges.

Re your paragraph 6: With respect to the waiver of the right to appeal the federal sentence, given the way we have drafted the information, it is possible that getting to the 18 month sentence will require an upward departure. The version of the agreement that you were working from is a federal non-prosecution agreement, the ones I have sent you recently are plea agreements that get filed with the court. Please see if the appeal waiver language in those versions is alright.

Re your paragraph 7: As I mentioned, we will not waive the presentence investigation. I know that this will delay Mr. Epstein's sentencing by 70 days, but that will allow him to get all of his affairs in order. As to bail, it will be set at the time of arraignment, and we can work out a joint recommendation regarding the amount and its limitations. I have no objection to making a joint recommendation that Mr. Epstein remain out on bond pending his sentencing, but I'm not sure that it belongs in a plea agreement, especially since I can't bind the court on that issue. However, I can assure you, and we can put it on the record during the plea collooquy, that I will join in your recommendation that he remain out on bond pending sentencing. The same goes for the prison camp issue. As I mentioned, I have opposed a designation only once in a very particular case. I can assure you, and we can put it on the record at the plea colloquy that I will not oppose your recommendation for Mr. Epstein's designation.

Re your paragraph 8: As I mentioned over the telephone, I cannot bind the girls to the Trust Agreement, and I don't think it is appropriate that a state court would administer a trust that seeks to pay for federal civil claims. We both want to avoid unscrupulous attorneys and/or litigants from coming forward, and I know that your client wants to keep these matters outside of public court filings, but I just don't have the power to do what you ask. Here is my recommendation. During the period between Mr. Epstein's plea and sentencing, I make a motion for appointment of the Guardian Ad Litem. The three of us sit down and discuss things,

and I will facilitate as much as I can getting the girls' approval of this procedure because, as I mentioned, I think it is probably in their best interests. In terms of plea agreement language, let me suggest the following:

The United States agrees to make a motion seeking the appointment of a Guardian ad Litem to represent the identified victims. Following the appointment of such Guardian, the parties agree to work together in good faith to develop a Trust Agreement, subject to the Court's approval, that would provide for any damages owed to the identified victims pursuant to 18 U.S.C. Section 2255. Then include the last two sentences of your paragraph 8.

Re the two paragraphs following your paragraph 8: I will include our standard language regarding resolving all criminal liability and I will mention "co-conspirators," but I would prefer not to highlight for the judge all of the other crimes and all of the other persons that we could charge. Also, we do not have the power to bind Immigration and we make it a policy not to try to, however, I can tell you that, as far as I know, there is no plan to try to proceed on any immigration charges against either

Also, on the [               ], I can prepare letters withdrawing them as of the signing of the plea agreement, but I would prefer to take out that language. In my eyes, once we have a plea agreement, the [REDACTED] has ended and there can be no more use of the [

I had hoped that we were far closer to resolving this than it appears that we are. Can I suggest that tomorrow we either meet live or via teleconference, either with your client or having him within a quick phone call, to hash out these items? I was hoping to work only a half day tomorrow to save my voice for Tuesday's hearing grand jury, if necessary, but maybe we can set a time to meet. If you want to meet "off campus" somewhere, that is fine. I will make sure that I have all the necessary decision makers present or "on call," as well.

If we can resolve some of these issues today, let's try to, and then save only the difficult issues for tomorrow.

Sorry for the long e-mail, and for ruining your date with your daughter.