# EXHIBIT 16



**Ann Marie Villafana** ████████

# Fw:
1 message

---

**Jay Lefkowitz**< JLefkowitz@kirkland.com>   Sun, Sep 16, 2007 at 12:07 PM
To: "Marie Villafana, Ann" ████████

Marie - I would like you to take a look at these suggestions in the meantime. I tried to follow your format.
I have not yet cleared all of this with my client.
Thx

----- Original Message -----
From: jplefkowitz
Sent: 09/16/2007 11:58 AM AST
To: Jay Lefkowitz

---

Email and AIM finally together. You've gotta check out free AOL Mail! - http://mail.aol.com

************************************************************
The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
************************************************************

---

📄 **epstein.doc**
34K

In Re:
Investigation of
Jeffrey Epstein
_____/

## AGREEMENT

IT APPEARING that the City of Palm Beach Police Department and the State Attorney's Office for the 15th Judicial Circuit in and for Palm Beach County (hereinafter the "State Attorney's Office") have conducted an investigation into the conduct of Jeffrey Epstein (hereinafter "Epstein");

IT APPEARING that the State Attorney's Office has charged Epstein with three counts of solicitation of prostitution in violation of Florida Statutes Section 796.07;

IT APPEARING that the United States Attorney's Office and the Federal Bureau of Investigation have conducted their own investigation of the offenses and Epstein's background;

IT APPEARING to the United States Attorney's Office and the Federal Bureau of Investigation that Epstein may have committed offenses against the United States from in or around 2001 through in or around October 2005, including:

(1) knowingly and willfully conspiring with others known and unknown to commit offenses against the United States, in violation of Title 18, United States Code, Section 2422(b) and 2423(b); all in violation of Title 18, United States Code, Section 371 and 18 USC 2423(e); and

(2) knowingly and willfully violating 18 USC 2422(b) and 2, 18 USC 2423(b), and 18 USC 1591(a)(1),(2);

IT APPEARING, after an investigation of the offenses and Epstein's background, that the interest of the United States pursuant to the Petite policy will be served by the following procedure;

THEREFORE, on the authority of R. Alexander Acosta, United States Attorney for the Southern District of Florida, prosecution of these offenses shall be deferred in favor of prosecution by the State of Florida and prosecution of violations of 18 USC 1512(d) and 18 USC 371, 113(a)(5) by the United States, provided that Epstein abides by the following conditions and the requirements of this Agreement set forth below.

Should Epstein be proven to have violated any of the conditions of this Agreement, the United States Attorney may at any time initiate prosecution against Epstein for any offense listed above. In this case, the United States Attorney will furnish Epstein with notice specifying the conditions of the Agreement that he has violated.

Terms of the Agreement:

1. Epstein shall plead guilty to the criminal charge in the Indictment as currently pending against him in the 15th Judicial Circuit in and for Palm Beach County and in addition shall plead guilty to a 1 count Information filed by the State Attorney's Office charging a violation of the following Florida Statute: Procuring person under age of 18 for prostitution in violation of F.S.A. § 796.03.

2. Epstein and the State Attorney's Office shall make a joint, binding recommendation that the Court impose a sentence as follows:

    (a) Epstein shall enter a plea agreement with the State Attorney's Office forthwith and thereafter enter his plea of guilty to the Indictment (Case # 2006cf009495AXXXMB) on a date after the date of imposition of his federal sentence as described in paragraph 5 and 6, infra but before the beginning of his term of federal imprisonment Epstein shall thereafter be required to enter his plea of guilty to the Information within 7 days after the completion of his federal term of imprisonment.
    (b) Following the term of federal imprisonment Epstein shall be placed on three (3) years probation.
    (c) As a special condition to that probation, Epstein will serve the first (1) year in community control.
    (d) Following community control, Epstein shall serve the remaining two (2) years of Probation on the charge that presently pending in the state Indictment

3. Epstein shall waive all challenges to the Information filed by the State Attorney's Office and shall waive the right to appeal his conviction and sentence unless the Court imposes a sentence that exceeds the terms of the joint recommendation in which case Epstein reserves the right to withdraw his plea and to exercise at his sole election any other right to appeal

4. Epstein shall provide to the U.S. Attorney's Office copies of all proposed agreements with the State Attorney's Office prior to entering into those agreements;

5. Epstein shall plead guilty to an Information charging one (1) count charging a violation of 18 USC 1512(d) and one (1) count charging simple assault within the maritime and territorial jurisdiction of the United States in violation of 18 USC §113(a)(5) and 18 USC §7(5).

6. Epstein and the Government shall make a joint recommendation that the Court impose the maximum sentence of eighteen (18) months. Epstein,

acknowledging his right to appeal under 18 U.S.C. § 3742, hereby waives the rights conferred by § 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure or upward variance from the guideline range that the Court establishes at sentencing.

