# EXHIBIT 20

**Villafana, Ann Marie C. (USAFLS)**

From: Villafana, Ann Marie C. (USAFLS)
Sent: Thursday, September 20, 2007 3:52 PM
To: 'Jay Lefkowitz'
Cc: Lourie, Andrew; McMillan, John (USAFLS); Atkinson, Karen (USAFLS); Garcia, Rolando (USAFLS)
Subject: Final version of Plea Agreement -- EPSTEIN

Hi Jay – I have attached the plea agreement as approved by the U.S. Attorney and the proposed information. If your client is going to accept the agreement, please let me know by noon tomorrow, so that I can file the Information, get a judicial assignment, and arrange an arraignment and change of plea for Monday. We also will need to set a time for the agents to interview █████████████████████ to finalize a factual proffer.

Following the plea, Mr. Epstein will have at least 70 days before sentencing plus the time to self-surrender in order to get his affairs in order, including entering his guilty pleas to the state charges.

Andy mentioned that your client is considering returning to our original offer of just a state plea. If that is the case, the non-prosecution agreement that was provided to you last week will control. Again, we will need to receive a signed version by tomorrow if that is Mr. Epstein's decision.

You can reach me on my cell phone at ████████ Thank you.


070920 3.45 pm
Agreement ..


070919
mation charging

*A. Marie Villafaña*
Assistant U.S. Attorney
500 S. Australian Ave, Suite 400
West Palm Beach, FL 33401

Tracking:

1

| Recipient | Read |
|---|---|
| 'Jay Lefkowitz' | |
| Lourie, Andrew | |
| McMillan, John (USAFLS) | |
| Atkinson, Karen (USAFLS) | Read: 9/20/2007 4:20 PM |
| Garcia, Rolando (USAFLS) | Read: 9/20/2007 3:54 PM |

2

RFP MIA 000152

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

UNITED STATES OF AMERICA

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney for the Southern District of Florida ("the United States"), and Jeffrey Epstein (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to a two-count Information which charges that the defendant intentionally harassed two other persons, that is, ▮▮▮▮▮▮▮ in an attempt to delay, prevent, and dissuade those persons from reporting to a law enforcement officer of the United States the commission of a federal offense; in violation of Title 18, United States Code, Sections 1512(d)(2) and 2.

2. The defendant agrees and understands that the above charges involve his conduct, and the criminal conduct of others, between in and around early 2001 through in and around September 2007. This agreement resolves the federal criminal liability of the defendant and any co-conspirators in the Southern District of Florida growing out of any

criminal conduct by those persons known to the United States Attorney's Office for the Southern District of Florida as of the date of this plea agreement.

3. The United States agrees that, upon entry of the defendant's guilty plea, its Grand Jury investigation will be suspended, and all pending litigation between the parties will be held in abeyance unless and until the defendant violates any term of this agreement, as explained in paragraph 18, *infra*. Both parties agree to maintain their evidence inviolate until all of the terms of this agreement have been satisfied.

4. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines'

RFP MIA 000154

advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

5. The defendant further understands and acknowledges that, as to each of Counts 1 and 2 of the Information, the Court may impose a statutory maximum term of imprisonment of up to one (1) year, to be followed by a term of supervised release of up to a maximum of one (1) year. In addition to terms of imprisonment and supervised release, the Court may impose a fine of up to $100,000 as to each count.

6. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this Agreement, a special assessment in the amount of $50 will be imposed on the defendant, which must be paid at or before the time of sentencing.

7. The defendant understands that the Court will order that he must pay full restitution to all victims of the offenseS to which he is pleading guilty. The defendant understands that the amount of restitution owed to each victim will be determined at or before sentencing.

8. The parties agree to jointly recommend that the defendant receive a sentence of eighteen (18) months' imprisonment, to be followed by one (1) year of supervised release, and a fine of $200,000. The parties' further agree to jointly recommend that the Court

RFP MIA 000155

impose one year of home confinement as a special condition of supervised release.

