# EXHIBIT
# 21

## Villafana, Ann Marie C. (USAFLS)

| | |
|---|---|
| **From:** | Jay Lefkowitz [JLefkowitz@kirkland.com] |
| **nt:** | Tuesday, September 18, 2007 11:09 AM |
| **:** | Villafana, Ann Marie C. (USAFLS) |
| **Subject:** | RE: Draft Agreements? |
| **Attachments:** | Agreement updated.doc.rtf |

Confidential -- For Settlement purposes only.

Marie -- Please look this over and let's see if we can identify any issues that we need to discuss in greater detail. Since you can't go to only one count of obstruction, but 18 would become about 15 with gain time, I have made a proposal of a total 24 month sentence based on two informations. This would include a period of home detention. We can then follow this with a state plea as well so he serves the additional time there. I need to see your language for proffers on the two charges - ███████████

Alternatively, at this stage, we could have just one count for 12 months and then 6 months incarceration under the state, followed by community control and probabtion. I am not sure which is more practicable.

Please let me know when you are free to speak.

Thanks -- Jay



To "Jay Lefkowitz" <JLefkowitz@kirkland.com>
cc
Subject RE: Draft Agreements?

09/18/2007 09:14 AM

Hi Jay – I know that the U.S. Attorney will not go below 18 months of prison/jail time (and I would strongly oppose the suggestion).

*A. Marie Villafaña*
Assistant U.S. Attorney
500 S. Australian Ave, Suite 400
West Palm Beach, FL 33401

**From:** Jay Lefkowitz [mailto:JLefkowitz@kirkland.com]
**Sent:** Tuesday, September 18, 2007 8:59 AM
**To:** Villafana, Ann Marie C. (USAFLS)
**Subject:** Re: Draft Agreements?

an alternative to what we discussed just now might be to plead to one count of 1512, serve 12 months plus supervised

1

RFP MIA 000098

release which would be one year of home detention (if we can make that work), followed by two years of probation in the state on the state charges with the first 6 months being community control.

8/2007 08:44 AM

To "Jay Lefkowitz" <JLefkowitz@kirkland.com>
cc
Subject Draft Agreements?

Hi Jay – I was hoping there would be things for me to read this morning, but I will try to remain patient.

I believe there are only two types of agreements that would apply to this case: (1) a plea agreement to a federal charge or charges; and (2) a non-prosecution agreement (which is really a deferred prosecution agreement because the defendant agrees that if he violates the agreement, the U.S. can prosecute him).

A plea agreement is part of the court file. It is not accessible on-line via PACER, but someone can go to the Clerk's Office to obtain a copy.

non-prosecution agreement would not be made public or filed with the Court, but it would remain part of our case file. It probably would be subject to a FOIA request, but it is not something that we would distribute without compulsory process.

On the obstruction charges, many of the facts I included in that first proffer were hypothesized based upon our discussions and the agents' observations of ▇▇▇▇▇ We will need to interview her to confirm the accuracy of those facts. On a second count, we could rely on the incident where Mr. Epstein's private investigators followed ▇▇▇ father, forcing him off the road. Or, if there is something more recent related to any ▇▇▇▇▇ ▇▇▇▇▇ we could consider that.

Hope that helps.

*A. Marie Villafaña*

Assistant U.S. Attorney

500 S. Australian Ave, Suite 400

West Palm Beach, FL 33401

2

IN RE:
INVESTIGATION OF
JEFFREY EPSTEIN

_____/

### Non-Prosecution Agreement

IT APPEARING that the City of Palm Beach Police Department and the State Attorney's Office for the 15th Judicial Circuit in and for Palm Beach County (hereinafter, the "State Attorney's Office") have conducted an investigation into the conduct of Jeffrey Epstein (hereinafter "Epstein");

IT APPEARING that the State Attorney's Office has charged Epstein with one count of solicitation of prostitution, in violation of Florida Statutes Section 796.07;

IT APPEARING that the interest of the United States pursuant to the *Petite* policy will be served by the following procedure expressed in this Agreement;

