# EXHIBIT 31

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80736-CIV-Marra/Matthewman

JANE DOE #1 and JANE DOE #2,

    Petitioners,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## UNITED STATES' RESPONSE TO PETITIONERS' FIRST REQUEST FOR ADMISSIONS TO THE GOVERNMENT

The United States (hereinafter the "government") hereby responds to *Jane Doe #1 and Jane Doe #2's First Request for Admissions to the Government Regarding Questions Relevant to Their Pending Action Concerning the Crime Victims Rights Act* (hereinafter the "*Request for Admissions*"), and states as follows:[*]

1. The government admits that the FBI and the U.S. Attorney's Office for the Southern District of Florida ("USAO") conducted an investigation into Jeffrey Epstein ("Epstein") and developed evidence and information in contemplation of a potential federal prosecution against Epstein for many federal sex offenses. Except as otherwise admitted above, the government denies Request No. 1.

---

[*] The government's response is confined to Request No. 1 through Request No. 26 in the "Discovery Requested" section of the *Request for Admissions* and does not intend to respond to assertions in any other section of the *Request for Admissions* (including the "Background" section), none of which appear to separately state any matter calling for an admission. Nonetheless, the government denies the assertion that the government has declined the request of Jane Doe #1 and Jane Doe #2 to stipulate to undisputed facts in this case.

1

2. (a) The government admits that, after Epstein's attorneys learned of the notification that the government planned to provide to Jane Doe #2, who claimed that she was not a victim, Epstein's attorneys contacted the USAO and objected to the procedures for notification and the legal bases therefor. The government further admits that the USAO considered those objections when evaluating what notification to provide to victims. Except as otherwise admitted above, the government denies Request No. 2(a).

(b) Admitted.

(c) The government admits that, as a result of objections lodged by Epstein's attorneys, the government reevaluated the notifications that it had intended to provide to victims and, as a result of that reevaluation, the USAO altered the scope, nature, and timing of notifications that it had contemplated providing to victims. With regard to Jane Doe #2, the government further admits that, as a result of representations made by Jane Doe #2 that she was not a victim and objections lodged by Epstein's attorneys, the USAO stopped making notifications to Jane Doe #2. Except as otherwise admitted above, the government denies Request No. 2(c).

(d) The government admits that, after the USAO received objections to victim notifications from Epstein's counsel and reevaluated its victim notification obligations, the USAO altered the language that was ultimately contained in the July 9, 2008 notification letter to Jane Doe #1 in care of Bradley Edwards. Except as otherwise admitted above, the government denies Request No. 2(d).

(e) The government admits that, at least in part as a result of objections lodged by Epstein's lawyers to victim notifications, the USAO reevaluated its obligations to provide notifications to victims, and Jane Doe #1 was thus not told that the USAO had entered into a non-prosecution agreement with Epstein until after the agreement was signed. The government further admits that Jane Doe #2 was not told that the USAO had entered into a non-prosecution agreement with Epstein until after the agreement was signed, but denies that the USAO did not inform Jane Doe #2 as a result of any negotiations involving Epstein or any objections lodged by Epstein's lawyers; the USAO did not consider Jane Doe #2 a victim after she informed the USAO and the FBI that she was not a victim of any offense committed by Epstein, and, as a result, the USAO did not consider informing Jane Doe #2 about the non-prosecution agreement. Except as otherwise admitted above, the government denies Request No. 2(e).

3. Denied.

4. Denied.

5. The government admits that, during the negotiations with Jeffrey Epstein regarding the non-prosecution agreement, at least one experienced attorney within the USAO subscribed to the position that the CVRA required notifications to the victims in this case and that position was communicated to Epstein's counsel. To the extent that Request No. 5 seeks admissions regarding the positions held by attorneys within the USAO that were not communicated to non-government personnel regarding whether or not the CVRA ultimately required notifications to the victims in this case, the government objects to Request No. 5 as violative of the deliberative process privilege.

