# EXHIBIT 36

```
 1   SUPREME COURT          NEW YORK COUNTY
     TRIAL TERM             PART 66
 2   ------------------------------------x
     THE PEOPLE OF THE STATE OF NEW YORK :  INDICTMENT #
 3                                       :  30129/2010
                                         :
 4                                       :
              AGAINST                    :
 5                                       :
     JEFFREY EPSTEIN                     :
 6              Defendant.               :
     ------------------------------------x  SORA HEARING
 7
                      111 Centre Street
 8                New York, New York 10013
                      January 18, 2011
 9

10
     B E F O R E:
11
                  HONORABLE RUTH PICKHOLZ
12                Justice of the Supreme Court

13

14   A P P E A R A N C E S:

15
     For the People:     CYRUS R. VANCE, JR., ESQ.,
16                       New York County District Attorney
                         One Hogan Place
17                       New York, New York 10013
                         BY:  JENNIFER GAFFNEY, ESQ.
18                       Assistant District Attorney

19
     For the Defense:    KIRKLAND & ELLI, LLP
20                       153 East 53rd Street
                         New York, New York 10022
21                       BY:  JAY LEFKOWITZ, ESQ.
                              SANDRA MUSUMECI, ESQ.
22

23
                                 Vikki J. Benkel
24                               Senior Court Reporter

25
```

*Vikki J. Benkel*
*Senior Court Reporter*

```
 1              COURT CLERK:  This is number two on the calendar,
 2   matter of Jeffrey Epstein.
 3              Your appearances please.
 4              MS. GAFFNEY:  Jennifer Gaffney for the People.
 5   Good afternoon, Your Honor.
 6              MR. LEFKOWITZ:  Jay Lefkowitz and Sandra Musumeci
 7   for Mr. Epstein.
 8              THE COURT:  Mr. Epstein is not here.
 9              MR. LEFKOWITZ:  That's correct.
10              THE COURT:  Are you waiving his appearance?
11              MR. LEKWOWITZ:  Yes.
12              MS. GAFFNEY:  Your Honor, this case is on for a
13   SORA hearing this afternoon.
14              The People did receive the board's recommendation
15   of a Level Three.  However, we received the underlying
16   information from them and also had some contact with
17   Florida, and we don't believe that we can rely on the entire
18   probable cause affidavit.
19              I don't know if the board sent that to you as
20   well.
21              THE COURT:  I don't know why you cannot rely on
22   it.
23              MS. GAFFNEY:  Because in Florida of all of the
24   victims in that probable cause affidavit, they actually only
25   went forward on one case.  There was only an indictment for
```

1  one victim and that is what the defendant plead to.
2  So it is unlike a situation where everything was
3  indicted and then we get to sort of assess points for all of
4  the victims, if it was part of a plea bargain. They did not
5  actually choose to go forward on any except for the one
6  victim.
7  So under the board guidelines, the risk assessment
8  interim guidelines, it actually says, you know, by way of
9  contrast if an offender is not indicted for an offense, it
10  is strong evidence that the offense did not occur and I
11  don't think --
12  THE COURT: Do you find that if somebody is not
13  indicted it is strong evidence that it did not occur?
14  MS. GAFFNEY: I don't know that we can rely on it
15  as clear and convincing evidence if the prosecutor's office
16  never went forward on it. The prosecution said that the
17  victims, although they spoke to the police early on, did not
18  cooperate with them. So we don't have any follow up
19  information.
20  THE COURT: But the board found a Level Three.
21  I have to tell you, I am a little overwhelmed
22  because I have never seen the prosecutor's office do
23  anything like this. I have never seen it. I had a case
24  with one instance it was a marine who went to a bar, and I
25  wish I had the case before me, but he went to a bar and a 17

```
 1    year old, he was an adult obviously, he was a Marine, a 17
 2    year old came up to him and one thing lead to another and he
 3    had sex with her and the People would not agree to a
 4    downward modification on that.
 5            So I am a little overwhelmed here because I see --
 6    I mean I read everything here, I am just a little
 7    overwhelmed that the People are making this application.
 8            I could cite many many, I have done many SORAs
 9    much less troubling than this one where the People would
10    never make a downward argument like this.
11            MS. GAFFNEY:  I agree with Your Honor, it is
12    incredibly unusual for us to make a downward argument.  But
13    the problem is the one thing that we have from the board is
14    it seems to be in contradiction to their own guidelines
15    which if something was not indicted, you are not supposed to
16    rely on it.
17            THE COURT:  They obviously took that into
18    consideration.
19            MS. GAFFNEY:  And I tried to reach -- I reached
20    the authorities in Florida to try to see if they had all the
21    interview notes or other things that we can then
22    subsequently rely on that might be considered clear and
23    convincing evidence, if they had interviewed these women on
24    their own, and they never did.  No one was cooperative and
25    they did not go forward on any of the cases and none of them
```

