# EXHIBIT
# 38

Evaluation Only. Created with Aspose.Words. Copyright 2003-2010 Aspose Pty Ltd.

| People v Epstein |
|---|
| 2011 NY Slip Op 08293 |
| Decided on November 17, 2011 |
| Appellate Division, First Department |
| Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431. |
| This opinion is uncorrected and subject to revision before publication in the Official Reports. |

Decided on November 17, 2011

Mazzarelli, J.P., Sweeny, Moskowitz, Acosta, Abdus-Salaam, JJ.

6081 30129/10

[*1]The People of the State of New York, Respondent,

v

Jeffrey E. Epstein, Defendant-Appellant.

Kirkland & Ellis LLP, New York (Jay P. Lefkowitz of

counsel), for appellant.

Cyrus R. Vance, Jr., District Attorney, New York (Deborah L.
Morse of counsel), for respondent.

Order, Supreme Court, New York County (Ruth Pickholz, J.), entered on or about
January 18, 2011, which adjudicated defendant a level three sex offender pursuant to the
Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without
costs.

Clear and convincing evidence, including reliable hearsay (*see People v Mingo*, 12 NY3d
563, 571 [2009]) supported the assessment of points for risk factors sufficient for a level
three sex offender adjudication (Correction Law § 168-n[3]). In the circumstances of this
case, the court properly relied on highly reliable proof of criminal conduct for which
defendant was neither indicted nor convicted.

The sex offender adjudication arises out of defendant's sex offenses in Florida. The
evidence before the SORA hearing court established that defendant committed multiple
offenses against a series of underage girls. The girls were brought to defendant's home to
provide "massages" that led to very serious sex crimes.

These facts were established by reliable hearsay, including the probable cause affidavit
prepared by Florida law enforcement authorities after their investigation, and the Board
of Examiners of Sex Offenders' case summary (*see Mingo*, 12 NY3d at 572-573, 577).
The probable cause affidavit was extremely detailed. It set forth the sworn, tape-recorded
statements of the victims. The victims' detailed accounts of defendant's crimes
corroborated each other, and were also corroborated by other evidence, including
declarations against penal interest made by defendant's accomplice.

In 2006, the Florida prosecutor obtained an indictment charging defendant with
solicitation of prostitution. In 2008, the Florida prosecutor filed an information, this time
charging procuring a person under 18 for prostitution. A few days after the information,

defendant pleaded guilty to both accusatory instruments. Both instruments involved the same victim, who was only one of defendant's many victims.

The Board and the hearing court are not limited to the underlying crime in determining an offender's risk level (*see People v Johnson*, 77 AD3d 548, 549-550 [2010], *lv denied* 16 NY3d 705 [2011]). "[T]he fact that an offender was not indicted for an offense may be strong evidence that the offense did not occur" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, General Principles ¶ 7, at 5 [2006]). However, here the strong evidence that the [*2]offenses against the other victims *did* occur outweighs any inferences to be drawn from the manner in which this case was prosecuted in Florida.

The reasons for the actions taken by the Florida authorities remain unclear on this record. The record before us is insufficient to establish that those authorities reasonably believed the charges involving the other victims were unprovable. The record permits competing inferences. In any event, the hearing court was entitled to rely on the reliably proven facts themselves, and was not necessarily bound by any exercises of prosecutorial discretion.

We reject defendant's argument that the People should be estopped from taking a different position on appeal from the position they took before the hearing court. At the hearing, the People mistakenly conceded that the conduct for which defendant was not indicted should not be considered, and that defendant should be adjudicated a level one offender. These were legal arguments that the court rejected, and it is the court's determination that we review on this appeal. Furthermore, when the court announced that it was rejecting the People's position and would consider the offenses against additional victims, defendant did not request any opportunity to challenge the reliability of the additional charges. Accordingly, defendant was not deprived of a fair opportunity to litigate the issue (*see e.g. People v Strong*, 276 AD2d 271 [2000], *lv denied* 96 NY2d 807 [2001]).

Defendant's remaining claims are improperly raised for the first time on appeal (*see People v Windham*, 10 NY3d 801 [2008]), and are unavailing in any event.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: NOVEMBER 17, 2011

CLERK

MACROBUTTON DoFieldClick [Return to Decision List]