# EXHIBIT 52

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

18 U.S.C. § 403
18 U.S.C. § 113(a)(5)

UNITED STATES OF AMERICA

vs.

JEFFREY EPSTEIN,

Defendant.

_____/

DRAFT

## INFORMATION

The United States Attorney charges that:

### COUNT 1

In or around August 2006, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**JEFFREY EPSTEIN,**

did knowingly and intentionally violate the privacy protection accorded by 18 U.S.C. § 3509 to a child victim, that is, Jane Doe #1; in violation of Title 18, United States Code, Sections 403 and 2.

### COUNT 2

In or around _____ 2005, in the special territorial jurisdiction of the United States, that is, in an aircraft owned by a United States citizen while in flight over the high seas, and elsewhere, the defendant,

**JEFFREY EPSTEIN,**

did knowingly commit a simple assault on a person who was over the age of 16 years, that is, ▮

in violation of Title 18, United States Code, Section 113(a)(5).

_____
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

_____
A. MARIE VILLAFAÑA
ASSISTANT UNITED STATES ATTORNEY

DRAFT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

UNITED STATES OF AMERICA

vs.

JEFFREY EPSTEIN,

Defendant
_____/

**DRAFT**

## PLEA AGREEMENT

The United States Attorney for the Southern District of Florida ("the United States"), and Jeffrey Epstein (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the Information which charges the defendant as follows: Count 1 charges that the defendant knowingly and intentionally violated the privacy protection accorded to child victims by 18 U.S.C. § 3509; in violation of Title 18, United States Code, Sections 403 and 2; and Count 2 charges that the defendant, while in an airplane over the high seas, did knowingly commit a simple assault on a person who was over the age of 16 years, that is, ■ in violation of Title 18, United States Code, Section 113(a)(5).

2. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter

Page 1 of 7

"Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.  The defendant further understands and acknowledges that, as to Count 1 of the Information, the Court may impose a statutory maximum term of imprisonment of up to one (1) year, to be followed by a term of supervised release of up to a maximum of one (1) year. In addition to terms of imprisonment and supervised release, the Court may impose a fine of up to $100,000. The defendant further understands and acknowledges that, as to Count 2 of the Information, the Court may impose a statutory maximum term of imprisonment of up to

Page 2 of 7

six (6) months, to be followed by a term of supervised release of up to a maximum of one (1) year. In addition to terms of imprisonment and supervised release, the Court may impose a fine of up to $100,000.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this Agreement, a special assessment in the amount of $50 will be imposed on the defendant, which must be paid at or before the time of sentencing.

5. The defendant understands that the Court will order that he must pay full restitution to all victims of the offense to which he is pleading guilty. The defendant understands that the amount of restitution owed to each victim will be determined at or before sentencing.

6. The parties agree to jointly recommend that the defendant receive a sentence of eighteen (18) months' imprisonment, to be followed by two (2) years of supervised release; and a fine of $200,000.

7. The defendant agrees that, if any of the victims identified in the federal investigation file suit pursuant to 18 U.S.C. § 2255, the defendant will not contest the jurisdiction of the U.S. District Court for the Southern District of Florida over his person and/or the subject matter, and the defendant will not contest that the identified victims are persons who, while minors, were victims of violations of Title 18, United States Code, Sections(s) 2422 and/or 2423. The United States agrees to provide the defendant's attorneys with a list of the identified victims, which will not exceed forty, after the defendant has

signed this agreement and has been sentenced. The United States further agrees to make a motion with the United States District Court for the Southern District of Florida for the appointment of a guardian ad litem for the identified victims and the defendant's counsel may contact the identified victims through that guardian.

8. The defendant agrees to plead guilty (not nolo contendere) to an Information filed by the Palm Beach County State Attorney's Office charging an offense for which the defendant must register as a sex offender, that is, solicitation of minors to engage in prostitution, in violation of Fl. Stat. 796.03. The defendant agrees that he and the Palm Beach County State Attorney's Office will make a joint, binding recommendation that the Court impose a sentence of at least thirty (30) months, to be divided as follows:

(a) the defendant shall begin by serving at least twenty (20) months in prison, without any opportunity for withholding adjudication or sentencing, and without probation or community control in lieu of imprisonment; and

(b) following the term of imprisonment, the defendant shall serve ten (10) months of community control/home confinement with electronic monitoring.

9. The defendant agrees to waive all challenges to the Information filed by the State Attorney's Office and to waive the right to appeal his conviction and sentence in the state court.

10. The defendant agrees that he will provide to the U.S. Attorney's Office copies

of all proposed agreements with the Palm Beach County State Attorney's Office prior to entering into those agreements.

11. The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this Agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

12. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly

08-80736-CV-MARRA　　　　　　　　　　　　　　　　　　　　　　　　　　RFP WPB 000072

by both the defendant and the government.

13. **WAIVER OF RIGHT TO APPEAL AND COLLATERALLY ATTACK THE SENTENCE.** The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure or upward variance from the guideline range that the Court establishes at sentencing. The defendant further voluntarily and expressly waives, to the maximum extent permitted by federal law, the right to collaterally attack his sentence in any post-conviction proceeding, including a motion on any ground brought under 28 U.S.C. § 2254, 28 U.S.C. § 2255, 18 U.S.C. § 3572, or 18 U.S.C. § 3771. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney.

14. If the defendant fails in any way to fulfill each one of his obligations under this Plea Agreement, the United States, and only the United States, may elect to be released from its commitments under this Plea Agreement. If the United States elects to void the Plea

Page 6 of 7

08-80736-CV-MARRA                                           RFP WPB 000073

Agreement because of a breach by the defendant, then the United States agrees not to use the defendant's guilty plea against him. However, the United States may prosecute the defendant for any and all Federal crimes that he has committed related to this case and may seek any sentence for such crimes up to and including the statutory maximums. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial defense to such a prosecution, except to the extent that such a defense exists as of the date he signs this Plea Agreement. Finally, the defendant understands that his violation of the terms of this Plea Agreement would not entitle him to withdraw his guilty plea.

15. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Date: _____   By: _____
                       R. ALEXANDER ACOSTA
                       UNITED STATES ATTORNEY

Date: _____   By: _____
                       JEFFREY EPSTEIN, DEFENDANT

Date: _____   By: _____
                       JAY LEFKOWITZ, ESQ.
                       ATTORNEY FOR DEFENDANT

Page 7 of 7