# EXHIBIT 67

# KIRKLAND & ELLIS LLP

**AND AFFILIATED PARTNERSHIPS**

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Jay P. Lefkowitz, P.C.
To Call Writer Directly:
(212) 446-4970
lefkowitz@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

October 23, 2007

**VIA E-MAIL**

Honorable R. Alexander Acosta
United States Attorney's Office
Southern District of Florida
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401

*Re: Jeffrey Epstein*

Dear Alex:

I write in response to Mr. Sloman's email of October 22, 2007. First, I want to remind you that Mr. Epstein and your Office have agreed to the terms of the Federal Non Prosecution Agreement (the "Agreement"), which is a binding agreement between the parties. Mr. Epstein has every intention of honoring the terms of that Agreement in good faith, and pursuant to the Agreement, as modified recently, Mr. Epstein and his counsel will appear to enter his plea in state court on November 20, 2007. I also want to thank you for the commitment you made to me during our October 12 meeting in which you promised genuine finality with regard to this matter, and assured me that your Office would not intervene with the State Attorney's Office regarding this matter; or contact any of the identified individuals, potential witnesses, or potential civil claimants and their respective counsel in this matter; and that neither your Office nor the Federal Bureau of Investigation would intervene regarding the sentence Mr. Epstein receives pursuant to a plea with the State, so long as that sentence does not violate state law. Indeed, so long as Mr. Epstein's sentence does not explicitly violate the terms of the Agreement, he is entitled to any type of sentence available to him, including but not limited to gain time and work release. With that said, I must tell you that I am very troubled by Mr. Sloman's latest proposed draft letter to Judge Davis.

First, Mr. Sloman's proposal suggests that the attorney representative may also litigate claims on behalf of the identified individuals in the event those individuals elect not to settle with Mr. Epstein pursuant to the Agreement. That seems to be directly at odds with the purpose of the Agreement, which is to facilitate out of court settlements in lieu of initiating adversarial proceedings. Indeed, it was our understanding at our October 12 meeting that those identified individuals who elect to sue Mr. Epstein are free to select their own lawyer, but the attorney representative would be restricted in this capacity due to the conflicts of interests that it would cause.

Chicago       Hong Kong       London       Los Angeles       Munich       San Francisco       Washington, D.C.

RFP MIA 000489

## KIRKLAND & ELLIS LLP

Honorable R. Alexander Acosta
October 23, 2007
Page 2

Second, Mr. Sloman proposes language in our joint letter to Judge Davis referencing the $150,000 statutory limit under § 2255 while only referencing the pre-existing $50,000 limit in a footnote. To be sure, any of the women are free to seek whatever settlement they want, but given the question that exists about the proper statutory amount, the letter should state more clearly that the amount under the statute is either $50,000 or $150,000.

Third, Mr. Sloman's proposal now includes 24-year-old women to the government's list of identified individuals who it believes are eligible to settle 18 U.S.C. § 2255 claims pursuant to the Agreement. Such an inclusion goes beyond both the four corners of the statute as well as the intention of the parties.

I simply do not understand why these women have been included on the government's list since these women's § 2255 claims are time barred. According to § 2255, "[a]ny action commenced under this section shall be barred unless the complaint is filed within six years after the right of action first accrues." Moreover, the statute contemplates a right of action only for those who are victims of the related statutes "while a minor." That being the case, the women who are currently 24 years old cannot bring claims under § 2255 because these women were minors seven years ago, which is beyond the statute of limitations period. And the PROTECT Act does not apply here. According to the Act, which was enacted in 2003, "[n]o statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse, or kidnapping, of a child under the age of 18 years shall preclude such prosecution during the life of the child." *See* PROTECT Act, Pub. Law 108-21, §3283 (2003). The purpose of this provision, however, was to ease the barriers to criminal prosecution of sex offenders, which is precisely why the provision limits tolling to "prosecution" rather than simply all claims.

This conclusion is supported by *Smith v. Husband*, 376 F.Supp.2d 603 (E.D. Va. 2005), which contemplated the statute of limitations period for 2255 claims and was decided after the PROTECT Act was enacted. In *Smith*, the Court did not even refer to the Act when noting that "only if Plaintiff can show that Defendant violated any of the listed statutes within six years of the filing of this Complaint…is this matter within the statute of limitations." *Id* at 615. Accordingly, Mr. Sloman's proposal should be revised and these women should be removed from the government's list as they are not "victims" under § 2255 and therefore are not eligible for settlement relief pursuant to the Agreement.

Given your Office's negotiating posture prior to the signing of the Agreement, it is a little surprising to see the inclusion of individuals who are 24 years old. Over the course of negotiations over the Agreement, Marie Villafana initially proposed appointing a guardian ad litem to represent the identified individuals, which gave the impression that these identified individuals were minors. Based on her insistence that a guardian be appointed to represent these individuals, we agreed to the appointment of an attorney representative. Now it appears that

RFP MIA 000490

## KIRKLAND & ELLIS LLP

Honorable R. Alexander Acosta
October 23, 2007
Page 3

many of these individuals are in fact over the age of 18, some as old as 24 years old, which largely obviates the need to appoint a representative for the identified individuals.

Alex, this letter is not intended and is in no way a rescission or withdrawal from the terms of the Agreement. We instead request dialogue rather than the imperative of executing the addendum to the Agreement by 5:00 PM today. Absent such dialogue, and absent an extension of the deadline of 5:00 PM today, we have no choice except to adopt the Addendum as written and will do so. We do not, however, agree with all of the language in your draft letter to Judge Davis. Since this letter is neither an extension of the Agreement nor of its Addendum, we do object to its being sent to Judge Davis absent further discussion.

If there is any way we can promptly resolve the issues I address above, please let me know. I know that you have tired of working on this matter, and I certainly share your desire to put this Agreement to bed. But I simply do not know how to proceed at this point in light of the concerns raised by Mr. Sloman's proposal.

I look forward to resolving this matter as soon as possible.

Sincerely,

Jay P. Lefkowitz