# EXHIBIT 79



U.S. Department of Justice

United States Attorney
Southern District of Florida

99 N.E. 4th Street
Miami, Fl 33132
Telephone: (305) 961-9299
Facsimile: (305) 530-6444

October 25, 2007

DELIVERY BY FACSIMILE
The Hon. Edward B. Davis (Ret.)
Akerman Senterfitt
One Southeast Third Avenue, 25th Floor
Miami, Florida 33131

Re:   Service as a Special Master

Dear Judge Davis:

Thank you for agreeing to serve as a Special Master and for assisting the United States Attorney's Office in the selection of an attorney representative to represent a group of identified victims. This letter is meant to assist you in performing your duties by providing you with background information regarding the agreement between the United States and Jeffrey Epstein and the duties that the attorney representative will have to perform.

The Federal Bureau of Investigation and the U.S. Attorney's Office conducted an investigation of Mr. Epstein. As a result of that investigation, the U.S. Attorney's Office and Mr. Epstein entered into a Non-Prosecution Agreement and an Addendum that contains, *inter alia*, the following terms:

> 7A. The United States has the right to assign to an independent third-party the responsibility for consulting with and, subject to the good faith approval of Epstein's counsel, selecting the attorney representative for the individuals identified under the Agreement. If the United States elects to assign this responsibility to an independent third-party, both the United States and Epstein retain the right to make good faith objections to the attorney representative suggested by the independent third-party prior to the final designation of the attorney representative.

THE HON. EDWARD B. DAVIS (RET.)
OCTOBER 25, 2007
PAGE 2 OF 4

7B. The parties will jointly prepare a short written submission to the independent third-party regarding the role of the attorney representative and regarding Epstein's Agreement to pay such attorney representative his or her regular customary hourly rate for representing such victims subject to the provisions of paragraph 7C, infra.

7C. Pursuant to additional paragraph 7A, Epstein has agreed to pay the fees of the attorney representative selected by the independent third party. This provision, however, shall not obligate Epstein to pay the fees and costs of contested litigation filed against him. Thus, if after consideration of potential settlements, an attorney representative elects to file a contested lawsuit pursuant to 18 U.S.C. § 2255 or elects to pursue any other contested remedy, the paragraph 7 obligation of the Agreement to pay the costs of the attorney representative, as opposed to any statutory or other obligations to pay reasonable attorneys fees and costs such as those contained in § 2255 to bear the costs of the attorney representative, shall cease.

8. If any of the individuals referred to [in the paragraphs above] elects to file suit pursuant to 18 U.S.C. § 2255, Epstein will not contest the jurisdiction of the United States District Court for the Southern District of Florida over his person and/or the subject matter, and Epstein waives his right to contest liability and also waives his right to contest damages up to an amount agreed to between Epstein and the identified individual, so long as the identified individual elects to proceed exclusively under 18 U.S.C. § 2255, and agrees to waive any other claim for damages, whether pursuant to state, federal, or common law. Notwithstanding this waiver, with respect to those individuals whose names appear on the list provided by the United States, Epstein's signature on this agreement, his waivers and failures to contest liability and such damages in any suit are not to be construed as an admission of any criminal or civil liability.

9. Epstein's signature on this agreement also is not to be construed admission of civil or criminal liability or a waiver of any jurisdictional or other defense as to any person whose name does not appear on the list provided by the United States.

10. Except as to those individuals who elect to proceed exclusively under 18 U.S.C. § 2255, as set forth in [the above paragraphs], neither Epstein's

THE HON. EDWARD B. DAVIS (RET.)
OCTOBER 25, 2007
PAGE 3 OF 4

signature on this agreement, nor its terms, nor any resulting waivers or settlements by Epstein are to be construed as admissions or evidence of civil or criminal liability or a waiver of any jurisdictional or other defense as to any person, whether or not her name appears on the list provided by the United States.

The most recent version of the statute referenced above, 18 U.S.C. § 2255, provides that:

> Any person who, while a minor, was a victim of a violation of section ... 2422 or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.[1]

Section 2422 prohibits the use of a facility of interstate commerce to induce minors to engage in sexual activity and prostitution, and section 2423 prohibits interstate travel for the purpose of engaging in sexual activity or prostitution with minors. The United States has identified 34 victims as defined by this statute. The United States takes no position as to the validity of any such claim under this statute.

Due to the circumstances of the case and the number and caliber of the attorneys who represent Mr. Epstein, in selecting the victims' attorney representative, the United States suggests that you consider the following criteria:

1. Experience doing both plaintiffs' and defense litigation.

2. Experience with state and federal statutory and common law tort claims.

3. The ability to communicate effectively with young women.

4. Experience litigating against large law firms and high profile attorneys who

---

[1] An earlier version of this statute deems that any person described in the preceding sentence shall have sustained damages of no less than $50,000 in value.

THE HON. EDWARD B. DAVIS (RET.)
OCTOBER 25, 2007
PAGE 4 OF 4

        may test the veracity of the victims' claims.

5.   Sensitivity to the nature of the suit and the victims' interest in maintaining their privacy.

6.   Experience litigating in federal court in the Southern District of Florida.

7.   The resources to hire experts and others, while working on a contingency fee basis, in order to prepare for trial, if a settlement cannot be reached (defense counsel has reserved the right to challenge such litigation).

8.   The ability to negotiate effectively.

Pursuant to this letter, the United States assigns to you the responsibility for consulting with and selecting the attorney representative for the individuals. The United States and Epstein retain the right to make good faith objections to the attorney representative you select prior to the final designation of the attorney representative. In that regard, after you have reached a decision regarding the attorney representative, please provide me with his or her name and contact information.

If I can provide you with any further information, please do not hesitate to contact me and/or the U.S. Attorney and/or Jay Lefkowitz, Esq. on behalf of Epstein. Mr. Lefkowitz can be reached at (212) 446-4970 - Kirkland & Ellis LLP, Citigroup Center, 153 East 53rd Street, New York, New York 10022-4611. Thank you again for your assistance with this matter.

        Sincerely,

        R. Alexander Acosta
        United States Attorney

By: *[signature]*
        Jeffrey Sloman
        First Assistant United States Attorney

cc:   AUSA A. Marie Villafaña