# EXHIBIT 85

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

(212) 446-4800

www.kirkland.com

Jay P. Lefkowitz, P.C.
To Call Writer Directly:
(212) 446-4970
lefkowitz@kirkland.com

Facsimile:
(212) 446-4900

November 29, 2007

**VIA E-MAIL**

R. Alexander Acosta
United States Attorney's Office
Southern District of Florida
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401

*Re: Jeffrey Epstein*

Dear Alex:

I am responding to the draft letter Marie sent to me last night, which purports to be a letter that you would sign and send to each of the individuals whom you have not even identified to us, and about whom the government has made clear it "takes no position" as to the validity of potential claims that these individuals may have against Mr. Epstein. I cannot reconcile your commitment to "take no position" regarding these potential claims with your intention to sign such a letter, which will surely find its way almost immediately into the press, refers to these individuals as "minor victims," refers to Mr. Epstein as a "sexual predator," misstates the terms of our federal non-prosecution agreement (the "Agreement"), and invites federal witnesses to attend Mr. Epstein's state sentencing in order to give victim impact statements, although they are in most respects not state victims at all.

More fundamentally, we don't understand the basis for your Office's belief that it is appropriate for any letter to be sent to these individuals at this stage – before Mr. Epstein has either entered a plea or been sentenced. We respectfully disagree with your view that you are required to notify the alleged victims pursuant to the Justice for All Act of 2004. First, 18 U.S.C. § 2255, the relevant statute under the Agreement for the settlement of civil remedies, does not have any connection to the Justice for All Act. The Justice for All Act refers to restitution, and § 2255 is a civil remedy, not a restitution statute.

We also believe that the draft letter could not diverge more dramatically from your statement last week that your Office would not intervene in the state process from this point forward, and that you would merely monitor it. Indeed, the letter as currently drafted invites federal witnesses to become participants in a state proceeding, thus federalizing the state plea and sentencing in the same manner as would the appearance and statements of a member of your Office or the FBI.

Chicago       Hong Kong       London       Los Angeles       Munich       San Francisco       Washington, D.C.

RFP MIA 000007

# KIRKLAND & ELLIS LLP

R. Alexander Acosta
November 29, 2007
Page 2

With that said, I respectfully identify below the specific objections we have with the proposed letter.

First, it states that "Mr. Epstein has agreed that he will not contest jurisdiction or liability if [the alleged victims] elect to seek damages from him . . ." This language implies that Mr. Epstein has agreed to concede jurisdiction and has waived liability whether or not each individual identified by the government as a "victim" of federal crimes ultimately settles her claim pursuant to the Agreement. The letter as drafted invites the witnesses to whom it is sent to believe that they can litigate their claims without Mr. Epstein being able to contest jurisdiction or liability – a construction of the Agreement that is in direct conflict with its terms. The Agreement we entered makes clear that Mr. Epstein's waiver of jurisdiction and liability is limited to those instances where the identified individual settles with him pursuant to Sections 7 through 8 of the Agreement and Addendum. As you are well aware, Mr. Epstein has no obligation or intention to concede jurisdiction or liability in any claim for damages – by an enumerated "victim" or anyone else – where that party fails to settle her claims pursuant to the terms of the Agreement.

Second, there is no basis to refer to Mr. Epstein as a "sexual predator." Pursuant to the terms of the Agreement, Mr. Epstein will be required to register as a "sexual offender," not a "sexual predator." Those are very different categories under Florida law. Mr. Epstein has agreed to enter a plea of guilty to two counts of violation of Florida Statutes §§ 796.03 and 796.07. Under Florida law, those charges do not classify him as a sexual predator. See Florida Statute § 775.21(4)(a). Rather, he is only a sexual offender as defined by Florida Statute § 943.0435(1)(a). To identify Mr. Epstein as a sexual predator, in this letter or elsewhere, is inaccurate and would irreparably harm him.

Third, we find no basis in law that provides the identified individuals with either a right to appear at Mr. Epstein's plea and sentence, or to submit a written statement to be filed by the State Attorney. According to Florida Statutes §§ 960.001(k) and 921.143(1), the sentencing court permits only "the victim of the crime for which the defendant is being sentenced . . . to [a]ppear before the sentencing court for the purpose of making a statement under oath for the record; and [s]ubmit a written statement under oath to the office of the state attorney, which statement shall be filed with the sentencing court." Florida Statute § 960.001(k) citing § 921.143(1) (emphasis added). Here, Mr. Epstein is pleading guilty to, and being sentenced for, state offenses, not the federal offenses under which the government has recognized these identified individuals as "victims." The state charges for which Mr. Epstein will be sentenced are not coextensive with the federal investigation. Under Florida law, only those persons identified as victims of the state offenses may make a statement at the hearing or submit a written statement.

