# EXHIBIT 88

12/06/07  THU 15:22 FAX 305 530 6440      EXECUTIVE OFFICE                              ☒002



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

99 N.E. 4th Street
Miami, FL 33132-2111

December 6, 2007

DELIVERY BY FACSIMILE
Jay P. Lefkowitz, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4675

Re:   Jeffrey Epstein

Dear Jay:

I write in response to your recent e-mails and letters regarding victim notification and other issues. Our Office is trying to perform our contractual obligations under the Agreement, which we feel are being frustrated by defense counsel's objections. The Office also is concerned about Mr. Epstein's nonperformance.

More than three weeks ago we spoke about the failure to set a timely plea and sentencing date. At that time, you assured me that the scheduling delay was caused by the unavailability of Judge McSorley. You promised that a date would be set promptly. On November 15th, Rolando Garcia met with Barry Krisher on another matter, and was told by Mr. Krisher that he had just spoken with Jack Goldberger, and that Mr. Epstein's plea and sentencing were set to occur on December 14, 2007. Since that time, we have tried to confirm the date and time of the hearing in order to include that information in the victim notification letters. You continue to refer to the plea and sentencing as though it will be in January; Mr. Krisher's office has not confirmed any date; and Mr. Goldberger recently told Marie Villafaña that "there is no date."

I must reiterate that a delayed guilty plea and sentencing -- now more than two months beyond the original deadline -- is unacceptable to the Office. As you will recall, the plea and sentencing hearing originally was to occur in early October 2007, but was delayed until October 26th to allow Mr. Goldberger to attend. It was delayed again until November to allow you to attend. Rather than using your best efforts to insure that the plea and sentencing occur in November, we recently learned that a plea conference had been scheduled with Judge McSorley for November 20, 2007, but was canceled at the request of the parties, not the judge. Judge McSorley has not been away for any extended period, and there is no basis for your assertion that the judge is the cause of

US_Atty_Cor_00190

JAY P. LEFKOWITZ, ESQ.
DECEMBER 6, 2007
PAGE 2 OF 4

any past or future delay. Mr. Epstein currently has four Florida Bar members on his defense team, so attorney scheduling is not an adequate basis for delay.

Three weeks ago I also asked you to provide our Office with the terms of the Plea Agreement with the State Attorney's Office. It is now more than two months since the signing of the Non-Prosecution Agreement and we have yet to see any formal agreement, or even a list of essential terms of such an agreement.

Next, let me address your allegation that attorneys in our office and agents of the FBI have leaked information to the press in an effort to affect possible civil litigation with Mr. Epstein. This is untrue. There has been no contact between any member of the press and any employee of our office or the FBI since you incorrectly accused investigators of telling "Vanity Fair" about Mr. Starr's employment by Mr. Epstein several months ago. We intend to continue to refrain from commenting or providing information to the press. We would ask that your client and all of his representatives do the same.

I also want to address your interpretation of several statements that were included in correspondence – at your insistence – as proof that the designated victims have invalid claims. Let me make clear that each of the listed individuals are persons whom the Office identified as victims as defined in Section 2255, that is, as persons "who, while a minor, was a victim of a violation of section . . . 2422 or 2423 of this title." In other words, the Office is prepared to indict Mr. Epstein based upon Mr. Epstein's "interactions" with these individuals.[1] This conclusion is based upon a thorough and proper investigation – one in which none of the victims was informed of any right to receive damages of any amount prior to the investigation of her claim. The Office agrees that it is not a party to, and will not take a role in, any civil litigation, but the Office can say, without hesitation, that the evidence demonstrates that each person on the list was a victim of Mr. Epstein's criminal behavior. Mr. Starr's letter also suggests that the number of victims to whom Mr. Epstein is exposed by the Agreement is limitless. As you know, early drafts of the Agreement contained a numerical limit of 40 victims, which was removed at your request. The Office repeatedly confirmed that the number would not exceed 40; and the list is significantly shorter than that. Once the list is provided to you, if you have a good faith basis for asserting that a victim never met Mr. Epstein, we remain willing to listen and to modify the list if you convince us of your position.

Finally, let me address your objections to the draft Victim Notification Letter. You write that you don't understand the basis for the Office's belief that it is appropriate to notify the victims. Pursuant to the "Justice for All Act of 2004," crime victims are entitled to: "The right to reasonable, accurate, and timely notice of any public court proceeding . . . involving the crime" and the "right

---

[1] Unlike the State's investigation, the federal investigation shows criminal conduct by Mr. Epstein at least as early as 2001, so all of the victims were minors at the time of the offense.

