# EXHIBIT
# 92

12/19/07  WED 17:03 FAX 305 530 6440     EXECUTIVE OFFICE                    ☒002



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

---

*R. ALEXANDER ACOSTA*                        *99 N.E. 4 Street*
*UNITED STATES ATTORNEY*                      *Miami, FL 33132*

December 19, 2007

<u>DELIVERY BY FACSIMILE</u>
Lilly Ann Sanchez
Fowler White Burnett, PA
1395 Brickell Ave, 14th Floor
Miami, FL 33131

      Re:    <u>Jeffrey Epstein</u>

Dear Ms. Sanchez:

      I write to follow up on the December 14th meeting between defense counsel and the Epstein prosecutors, as well as our First Assistant, the Miami FBI Special Agent in Charge and myself.[1]  I write to you because I am not certain who among the defense team is the appropriate recipient of this letter.  I address issues raised by several members of the defense team, and would thus ask that you please provide a copy of this letter to all appropriate defense team members.

      First, I would like to address the Section 2255 issue.[2]  As I stated in my December 4th letter, my understanding is that the Non-Prosecution Agreement entered into between this Office and Mr. Epstein responds to Mr. Epstein's desire to reach a global resolution of his state and federal criminal liability.  Under this Agreement, this District has agreed to defer prosecution for enumerated sections

---

[1] Over the past two weeks, we have received several hundred pages of arguments and exhibits from defense counsel. This is not the forum to respond to the several items raised, and our silence should not be interpret as agreement; I would, however, like to address one issue.  Your December 11th letter states that as a result of defense counsel objections to the appointment process, the USAO proposed an addendum to the Agreement to provide for the use of an independent third party selector.  As I recall this matter, before I had any knowledge of defense counsel objections, I *sua sponte* proposed the Addendum to Mr. Lefkowitz at an October meeting in Palm Beach.  I did this in an attempt to avoid what I foresaw would likely be a litigious selection process.  It was only after I proposed this change that Mr. Lefkowitz raised with me his enumerated concerns.

[2] Section 2255 provides that: "[a]ny person who, while a minor, was a victim of a violation of [enumerated sections of Title 18] and who suffers personal injury as a result of such violation . . . may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee."

**US_Atty_Cor_00272**

of Title 18 in favor of prosecution by the State of Florida, provided that the Mr. Epstein satisfies three general federal interests: (1) that Mr. Epstein plead guilty to a "registerable" state offense; (2) that this state plea include a binding recommendation for a sufficient term of imprisonment; and (3) that the Agreement not harm the interests of his victims.

With this in mind, I have considered defense counsel arguments regarding the Section 2255 portions of the Agreement. As I previously observed, our intent has been to place the victims in the same position as they would have been had Mr. Epstein been convicted at trial. No more; no less. From our meeting, it appears that the defense agrees that this was the intent. During the course of negotiations that intent was reduced to writing in Paragraphs 7 and 8, which as I wrote previously, appear far from simple to understand. I would thus propose that we solve our disagreements over interpretations by saying precisely what we mean, in a simple fashion. I would replace Paragraphs 7 and 8 with the following language:

"Any person, who while a minor, was a victim of a violation of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under Section 2255 as she would have had, if Mr. Epstein been tried federally and convicted of an enumerated offense. For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an Indictment as victims of an enumerated offense by Mr. Epstein. Any judicial authority interpreting this provision, including any authority determining which evidentiary burdens if any a plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial. No more; no less."

Second, I would like to address the issue of victim's rights pursuant to Section 3771. I understand that the defense objects to the victims being given notice of time and place of Mr. Epstein's state court sentencing hearing. I have reviewed the proposed victim notification letter and the statute. I would note that the United States provided the draft letter to defense as a courtesy. In addition, First Assistant United States Attorney Sloman already incorporated in the letter several edits that had been requested by defense counsel. I agree that Section 3771 applies to notice of proceedings and results of investigations of federal crimes as opposed to the state crime. We intend to provide victims with notice of the federal resolution, as required by law. We will defer to the discretion of the State Attorney regarding whether he wishes to provide victims with notice of the state proceedings, although we will provide him with the information necessary to do so if he wishes.

Third, I would like to address the issue raised regarding Florida Statute Section 796.03. At our meeting, Professor Dershowitz took the position that Mr. Epstein believes that his conduct does not satisfy the elements of this offense. His assertion raises for me substantial concerns. This Office will not, and cannot, be a party to an agreement in which Mr. Epstein pleads guilty to an offense that he believes he did not commit. We are considering how best to proceed.

2

US_Atty_Cor_00273

Finally, I would like to address a more general point. Our Agreement was first signed on September 24th, 2007. Pursuant to paragraph 11, Mr. Epstein was to use his best efforts to enter his guilty plea and be sentenced no later than October 26, 2007. As outlined in correspondence between our prosecutors and defense counsel, this deadline came and went. Our prosecutors reiterated to defense counsel several times their concerns regarding delays, and in fact, asked me several weeks ago to declare the Agreement in breach because of those delays. I resisted that invitation. I share this fact because it is background to my frustration with what appears to be an 11th hour appeal, weeks before the now scheduled January 4th plea date.

This said, the issues raised are important and must be fully vetted irrespective of timeliness concerns. We hope to preserve the January 4th date. I understand that defense counsel shares our desire not to move that appearance and will work with our office to expedite this process over the next several days. With this in mind, and in the event that defense counsel may wish to seek review of our determinations in Washington D.C., I spoke this past Monday with the Assistant Attorney General Fisher, to inform her of a possible appeal, to ask her to grant the potential request for review, and to in fact review this case in an expedited manner to attempt to preserve the January 4th plea date.

I want to again reiterate that it is not the intention of this Office ever to force the hand of a defendant to enter into an agreement against his wishes. Your client has the right to proceed to trial, and he should do so if he believes that he did not commit the elements of the charged offense.

I will respond to the pending issues shortly. In the interim, I would ask that you communicate your position with respect to the sections 2255 and 3371 issues as quickly as possible.

Sincerely,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

cc:    Alice Fisher, Assistant Attorney General
       Jeffrey Sloman, First Assistant U.S. Attorney
       AUSA A. Marie Villafaña

3