GOVERNMENT

EXHIBIT

H



**U.S. Department of Justice**

Criminal Division

Andrew G. Oosterbaan, Chief

---

*Child Exploitation and Obscenity Section*

1400 New York Avenue, NW
Suite 600
Washington, DC 20530
(202) 514-5780  FAX: (202) 514-1793

May 15, 2008

Jay Lefkowitz, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 E. 53rd St.
New York, NY 10022-4611

Re:   *Investigation of Jeffery Epstein*

Dear Mr. Lefkowitz:

Pursuant to your request and the request of U.S. Attorney R. Alexander Acosta, we have independently evaluated certain issues raised in the investigation of Jeffrey Epstein to determine whether a decision to prosecute Mr. Epstein for federal criminal violations would contradict criminal enforcement policy interests. As part of our evaluation, we have reviewed letters written on behalf of Mr. Epstein on February 1, 2007, June 25, 2007, July 6, 2007, March 28, 2008, April 8, 2008, April 28, 2008, and May 14, 2008, with their attachments. We have also reviewed memos prepared by the U.S. Attorney's Office. As you will recall, we met with you and other representatives of Mr. Epstein to further discuss your views on the propriety of a federal prosecution. We have discussed the factual and legal issues you raise with the Criminal Division's Appellate Section, and we consulted with the Office of Enforcement Operations concerning the petite policy.

We are examining the narrow question as to whether there is a legitimate basis for the U.S. Attorney's Office to proceed with a federal prosecution of Mr. Epstein. Ultimately, the prosecutorial decision making authority within a U.S. Attorney's Office lies with the U.S. Attorney. Therefore, to borrow a phrase from the case law, the question we sought to answer was whether U.S. Attorney Acosta would abuse his discretion if he authorized prosecution in this case.

As you know, our review of this case is limited, both factually and legally. We have not looked at the entire universe of facts in this case. It is not the role of the Criminal Division to re-conduct a complete factual inquiry from scratch. Furthermore, we did not analyze any issues concerning prosecution under federal statutes that do not pertain to child exploitation, such as the money laundering statutes.

As was made clear at the outset, we did not review the facts, circumstances, or terms included in the plea offer, nor any allegations that individuals involved in the investigation engaged in misconduct. Despite that agreement, we note that your letters of April 8, April 28, and May 14 focus in large part on accusations of investigative or prosecutorial misconduct. Not only do allegations of prosecutorial misconduct fall outside the boundary of our agreed review, they also fall outside the authority of the Criminal Division in the first instance. Simply, the Criminal Division does not investigate or resolve allegations of professional misconduct by federal prosecutors. For these reasons, we do not respond to the portion of those letters that discuss alleged misconduct.

Based on our review of all of these materials, and after careful consideration of the issues, we conclude that U.S. Attorney Acosta could properly use his discretion to authorize prosecution in this case. We will briefly address each of the issues that you have raised.

*Knowledge of age.* Federal child exploitation statutes differ as to whether there must be proof that the defendant was aware that the children were under the age of 18. However, even for those statutes where knowledge of age is an element of the offense, it is possible to satisfy that element with proof that the defendant was deliberately ignorant of facts which would suggest that the person was a minor. For that reason, the fact that some of the individuals allegedly lied to Mr. Epstein about their age is not dispositive of the issue. While there may be an open factual issue as to Mr. Epstein's knowledge, we cannot say that it would be impossible to prove knowledge of age for any such charges which require it. Therefore, Mr. Acosta could rightfully conclude that this factual issue is best resolved by a jury.

*Travel for the purpose.* In the materials you prepared, you suggest that Mr. Epstein should not be charged with violating 18 U.S.C. § 2423(b) because his dominant purpose in going to Florida was not to engage in illegal sexual activity, but rather to return to one of his residences. While we fully understand your argument, we also find that the U.S. Attorney's office has a good faith basis fully to develop the facts on this issue and brief the law to permit a court to decide whether the law properly reaches such conduct. Mr. Acosta would not be abusing his discretion if he decided to pursue such a course of action.

*Intent to engage in the conduct at the time of travel.* Based on our review of the facts of this case, we respectfully disagree that there is no evidence concerning Mr. Epstein's intent when he traveled, and when that intent was formed. Should Mr. Acosta elect to let the case proceed so that a jury can resolve this factual issue, he would be within his discretion to do so.

*Use of a facility or means of interstate or foreign commerce.* Much of the materials you have prepared and much of the meeting we had focused on 18 U.S.C. § 2422(b), specifically your contention that Mr. Epstein did not use the phone to coerce anyone to engage in illegal sexual activity. We understand the issue you raise concerning the statutory interpretation. As before, however, we cannot agree that there is no evidence that would support a charge under Section 2422(b), nor can we agree that there is no argument in support of the application of that statute to this case. Finally, our assessment is that the application of that statute to these facts would not be

2

so novel as to implicate the so-called "clear statement rule," the *Ex Post Facto* clause, or the Due Process clause. As with the other legal issues, Mr. Acosta may elect to proceed with the case.

