GOVERNMENT

EXHIBIT

U

Page 1

```
 1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA
 2

 3    JANE DOE,                )    Case No.
                               )    08-80736-CIV-MARRA
 4            Petitioner,      )
                               )
 5        -v-                  )
                               )
 6    UNITED STATES OF AMERICA,)
                               )
 7            Respondent.      )    West Palm Beach, Florida
                               )    August 14, 2008
 8    _____)

 9

10                       TRANSCRIPT OF HEARING

11             BEFORE THE HONORABLE KENNETH A. MARRA

12                        U.S. DISTRICT JUDGE

13

14    Appearances:

15    FOR THE PETITIONER          Bradley J. Edwards, ESQ., and
                                  Paul G. Cassell, ESQ.
16

17    FOR THE RESPONDENT          Dexter Lee, AUSA, and
                                  Ann Marie C. Villafana, AUSA
18

19    Reporter                    Stephen W. Franklin, RMR, CRR, CPE
      (561)514-3768               Official Court Reporter
20                                701 Clematis Street, Suite 417
                                  West Palm Beach, Florida  33401
21

22

23

24

25
```

Page 2

```
 1          (Call to the order of the Court.)

 2              THE COURT:  Good afternoon.

 3              VOICES:  Good afternoon, Your Honor.

 4              THE COURT:  All right.  This is the case of In Re:

 5  Jane Does 1 and 2, case number 08-80736-CIV-MARRA.

 6              May I have counsel state appearances, please, and

 7  if you can please try and speak up so we can hear you.

 8              MR. EDWARDS:  Okay.  Brad Edwards, on behalf of

 9  Jane Doe 1 and 2.

10              MR. CASSELL:  Paul Cassell, along with Mr. Edwards.

11              THE COURT:  Good afternoon.

12              MR. LEE:  Good afternoon, Your Honor.  For the

13  United States Government, Dexter Lee, Assistant U.S.

14  Attorney, and Marie Villafana.

15              THE COURT:  All right.  Good afternoon.

16              Mr. -- everyone, we're having trouble hearing you,

17  so if you can try and speak up, and also if you could

18  identify yourself before you begin speaking so the reporter

19  can accurately indicate on the record who is speaking.  I

20  appreciate that.

21              I scheduled this for a status conference in order

22  to determine whether I'm going to need additional -- as far

23  as the parties were concerned, whether either of the parties

24  thought that I needed additional information in order to

25  proceed with the pending motion by the Plaintiffs or whether
```

1   we have a complete record based upon what's already been

2   submitted, and I wasn't quite sure where we were on that

3   since we last met.

4           So if I can hear from Mr. Edwards or Mr. Cassell

5   first what the Plaintiffs' position as far as where we stand

6   on the record in terms of whether I need additional facts,

7   evidence, or there's going to be a stipulation submitted to

8   me upon which I can rely.

9           MR. EDWARDS:  Sure.

10          Your Honor, this is Brad Edwards.

11          I believe that you do have a sufficient record, in

12   that I don't think that -- I think that we're in agreement

13   that additional evidence does not need to be taken in the

14   case for Your Honor to make a ruling.  We have actually met

15   with the U.S. Attorney, and we've had meaningful discussions

16   in an attempt to resolve our issues.  I think the only issue,

17   we can probably agree to this right now, is that the victims

18   are unable at this point in time to go any further with

19   requesting a remedy from the Court without the full and

20   complete plea agreement being produced to us from the U.S.

21   Government, and the U.S. Government's hands are tied in that

22   there's a confidentiality agreement within that plea

23   agreement that prohibits them from turning that over.

24          So at this point in time, we would be asking Your

25   Honor to enter an order compelling them to turn over that

Page 4

1   agreement, and at that point in time I think we can meet

2   again and probably resolve our disputes amongst ourselves.

3           THE COURT:  All right.  So do I understand that

4   you're modifying your claim for relief at this point and only

5   seeking me to compel the Government to produce the plea

6   agreement, or are you -- or is this a -- a preliminary step,

7   after which you're then going to evaluate whether you want me

8   to do something further?

9           MR. EDWARDS:  I think it's the latter, Your Honor.

10  It is, and it will likely always be, our position that the

11  victims' rights are violated.  However, because of the legal

12  consequences of invalidating the current agreement, it is

13  likely not in my clients' best interest to ask for the relief

14  that we initially asked for.

15          So in order to effectively evaluate the situation

16  and ask for the appropriate relief, we would just be asking

17  Your Honor at this point in time to allow us to see the full

18  entire plea agreement that is purportedly drafted to protect

19  my victims.  That only seems fair to know, you know, what the

20  plea agreement says, especially in light of the fact that

21  Mr. Epstein knows what the plea agreement says.

22          THE COURT:  All right.  And then if I grant that

23  relief, you will evaluate the agreement and then decide

24  whether to either dismiss your case or go forward and ask for

25  some additional relief?

1          MR. EDWARDS:  That's correct, Your Honor.

2          THE COURT:  Is it your plan or is there any kind

3    of -- been any kind of discussion between you and the

4    Government as to what you -- if I grant the relief of

5    requiring the Government to at least present you with the

6    agreement and let you view it, has there been any discussion

7    about you keeping it confidential and not letting it go any

8    further than your clients and using it for your

9    decision-making purposes, or do you wish to have it released

10   to you, and you would be able to use it however you wished?

11         MR. EDWARDS:  Well, Your Honor, we would prefer

12   that it be produced to us and not have to keep it

13   confidential.  I think that that creates an undue hardship on

14   us.  However, if it was Your Honor's order that we do

15   maintain some confidentiality of the agreement, we would

16   certainly abide by it.

17         The reason we want it is not so that it's

18   disseminated everywhere; however, there is a public interest

19   in viewing what happens in the court process, and this is

20   just part of it.  There's no reason that it should be sealed

21   or kept confidential.  Seems to be an overwhelming reason

22   to -- to make it public.  However, that's not our intention.

23   Our intention is just to view it, represent my clients and

24   then evaluate it and ask the Court for the appropriate relief

25   after we've seen it.

1          THE COURT:  All right.  And, again, although I hear

2    you saying you think that it shouldn't be kept confidential

3    because there's some public interest in it, but if you had it

4    to use for whatever, to represent your client either in

5    advising your clients whether to go forward with this case or

6    not, or I guess to use it in connection with any other

7    litigation that you might want to initiate on behalf of your

8    clients where that agreement might have some relevance,

9    what's the interest in using -- having the ability to

10   disclose it beyond those purposes?

11          MR. EDWARDS:  Well, certainly if -- if the

12   agreement was designed to protect these victims in a criminal

13   as well as a civil context, and we are going to be filing

14   civil cases against Mr. Epstein, and this agreement,

15   undoubtedly it will play a big role in the amount of

16   protection the victims have been allotted, as well as the

17   course of action in the civil cases.  It seems inevitable

18   that it's going to become, you know, more public at that

19   point in time, and I think that's in the very near future.

20          At this point in time, it's not intention to make

21   it public, but I think that inevitably happens as soon as

22   civil litigation begins, and this is at the heart of it,

23   so . . .

24          THE COURT:  Well, civil litigation has already

25   begun, hasn't it?

Page 7

1               MR. EDWARDS:  Right.

2               THE COURT:  Okay.  All right.

3               MR. EDWARDS:  At least for some other parties, with

4      other attorneys and other things, so . . .

5               THE COURT:  Well, you filed a case yesterday,

6      didn't you?