7. Epstein shall enter his guilty plea to the federal Information no later than November 5, 2007. Epstein and the Government agree to submit an agreed statement of facts in lieu of the Pre-Sentence Investigation Report, which shall be waived, and Epstein and the Government agree that sentence shall be imposed on the date of plea, that Epstein be released on bail, that travel shall not be restricted during the period of bail and that Epstein be permitted to self-report to the facility designated by the United States Bureau of Prisons to commence his sentence 75 days after sentencing. Epstein and the Government further agree that the Government shall not object to Epstein's request that the Court recommend to the Bureau of Prisons that Epstein be designated to serve his sentence at a federal prison camp; and

8. Epstein agrees to fund a Trust set up in concert with the Government and under the supervision of the 15th Judicial Circuit in and for Palm Beach County. Epstein agrees that a Trustee will be appointed by the Circuit Court and that funds from the Trust will be available to be disbursed at the Trustee's discretion to an agreed list of persons who seek reimbursement and make a good faith showing to the Trustee that they suffered injury as a result of the conduct of Epstein. Epstein waives his right to contest liability or damages up to an amount agreed to by the parties for any settlements entered into by the Trustee. Epstein's waiver is not to be construed as an admission of civil or criminal liability in regards to any of those who seek compensation from the Trust.

After timely fulfilling the terms and conditions of this Agreement, the United States agrees that no prosecution will be instituted or initiated against Epstein for any and all criminal charges which might otherwise in the future be brought against Epstein that arise out of the ongoing FBI federal investigation for offenses that include but are not limited to those listed above that could be brought under 18 U.S.C. §2423(b),(e) and (f), 18 U.S.C. §2422(b), 18 U.S.C. §1591 or conspiracies or attempts to violate such statutes or for any other offense that is or has been the subject of the federal investigation being conducted by the Federal Bureau of Investigations and/or the United States Attorney's Office.

Epstein's fulfilling the terms and conditions of the Agreement also precludes the initiation of any and all criminal charges which might otherwise in the future be brought against ███████████████████████████████████████████████ or any employee of ███████ for any criminal charge that arises out of the ongoing federal investigation as described above; Further, no immigration proceeding will be instituted against ███████████████ as a result of the ongoing investigation

Epstein's fulfilling the terms and conditions of the Agreement resolves any and all outstanding ▮▮▮▮▮▮▮▮▮▮ that have requested witness testimony and/or the production of documents and/or computers in relation to the investigation that is the subject of the Agreement. Each subpoena will be withdrawn upon the execution of the Agreement and will not be re-issued absent reliable evidence of a violation of the Agreement. Epstein and his counsel agree that the computers that are currently under ▮▮▮▮▮▮ will be safeguarded in their current condition by Epstein's counsel or their agents until the terms and conditions of the Agreement are fulfilled. Provided that Epstein does not breach this agreement, the Government agrees that it will not seek to initiate federal investigation or prosecution for conduct subject to this agreement.

Epstein understands that the United States Attorney has no authority to require the State Attorney's Office to abide by any terms of this agreement. Epstein understands that it is his obligation to undertake discussion with the State Attorney's Office to ensure compliance with these procedures, which compliance will be necessary to satisfy the United States' interest, pursuant to the *Petite* policy.

By signing this agreement, Epstein asserts and certifies that each of these terms is material to this agreement and is supported by independent consideration and that a breach of any one of these conditions allows the United States to elect to terminate the agreement and to investigate and prosecute Epstein for any and all federal offenses listed above at pg 1.

By signing this agreement, Epstein asserts and certifies that he is aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. Epstein further is aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information, or in bringing a defendant to trial. Epstein hereby requests that the United States Attorney for the Southern District of Florida defer such prosecution. Epstein agrees and consents that any delay from the date of this Agreement to the date of initiation of prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at his own request, and he hereby waives any defense to such prosecution on the ground that such delay operated to deny him rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period between the signing of this agreement and the breach of this agreement. Epstein further asserts and certifies that he understands that the Fifth Amendment and Rule 7(a) of the Federal Rules of Criminal Procedure provide that all felonies must be charged in an indictment presented to a grand jury. Epstein hereby agrees and consents that, if a prosecution against him is instituted, it may be by way of an Information signed and filed by the United States Attorney, and hereby waives his right to be indicted by a grand jury.

By signing this Agreement, Epstein asserts and certifies that the above has been read and explained to him. Epstein hereby states that he understands the conditions of this Agreement and agrees to comply with them.

Dated: _____    _____
                        JEFFREY EPSTEIN

Dated: _____    _____
                        GERALD LEFCOURT, ESQ.
                        COUNSEL TO JEFFREY EPSTEIN

Dated: _____    _____
                        R. ALEXANDER ACOSTA
                        UNITED STATES ATTORNEY