9. The defendant agrees that, if any of the victims identified in the federal investigation file suit pursuant to 18 U.S.C. § 2255, the defendant will not contest the jurisdiction of the U.S. District Court for the Southern District of Florida over his person and/or the subject matter, and the defendant will not contest that the identified victims are persons who, while minors, were victims of violations of Title 18, United States Code, Sections(s) 2422 and/or 2423. The United States agrees to provide the defendant's attorneys with a list of the identified victims, which will not exceed forty, after the defendant has signed this agreement and has been sentenced. The United States further agrees to make a motion with the United States District Court for the Southern District of Florida for the appointment of a guardian ad litem for the identified victims and the defendant's counsel may contact the identified victims through that guardian.

10. The United States has reached this agreement with the defendant in response to the defendant's request to globally resolve his state and federal criminal liability. To do so, the defendant further understands and acknowledges that he must undertake certain actions with the State Attorney's Office for the 15th Judicial Circuit in and for Palm Beach County (hereinafter, "State Attorney's Office").

11. In addition to entering a guilty plea in the instant case, the defendant agrees that, prior to his sentencing on the federal charges, he will plead guilty to an Information filed by the State Attorney's Office charging an offense for which the defendant must register

RFP MIA 000156

as a sex offender, that is, solicitation of minors to engage in prostitution, in violation of Fl. Stat. 796.03. The defendant agrees that he will waive all challenges to the Information filed by the State Attorney's Office and waive the right to appeal his conviction and sentence in the state court.

12. The defendant agrees that he will make a binding recommendation that the 15th Judicial Circuit Court impose a sentence of at least eighteen (18) months' imprisonment to be followed by at least twelve (12) months of community control/home confinement to be served upon the defendant's release from federal prison. The defendant further represents that he has had discussions with the State Attorney's Office, which has agreed to likewise make this recommendation. The sentences imposed by the 15th Judicial Circuit Court may run concurrently with the federal sentence imposed pursuant to this agreement.

13. The defendant agrees to provide to the U.S. Attorney's Office copies of all proposed agreements with the State Attorney's Office prior to entering into those agreements.

14. The defendant agrees that the timely completion of these actions is material to this agreement and is supported by independent consideration and that a breach of any one of these conditions allows the United States to elect to terminate the agreement and to investigate and prosecute the defendant for any and all federal offenses.

15. The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the

RFP MIA 000157

defendant and the defendant's background, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this Agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

16.   The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 4 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

17.   **WAIVER OF RIGHT TO APPEAL AND COLLATERALLY ATTACK THE SENTENCE.** The defendant is aware that Title 18, United States Code, Section 3742

RFP MIA 000158

affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute. The defendant further voluntarily and expressly waives, to the maximum extent permitted by federal law, the right to collaterally attack his sentence in any post-conviction proceeding, including a motion on any ground brought under 28 U.S.C. § 2254, 28 U.S.C. § 2255, 18 U.S.C. § 3572, or 18 U.S.C. § 3771. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney.

18. If the defendant fails in any way to fulfill each one of his obligations under this Plea Agreement, the United States, and only the United States, may elect to be released from its commitments under this Plea Agreement. If the United States elects to void the Plea Agreement because of a breach by the defendant, then the United States agrees not to use the defendant's guilty plea against him. However, the United States may prosecute the defendant for any and all Federal crimes that he has committed related to this case and may seek any

RFP MIA 000159

sentence for such crimes up to and including the statutory maximums. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial defense to such a prosecution, except to the extent that such a defense exists as of the date he signs this Plea Agreement. Finally, the defendant understands that his violation of the terms of this Plea Agreement would not entitle him to withdraw his guilty plea.

19. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

Date: _____  By: _____
A. MARIE VILLAFAÑA
ASSISTANT UNITED STATES ATTORNEY

Date: _____  By: _____
JEFFREY EPSTEIN, DEFENDANT

Date: _____  By: _____
ROY BLACK, ESQ.
ATTORNEY FOR DEFENDANT

Date: _____  By: _____
GERALD LEFCOURT, ESQ.
COUNSEL TO DEFENDANT

RFP MIA 000160