IT APPEARING that the United States Attorney's Office and the Federal Bureau of Investigation have conducted their own investigation of Epstein's background and offenses including;

    (1)    knowingly and willfully conspiring with others known and unknown to commit an offense against the United States, in violation of Title 18, United States Code, Section 2422(b) and 2423(b); all in violation of Title 18, United States Code, Section 371 and 18 USC 2423(e); and

    (2)    knowingly and willfully violating Title 18, United States Code, Sections 2422(b) and § 2423(b) and (f); and Title 18, United States Code, Sections 1591(a)(1) and (2); and

THEREFORE, on the authority of R. Alexander Acosta, United States Attorney for the Southern District of Florida, prosecution in this District for these offenses shall be deferred in favor of prosecution by the State of Florida and prosecution of violations of 18 USC 1512(d) by the United States, provided that Epstein abides by the following conditions and the requirements of this Agreement set forth below.

Should Epstein be proven to have violated any of the conditions of this Agreement, the United States Attorney may initiate prosecution against Epstein for any offense listed above for the duration of this Agreement.  In this case, the United States Attorney will furnish Epstein with notice specifying the condition(s) of the Agreement that he has violated.

RFP MIA 000100

Begin

After timely fulfilling all the terms and conditions of the Agreement, no prosecution for the offenses set out on pages 1 and 2 of this Agreement will be instituted in this District, and the charges against Epstein if any, will be dismissed.

Terms of the Agreement:

1.      Epstein shall plead guilty to an Information charging one (1) count of a violation of 18 USC 1512(d).

2.      Epstein and the Government agree to follow the United States Sentencing Guidelines which indicate that one (1) count of 18 USC § 1512(d) has a Base Offense Level of fourteen (14) pursuant to USSG § 2J1.2. Epstein and the Government acknowledge that after applying the downward departure to the Base Offense Level for Acceptance, the resulting Level is twelve (12), which requires incarceration for ten - sixteen (10 - 16) months.

3.      Following the United States Sentencing Guidelines, Epstein shall serve twelve (12) months in the custody of the Bureau of Prisons.

4.      Following Epstein's entry of a guilty plea to the Information described in paragraph 1, infra, Epstein shall plead guilty to a second Information charging one (1) additional count of a violation of 18 USC 1512(d). Epstein and the Government shall make a joint recommendation that the Court impose a sentence to be divided as follows:

   (a)     Epstein shall serve four (4) months in the custody of the Bureau of Prisons.

   (b)     following the term of imprisonment, Epstein shall serve eight (8) months of federal Supervised Release with a special condition that the entire term of the Supervise Release be served in the form of home detention pursuant to USSG 5F1.2.

5.      Epstein, acknowledging his right to appeal under 18 U.S.C. § 3742, hereby waives the rights conferred by § 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure or upward variance from the guideline range that the Court establishes at sentencing.

6.      Epstein shall enter his guilty plea to both federal Informations no later than November 5, 2007. Epstein and the Government agree to recommend to the Court that the Pre-Sentence Investigation Report be waived as to both Informations in which case Epstein and the Government agree that both

RFP MIA 000101

sentences shall be imposed on the date of plea, that Epstein be released on bail, that travel shall not be restricted during the period of bail and that Epstein be permitted to self-report to the facility designated by the United States Bureau of Prisons to commence his sentence 75 days after sentencing. If the Court requires a Pre-Sentence Investigation Report, Epstein shall be sentenced on a later date but the parties agree to the bail, travel and self-report conditions as outlined in this paragraph. Epstein and the Government further agree to recommend to the Court that the Court recommend to the Bureau of Prisons that Epstein be designated to serve his sentence at a federal prison camp.

7.   Epstein, acknowledging his right to appeal under 18 U.S.C. § 3742, hereby waives the rights conferred by § 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure or upward variance from the guideline range that the Court establishes at sentencing.