3

6. (a) Denied.

    (b) Denied.

    (c) Admitted.

    (d) Admitted.

    (e) Admitted to the extent that the reference to "Lillian Sanchez" was meant to refer to Lilly Ann Sanchez.

    (f) Admitted.

    (g) Admitted.

7. The government admits that, on about January 10, 2008, when Jane Doe #1 and Jane Doe #2 were sent letters advising them that "this case is currently under investigation," the U.S. Attorney's Office had already signed a non-prosecution agreement with Jeffrey Epstein, but that, on that date, the non-prosecution agreement nonetheless remained in a state of some flux and was subject to being set aside as Epstein was challenging the propriety of the non-prosecution agreement and seeking further review from the Department of Justice.

8. Denied.

9. (a) The government admits that, at Epstein's insistence, the USAO agreed to a provision in the non-prosecution agreement that provided as follows: "The parties anticipate that this agreement will not be made part of any public record. If the United States receives a Freedom of Information Act request or any compulsory process commanding the disclosure of the agreement, it will provide notice to Epstein before making that disclosure." Except as otherwise admitted above, the government denies Request No. 9(a).

4

(b) Admitted.

(c) Denied.

(d) Denied.

(e) The government admits that, during the period from September 24, 2007 through June 2008, the USAO did not notify Jane Doe #2 of the existence of the non-prosecution agreement. The government further admits that, although FBI agents notified Jane Doe #1 of the existence and substance of the agreement at the request of the USAO on or about October 27, 2007, no employee of the USAO personally notified Jane Doe #1 of the existence of the non-prosecution agreement during the period from September 24, 2007 through June 2008. Except as otherwise admitted above, the government denies Request No. 9(e).

10. (a) Admitted. Because Request No. 10 appears directed solely to the communications between FBI agents and Jane Doe #1 during their meeting on or about October 26, 2007, the government responses to Requests No. 10(b) through 10(g) address only that meeting.

(b) The government admits that, on or about October 26, 2007, FBI agents explained to Jane Doe #1 that Epstein would plead guilty to state charges for procuring minors to engage in prostitution; that Epstein would be required to register as a sex offender; that Jane Doe #1 would be entitled to seek damages from Epstein; and that, if she desired, Jane Doe #1 would be entitled to use the services of an attorney at no expense to her in seeking those damages from Epstein. The government denies that the FBI agents explained that the state charges "involv[ed] another victim."

5

(c) The government denies that the FBI agents did not explain to Jane Doe #1 that an agreement had already been signed; denies that the FBI agents did not explain to Jane Doe #1 that the agreement resolved the investigation of the federal case involving Jane Doe #1; and denies that the FBI agents did not explain to Jane Doe #1 other terms of that agreement  Except as otherwise admitted above, the government denies Request No. 10(c).

(d) Denied.

(e) Denied.

(f) Denied.

(g) Denied.

11. The government admits that, on or about November 28, 2007, A. Marie Villafaña of the USAO sent a draft of a crime victim notification letter to Jay Lefkowitz, counsel for Jeffrey Epstein, and that the draft notification letter stated, in part: "I am writing to inform you that the federal investigation of Jeffrey Epstein has been completed, and Mr. Epstein and the U.S. Attorney's Office have reached an agreement containing the following terms . . . ." The government further admits that, in part as a result of objections lodged by Epstein's lawyers, the USAO reevaluated its obligations to provide notifications to victims, and, as a result of that reevaluation and other considerations and developments, the USAO never sent victims the draft notification letter that was sent to Jay Lefkowitz on or about November 28, 2007. Except as otherwise admitted above, the government denies Request No. 11.