*Vikki J. Benkel*
*Senior Court Reporter*

1  were indicted.  So I don't know.
2       THE COURT:  And you spoke to the prosecutor?
3       MS. GAFFNEY:  The actual prosecutor left the
4  office.  I spoke to the prosecutor that took over the case.
5       THE COURT:  Maybe you can find the prosecutor that
6  left the office.
7       You have done more in other cases looking into it.
8  I have never seen the prosecutor's office do this.  I have
9  to tell you, I am shocked.
10      MS. GAFFNEY:  Right, but I spoke to the prosecutor
11 that took over the case and they don't have anything, any
12 affidavits, any statements, any notes.
13      THE COURT:  Why don't you speak to the prosecutor
14 that did do the case, I am sure you could find that
15 prosecutor.
16      MS. GAFFNEY:  I can find her, but based upon what
17 the other prosecutor said, they did not speak to that
18 prosecutor either.
19      THE COURT:  You did not speak to the prosecutor
20 yourself, you did not speak to them, that is hearsay.  You
21 did not speak to the prosecutor that handled the case.
22      MS. GAFFNEY:  That's right.
23      THE COURT:  I don't think you did much of an
24 investigation here.
25      MS. GAFFNEY:  I mean I called the prosecutor.

```
 1   Even though the first prosecutor left, presumably the
 2   prosecutor's office has the file.
 3           THE COURT:  I would still call the prosecutor.
 4           MS. GAFFNEY:  Anything from these women they would
 5   have forwarded it to us.
 6           THE COURT:  I don't know that, I think you have to
 7   speak to the prosecutor.
 8           But be that as it may, I hear your argument.
 9           Anything else?
10           MS. GAFFNEY:  I mean that is why I don't think we
11   can, I don't think we are entitled to rely on this because
12   they did not go forward.
13           THE COURT:  The board made a recommendation.
14           MS. GAFNEY:  Correct.
15           MS. MUSUMECI:  May I speak, Your Honor?
16           THE COURT:  Yes.
17           MS. MUSUMECI:  Good afternoon.
18           I would like to bring a few additional points to
19   Your Honor's attention that don't come across in the board
20   recommendation.
21           The first is that Mr. Epstein is not a resident of
22   New York, unlike most of these out of state, he has not
23   changed his address and moved to New York, he maintains a
24   vacation home in New York.  His primary residence is the
25   U.S. Virgin Islands.
```

1  He is registered in the U.S. Virgin Islands, he
2  has been since his release from jail. He notifies the
3  Virgin Island authorities every time he leaves that
4  jurisdiction. Virgin Island authorities rated him at the
5  lowest level of registration.
6  He also registered in Florida, which is the state
7  of this particular offense, and the only reason that this
8  conviction is even before Your Honor.
9  The offense for which he was convicted is not a
10 registrable offense in New York. He is only registrable
11 here arguably because based on the provision of SORA that
12 says if a crime is registrable in the state of conviction,
13 then it is registrable here in New York. And the Florida
14 authorities that considered that rated him at the lowest
15 level of their SORA statute.
16 He additionally has a vacation home in New Mexico
17 and is registered in New Mexico. The New Mexican
18 authorities when they considered his offenses, determined he
19 need not register at all. Nevertheless, he has voluntarily
20 registered with New Mexico and maintains that registration.
21 Additionally, because of his possession of a
22 vacation home in New York, he has been voluntarily
23 registered with New York SOMU, the Sex Offender Monitoring
24 Unit since May of this year. He notifies them whenever he
25 comes to travel to New York. He never comes to New York for