**KIRKLAND & ELLIS LLP**

R. Alexander Acosta
November 29, 2007
Page 3

With respect, encouraging these individuals to participate in the state sentencing will have the effect of creating a media frenzy that will surely impact the sentence Mr. Epstein receives – precisely what your Office promised to avoid. Such an intrusion into state affairs, when the identified individuals are not even victims of the crime for which Mr. Epstein is being sentenced is highly inappropriate. The federal investigation of Mr. Epstein has been concluded, and witnesses or civil claimants identified as purported victims of federal offenses have no place in the state proceeding. We also think it will likely promote spurious civil litigation against Mr. Epstein, a result that would be highly irresponsible to encourage.

Fourth, we take serious issue with the assertion in the letter that the government has identified each recipient of the letter as a "minor victim." The term "minor victim" is notably absent from the Agreement. Section 7 of the Agreement states only that the government will provide a list of individuals "whom it has identified as victims, as defined in 18 U.S.C. § 2255." Indeed, you have told us that at least one identified individual is currently 24 years old, and thus would appear not to have been a minor at the time of the alleged conduct (and therefore is presumably not eligible to settle her claims under the Agreement). To confer on these women the imprimatur of a government "finding" is both incendiary and unwarranted.

Fifth, your letter mischaracterizes the nature of Mr. Epstein's liability under the 18 U.S.C. § 2255 provisions of the Agreement. Your letter states that every individual who receives the letter is a victim of "certain offenses, including travel in interstate commerce to engage in prostitution with minors and the use of facilities of interstate commerce to induce minors to engage in prostitution." This construction implies that these individuals are all victims of both offenses (travel in interstate commerce to engage in prostitution with minors and the use of facilities of interstate commerce to induce minors to engage in prostitution.) Clearly that is not the case. Consequently, the language should be revised to reflect that the identified individuals may be victims of certain offenses, but not necessarily both offenses. Additionally, for the sake of fairness and candor, we believe the same language contained in your letter to Judge Davis, stating that "[t]he United States takes no position as to the validity of any such claim under this statute," should be included in any proposed letter.

Sixth, your letter states that Mr. Podhurst and Mr. Josefsberg may "represent" the identified individuals. Since we have not yet had the opportunity to speak with Mr. Podhurst or Mr. Josefsberg (though we hope to do so this week), we do not know that they will even agree to serve in this capacity. Since I believe the role you are casting for these attorneys creates a significant ethical problem, specifically the conflict between counseling the clients to settle for the statutory amount and rewarding the attorneys for litigating rather than settling their claims, I would not assume that they, or any ethical attorney, would agree to accept this assignment as you define it. Whether that will mean that other attorneys will have to be sought, or you will realize that the role is untenable as described, either result will require modification of the letter.

RFP MIA 000009

# KIRKLAND & ELLIS LLP

R. Alexander Acosta
November 29, 2007
Page 4

Seventh, the identified individuals should not contact lawyers in your Office or agents of the FBI. To encourage these individuals to contact federal law enforcement officials is entirely inconsistent with your promise that there will be no further federal involvement in this case. Moreover, such contact can only invite the possibility for impermissible or partial communications. Recently, you asked the defense not to contact potential witnesses in this matter in part because the Agreement contemplated the selection of an attorney representative. For the same reason there should be no continuing invitation for the witnesses to remain in contact with either your Office or the FBI. Any questions these individuals may have regarding their rights under the Agreement should be answered by Judge Davis or the attorney representative.

Eighth, this letter should be mailed rather than delivered by hand. We see no reason for hand delivery, and mailing will ensure that there are no impermissible or partial communications made to the identified individuals upon delivery of the letter. If your Office insists on hand delivery of any such letter, however, it should only be made by a third party service, not by law enforcement agents.

Finally, as you know, Judge Starr has requested a meeting with Assistant Attorney General Fisher to address what we believe is the unprecedented nature of the § 2255 component of the Agreement. We are hopeful that this meeting will take place as early as next week. Accordingly, we respectfully request that we postpone our discussion of sending a letter to the alleged victims until after that meeting. We strongly believe that rushing to send any letter out this week is not the wisest manner in which to proceed. Given that Mr. Epstein will not even enter his plea for another few weeks, time is clearly not of the essence regarding any notification to the identified individuals.

Sincerely,

Jay P. Lefkowitz