US_Atty_Cor_00191

JAY P. LEFKOWITZ, ESQ.
DECEMBER 6, 2007
PAGE 3 OF 4

not to be excluded from any such public court proceeding . . ." 18 U.S.C. § 3771(a)(2) & (3). Section 3771 also commands that "employees of the Department of Justice . . . engaged in the detection, investigation, or prosecution of crime shall make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection (a)." 18 U.S.C. § 3771(c)(1).

Additionally, pursuant to the Victims' Rights and Restitution Act of 1990, our Office is obligated to "inform a victim of any restitution or other relief to which the victim may be entitled *under this or any other law* and [the] manner in which such relief may be obtained." 42 U.S.C. § 10607(c)(1)(B). With respect to notification of the other information that we propose to disclose, the statute requires that we provide a victim with the *earliest possible* notice of: the status of the investigation; the filing of charges against a suspected offender; and the acceptance of a plea. 42 U.S.C. § 10607(c)(3). Just as in 18 U.S.C. § 3771, these sections are not limited to proceedings in a *federal* district court. Our Non-Prosecution Agreement resolves the federal investigation by allowing Mr. Epstein to plead to a state offense. The victims identified through the federal investigation should be appropriately informed, and our Non-Prosecution Agreement does not require the U.S. Attorney's Office to forego its legal obligations.

With respect to your assertion that we are seeking to "federalize" the state plea, our office is simply informing the victims of their rights. It does not command them to appear at the hearing or to file a victim impact statement. In fact, the letter recommends the sending of any statement to the State Attorney's Office so that ASA Belohlavek can determine which, if any, statements are appropriate to file with the Court.

Next, you assert that our letter mischaracterizes Mr. Epstein's obligation to pay damages to the victims. To avoid that suggestion, I have asked AUSA Villafaña to simply quote the terms of the Agreement directly into the Notification Letter. We also have no objection to referring to Mr. Epstein as a "sexual offender" rather than a "predator."

We have no objection to using the conjunction "and/or" in referring to the particular offense(s) of which the recipient was a victim. We will not include the language that we take no position as to the validity of any claims. While the Office has no intention to take any position in any civil litigation arising between Mr. Epstein and any individual victim, as stated above, the Office believes that it has proof beyond a reasonable doubt that each listed individual was a victim of Mr. Epstein's criminal conduct while the victim was a minor. The law requires us to treat all victims "with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). We will not include any language that demeans the harm they may have suffered.

The letter's assertions regarding representation by the Podhurst firm and Mr. Josefsberg are accurate. Judge Davis conferred with Messrs. Podhurst and Josefsberg to insure their willingness to undertake this assignment prior to finalizing his selection.

JAY P. LEFKOWITZ, ESQ.
DECEMBER 6, 2007
PAGE 4 OF 4

Lastly, you object to personal communication between the victims and federal attorneys or agents. We have no objection to sending the letters through the mail[2] but we will not remove the language about contacting AUSA Villafaña or Special Agent Kuyrkendall with questions or concerns. Again, federal law requires that victims have the "reasonable right to confer with the attorney for the Government in this case." 18 U.S.C. § 3771(a)(5). The three victims who were notified prior to your objection had questions directed to Mr. Epstein's punishment, not the civil litigation. Those questions are appropriately directed to law enforcement. If questions arise related to the civil litigation, AUSA Villafaña and Special Agent Kuyrkendall will recommend that the victims direct those questions to Mr. Josefsberg.

I have attached a revised letter incorporating the changes on which we can agree. Please provide any further comments by the close of business on Friday. In addition, please provide us with a definitive statement, signed by your client, of his intention to abide by each and every term of the Agreement by close of business on Friday, December 7, 2007. By that time, you must also provide us with the agreement(s) with the State Attorney's Office and a date and time certain for the plea and sentencing, which must occur no later than December 14, 2007. There must be closure in this matter.

Sincerely,

R. Alexander Acosta
United States Attorney

By: *[signature]*
Jeffrey H. Sloman
First Assistant United States Attorney

Enclosure

cc:  R. Alexander Acosta, U.S. Attorney
     AUSA A. Marie Villafaña

---

[2]This is contingent, however, on being able to provide adequate notice of the change of plea and sentencing. The sooner that you schedule that hearing with Judge McSorley, the sooner we can dispatch these letters. If you delay further, we will have to rely on telephone or personal notification.

US_Atty_Cor_00193