*Absence of coercion.* With respect to 18 U.S.C. § 1591, the alleged absence of the use of force, fraud, or coercion is of no moment. The statute does not require the use of force, fraud, and coercion against minors. Because of their age, a degree of coercion is presumed. In your materials, you note that the statute requires that the minors must be "caused" to engage in a commercial sex act, further arguing that the word "cause" suggests that a certain amount of undue influence was used. We reject that interpretation, as it would read back into the offense an element—coercion—that Congress has expressly excluded. We have successfully prosecuted defendants for the commercial sexual exploitation of minors, even when the minors testified that not only did they voluntarily engage in the commercial sex acts, it was their idea to do so. As such, Mr. Acosta could properly decide to pursue charges under Section 1591 even if there is no evidence of coercion.

More broadly, a defendant's criminal liability does not hinge on his victim identifying as having suffered at his hands. Therefore, a prosecution could proceed, should Mr. Acosta decide to do so, even though some of the young women allegedly have said that they do not view themselves as victims.

*Witness credibility.* As all prosecutors know, there are no perfect witnesses. Particularly in cases involving exploited children, as one member of your defense team, Ms. Thacker, surely knows from her work at CEOS, it is not uncommon for victim-witnesses to give conflicting statements. The prosecutors are in the best position to assess the witness's credibility. Often, the prosecutor may decide that the best approach is to present the witness, let defense counsel explore the credibility problems on cross-examination, and let the jury resolve the issue. Mr. Acosta would be within his authority to select that approach, especially when here there are multiple, mutually-corroborating witnesses.

*Contradictions and omissions in the search warrant application.* We have carefully reviewed the factual issues you raise concerning the search warrant application. For a search warrant to be suppressed, however, the factual errors must be material, and the officers must not have proceeded in good faith. Despite the numerous factual errors you describe, the U.S. Attorney's Office could still plausibly argue that the mistakes—whether inadvertent or intentional—were not material to the determination that probable cause existed for a search, and that the search was in good faith in any event. As such, Mr. Acosta could properly elect to defend the search warrant in court rather than forego prosecution.

*Petite Policy*: After reviewing the petite policy and consulting with the Office of Enforcement Operations ("OEO"), we conclude that the petite policy does not prohibit federal prosecution in this case. According to the U.S. Attorney's Manual, the petite policy "applies whenever there has been a prior state or federal prosecution resulting in an acquittal, a conviction, including one resulting from a plea agreement, or a dismissal or other termination of

3

the case on the merits after jeopardy has attached." USAM 9-2.031(C). Our understanding is that the state case is still pending. As such, the procedural posture of the state case does not implicate the petite policy.

We recognize that the petite policy could be triggered if the state case concluded after a federal indictment was issued but prior to the commencement of any federal trial. *Id.* However, the policy "does not apply ... where the [state] prosecution involved only a minor part of the contemplated federal charges." USAM 9-2.031(B). Based on our understanding of the possible federal charges and existing state charges, we do not think the petite policy would be an issue should federal proceedings take place.

*Federalism and Prosecutorial Discretion.* All of the above issues essentially ask whether a federal prosecution *can* proceed. We understand, however, that you also ask whether a federal prosecution *should* proceed, even in the event that all of the elements of a federal offense could be proven. On this issue, you raised two arguments: that the conduct at issue here is traditionally a state concern because the activity is entirely local, and that the typical prosecution under federal child exploitation statutes have different facts than the ones implicated here. You have essentially asked us to look into whether a prosecution would so violate federal prosecutorial policy that a United States Attorney's Office should not pursue a prosecution. We do not think that is the case here for the following reasons.

Simply, the commercial sexual exploitation of children is a federal concern, even when the conduct is local, and regardless of whether the defendant provided the child (the "pimp") or paid for the child (the "john"). In your materials, you refer to a letter sent by the Department of Justice to Congress in which the Department expresses concern over the expansion of federal laws to reach almost all instances of prostitution. In that portion of the letter, the Department was expressly referring to a proposed federal law that reach adult prostitution where no force, fraud, or coercion was used. Indeed, the point being made in that letter is that the Department's efforts are properly focused on the commercial sexual exploitation of children and the exploitation of adults through the use of force, fraud, or coercion. As such, there is no inconsistency between the position taken in that letter and the federal prosecution of wholly local instances of the commercial sexual exploitation of children.

If Congress wanted to limit the reach of federal statutes only to those who profit from the commercial sexual exploitation of children, or only to those who actually traffic children across state lines, it could have done so. It did not. Finally, that a prosecution of Mr. Epstein might not look precisely like the cases that came before it is not dispositive. We can say with confidence that this case is consistent in principle with other federal prosecutions nationwide. As such, Mr. Acosta can soundly exercise his authority to decide to pursue a prosecution even though it might involve a novel application of a federal statute.

*Conclusion.* After carefully considering all the factual and legal issues raised, as well as the arguments concerning the general propriety of a federal case against Mr. Epstein on these

4

facts, we conclude that federal prosecution in this case would not be improper or inappropriate. While you raise many compelling arguments, we do not see anything that says to us categorically that a federal case should not be brought. Mr. Acosta would not be abusing his prosecutorial discretion should he authorize federal prosecution of Mr. Epstein.

Sincerely yours,

Andrew G. Oosterbaan
Chief

cc: AAG Alice S. Fisher
DAAG Sigal P. Mandelker
U.S. Attorney R. Alexander Acosta

5