7               MR. EDWARDS:  We filed one of them.  It is not on

8      behalf of one of the Jane Does that I'm representing in this

9      action.

10              THE COURT:  Okay.  All right.

11              MR. EDWARDS:  Just so that we're clear.

12              THE COURT:  I haven't seen the name, so I didn't

13     know who it was on behalf of.

14              All right.  Let me hear from Mr. Lee or

15     Ms. Villafana.

16              I understand that you're under a confidentiality

17     agreement, and I understand that you feel restricted in what

18     you can unilaterally do, but I've already entered some

19     rulings in this case that have made portions of that

20     agreement public.  Is there any reason to keep the rest of

21     the agreement confidential, other than you're obligated by

22     the agreement and don't want to be in a position where you've

23     unilaterally violated it absent a court order?

24              MR. LEE:  Yes, Your Honor.  This is Dexter Lee.

25     Good afternoon.

Page 8

1          Your Honor, we do feel bound by the confidentiality

2   provision such that we could not voluntarily disclose this

3   non-prosecution agreement without court order compelling us

4   to do so.

5          The provision in the non-prosecution agreement

6   required us to notify Mr. Epstein and his attorneys of any

7   attempts to have this document disclosed in a public forum,

8   and we have done so.  They have expressed their desire that

9   if this document is to be disclosed to the Petitioners in

10  this case, that it be done pursuant to a protective order

11  which would preclude the victims from disseminating it

12  publicly.

13         We believe that is appropriate in this action.  It

14  would allow them access to the document, which they claim

15  they have a need to have, and that's fine.  They can review

16  it and determine where they wish to go.  We believe there's

17  no public interest in having this disseminated.

18         Now, should there be subsequent litigation between

19  Mr. Edwards' clients and Mr. Epstein, and the subject matter

20  of this agreement should arise, then Mr. Epstein and

21  Mr. Edwards will be in a position to litigate that in

22  whatever forum it is, rather than having that issue disposed

23  of where they're not present to voice their objections.

24         So we would ask the Court to, if it compels us to

25  disclose it, to do so under a protective order which would

1    provide for no public dissemination.

2              THE COURT:  All right.

3              MS. VILLAFANA:  Your Honor this is Marie Villafana.

4              Just to add onto what Mr. Lee was saying, one of

5    our concerns is that there are names of individuals in the

6    order who are not currently --

7              THE COURT:  Ms. Villafana, I'm having trouble

8    hearing you.  I apologize.

9              MS. VILLAFANA:  I'm sorry.

10             Your Honor, one of our concerns is that the

11   agreement contains names of individuals who are not

12   currently -- haven't pled guilty or haven't -- do not have

13   certain obligations.  And I think that there may be a Rule

14   6(e) issue if the agreement is made public or available to

15   the press, et cetera.

16             THE COURT:  Okay.  So, I'm sorry, you say there are

17   names of other individuals that do what?

18             MS. VILLAFANA:  They were other individuals who are

19   the subject of these -- who are the subject of the

20   Government's investigation but who are not necessarily known

21   to the public in the sense that Mr. Epstein entered the

22   guilty plea and the public is aware of that, but they may not

23   know about these other individuals who haven't been indicted,

24   and therefore I think they have a bit of a privacy interest

25   here.

1            THE COURT:  Okay.  But they're not parties to the

2    agreement.

3            MS. VILLAFANA:  No.

4            THE COURT:  Okay.  Other than the fact that the

5    Government bound itself in the agreement not to disclose it,

6    and you require a court order to have it disclosed, what

7    would be the public interest, or what would be the

8    justification for denying disclosure of the agreement at

9    least to purported victims of Mr. Epstein's conduct?  Why

10   shouldn't the victims who the Government, as I understand it,

11   provided notice of their rights under the Act that they had

12   the status of victims, why shouldn't they have the

13   opportunity to see that agreement?

14           MS. VILLAFANA:  Your Honor, I guess I will respond.

15           I was prepared to -- I need to highlight an issue

16   for the Court.  I was prepared to argue today that we had

17   provided the victims with the portion of the agreement that

18   is relevant to them.

19           Last night and this morning, in conversations with

20   Mr. Epstein's attorneys, they have said for the first time

21   that they do not believe that one portion of the agreement is

22   binding, and that is the portion that has been disclosed to

23   the victims.  So I can no longer say that they have the

24   portion that is relevant to them.

25           THE COURT:  I'm sorry, I didn't quite follow that,

1   Ms. Villafana.

2           You've had discussions with Mr. Epstein's counsel

3   as to what?

4           MS. VILLAFANA:  Your Honor, in preparation for

5   today's hearing, I was -- I had been working to confirm with

6   Mr. Epstein's attorney that the agreement that I have

7   described in my declaration is the one that they are

8   performing under.  Last night and this morning for the first

9   time, I was told that they believe that a portion of the

10  agreement that is described in my declaration and that was

11  disclosed to the victims does not bind them.  So as of this

12  point, the victims have not received at least what

13  Mr. Epstein claims is the portion relevant to them.

14          THE COURT:  Okay.  Your understanding is that

15  Mr. Epstein's taking the position that the portions of the

16  agreement that have already been disclosed are not -- is not

17  binding on Mr. Epstein?

18          MS. VILLAFANA:  Yes.

19          MR. LEE:  Your Honor, this is Dexter Lee.  If I

20  may?

21          The agreement initially negotiated was executed in

22  September of 2007.  That's part one, I will call it.

23          In October, there was an addendum to the executed

24  agreement which occurred the month before.  There was some

25  more discussions, and there was a letter that was submitted

Page 12

1    to Mr. Epstein's attorneys by the United States Attorney in

2    December.  That's part three, I will call it.

3          There is now a dispute between the Government and

4    Mr. Epstein's attorneys about whether certain portions after

5    the original agreement are effective and binding.  I just

6    need to make the Court aware of that and also Mr. Edwards and

7    Judge Cassell.

8          MR. EDWARDS:  This is the first time --

9          This is Brad Edwards speaking.

10         This is the first time we're hearing any of this.

11   This is obviously even further evidence that the victims were

12   unaware of the plea agreement that was being worked out.

13         But, nonetheless, I don't think that it changes our

14   position, in that we believe we're entitled to not only the

15   plea agreement, but all of the addenda that have been

16   attached to that plea agreement and have become part of that

17   plea agreement, just so that what we're asking for is clear.

18         MR. LEE:  Your Honor, this is Dexter Lee.

19         We are prepared to give all three hopefully, in our

20   view, pursuant to a protective order preventing public

21   disclosure, but we just want the Court and the Petitioners'

22   counsel to know that there is a dispute ongoing right now

23   about which portions are effective and which are not.  And we

24   can discuss that with them at the conclusion of the hearing.

25         THE COURT:  All right.  But again, as far as my

Page 13

1    earlier question, even though there's a dispute now

2    apparently between Mr. Epstein and the Government as to what

3    portions of the agreement are or are not binding, does the

4    Government have any reason why the victims should not have

5    the benefit of seeing these -- the agreement, whether, you

6    know, it's going to be held binding down the road or not,

7    other than you agreed in a confidentiality order not to

8    disclose it?  But beyond that, is there any justification

9    that the Government can provide to me as to why the victims,

10   people who have been identified by the Government as victims

11   of Mr. Epstein, should not have the benefit of seeing this

12   plea agreement, or non-prosecution agreement, whatever you

13   want to term it?

14          MR. LEE:  Your Honor, this is Dexter Lee.  When you

15   refer to victims, do you mean victims beyond the three that

16   are parties to the instant litigation?