After timely fulfilling the terms and conditions of this Agreement, the United States agrees that no prosecution will be instituted or initiated against Epstein for any and all criminal charges which might otherwise in the future be brought against Epstein that arise out of the ongoing FBI federal investigation for offenses that include but are not limited to those listed above that could be brought under 18 U.S.C. §2423(b), (e) and (f), 18 U.S.C. §2422(b), 18 U.S.C. §1591 or conspiracies or attempts to violate such statutes or for any other offense that is or has been the subject of the federal investigation being conducted by the Federal Bureau of Investigations and/or the United States Attorney's Office.

Epstein's fulfilling the terms and conditions of the Agreement also precludes the initiation of any and all criminal charges which might otherwise in the future be brought against █████ ███████████████████████████████████ for any criminal charge that arises out of the ongoing federal investigation as described above; Further, the United States Attorney's Office will not request, initiate, or any way encourage immigration authorities to institute immigration proceedings against ███████████ as a result of the ongoing investigation.

Epstein's fulfilling the terms and conditions of the Agreement resolves any and all outstanding federal grand jury subpoenas that have requested witness testimony and/or the production of documents and/or computers in relation to the investigation that is the subject of the Agreement. Each subpoena will be withdrawn upon the execution of the Agreement and will not be re-issued absent reliable evidence of a violation of the Agreement. Epstein and his counsel agree that the computers that are currently under subpoena will be safeguarded in their current condition by Epstein's counsel or their agents until the terms and conditions of the Agreement are fulfilled. Provided that Epstein does not breach this agreement, the Government agrees that it will not seek to initiate federal investigation or prosecution for conduct subject to this agreement.

Page 3 of 6

Epstein understands that the United States Attorney has no authority to require the State Attorney's Office to abide by any terms of this agreement. Epstein understands that it is his obligation to undertake discussion with the State Attorney's Office to ensure compliance with these procedures, which compliance will be necessary to satisfy the United States' interest, pursuant to the *Petite* policy.

By signing this agreement, Epstein asserts and certifies that each of these terms is material to this agreement and is supported by independent consideration and that a breach of any one of these conditions allows the United States to elect to terminate the agreement and to investigate and prosecute Epstein for any and all federal offenses.

By signing this agreement, Epstein asserts and certifies that he is aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. Epstein further is aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information, or in bringing a defendant to trial. Epstein hereby requests that the United States Attorney for the Southern District of Florida defer such prosecution. Epstein agrees and consents that any delay from the date of this Agreement to the date of initiation of prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at his own request, and he hereby waives any defense to such prosecution on the ground that such delay operated to deny him rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period between the signing of this agreement and the breach of this agreement, for the offenses listed on pages 1 and 2 infra. Epstein further asserts and certifies that he understands that the Fifth Amendment and Rule 7(a) of the Federal Rules of Criminal Procedure provide that all felonies must be charged in an indictment presented to a grand jury. Epstein hereby agrees and consents that, if a prosecution against him is instituted for the offenses listed on pages 1 and 2 infra, it may be by way of an Information signed and filed by the United States Attorney, and hereby waives his right to be indicted by a grand jury.

By signing this agreement, Epstein asserts and certifies that the above has been read and explained to him. Epstein hereby states that he understands the conditions of this Non-Prosecution Agreement and agrees to comply with them.

Dated: _____                    _____
                                       JEFFREY EPSTEIN

Dated: _____                    _____

RFP MIA 000103

GERALD LEFCOURT, ESQ.
COUNSEL TO JEFFREY EPSTEIN

Dated: _____                    _____

                                      R. ALEXANDER ACOSTA
                                      UNITED STATES ATTORNEY

RFP MIA 000104

## UNITED STATES vs. JEFFREY EPSTEIN
### PLEA PROFFER

On August __, 2007, Mr. Epstein learned that his Special Agents would attempt to serve subpoenas on his personal assistants, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ While traveling to the New York City area, Mr. Epstein re-directed his airplane to the U.S. Virgin Islands in order to harass to delay Special Agents from serving target letters on his assistants, ▮▮▮▮▮▮▮▮▮▮

Page 6 of 6

RFP MIA 000105