12. The government admits that, prior to July 3, 2008, the USAO had already entered a binding non-prosecution agreement with Jeffrey Epstein.  The government is without

6

knowledge of precisely when "Bradley J. Edwards was working on a letter to the U.S. Attorney's Office concerning the need to federally prosecute Epstein for sex offenses committed against Jane Doe #1 and Jane Doe #2," and, accordingly, the government denies the assertion that Edwards worked on that letter on July 3, 2008. Except as otherwise admitted above, the government denies Request No. 12.

13. (a) The government admits that, when Epstein pled guilty to state charges on June 30, 2008, Jane Doe #2 had not been informed by the USAO of the existence of the non-prosecution agreement. The government further admits that, although the USAO, through FBI agents, had notified Jane Doe #1 of the existence of the non-prosecution agreement prior to Epstein's June 30, 2008 guilty plea, no employee of the USAO had personally notified Jane Doe #1 at that time of the existence of the non-prosecution agreement. Except as otherwise admitted above, the government denies Request No. 13(a).

(b) The government denies that, by the time of Epstein's June 30, 2008 guilty plea, an attorney for the government working at the USAO had not already conferred with Jane Doe #1 and Jane Doe #2 about their opinions regarding how the federal investigation and potential prosecution of Epstein should proceed. The government admits that the USAO had not conferred with Jane Doe #2 about the non-prosecution agreement prior to Epstein's June 30, 2008 guilty plea. The government further admits that, although the USAO had communicated with Jane Doe #1 about the non-prosecution agreement through FBI agents prior to Epstein's June 30, 2008 guilty plea, no employee of the USAO had personally conferred with Jane Doe #1 about the non-prosecution agreement prior to

7

Epstein's guilty plea. Except as otherwise admitted above, the government denies Request No. 13(b).

(c) Although the government was aware that Jane Doe #2 had been represented by counsel paid for by Epstein, the government is unaware of the extent of Epstein's defense attorneys' awareness of the USAO's communications with Jane Doe #1 and Jane Doe #2 about the agreement, as described in the responses to Requests No. 13(a) and 13(b), and therefore can neither deny nor admit Request No. 13(c). Except as otherwise admitted above and in the responses to Requests No. 13(a) and 13(b), the government denies Request No. 13(c).

(d) The government admits that Epstein's attorneys negotiated with the USAO for a provision in the non-prosecution agreement that ultimately provided as follows: "The parties anticipate that this agreement will not be made part of any public record. If the United States receives a Freedom of Information Act request or any compulsory process commanding the disclosure of the agreement, it will provide notice to Epstein before making that disclosure." Except as otherwise admitted above, the government denies Request No. 13(d).

14. The government admits that, when Epstein was pleading guilty to the state charges discussed in the non-prosecution agreement, the USAO and Epstein's defense attorneys sought to keep the document memorializing the non-prosecution agreement confidential, but denies that they sought at that time to keep the existence of the non-prosecution agreement confidential. Except as otherwise admitted above, the government denies Request No. 14.

8

Case 9:08-cv-80736-KAM Document 361-31 Entered on FLSD Docket 02/10/2016 Page 10 of 13
Case 9:08-cv-80736-KAM Document 213-1 Entered on FLSD Docket 07/13/2013 Page 9 of 12

15. (a) The government admits that, while Bruce E. Reinhart was an Assistant U.S. Attorney, he learned confidential, non-public information about the Epstein matter.

    (b) The government admits that, while Bruce E. Reinhart was an Assistant U.S. Attorney, he discussed the Epstein matter with another Assistant U.S. Attorney working on the Epstein matter.

    (c) Denied.

16. Admitted.

17. Admitted.

18. (a) Denied.

    (b) Denied.

19. To the extent that Request No. 19 is directed to the business or personal relationships of the 93 U.S. Attorneys and over 5,400 Assistant U.S. Attorneys serving across this country, or the countless individuals who have formerly served as U.S. Attorneys and Assistant U.S. Attorneys throughout this nation, the government objects to Request No. 19 as overly broad and burdensome and not calculated to lead to or involve information relevant to the instant matter. The government denies possessing or having any knowledge or information about a personal or business relationship between Jeffrey Epstein and either the U.S. Attorney or any Assistant U.S. Attorney serving in the Southern District of Florida. Except as otherwise admitted above, the government denies Request No. 19.