1  more than seven days or at least he has not since he has
2  been registered. He has no intention to ever be here for
3  longer than a period of ten days.
4      Like I said, he does notify the authorities when
5  he is here. He fully understands the reason for voluntary
6  registration, he wants to be compliant with the Federal SORA
7  law which requires wherever you own a property to register.
8      To require Mr. Epstein to register as a Level
9  Three offender in New York would actually require him to
10 come to New York more than he does normally, it would
11 require him to come every 90 days and renew his
12 registration.
13     He is very diligent in registering with New York
14 authorities.
15     All of the other jurisdictions that have
16 considered his case have determined that he either not
17 register at all or register at the lowest level, and he has
18 been more than compliant with all of those requirements.
19     Your Honor, we would join in the prosecutor's
20 application.
21     THE COURT: I am sure you would.
22     MS. MUSUMECI: By way of background, we have been
23 in contact with the prosecutor's office on this matter since
24 I believe certainly since Mr. Epstein got his notification,
25 which I believe was in August. We have met with the

1  prosecutor and provided numerous materials for the
2  prosecutor to consider. We have included in that a
3  deposition from the detective who headed this investigation
4  who acknowledged in a sworn deposition that the lead
5  prosecutor who originally had the case, whose name I cannot
6  pronounce, Lanna Belohlavek, I apologize for the
7  mispronunciation, said to the detective after her
8  investigation, there are no real victims here.
9              All of the alleged conduct that is cited in the
10 board's write up was commercial conduct. All of the alleged
11 conduct the women went voluntarily, there are no allegations
12 of force certainly none.
13             THE COURT: There was no allegation of force in
14 the marine either, who met a girl in a bar, a young girl 17,
15 there was no force there.
16             MS. MUSUMECI: It is our understanding that the
17 prosecutor in Florida conducted a full investigation, as
18 full as she was able with the cooperation afforded by these
19 complainants, and determined that the only case that she
20 could present to the grand jury was this indictment for a
21 non registrable offense then --
22             THE COURT: But it is registrable here.
23             I don't know what you mean non registrable
24 offense.
25             MS. MUSUMECI: Let me explain, Your Honor.

1  Mr. Epstein plead to two charges, one was an
2  indictment which is an offense that is not registrable, it
3  is a Florida indictment for --
4  THE COURT: Then why does he have to register
5  here?
6  MS. MUSUMECI: It was a second offense that he
7  plead to --
8  THE COURT: That is registrable.
9  MS. MUSUMECI: That is registrable.
10  That offense was by information and that is the
11  only registrable offense, that is what the DA's office is
12  considering in doing their scoring.
13  The indictment which was the only case that the
14  prosecutor even prosecuted through grand jury is not even a
15  registrable offense.
16  THE COURT: He plead guilty to a registrable
17  offense.
18  MS. MUSUMECI: Yes.
19  THE COURT: What did he plead guilty to?
20  MS. GAFFNEY: He plead guilty to the procuring a
21  person under 18 for prostitution.
22  THE COURT: Procuring a person under 18 for
23  prostitution.
24  MS. GAFFNEY: Right.
25  THE COURT: How old was she?

```
 1            MS. GAFFNEY:  It appears the first time they met
 2   she was either 16 or 17, then for the remainder of their
 3   relationship she was probably 17.
 4            THE COURT:  How long was their relationship?
 5            MS. GAFFNEY:  She met, she gave him approximately
 6   15 massages, including with sexual contact, and ultimately
 7   when she is 17 had intercourse with him.
 8            THE COURT:  She is a child.
 9            MS. MUSUMECI:  Your Honor, I would note that under
10   SORA it is clear that prostitution offenses are only
11   registrable when in fact by clear and convincing evidence
12   the women or victim is 17, is under 17.
13            THE COURT:  Well, she met him at 16, he procured
14   her at 16 from what I read.
15            MS. MUSUMECI:  There is evidence we challenged.
16            THE COURT:  He plead guilty to that, didn't he?
17            MS. MUSUMECI:  He plead guilty to under 18, which
18   is the law in Florida, which is a different standard than
19   what the law is in New York.  And there is no evidence,
20   there is no clear and convincing evidence as to her specific
21   age at the time of the specific conduct.
22            THE COURT:  Well, the DA just told me she was most
23   likely 17, she just said it on the record.
24            MS. MUSUMECI:  Your Honor, we agree that the
25   evidence is that she was 17 on the one occasion she had
```

```
 1    consensual intercourse with him and 17 is not registrable or
 2    criminal under New York law.
 3              And the prostitution aspect of having intercourse
 4    with a 17 year old is not registrable conduct.
 5              THE COURT:  Why does he have to register here?
 6              MS. GAFFNEY:  Because it is a register able
 7    offense in Florida, New York State board of examiners --
 8              THE COURT:  Recognizes it.
 9              MS. GAFFNEY:  Recognizes it, yes.
10              THE COURT:  I have had many cases like that where
11    it was not registrable here but it was in the state where
12    the person came from and New York recognized that.
13              MS. MUSUMECI:  Your Honor, we are not saying that
14    he should not register.  Mr. Epstein has already registered
15    and recognizes his duty to register.
16              THE COURT:  I am glad of that, very glad of that.
17              I am sorry he may have to come here every 90 days.
18              He can give up his New York home if he does not
19    want to come every 90 days.
20              Anything else?
21              I rely on the board.
22              MS. MUSUMECI:  Your Honor, we would reserve our
23    right to appeal Your Honor's ruling.
24              THE COURT:  Of course, do so.
25              MS. GAFFNEY:  For the record, Your Honor, he is
```