17          THE COURT:  I mean -- yes, I'm talking about anyone

18   who the Government may have disclosed as a -- as a -- or sent

19   notice to based upon your understanding of who might have

20   been a potential or an alleged victim of Mr. Epstein's

21   conduct, whether they're part of this lawsuit or not.

22          MR. LEE:  Well, if the Court is asking whether we

23   could expand the protective order such that it would permit

24   disclosure to those other victims identified that have

25   received notification already, I believe that would be

Page 14

1   appropriate.

2          THE COURT:  Okay.  But I guess my real question is

3   do you have any reason that you could advance why they should

4   not get it?

5          Let's just limit ourselves to the victims who are

6   the Jane Does in this case before we go beyond that.  Is

7   there any reason that the Government can advance why the two

8   Jane Does 1 and 2 in this case should not have the

9   opportunity to view the plea agreement, or the deferral

10  agreement or the addenda to it?  Can anyone justify not

11  letting them see it?

12         MR. LEE:  Your Honor, this is Dexter Lee.

13         No, we cannot.

14         THE COURT:  Okay.  All right.  Now, Mr. Edwards.

15         MR. EDWARDS:  Yes.

16         THE COURT:  Is there any reason why I shouldn't,

17  assuming I'm going to allow or require the Government to

18  produce the agreement and the addenda to your clients in this

19  case -- and we'll talk about other victims in a minute -- is

20  there any reason why, at least initially, it shouldn't be

21  subject to a protective order so that in the case, for

22  example, that you filed yesterday on behalf of an alleged

23  victim under a Jane Doe, where you specifically reference

24  this agreement in your -- in one the counts, that it

25  shouldn't remain subject to a protective order at least until

1    Mr. Epstein has the opportunity to litigate whether or not it

2    should be disclosed beyond -- beyond your clients or other

3    victims?

4            MR. EDWARDS:  At this point, Your Honor, I think

5    that that would probably be fair.

6            My only real concern is that if there's an order

7    out there where anybody can access on PACER and it says,

8    "okay, at this point I'm ordering the Government to disclose

9    this plea agreement," I just want to make sure if anybody

10   else feels entitled to that agreement, whether it's other

11   victims, or counsel, or what have you, that they be required

12   to request it from the Government or these attorneys rather

13   than try to subpoena or request it from my office, knowing

14   that I have access to this confidential agreement.

15           Other than that, no, I don't have any other reasons

16   why that's not a reasonable order.

17           THE COURT:  All right.  And let's assume I think it

18   should be available to any person that the Government has

19   identified as an alleged victim of Mr. Epstein's conduct, and

20   they've sent notice of their rights under the statute as a

21   victim to this -- these individuals, and I permit disclose to

22   your clients, or anyone else who fits into the category of

23   victim as described by the Government, and require -- you

24   know, again, impose a protective order that it shouldn't go

25   to anyone beyond that until such time as, in a pending

Page 16

1    lawsuit, I conclude that the protective order should be

2    lifted after Mr. Epstein has an opportunity to be heard on

3    that issue, is there anything else that you would need at

4    this point?

5              MR. EDWARDS:  No, Your Honor.

6              This is Brad Edwards.

7              At this point in time that's all we're requesting.

8              THE COURT:  And Mr. Lee or Ms. Villafana, if I

9    conclude that anyone that you've identified as a victim and

10   notified as a victim of their rights with respect to the

11   investigation of Mr. Epstein is entitled to view the

12   agreements, subject to a protective order until such other

13   time that I say it should be released beyond that, do you --

14   is there any reason why I shouldn't make it available to all

15   of the people who have been identified by you as a victim?

16             MR. LEE:  This is Dexter Lee, Your Honor.

17             The answer is no, there's no problem, with the

18   exception of the grand jury issue that my colleague,

19   Ms. Villafana, mentioned earlier.  I may have to defer to her

20   right now on that issue to see if that would preclude what

21   the Court is asking.

22             THE COURT:  All right.  Hold on one second.

23        (Brief pause in proceedings.)

24             THE COURT:  Mr. Edwards, is there any reason why

25   you would need to see the names of others that the Government

1    may have been investigating that might appear -- whose names

2    might appear in these agreements?  Is there any interest that

3    you would have in that or need to see that information?

4              MR. EDWARDS:  Well, the primary interest would be

5    that those are obviously important witnesses for any case

6    that my clients have against Mr. Epstein, witnesses that

7    Mr. Epstein is clearly aware of, since he has access to the

8    complete full agreement, and it seems inherently unfair that

9    he would have access to the names -- to a witness list that

10   my clients would not be privy to.

11             THE COURT:  Well, why wouldn't you be able to get

12   those through discovery in the civil litigation?

13             MR. EDWARDS:  And that may be an appropriate time

14   to get it.  But that would be my primary objection for not

15   getting the names of the victims, whether now or eventually.

16             THE COURT:  No, as I understand it, this is not the

17   names of other victims, this is the names of other

18   individuals that the Government may have been investigating

19   in connection with their investigation of Mr. Epstein, and

20   they're concerned about grand jury secrecy and information

21   that may have been brought before the grand jury that should

22   not be made public at this point, as I understood the

23   Government's position.

24             Is that correct, Ms. Villafana?

25             MS. VILLAFANA:  Yes, Your Honor.

Page 18

```
 1              MR. EDWARDS:  Well, Your Honor, as I understand

 2    this -- and correct me if I'm wrong, anybody -- this

 3    non-prosecution agreement provides for a dismissal or

 4    immunity for other individuals, and I think these are the

 5    individuals that we are talking about.  But all of that is

 6    inextricably intertwined within this agreement, and it is

 7    this agreement in its total form that is supposed to protect

 8    the victims.  I think that the victims have a right to know

 9    of these other individuals, who my clients were also familiar

10    with during the course of this conduct, and how it protects

11    them in this case.  And I don't see why they should, once

12    again, get an incomplete version of this.  Because these are

13    characters that are very intertwined with the -- the -- with

14    Mr. Epstein's conduct.  This is not completely and wholly

15    indifferent or irrelevant conduct for some other people.

16    This is all part of the same conduct, and I think that's

17    probably necessary for us to evaluate the effect of this

18    agreement and whether or not we're going to continue to

19    pursue this case.

20              THE COURT:  All right.  So you're assuming that the

21    agreement also provides that the Government will not

22    prosecute these other individuals?  That's what your

23    assumption is?

24              MR. EDWARDS:  Yes, Your Honor.

25              THE COURT:  Do you have any information to -- upon
```

Page 19

1    which you make that conclusion, or is that just an

2    assumption?

3            MR. EDWARDS:  That is all just, you know, the

4    discussions that we've had with various individuals, law

5    enforcement, clients, things like that.  And putting it

6    together, that's what we believe is a portion of this

7    agreement.  If I'm wrong about that, one of the U.S.

8    Attorneys on the phone can probably correct me.  But that's

9    my belief.

10           THE COURT:  All right.  Well, assume they're just

11   mentioned in the agreement in some way.  And I'm not sure how

12   or why they would be mentioned.  But assume they're mentioned

13   in the agreement, but there's no agreement by the Government

14   not to prosecute them.  Is there any reason for you to have

15   their names if it's other than for the purpose of finding out

16   the extent to which the Government has agreed not to

17   prosecute Mr. Epstein and other individuals?