20. Admitted.

21. Denied.

22. (a) Admitted.

   (b) Admitted.

   (c) Admitted.

23. The government admits that the non-prosecution agreement signed by the USAO and Jeffrey Epstein currently blocks the USAO from prosecuting sex offenses committed by Epstein against Jane Doe #1 and Jane Doe #2 in the Southern District of Florida from in or around 2001 through in or around September 2007, provided that those offenses are set out on pages 1 and 2 of the non-prosecution agreement, were the subject of the joint investigation by the FBI and the USAO, or arose from the federal grand jury investigation. Except as otherwise admitted above, the government denies Request No. 23.

24. Admitted; Jeffrey Epstein provided valuable consideration to the federal government through the non-prosecution agreement he entered with the USAO.

25. Denied.

26. The government objects to Request No. 26 because it seeks information protected from disclosure by the law enforcement investigative privilege.

/ / /

/ / /

                                                Respectfully submitted,

                                                WIFREDO A. FERRER
                                                UNITED STATES ATTORNEY

By:    */s Dexter A. Lee*
        Dexter A. Lee
        Assistant United States Attorney
        Florida Bar No. 0936693
        99 N.E. 4th Street
        Miami, Florida 33132
        Tel: (305) 961-9320; Fax: (305) 530-7139
        Email: dexter.lee@usdoj.gov

        A. Marie Villafaña
        Assistant United States Attorney
        Florida Bar No. 0018255
        500 S. Australian Avenue, Suite 400
        West Palm Beach, FL 33401
        Tel: (561) 820-8711; Fax: (561) 820-8777
        Email: ann.marie.c.villafana@usdoj.gov

        Eduardo I. Sánchez
        Assistant United States Attorney
        Florida Bar No. 877875
        99 N.E. 4th Street
        Miami, Florida 33132
        Tel: (305) 961-9057; Fax: (305) 536-4676
        Email: eduardo.i.sanchez@usdoj.gov

        Attorneys for United States

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *United States' Response to Petitioners' First Request for Admissions to the Government* was served via CM/ECF on this 19th day of July, 2013, on the parties and counsel appearing on the attached service list.

                                                */s Dexter A. Lee*
                                                Assistant United States Attorney

## SERVICE LIST

*Jane Does 1 and 2 v. United States*,
Case No. 08-80736-CIV-MARRA/MATTHEWMAN
United States District Court, Southern District of Florida

Brad Edwards, Esq.,
Farmer, Jaffe, Weissing,
Edwards, Fistos & Lehrman, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
(954) 524-2820
Fax: (954) 524-2822
E-mail: brad@pathtojustice.com

Paul G. Cassell
S.J. Quinney College of Law at the
University of Utah
332 S. 1400 E.
Salt Lake City, Utah 84112
(801) 585-5202
Fax: (801) 585-6833
E-mail: casselp@law.utah.edu

Attorneys for Jane Doe # 1 and Jane Doe # 2

Roy Black, Esq.
Jackie Perczek, Esq.
Black, Srebnick, Kornspan & Stumpf, P.A.
201 South Biscayne Boulevard, Suite 1300
Miami, FL 33131
(305) 371-6421
Fax: (305) 358-2006
E-mail: pleading@royblack.com

Martin G. Weinberg
MARTIN G. WEINBERG, P.C.
20 Park Plaza
Suite 1000
Boston, MA 02116
Office: (617) 227-3700
Fax: (617) 338-9538
Email: owlmgw@att.net

Jay P. Lefkowitz
Kirkland &Ellis, LLP
601 Lexington Avenue
New York, NY 10022
212-446-4970
Fax: 212-446-4900
Email: lefkowitz@kirkland.com