going to be deemed a Level Three sex offender with no designation, correct?

THE COURT: Correct.

MS. MUSUMECI: For purposes of the appeal I believe that Your Honor --

THE COURT: Give me the board's scoring.

The board has scored use of violence the least, 10.

Sexual contact with victim, 25. I agree.

Number of victims, three or more. He only plead guilty to one, but apparently there were more than one and I think the People concede that although they say it was not reliable.

Duration of offense, conduct with victim, continuing course of sexual misconduct, the People have told me it was continuing for 20 points.

Age of victim 11 through 16, he got 20 points for that, and she was 16 at the time.

Other victim characteristics, there was no mental disable or helplessness. I agree.

Relationship with victim stranger, 20 points.

Age at first act of sexual misconduct, 20 or less. They scored him zero on that.

Number and nature of prior crimes, no history, they scored him five on that.

*Vikki J. Benkel*
*Senior Court Reporter*

 1              Recency of prior offense less than three years,
 2     they gave him zero.
 3              Drug or alcohol abuse history, they gave him zero.
 4              Acceptance of responsibility, they gave him zero.
 5              Conduct while confined, they gave him zero.
 6              And supervision, they gave him zero.
 7              Living employment situation, zero.
 8              They gave him 130 points, which is the highest
 9     level, and I agree with that.
10              MR. LEFKOWITZ:  If I could be heard for one
11     moment.
12              It appears that the state board made its
13     determination based on access to a police report in Florida.
14              The prosecutor, the lead prosecutor, the lead sex
15     crimes prosecutor in Palm Beach made a determination that
16     the complainants and the police report itself was not
17     credible and decided not to prosecute on the basis of all of
18     that.
19              In addition, there has been through the course of
20     the last few years some civil litigation, as you might
21     imagine, involving these matters and we now have sworn
22     testimony in evidence from the complainants themselves
23     disclaiming much of what appears in the police report.
24              So, Your Honor, we would submit and this is not to
25     make light in any way of the conduct what Mr. Epstein did or

what Mr. Epstein plead guilty to, but with respect to everything and that is why Mr. Epstein voluntarily registered in New York even though there is a question about whether he has any obligation just as a jurisdictional matter, but Your Honor, with respect to the appropriate level for him to register, we would submit Your Honor that the evidence simply does not support the foundation of the state's determination.

THE COURT: You have made a very clear record and you have your right to appeal.

I feel the board looked into all of this, made their recommendation, found him to have 130 points and I see no reason to disturb that.

Thank you.

I, Vikki J. Benkel, a Senior Court Reporter in and for the State of New York, do hereby certify that the foregoing transcript is true and accurate to the best of my knowledge, skill and ability.

Vikki J. Benkel

*Vikki J. Benkel*
*Senior Court Reporter*