18           MR. EDWARDS:  That's a tough question for me to

19   answer without knowing in what context those individuals are

20   listed.  However, I just renew my previous argument that I do

21   believe they're intertwined, and I think that, once again, if

22   we get a version of this plea agreement without the portions

23   that pertain to these other individuals, then we could

24   possibly be in the same position where we are not sure as to

25   the full extent of the protection allowed under this

Page 20

```
 1    agreement.  That would be -- without knowing how they're

 2    mentioned, I can't voice any other objection to not getting

 3    those portions but I could certainly foresee where, you know,

 4    we're not going to get out of it what we're asking.

 5         THE COURT:  All right.  Well, again, I didn't

 6    understand the Government to want to redact the entire

 7    provisions that relate to these individuals.  I understood

 8    that they just wanted to redact their names.

 9         Am I correct, Ms. Villafana?

10         MS. VILLAFANA:  Yes.

11         THE COURT:  Okay.  So if you were given the

12    agreement with these names redacted but you saw the context

13    in which they were listed, and then, after seeing the

14    agreement and the context in which their names were

15    mentioned, if it presented a problem to you that they were

16    being withheld, couldn't you then just, you know, file

17    another motion for disclosure of the names after you've had

18    an opportunity to, you know, evaluate whether or not there's

19    any real need for you to get these names?

20         MR. EDWARDS:  Okay.  We could do that at that time,

21    Your Honor.

22         THE COURT:  All right.  Anything else that anybody

23    wants to add to what -- our discussion?

24         MR. EDWARDS:  One more thing, Your Honor.  This is

25    Brad Edwards.
```

Page 21

1           Same topic.  My clients are currently in a position

2    where they may be speaking to local law enforcement regarding

3    certain issues pertaining to this case, and if we are unable

4    to have access to the other named people in this agreement,

5    it may put them at a disadvantage in terms of whether or not

6    it would be in their benefit to speak with other law

7    enforcement about this case.  I mean, certainly if there's

8    individuals who have been given immunity in this agreement,

9    then it would only be to the disadvantage of my clients to

10   continue to try to pursue criminal charges.

11           So in that regard, that would be my only objection

12   to not having the names of these other individuals.

13           THE COURT:  All right.  Well, again, you're

14   assuming that there's some kind of immunity or deferral of

15   prosecution --

16           MR. EDWARDS:  That's correct.

17           THE COURT:  -- given to people other than

18   Mr. Epstein, correct?

19           MR. EDWARDS:  That's correct.

20           THE COURT:  Okay.  And that's something that would

21   be clear once you got the agreement and you read it, and if

22   the names were -- you know, if that was apparent in the

23   agreement, then you could come back and ask me to require the

24   disclosure of the names.

25           MR. EDWARDS:  Okay.  That sounds fair.

Page 22

```
 1                  THE COURT:  All right.  Mr. Lee or Ms. Villafana,

 2    did you have anything else you wanted to add?

 3                  MS. VILLAFANA:  Well, Your Honor, I guess I will

 4    just tell the Court this.  It does indeed contain language

 5    related to that issue.  So I don't know if you want to make

 6    Mr. Edwards jump through that hurdle or if you want to make

 7    that decision now.

 8                  THE COURT:  All right.  So you're telling me that

 9    there is some language in the agreements that does obligate

10    the Government to not prosecute individuals other than

11    Mr. Epstein?

12                  MS. VILLAFANA:  Correct.

13                  THE COURT:  All right.  So if that's true, why

14    should the victims not know who those people are?

15                  MS. VILLAFANA:  Your Honor, I guess my concern

16    really relates to disclosure.  And if your protective

17    order -- or I don't know if you need a written protective

18    order or an ore tenus order, limit Mr. Edwards to disclosing

19    it only to his clients and to his co-counsel, then I don't

20    think that we would have a basis to object.

21                  THE COURT:  Again, with the right for them to come

22    back and ask for the ability to disclose it beyond that

23    limited group at a later time after Mr. Epstein has an

24    opportunity to be heard?

25                  MS. VILLAFANA:  Right.
```

```
 1              THE COURT:  Again, Mr. Edwards, do you have any
 2    problem with that procedure, you know, you're permitted to
 3    disclose -- the names of these individuals who are also
 4    getting the benefit of a non-prosecution agreement would be
 5    disclosed to you under the terms of the protective order
 6    without prejudice to you being able to, in any litigation
 7    that ensues, seeking to disclose it beyond the limited group?
 8              MR. EDWARDS:  No, Your Honor, that's fine.
 9              THE COURT:  All right.  Well, then I'm going to
10    order the Government to produce the agreement and any addenda
11    to Mr. Epstein -- Mr. Edwards in this case, and it would be
12    available also to any other individuals who have been
13    identified by the United States as victims in connection with
14    the investigation of Mr. Epstein, subject to a protective
15    order.  Which, I'm going to ask the parties to try and work
16    on the language of a protective order to submit to me that
17    would prohibit disclosure to anyone other than Mr. -- to the
18    victim, or victims' counsel, without prejudice to the victims
19    seeking the ability to disclose it beyond that limited group
20    after Mr. Epstein has an opportunity to be heard on further
21    disclosure.
22              MR. EDWARDS:  Okay.  Thank you, Your Honor.
23              MR. LEE:  This is Dexter Lee.
24              Very well, Your Honor.  We appreciate your time.
25              THE COURT:  All right.  So is there any questions
```

Page 24

1    about it?  Is there anything unclear about what I'm ordering?

2           And I'm also -- okay.  And the names of the --

3    there will be no redaction in the agreements, but any victim

4    has to -- who gets notice of this has to agree to be bound by

5    the protective order until further order of the Court.

6           MS. VILLAFANA:  Your Honor, this is Marie

7    Villafana.

8           Just to be clear, we are not under an obligation to

9    advise the victims of this, but if the victim asks for a copy

10   of the document, this is the procedure that we'll follow?

11          THE COURT:  Well, I'm not going to tell you whether

12   you have any obligation under the Act to disclose this or

13   not.  I don't want to get into that.  I don't know that you

14   do, but I don't want to say that you don't.  So if you have

15   an independent obligation to disclose this to victims under

16   the Act, then -- then I'm not telling you not to do it.

17          MS. VILLAFANA:  Okay.  But your order isn't

18   ordering us to do it.  We will have to make our evaluation.

19          THE COURT:  I'm only ordering it to be available to

20   victims, and the -- and then you have to decide whether

21   you're obligated under the Act to disclose it to anyone else

22   who falls into that category.

23          MS. VILLAFANA:  Okay.  Thank you, Your Honor.

24          THE COURT:  All right.  Thank you.

25          VOICES:  Thank you, Your Honor.

Page 25

1          THE COURT:  Have a good day.

2       (Proceedings concluded.)

3                    * * * * *

4                  CERTIFICATE

5       I, Stephen W. Franklin, Registered Merit Reporter, and

6    Certified Realtime Reporter, certify that the foregoing is a

7    correct transcript from the record of proceedings in the

8    above-entitled matter.

9       Dated this 20th day of AUGUST, 2008.

10

11    _____

      Stephen W. Franklin, RMR, CRR
12

13

14

15

16

17

18

19

20

21

22

23

24

25

| A |
| --- |

**abide (1)** 5:16
**ability (3)** 6:9 22:22 23:19
**able (3)** 5:10 17:11 23:6
**above-entitled (1)** 25:8
**absent (1)** 7:23
**access (6)** 8:14 15:7,14 17:7,9 21:4
**accurately (1)** 21:9
**Act (4)** 10:11 24:12,16,21
**action (3)** 6:17 7:9 8:13
**add (3)** 9:4 20:23 22:2
**addenda (4)** 12:15 14:10,18 23:10
**addendum (1)** 11:23
**additional (5)** 2:22,24 3:6,13 4:25
**advance (2)** 14:3,7
**advise (1)** 24:9
**advising (1)** 6:5
**afternoon (6)** 2:2,3,11,12,15 7:25
**agree (2)** 3:17 24:4
**agreed (2)** 13:7 19:16
**agreement (72)** 3:12,20,22,23 4:1,6,12,18,20,21
   4:23 5:6,15 6:12,14 7:17,20,21,22 8:3,5,20
   9:11,14 10:2,5,8,13,17,21 11:6,10,16,21,24
   12:5,12,15,16,17 13:3,5,12,12 14:9,10,18,24
   15:10,12,14 17:8 18:3,6,7,18,21 19:7,11,13,13
   19:22 20:1,12,14 21:4,8,21,23 23:4,10
**agreements (4)** 16:12 17:2 22:9 24:3
**alleged (3)** 13:20 14:22 15:19
**allotted (1)** 6:16
**allow (3)** 4:17 8:14 14:17
**allowed (1)** 19:25
**AMERICA (1)** 1:6
**amount (1)** 6:15
**Ann (1)** 1:17
**answer (2)** 16:17 19:19
**anybody (4)** 15:7,9 18:2 20:22
**apologize (1)** 4:9
**apparent (1)** 21:22
**apparently (1)** 13:2
**appear (2)** 17:1,2
**appearances (2)** 1:14 2:6
**appreciate (2)** 2:20 23:24
**appropriate (5)** 4:16 5:24 8:13 14:1 17:13
**argue (1)** 10:16
**argument (1)** 19:20
**asked (1)** 4:14
**asking (6)** 3:24 4:16 12:17 13:22 16:21 20:4
**asks (1)** 24:9
**Assistant (1)** 2:13
**assume (3)** 15:17 19:10,12
**assuming (3)** 14:17 18:20 21:14
**assumption (2)** 18:23 19:2
**attached (1)** 12:16
**attempt (1)** 3:16
**attempts (1)** 8:7
**attorney (4)** 2:14 3:15 11:6 12:1
**attorneys (7)** 7:4 8:6 10:20 12:1,4 15:12 19:8
**August (2)** 1:17 25:9
**AUSA (2)** 1:17,17
**available (5)** 9:14 15:18 16:14 23:12 24:19
**aware (3)** 9:22 12:6 17:7

| B |
| --- |

**back (2)** 21:23 22:22
**based (2)** 3:1 13:19
**basis (1)** 22:20
**Beach (2)** 1:7,20
**begins (1)** 6:22
**begins (1)** 6:25
**behalf (5)** 2:8 6:7 7:8,13 14:22
**belief (1)** 19:9
**believe (9)** 3:11 8:13,16 10:21 11:9 12:14 13:25
   19:6,21
**benefit (4)** 13:5,11 21:6 23:4
**best (1)** 4:13
**beyond (11)** 6:10 13:8,15 14:6 15:2,2,25 16:13
   22:3 23:7,19
**big (1)** 6:15
**bind (1)** 11:11
**binding (5)** 10:22 11:17 12:5 13:3,6
**bit (1)** 9:24
**bound (3)** 8:1 10:5 24:4
**Brad (5)** 2:8 3:10 12:9 16:6 20:25
**Bradley (1)** 1:15
**Brief (1)** 16:23
**brought (1)** 17:21

| C |
| --- |

**C (1)** 1:17
**call (3)** 2:1 11:22 12:2
**case (19)** 1:3 2:4,5 3:14 4:24 6:7 5,19 8:10 14:6
   14:8,19,21 17:5 18:11,19 21:3,7 23:11
**cases (2)** 6:14,17
**Cassell (5)** 1:15 2:10,10 3:4 12:7
**category (2)** 15:22 24:22
**certain (3)** 9:13 12:4 21:3
**certainly (5)** 5:16 6:11 20:3 21:7

| CERTIFICATE (1) 25:4 |
| --- |

**Certified (1)** 25:6
**certify (1)** 25:6
**cetera (1)** 9:15
**changes (1)** 12:13
**characters (1)** 18:13
**claim (2)** 21:10
**civil (6)** 6:13,14,17,22,24 17:12
**claim (2)** 4:4 8:14
**claims (1)** 11:13
**clear (4)** 7:11 12:17 21:21 24:8
**clearly (1)** 17:7
**Clematis (1)** 1:20
**client (1)** 6:4
**clients (16)** 4:13 5:8,23 6:5,8 8:19 14:18 15:2,22
   17:6,10 18:9 19:5 21:1,9 22:19
**colleague (1)** 16:18
**come (2)** 21:23 22:21
**compel (1)** 4:5
**compelling (2)** 3:25 8:3
**compels (1)** 8:24
**complete (3)** 3:1,20 17:8
**completely (1)** 21:14
**concern (2)** 15:6 22:15
**concerned (2)** 2:23 17:20
**concerns (2)** 9:5,10
**conclude (2)** 16:1,9
**concluded (1)** 25:2
**conclusion (2)** 12:24 19:1
**conduct (7)** 10:9 13:21 15:19 18:10,14,15,16
**conference (1)** 2:21
**confidential (6)** 5:7,13,21 6:2 7:21 15:14
**confidentiality (5)** 3:22 5:15 7:16 8:1 13:7
**confirm (1)** 11:5
**connection (3)** 6:6 17:19 23:13
**consequences (1)** 4:12
**contain (1)** 22:4
**contains (1)** 9:11
**context (4)** 6:13 19:19 20:12,14
**continue (2)** 18:18 21:10
**conversations (1)** 10:19
**copy (1)** 24:9
**correct (10)** 5:17 7:24 18:2 19:8 20:9 21:16,18,19
   22:12 25:7
**counsel (5)** 2:6 11:2 12:22 15:11 23:18
**counts (1)** 14:24
**course (2)** 6:17 18:10
**court (60)** 1:1,19 2:1,2,4,11,15 3:19 4:3,22 5:2,19
   5:24 6:1,24 7:2,5,10,12,23 8:3,24 9:2,7,16 10:1
   10:4,6,16,25 11:14 12:6,21,25 13:17,22 14:2
   14:14,16 15:17 16:8,21,22,24 17:11,16 18:20
   18:25 19:10 20:5,11,22 21:13,17,20 22:1,4,8
   22:13,21 23:1,9,25 24:5,11,19,24 25:1
**co-counsel (1)** 22:19
**CPE (1)** 1:19
**creates (1)** 5:13
**criminal (2)** 6:12 21:10
**CRR (2)** 1:19 25:11
**current (1)** 4:12
**currently (3)** 9:6,12 21:1

| D |
| --- |

**Dated (1)** 25:9
**day (2)** 25:1,9
**December (1)** 12:2
**decide (2)** 4:23 24:20
**decision (1)** 22:7
**decision-making (1)** 5:9
**declaration (2)** 11:7,10
**defer (1)** 16:19
**deferral (2)** 14:9 21:14
**denying (1)** 10:8
**described (3)** 11:7,10 15:23
**designed (1)** 6:12
**desire (1)** 8:8
**determine (2)** 2:22 8:16
**Dexter (9)** 7:12 2:13 7:24 11:19 12:18 13:14 14:12
   16:16 23:23
**disclose (14)** 6:10 8:2,25 10:5 13:8 15:8,21 22:22
   23:3,7,19 24:12,15,21
**disclosed (9)** 8:7,9 10:6,22 11:11,16 13:18 15:2
   23:5
**disclosing (1)** 21:8
**disclosure (8)** 10:8 12:21 13:24 20:17 21:24 22:16
   23:17,21
**discovery (1)** 17:12
**discuss (1)** 12:24
**discussion (3)** 5:3,6 20:23
**discussions (4)** 3:15 11:2,25 19:4
**dismiss (1)** 4:24
**display (1)** 18:3
**disposed (1)** 8:22
**dispute (3)** 12:3,22 13:1
**disputes (1)** 4:2
**disseminated (2)** 5:18 8:17
**disseminating (1)** 8:11
**dissemination (1)** 9:1

| DISTRICT (3) 1:1,1,12 |
| --- |

**document (6)** 8:7,9,14 24:10
**Doe (1)** 1:3 2:9 14:23
**drafted (1)** 4:18

| E |
| --- |

**earlier (2)** 13:1 16:19
**Edwards (44)** 1:15 2:8,8,10 3:4,9,10 4:9 5:1,11
   16:5,6,34 17:4,13 18:1,24 19:3,18 20:20,24,25
   21:16,19,25 22:6,18 23:1,8,11,22
**effect (1)** 18:17
**effective (2)** 12:5,23
**effectively (1)** 4:15
**either (3)** 2:23 4:24 6:4
**enforcement (1)** 19:5 21:2,7
**ensues (1)** 23:7
**enter (1)** 3:25
**entered (2)** 7:18 9:21
**entire (2)** 4:18 20:6
**entitled (3)** 12:14 15:10 16:11
**Epstein (23)** 4:21 6:14 8:6,19,20 9:21 11:13,17
   13:2,11 15:1 16:2,11 17:6,7,19 19:17 21:18
   22:11,23 23:11,14,20
**Epstein's (10)** 10:9,20 11:2,6,15 12:1,4 13:20
   15:19 18:14
**especially (1)** 4:20
**ESQ (2)** 1:15,15
**et (1)** 9:15
**evaluate (6)** 4:7,15,23 5:24 18:17 20:18
**evaluation (1)** 24:18
**eventually (1)** 17:15
**evidence (3)** 3:7,13 12:11
**example (1)** 6:13
**exception (1)** 16:18
**executed (2)** 11:21,23
**expand (1)** 13:23
**expressed (1)** 8:8
**extent (2)** 19:16,25

| F |
| --- |

**fact (2)** 4:20 10:4
**facts (1)** 3:6
**fair (3)** 4:19 15:5 21:25
**falls (1)** 24:22
**familiar (1)** 18:9
**far (3)** 2:22 3:5 12:25
**feel (2)** 7:17 8:1
**feels (1)** 15:10
**file (1)** 20:16
**filed (3)** 7:5,7 14:22
**filing (1)** 6:13
**finding (1)** 19:15
**fine (2)** 8:15 23:8
**first (5)** 3:5 10:20 11:8 12:8,10
**fits (1)** 15:22
**Florida (3)** 11:1,7,20
**follow (2)** 10:25 24:10
**foregoing (1)** 25:6
**foresee (1)** 20:3
**form (1)** 18:7
**forum (2)** 8:7,22
**forward (2)** 4:24 6:5
**Franklin (3)** 1:19 25:5,11
**full (4)** 3:19 4:17 17:8 19:25
**further (6)** 3:8 4:8 12:11 23:20 24:5
**future (1)** 6:19

| G |
| --- |

**G (1)** 1:15
**getting (3)** 17:15 20:2 23:4
**give (1)** 12:19
**given (3)** 20:11 21:8,17
**go (7)** 3:18 4:24 5:7 6:5 8:16 14:6 15:24
**going (12)** 2:22 3:7 4:7 6:13,18 13:6 14:17 18:18
   20:4 23:9,15 24:11
**good (7)** 2:2,3,11,12,15 7:25 25:1
**Government (27)** 2:13 3:21 4:5 5:4,5 10:5,10 12:3
   13:2,4,9,10,18 14:7,17 18:8,12,23 21:8 23 16:25
   17:18 18:21 19:13,16 20:6 22:10 23:10
**Government's (3)** 3:21 9:20 17:23
**grand (3)** 9:18 17:20
**grant (2)** 4:22 5:4
**group (3)** 22:23 23:7,19
**guess (5)** 6:6 10:14 14:2 22:3,15
**guilty (2)** 9:12,22

| H |
| --- |

**hands (1)** 3:21
**happens (2)** 5:19 6:21
**hardship (1)** 5:13
**hear (4)** 2:7 3:4 6:1 7:14
**heard (3)** 16:2 22:24 23:20
**hearing (6)** 1:10 2:16 9:8 11:5 12:10,24
**heart (1)** 6:22
**held (1)** 13:6

| | | | | | | | | | | | | | |

**highlight (1)** 10:15
**Hold (1)** 16:22
**Honor (35)** 2:3,12 3:10,14,25 4:9,17 5:1,11 7:24
   8:1 9:3,10 10:14 11:4,19 12:18 13:14 14:12
   15:4 16:5,16 17:25 18:1,24 20:21,24 22:3,15
   23:8,22,24 24:6,23,25
**HONORABLE (1)** 1:11
**Honor's (1)** 5:14
**hopefully (1)** 12:19
**hurdle (1)** 22:6

| I |
| --- |

**identified (3)** 13:10,24 15:19 16:9,15 23:13
**identify (1)** 2:18
**immunity (3)** 18:4 21:8,14
**important (1)** 17:5
**impose (1)** 13:9
**incomplete (1)** 18:12
**independent (2)** 24:15
**indicate (1)** 2:19
**indicted (1)** 9:23
**indifferent (1)** 18:15
**individuals (21)** 9:5,11,17,18,23 15:21 17:18 18:4
   18:5,9,22 19:4,17,19,23 20:7 21:8,12 22:10
   23:3,12
**inevitable (1)** 6:17
**inevitably (1)** 6:21
**inextricably (1)** 18:6
**information (4)** 2:24 17:3,20 18:25
**inherently (1)** 17:8
**initially (3)** 4:14 11:21 14:20
**initiate (1)** 6:7
**instant (1)** 13:16
**intention (3)** 5:22,23 6:20
**interest (9)** 4:13 5:18 6:3,9 8:17 9:24 10:7 17:2,4
**intertwined (3)** 18:6,13 19:21
**invalidating (1)** 4:12
**investigating (1)** 17:1,18
**investigation (4)** 9:20 16:11 17:19 23:14
**irrelevant (1)** 18:15
**issue (8)** 3:16 8:22 9:14 10:15 16:3,18,20 22:5
**issues (2)** 3:16 21:3

| J |
| --- |

**J (1)** 1:15
**Jane (7)** 1:3 2:5,9 7:8 14:6,8,23
**Judge (2)** 1:12 12:7
**jump (1)** 22:6
**jury (3)** 16:18 17:20,21
**justification (2)** 10:8 13:8
**justify (1)** 14:10

| K |
| --- |

**keep (2)** 5:12 7:20
**keeping (1)** 5:9
**KENNETH (1)** 1:11
**kept (2)** 5:21 6:2
**kind (3)** 5:2,3 21:14
**know (19)** 4:19,19 6:18 7:13 9:23 12:22 13:6
   15:24 18:8 19:3 20:3,16,18 21:22 22:5,14,17
   23:2 24:13
**knowing (3)** 15:13 19:19 20:1
**known (1)** 9:20
**knows (1)** 4:21

| L |
| --- |

**language (3)** 22:4,9 23:16
**law (3)** 19:4 21:2,6
**lawsuit (2)** 13:1 16:1
**Lee (22)** 1:17 2:12,13 7:14,24,24 9:4 11:19,19
   12:18,18 13:14,14,22 14:12,12 16:8,16,16 22:1
   23:23,23
**legal (1)** 4:11
**letter (1)** 11:25
**letting (2)** 5:7 14:11
**let's (2)** 14:5 15:17
**lifted (1)** 16:2
**light (1)** 4:20
**limit (2)** 14:5 22:18
**limited (3)** 22:23 23:7,19
**list (1)** 17:9
**listed (2)** 19:20 20:13
**litigate (2)** 8:21 15:1
**litigation (7)** 6:7,22,24 8:18 13:16 17:12 23:6
**local (1)** 21:2
**longer (1)** 10:23

| M |
| --- |

**maintain (1)** 5:15
**Marie (1)** 1:17 2:14 9:3 24:6
**MARRA (1)** 1:11
**matter (2)** 8:19 25:8
**mean (3)** 13:15,17 21:7
**meaningful (1)** 3:15
**meet (1)** 4:1
**mentioned (6)** 16:19 19:11,12,12 20:2,15

**Merit (1)** 25:5
**met (2)** 3:3,14
**minute (1)** 14:19
**modifying (1)** 4:4
**month (1)** 11:24
**morning (2)** 10:19 11:8
**motion (2)** 2:25 20:17

**N**

**name (1)** 7:12
**named (1)** 21:4
**names (20)** 9:5,11,17 16:25 17:1,9,15,17,17 19:15 20:8,12,14,17,19 21:12,22,24 23:3 24:2
**near (1)** 6:19
**necessarily (1)** 9:20
**necessary (1)** 18:17
**need (11)** 2:22 3:6,13 8:15 10:15 12:6 16:3,25 17:3 20:19 22:17
**needed (1)** 2:24
**negotiated (1)** 11:21
**night (2)** 10:19 11:8
**non-prosecution (5)** 8:3,5 13:12 18:3 23:4
**notice (4)** 10:11 13:19 15:20 24:4
**notification (1)** 13:25
**notified (1)** 16:10
**notify (1)** 8:6
**number (1)** 2:5

**O**

**object (1)** 22:20
**objection (3)** 17:14 20:2 21:11
**objections (1)** 8:23
**obligate (1)** 22:9
**obligated (2)** 7:21 24:21
**obligation (3)** 24:8,12,15
**obligations (1)** 9:13
**obviously (2)** 12:11 17:5
**occurred (1)** 11:24
**October (1)** 11:23
**office (1)** 15:13
**Official (1)** 1:19
**okay (18)** 2:8 7:2,10 9:16 10:1,4 11:14 14:2,14 15:8 20:11,20 21:20,25 23:22 24:2,17,23
**once (3)** 18:11 19:21 21:21
**ongoing (1)** 12:22
**opportunity (7)** 10:13 14:9 15:1 16:2 20:18 22:24 23:20
**order (33)** 2:1,21,24 3:25 4:15 5:14 7:23 8:3,10,25 9:6 10:6 12:20 13:7,23 14:21,25 15:6,16,24 16:1,12 22:17,18,18 23:5,10,15,16 24:5,5,17
**ordering (4)** 15:8 24:1,18,19
**ore (1)** 22:18
**original (1)** 12:5
**overwhelming (1)** 5:21

**P**

**PACER (1)** 15:7
**Palm (2)** 1:7,20
**part (6)** 5:20 11:22 12:2,16 13:21 18:16
**parties (6)** 2:23,23 7:3 10:1 13:16 23:15
**Paul (2)** 1:15 2:10
**pause (1)** 16:23
**pending (2)** 2:25 15:25
**people (6)** 13:10 16:15 18:15 21:4,17 22:14
**performing (1)** 11:8
**permit (2)** 13:23 15:21
**permitted (1)** 23:2
**person (1)** 15:18
**pertain (1)** 19:23
**pertaining (1)** 21:3
**Petitioner (1)** 1:4,15
**Petitioners (2)** 8:9 12:21
**phone (1)** 19:8
**Plaintiffs (2)** 2:25 3:5
**plan (1)** 5:2
**play (1)** 6:15
**plea (15)** 3:20,22 4:5,18,20,21 9:22 12:12,15,16 12:17 13:12 14:9 15:9 19:22
**please (2)** 6:7
**pled (1)** 9:12
**point (13)** 3:18,24 4:1,4,17 6:19,20 11:12 15:4,8 16:4,7 17:22
**portion (7)** 10:17,21,22,24 11:9,13 19:6
**portions (7)** 7:19 11:15 12:4,23 13:3 19:2 20:3
**position (9)** 3:5 4:10 7:22 8:21 11:15 12:14 17:23 19:24 21:1
**possibly (1)** 19:24
**potential (1)** 13:20
**preclude (2)** 8:11 16:20
**prefer (1)** 6:11
**prejudice (2)** 23:6,18
**preliminary (1)** 4:6
**preparation (1)** 11:4
**prepared (3)** 10:15,16 12:19
**present (2)** 5:5 8:23
**presented (1)** 20:15
**press (1)** 9:15

**preventing (1)** 12:20
**previously (1)** 19:20
**primary (2)** 17:4,14
**privacy (1)** 9:24
**privy (1)** 17:10
**probably (5)** 3:17 4:2 15:5 18:17 19:8
**problem (3)** 16:17 20:15 23:2
**procedure (2)** 3:20 5:12
**proceed (1)** 2:25
**proceedings (3)** 16:23 25:2,7
**process (1)** 5:19
**produce (3)** 4:5 14:18 23:10
**produced (2)** 3:20 5:12
**prohibit (1)** 23:17
**prohibits (1)** 23:3
**prosecute (4)** 18:22 19:14,17 22:10
**prosecution (1)** 21:15
**protect (3)** 4:18 6:12 18:7
**protecting (2)** 6:16 19:25
**protective (15)** 8:10,25 12:20 13:23 14:21,25 15:24 16:1,12 22:16,17 23:5,14,16 24:5
**protects (1)** 18:10
**provide (2)** 9:1 13:9
**provided (2)** 10:11,17
**provides (2)** 18:3,21
**provision (2)** 8:2,5
**provisions (1)** 20:7
**publicly (1)** 10:9
**purported (1)** 10:9
**purportedly (1)** 4:18
**purpose (1)** 19:15
**purposes (2)** 5:9 6:10
**pursuant (2)** 8:10 12:20
**pursue (2)** 18:19 21:10
**put (1)** 21:5
**putting (1)** 19:5

**Q**

**question (3)** 13:1 14:2 19:18
**questions (1)** 23:25
**quite (2)** 3:2 10:25

**R**

**read (1)** 21:21
**real (3)** 14:2 15:6 20:19
**really (1)** 22:16
**Realtime (1)** 25:6
**reason (12)** 5:17,20,21 7:20 13:4 14:3,7,16,20 16:14,24 19:14
**reasonable (1)** 15:16
**reasons (1)** 15:15
**received (2)** 11:12 13:25
**record (5)** 2:19 3:1,6,11 25:7
**redact (2)** 20:6,8
**redacted (1)** 20:12
**redaction (1)** 24:3
**refer (1)** 13:15
**reference (1)** 14:23
**regard (1)** 21:11
**regarding (1)** 21:2
**Registered (1)** 25:5
**relate (1)** 20:7
**related (1)** 22:5
**relates (1)** 22:16
**released (2)** 5:9 16:13
**relevance (1)** 6:8
**relevant (3)** 10:18,24 11:13
**relief (7)** 4:4,13,16,23,25 5:4,24
**rely (1)** 3:8
**remain (1)** 14:25
**remedy (1)** 3:19
**renew (1)** 19:20
**reporter (5)** 1:19,19 2:18 25:5,6
**represent (5)** 5:23 6:4
**representing (1)** 7:8
**request (5)** 15:12,13
**requesting (2)** 3:19 16:7
**require (4)** 10:6 14:17 15:23 21:23
**required (2)** 8:6 15:11
**requiring (1)** 5:5
**resolve (2)** 3:10 6:4
**respect (1)** 16:10
**respond (1)** 10:14
**Respondent (2)** 1:7,17
**rest (1)** 7:20
**restricted (1)** 7:17
**review (1)** 8:15
**Right (31)** 2:4,15 3:17 4:3,22 6:1 7:1,2,10,14 9:2 12:22,25 14:14 15:17 16:20,22 18:8,20 19:10 20:5,22 21:13 22:1,8,13,21,25 23:9,25 24:24
**rights (4)** 4:11 10:11 15:20 16:10
**RMR (2)** 1:19 25:11
**road (1)** 13:6
**role (1)** 6:15
**Rule (1)** 9:13
**ruling (1)** 3:14

**rulings (1)** 7:19

**S**

**saw (1)** 20:12
**saying (2)** 5:4 7:3
**says (3)** 4:20,21 15:7
**scheduled (1)** 2:21
**sealed (1)** 5:20
**second (1)** 16:22
**secrecy (1)** 17:20
**see (7)** 4:17 10:13 14:11 16:20,25 17:3 18:11
**seeing (3)** 13:5,11 20:13
**seeking (3)** 4:5 23:7,19
**seen (2)** 5:25 7:12
**sense (1)** 9:21
**sent (2)** 13:18 15:20
**September (1)** 11:22
**situation (1)** 4:15
**soon (1)** 6:21
**sorry (3)** 9:9,16 10:25
**sounds (1)** 21:25
**SOUTHERN (1)** 1:1
**speak (3)** 2:7,17 21:6
**speaking (4)** 2:18,19 12:9 21:2
**specifically (1)** 14:23
**stand (1)** 3:5
**state (1)** 2:6
**States (5)** 1:1,6 2:13 12:1 23:13
**status (2)** 2:21 10:12
**statute (1)** 19:25
**step (1)** 4:6
**Stephen (3)** 1:19 25:5,11
**stipulation (1)** 3:7
**Street (1)** 1:20
**subject (7)** 8:19 9:19,19 14:21,25 16:12 23:14
**submit (1)** 23:16
**submitted (3)** 3:2,7 11:25
**subpoena (1)** 15:13
**subsequent (1)** 8:18
**sufficient (1)** 3:11
**Suite (1)** 1:20
**supposed (1)** 18:7
**sure (5)** 3:2,9 15:9 19:11,24

**T**

**taken (1)** 3:13
**talk (1)** 3:13
**talking (2)** 13:17 18:5
**tell (2)** 22:4 24:11
**telling (2)** 22:8 24:16
**tenus (1)** 22:18
**term (1)** 13:13
**terms (3)** 18:6 21:5 23:5
**Thank (4)** 23:22 24:23,24,25
**thing (1)** 20:24
**things (2)** 7:4 19:5
**think (19)** 3:12,12,16 4:1 9:5 5:13 6:2,19,21 9:13,24 12:13 15:4,17 18:4,8,16 19:21 22:20
**thought (1)** 2:24
**three (3)** 12:2,19 13:15
**tied (1)** 3:21
**time (17)** 3:18,24 4:1,17 6:19,20 10:20 11:9 12:8 12:10 15:25 16:7,13 17:13 20:20 22:23 23:24
**today (1)** 10:16
**today's (1)** 11:5
**told (1)** 11:9
**topic (1)** 21:1
**total (1)** 18:7
**tough (1)** 19:18
**transcript (2)** 1:10 25:7
**trouble (2)** 2:16 9:7
**true (1)** 22:13
**try (5)** 2:7,17 15:13 21:10 23:15
**turn (1)** 3:25
**turning (1)** 3:23
**two (1)** 14:7

**U**

**unable (2)** 3:18 21:3
**unaware (1)** 12:1
**unclear (1)** 24:1
**understand (7)** 4:3 7:16,17 10:10 17:16 18:1 20:6
**understanding (2)** 11:14 13:19
**understood (2)** 17:22 20:7
**undoubtedly (1)** 6:15
**undue (1)** 5:13
**unfair (1)** 17:8
**unilaterally (2)** 7:18,23
**United (5)** 1:1,6 2:13 12:1 23:13
**use (3)** 5:10 6:4,6
**US (6)** 1:12 2:13 3:15,20,21 19:7

**V**

**v (1)** 1:5
**various (1)** 19:3
**version (2)** 18:12 19:22

**victim (11)** 13:20 14:23 15:19,21,23 16:9,10,15 23:18 24:3,9
**victims (35)** 3:17 4:11,19 6:12,16 8:11 10:9,10,12 10:17,23 11:11,12 12:11 13:4,9,10,15,15,24 14:5,19 15:3,11 17:15,17 18:8,8 22:14 23:13 23:18,18 24:9,15,20
**view (5)** 5:6,23 12:20 14:9 16:11
**viewing (1)** 5:19
**Villafana (28)** 1:17 2:14 7:15 9:3,3,7,9,18 10:3,14 11:1,4,18 16:6,18,19 17:24,25 20:9,10 22:1,3,12 22:15,25 24:6,7,17,23
**violated (1)** 4:11 7:23
**voice (2)** 8:23 20:2
**VOICES (2)** 3:4 24:25
**voluntarily (1)** 8:2

**W**

**W (3)** 1:19 25:5,11
**want (12)** 4:7 5:17 6:7 7:22 12:21 13:13 15:9 20:6 22:5,6 24:13,14
**wanted (2)** 20:8 22:2
**wants (1)** 20:23
**wasn't (1)** 3:2
**way (1)** 19:11
**West (2)** 1:7,20
**we'll (2)** 14:19 24:10
**we're (10)** 2:16 3:12 7:11 12:10,14,17 16:7 18:18 20:4,4
**we've (3)** 3:15 5:25 19:4
**wholly (1)** 18:14
**wish (2)** 5:9 8:16
**wished (1)** 5:10
**withheld (2)** 19:6 20:3
**witness (1)** 17:9
**witnesses (2)** 17:5,6
**work (1)** 23:15
**worked (1)** 12:12
**working (1)** 11:5
**wouldn't (1)** 7:1
**written (1)** 22:17
**wrong (2)** 18:2 19:7

**Y**

**yesterday (2)** 7:5 14:22

**0**

**08-80736-CIV-MARRA (2)** 1:3 2:5

**1**

**1 (3)** 2:5,9 14:8
**14 (1)** 1:7

**2**

**2 (3)** 2:5,9 14:8
**20th (1)** 25:9
**2007 (1)** 11:22
**2008 (2)** 1:7 25:9

**3**

**33401 (1)** 1:20

**4**

**417 (1)** 1:20

**5**

**561)514-3768 (1)** 1:19

**6**

**6(e) (1)** 9:14

**7**

**701 (1)** 1:20