**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 08-80736-CIV-MARRA**

**JANE DOE 1 AND JANE DOE 2,**

       **Petitioners,**

**vs.**

**UNITED STATES,**

       **Respondent.**

_____/

**GOVERNMENT'S RESPONSE TO PETITIONERS' STATEMENT OF UNDISPUTED**
**MATERIAL FACTS IN SUPPORT OF PETITIONERS' MOTION FOR**
**PARTIAL SUMMARY JUDGMENT**

Respondent United States of America, by and through its undersigned counsel, files its

Response to Petitioners' Statement of Undisputed Material Facts, and states:

1. Admitted.[1]

2. Admitted.

3. Admitted.

4. The first sentence of paragraph 4 is admitted.   As to the second sentence, respondent

admits only that the Palm Beach Police Department ("PBPD") conducted an investigation, and

ultimately identified approximately 20 girls between the ages of 14 and 17 who were sexually

abused by Epstein.  The characterizations of the PBPD's investigation as "capably conducted"

and "thorough" do not appear in the documents cited by Petitioners and are opinions of

Petitioners' counsel, not facts.

---

[1] Those items admitted by the Government throughout this Response to Petitioners'
Statement of Undisputed Material Facts should be deemed admitted/undisputed solely for
purposes of petitioners' motion for partial summary judgment.

5. Admitted.

6. The first sentence in paragraph 6 is admitted in part.  The FBI determined that Jane Doe 1 had been sexually abused by Epstein while she was a minor, and Jane Doe 1 provided information to the FBI regarding her sexual abuse on August 7, 2007.  As to Jane Doe 2, the FBI determined she had been sexually abused by Epstein while she was a minor, although Jane Doe 2 was openly hostile to the prosecution of Epstein, contended that no crime had been committed by Epstein, and declined to be interviewed by the FBI unless she was granted use immunity.  *See* 6/2/2017 Villafaña Decl. at ¶¶ 6-12.  The second sentence in paragraph 6 also is admitted in part. During her August 7, 2007 interview with the FBI, Jane Doe 1 provided detailed information about her own abuse.  However, Jane Doe 1's information about Jane Doe 2 was only that Jane Doe 2 "started providing Epstein with massages"; Jane Doe 1 did not provide "detailed information about . . . the abuse of Jane Doe 2."  DE361-32 at p. 5.[2]

7. The Government admits the first three sentences in paragraph 7.  The fourth sentence is denied because the August 11, 2006 letter was sent to Jane Doe 2 because she had been identified as a potential victim, not because there had yet been a Government determination that she was in fact a victim of a federal offense or came under the protection of the CVRA, 6/2/2017 Villafaña Decl. at ¶ 5, and because that fourth sentence presents an opinion and conclusion, not an assertion of fact.

8. Admitted.

9. The Government admits that from January 2007 through September 2007, discussions

---

[2] To refer to exhibits to "Jane Doe 1 and Jane Doe 2's Consolidated Statement of Undisputed Material Facts and Motion for Partial Summary Judgment with Incorporated Memorandum of Law" (DE361), the government uses the CM-ECF headers that appear on the documents.  Hence, "DE361-32 at p. 5" refers to the fifth page of Exhibit 32 to DE361.

to resolve the federal investigation took place between the U.S. Attorney's Office for the Southern District of Florida and Jeffrey Epstein, through the numerous attorneys who represented him. Not all of these discussions were "plea discussions" because Epstein was never charged with a federal offense.  *See* 6/2/2017 Villafaña Decl. at ¶¶ 4, 17-18, 23, 29.

10.  The Government admits the first sentence of paragraph 10.   The second and third sentences are denied because they are opinions and conclusions, not assertions of fact.

11.  Admitted.

12.  Admitted.

13.  Admitted.

14.  The first sentence in paragraph 14 is denied because Jane Doe 1 was furnished with a victim notification letter on or about June 7, 2007, because Jane Doe 1 had been identified as a potential victim, not because there had yet been a Government determination that she was in fact a victim of a federal offense or came under the protection of the CVRA, 6/2/2017 Villafaña Decl. at ¶ 5, and because that first sentence is an opinion and conclusion, not an assertion of fact.  The second sentence is admitted.

15.  The first sentence in paragraph 15 is admitted.  The second sentence is denied because it is an opinion and conclusion, not an assertion of fact.

16.  Admitted.

17.  The government admits the first sentence of paragraph 17.   The second sentence is disputed because it is an opinion, not an assertion of fact.

18.  The Government denies that no Government representatives had conferred with victims regarding their views on the potential negotiated outcome of the investigation.  *See* 2d Kuyrkendall Decl. at ¶¶ 5, 12, 13; 6/2/2017 Villafaña Decl. at ¶¶ 10, 12, 19.  Otherwise admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. The Government denies that the Office sought to "contrive to establish jurisdiction away from the location where the crimes actually occurred—and away from where the victims actually lived—so as to avoid the public finding out about anything." *See* 6/2/2017 Villafaña Decl. at ¶ 24.  Otherwise admitted.

25. Admitted.

26. Denied.  *See* 6/2/2017 Villafaña Decl. at ¶ 27.

27. Admitted.

28. Admitted.

29. The first sentence is admitted.  The second sentence is disputed, as the government has produced emails sent to and from the home e-mail address of one of its prosecutors.  *See* 6/2/2017 Villafaña Decl. at ¶ 28.

30. Admitted.

31. Admitted.

32. Admitted.

33. The first sentence in paragraph 33 is admitted.  The second sentence is disputed, because the Government had notified victims that the matter was under investigation and the matter indeed remained under investigation until Epstein entered his state court guilty pleas, *see* 6/2/2017 Villafaña Decl. at ¶ 35; 2d Kuyrkendall Decl. at ¶¶ 10-11, and because it is a legal

argument, not an assertion of fact.  Petitioners also have not cited any evidence to support the allegations that "Epstein's counsel, the U.S. Attorney's Office, and the State of Florida were conferring daily."

34.  The first sentence in paragraph 34 is admitted.  The Government disputes that the agreement would bind the victims or that the NPA in fact binds the victims.  DE361-62.  The remainder of the second sentence is admitted, with the qualification that the Government denies that the Government did not confer with any victims about possible resolution of the investigation, that potentially included the non-prosecution of Epstein; for example, Jane Doe 2 specifically told the Government that she did not want Epstein to be prosecuted.  *See* 2d Kuyrkendall Decl. at ¶¶ 5, 12, 13; 6/2/2017 Villafaña Decl. at ¶¶ 10, 12, 19.

35.   The government admits paragraph 35 but notes that the quoted language does not appear in Exhibit 4; it appears at DE361-5.

36.  The government admits paragraph 36 but notes that Exhibit 2 is not an email to Humberto Ocariz; the referenced email appears at DE361-3.  The second sentence of paragraph 36 is admitted.

37.  Admitted.

38.  The Government admits that on September 24, 2007, Epstein and the U.S. Attorney's Office reached a formal non-prosecution agreement, embodied in the NPA, DE361-62, whereby the United States would defer federal prosecution in favor of a state prosecution.  The Government otherwise disputes the petitioners' characterization of the NPA and its legal impact as opinion and conclusion, not an assertion of fact.  .

39.  The Government admits that the NPA provided that, upon its execution, "the United States, in consultation with and subject to the good faith approval of Epstein's counsel, shall

select an attorney representative for [the victims listed by the U.S. Attorney's Office in accordance with the NPA], who shall be paid for by Epstein" and that if any of those listed victims "elects to file suit pursuant to 18 U.S.C. § 2255, Epstein will not contest the jurisdiction of the United States District Court for the Southern District of Florida over his person and/or the subject matter, and Epstein waives his right to contest liability and also waives his right to contest damages up to an amount as agreed to between the identified individual and Epstein, so long as the identified individual elects to proceed exclusively under 18 U.S.C. § 2255, and agrees to waive any other claim for damages, whether pursuant to state, federal, or common law," but the Government otherwise denies the petitioners' characterizations of the agreement's terms. DE361-62 at ¶¶ 7-8.  The Government admits that these provisions were drafted without the knowledge or consent of the victims, but denies that the victims did not have an opportunity to reasonably confer about how the Epstein investigation could be resolved, and thus, were not denied an opportunity to reasonably confer about the matters addressed in those provisions of the NPA.  6/2/2017 Villafaña Decl. at ¶¶ 5, 8, 13.

40.  Admitted.

41.  Admitted, except that the Government denies that the NPA "provided that it was confidential."  DE361-62.

42.  Admitted, with the qualification that the Government denies that the Government did not confer with any victims about possible resolution of the investigation, that potentially included the non-prosecution of Epstein; for example, Jane Doe 2 specifically told the Government that she did not want Epstein to be prosecuted.  *See* 2d Kuyrkendall Decl. at ¶¶ 5, 12, 13; 6/2/2017 Villafaña Decl. at ¶¶ 10, 12, 19.

43.  Admitted.

44.  Admitted.

45.  Admitted, with the qualification that the Government denies that the Government did not confer with any victims about the possible resolution of the investigation, that potentially included the non-prosecution of Epstein; for example, Jane Doe 2 specifically told the Government that she did not want Epstein to be prosecuted.  *See* 2d Kuyrkendall Decl. at ¶¶ 5, 12, 13; 6/2/2017 Villafaña Decl. at ¶¶ 10, 12, 19.

46.  Admitted.

47.  Denied.   AUSA Villafana met with Jane Doe 1 and Jane Doe 2 and most of the other victims when their identities became known.   She told them, in written correspondence and orally, that she was available for consultation if they wanted to discuss any aspect of the case. 6/2/2017 Villafaña Decl. at ¶¶ 5, 31.

48.  Admitted.

49.  Admitted.

50.  Admitted.

51.  The first sentence in paragraph 51 is admitted.   The second sentence is denied because it is an opinion, not an assertion of fact, but the Government admits that the statement appears in DE361-68.

52.  Admitted, except that the Government denies that the email stated that the Government and Epstein's counsel "would negotiate privately.".

53.  Admitted.

54.  The Government admits that paragraph 54 accurately quotes from an email dated September 25, 2007 from AUSA Marie Villafaña to Jay Lefkowitz, but denies that the email "tr[ied] to set up an arrangement whereby Epstein's victims would not be represented by various

private attorneys, and . . . argu[ed] instead for an attorney in Miami who could help keep things concealed." *See* 6/2/2017 Villafaña Decl. at ¶ 24.

55.   Admitted.

56.   Admitted, except that the Government denies that the referenced attorney was an "attorney appointed by the Office to represent the victims – without the knowledge of the victims." The Government enlisted the Hon. Edward B. Davis to serve as a Special Master to assist the U.S. Attorney's Office in selecting an attorney representative, *see* DE362-9, and Judge Davis selected Robert Josefsberg from the Podhurst Orseck firm, not the attorney referenced in paragraph 56. *See* DE362-12.

57.   Admitted.

58.   Admitted, except that the Government denies that the attorney raising concerns was selected by the Government, or paid by Epstein. *See* ¶ 56, *supra*.

59.   The first sentence in paragraph 59 is admitted.   The second sentence is denied. *See* 6/2/2017 Villafaña Decl. at ¶ 38.

60.   Admitted.

61.   Admitted.   (citation is incorrect).

62.   Denied.   The Thursday, October 18, 2007 email from Mr. Lefkowitz expresses thanks to U.S. Attorney Acosta for meeting on Friday.

63.   Admitted.

64.   Admitted.

65.   Admitted.

66.   The government admits that the NPA contained the following language: "The parties anticipate that this agreement will not be made part of any public record.   If the United

States receives a Freedom of Information Act request or any compulsory process commanding the disclosure of the agreement, it will provide notice to Epstein before making that disclosure." DE361-62 at ¶ 13. The government further admits that, in the past, it has described that provision as an express confidentiality provision.

67. Denied. *See* DE 361-62. Paragraph 67 is a legal argument, not an assertion of fact. *See also* 6/2/2017 Villafaña Decl. at ¶ 30.

68. Denied. *See* DE 361-62. Paragraph 68 is a legal argument and opinion, not an assertion of fact. *See also* 6/2/2017 Villafaña Decl. at ¶ 30.

69. Denied. *See* 6/2/2017 Villafaña Decl. at ¶¶ 21, 32-34; 2d Kurykendall Decl. at ¶ 9. Paragraph 69 is an opinion, not an assertion of fact.

70. The first and second sentences of paragraph 70 are admitted. With regard to the third sentence, the Government admits that the Special Agents told Jane Doe 1, among other things, that Epstein would plead guilty to state charges, he would be required to register as a sex offender for life, and he made certain concessions related to the payment of damages. The Government denies that Agents told Jane Doe 1 that the state charges "involve[ed] another victim" or that the Special Agents made any statements to that effect "[d]uring this litigation." In support of this paragraph, Petitioners cite DE361-26, which is the Declaration of Jane Doe 1, not any statement made by any Special Agent during this litigation. *See* 2d Kuyrkendall Decl. at ¶ 8; DE 361-26.

71. Denied. *See* 2d Kuyrkendall Decl. at ¶ 8.

72. Denied. *See id.* at ¶¶ 7, 8, 13.

73. Denied. *See id.*; *see also* 6/2/2017 Villafaña Decl. at ¶¶ 5, 31.

74. Denied. *See* DE361-62. Paragraph 74 is a legal conclusion, not an assertion of fact.

Moreover, the phrase referenced by petitioners is from ¶ 13 (page 5 of 7) of the NPA and only requires notice to Epstein before making a disclosure under the Freedom of Information Act or compulsory process.  *See* DE361-62.

75.  Denied.  *See* 2d Kuyrkendall Decl. at ¶¶ 8-11; 6/2/2017 Villafaña Decl. at ¶¶ 34-36.

76.  Admitted, insofar as it addresses the time period before Epstein's entry of his guilty plea to state charges.

77.  The first sentence in paragraph 77 is admitted.   The second sentence is denied. The reason no further notifications to other victims were made at that point, was due to a concern that Epstein would breach or otherwise fail to abide by the NPA, and Epstein's attorneys would attempt, in any subsequent federal criminal prosecution, to impeach the victims, FBI agents, and prosecutors on the basis of the financial incentive created by the NPA.  *See* 2d Kuyrkendall Decl. at ¶¶ 8-11; 6/2/2017 Villafaña Decl. at ¶¶ 34-36.

78.  Denied.  *See, e.g.,* 7/9/2008 Villafaña Decl. (DE14) at ¶ 12; 12/22/2008 Villafaña Decl. (DE35) at ¶¶ 4, 9, 11, 12.

79.  Admitted.

80.  Admitted.

81.  Denied.  Exhibit 26 is Jane Doe No. 1's affidavit.

82.  The first sentence in paragraph 82 is denied.  The government did not inform the victims of the NPA, until after Epstein entered his plea, because the Attorney General Guidelines For Victim and Witness Assistance (May 2005), provided that CVRA rights did not apply unless there was an "offense charged in a Federal court" and because of concerns that, if Epstein failed to perform his obligations under the NPA and prosecution of Epstein were to proceed, the notifications regarding the NPA would be used to impeach the victims, agents, and the

prosecutor.  *See* Ex. M; 2d Kuyrkendall Decl. at ¶ 9; 6/2/2017 Villafaña Decl. at ¶¶ 21, 34.  The remainder of paragraph 82 is admitted.

83.  Admitted.

84.  Denied.  *See* paragraphs 78 and 82, *supra*.

85.  Admitted.

86.  The Government denies that the letter referenced in paragraph 86 "recognize[ed] that the victims had not yet been afforded any rights."  *See* DE362-18.  Otherwise admitted.

87.  The first sentence in paragraph 89 is admitted.  The Government additionally admits that it held off on sending any victim notification letters in December 2007, but it denies that it did so to "compl[y]" with the request from attorney Sanchez, and the Government, through the FBI, later sent additional victim notification letters in January 2008.  6/2/2017 Villafaña Decl. at ¶¶ 21, 32-34; 2d Kuyrkendall Decl. at ¶ 9; Ex. J.

88.  Admitted.

89.  The first sentence in paragraph 89 is admitted, with the qualification that the government had stopped notifying victims about the NPA, until after Epstein entered his plea, because the Attorney General Guidelines For Victim and Witness Assistance (May 2005), provided that CVRA rights did not apply unless there was an "offense charged in a Federal court" and because of concerns that, if Epstein failed to perform his obligations under the NPA and prosecution of Epstein were to proceed, the notifications regarding the NPA would be used to impeach the victims, agents, and the prosecutor.  *See* Ex. M; 2d Kuyrkendall Decl. at ¶ 9; 6/2/2017 Villafaña Decl. at ¶¶ 21, 34..  The second sentence is denied because it is an opinion and conclusion, not an assertion of fact.  The third sentence in paragraph 89 is admitted, with the qualification that the U.S. Attorney's Office never declined any victim's request to confer.

6/2/2017 Villafaña Decl. at ¶ 5.

90.  Admitted.

91.  The first sentence in paragraph 91 is denied because it contains the unsupported opinion and conclusion of Jay Lefkowitz (counsel to Epstein), not an assertion of fact.  *See* DE362-21. The second sentence is denied because it was Epstein's attorneys, not the United States Attorney's Office, who asked the Child Exploitation and Obscenity Section, Department of Justice, to review the case.  *See* DE362-16 at 6, 7 (Bates Nos. RFP MIA 000505, 000506).

92.  The first sentence of paragraph 92 is admitted.  The Government denies that no victims were told about the existence of the NPA.  Jane Doe 1 and two other victims had been informed in October 2007 that a resolution of the case had been reached.  *See* 2d Kuyrkendall Decl. at ¶¶ 8-9.  Otherwise admitted.

93.  The Government admits that the referenced letters were sent on January 10, 2008. The Government is without knowledge as to the date that the referenced letters were received.

94.  Admitted, with the qualification that there was a single federal investigation, not multiple "federal cases."  *See* 6/2/2017 Villafaña Decl. at ¶¶ 4, 20.

95.  The Government admits that letters containing the same information contained in the January 10, 2008 letters to Jane Doe 1 and Jane Doe 2 were sent to other persons identified as victims of Epstein.  The Government denies that the cited pages in Exhibit 63 support that factual assertion.  The Government also denies that these victims were "similarly situated to Jane Doe 1 and Jane Doe 2" because it is an opinion and conclusion, not an assertion of fact, and because the interests and circumstances of different victims were different.  *See, e.g.*, 6/2/2017 Villafaña Decl. at ¶¶  5, 18, 19, 24, 25, 31, 36; 2d Kuyrkendall Decl. at ¶¶ 5, 8, 12, 13.

96.  The government admits only that in January 2008 Jane Doe 1 expressed her view

that Epstein should be prosecuted, *see* 6/2/2017 Villafaña Decl. at ¶ 36; 2d Kuyrkendall Decl. at ¶ 13, but otherwise denies the first sentence of paragraph 96.  In early January 2008, Jane Doe 2 was hostile to any prosecution of Epstein, was represented by counsel paid for by Epstein, and had spoken of Epstein in the most glowing terms.  *See* 6/2/2017 Villafaña Decl. at ¶¶ 6-14, 31. The second sentence in paragraph 96 is denied as Jane Doe 1 and Jane Doe 2 never asked to confer or consult with the FBI or with AUSA Villafaña about the prosecution of Epstein despite having been informed of a victim's right to confer and having been provided with contact information for Special Agent Kuyrkendall and for AUSA Villafaña.  *See* 6/2/2017 Villafaña Decl. at ¶ 5; 2d Kuyrkendall Decl. at ¶¶ 6, 7; Exs. 5, 6.  The last two sentences in paragraph 96 are denied because: (a) they are opinions and conclusions, not assertions of fact; (b) the federal criminal investigation of Epstein, including the investigation of Epstein's crimes against them, remained on-going in the first half of 2008; and (c) Jane Doe 1 and Jane Doe 2 had been provided information for contacting AUSA Villafaña if they wanted to confer.  *See* Villafaña Decl. at ¶¶ 5, 35-36.

97.  The Government denies that Jane Doe 1 met with multiple AUSAs from the U.S. Attorney's Office.  The second attorney who was present was employed by the Child Exploitation and Obscenity Section of the U.S. Department of Justice, not the U.S. Attorney's Office.  Otherwise admitted.

98.  Admitted.

99.  The first sentence in paragraph 99 is admitted to the extent that the Government assumes that "Jane Doe 5" refers to an individual with initials S.R.  The Government admits that the referenced letter made no disclosure about the NPA, but otherwise denies the last two sentences in paragraph 99 because they are opinions and conclusions, not assertions of fact and

because the federal criminal investigation of Epstein, including the investigation of Epstein's crimes against them, was on-going in the first half of 2008 in case the NPA was set aside or Epstein did not perform his obligations under the NPA.  *See id.* at ¶¶ 35-36.

100.  Admitted to the extent that the Government assumes that "Jane Doe 5" refers to an individual with initials S.R. and with the qualification that Jane Doe 1 and two other victims had been informed in October 2007 about the NPA.  *See id*. at ¶¶ 32-33; 2d Kuyrkendall Decl. at ¶¶ 8-9.

101.  The government admits that, in mid-June 2008, Mr. Edwards contacted the line AUSA handling the case to inform her that he represented Jane Doe 1.  The government admits that, on June 27, 2008, when the line AUSA contacted Mr. Edwards to inform him of the state plea proceeding scheduled for June 30, 2008, Mr. Edwards informed the line AUSA that he also represented Jane Doe 2.  *See* 7/9/2008 Villafaña Decl. (DE14) at ¶ 11.  The government admits that, in mid-June 2008, Mr. Edwards asked to meet with the line AUSA to provide information about Epstein and Jane Doe 1.  *Id.* at ¶ 10.  The government further admits that the line prosecutor and Mr. Edwards discussed the possibility of federal charges being filed in the future and that the NPA was not mentioned.  The government denies the remainder of paragraph 101 because it contains opinions and conclusions, not assertions of fact.  *See also* 6/2/2017 Villafaña Decl. at ¶ 37.

102.  The first sentence in paragraph 102 is admitted.  The government further admits that the line prosecutor did not inform Mr. Edwards about the NPA, but the second sentence of paragraph 102 is otherwise denied because it is an opinion and conclusion, not an assertion of fact.  *See also id.*  The third sentence in paragraph 102 also is denied .  *See id.*

103.  The government admits that on June 19, 2008, Mr. Edwards sent an email to the

line prosecutor requesting to "meet . . . and discuss [his] plans."  6/2/2017 Villafaña Decl., Ex.

11.  The government denies the remainder of paragraph 103, including that Mr. Edwards

mentioned more than one client.  *Id.* at ¶ 37, Ex. 11.

104.  The first two sentences in paragraph 104 are denied because they are opinions and

conclusions, not assertions of fact and because on July 3, 2008, Mr. Edwards did discuss with the

line prosecutor his concerns regarding how the Epstein investigation had been resolved.  Those

concerns were shared with managers at the U.S. Attorney's Office.  *See id.* at ¶ 39.  Mr. Edwards

also did not make it "perfectly clear that his clients wanted to confer with the prosecutor before

any resolution was reached."  *Id.* at ¶ 37.  The last sentence in paragraph 104 is denied.  *Id.*

105.  Admitted.

106.  The first sentence in paragraph 106 is admitted.  The second sentence is denied

because it is an opinion and conclusion, not an assertion of fact and because victims, including

Jane Doe 1, were told about the terms of the NPA, including that the resolution of the federal

investigation included Epstein's entry of a guilty plea in state court.  *See* 2d Kuyrkendall Decl. at

¶ 8; 7/9/2008 Villafaña Decl. (DE14) at ¶ 12, Exs. 6 &7; 12/22/2008 Villafaña Decl. (DE35) at ¶

9,

107.  The first sentence of paragraph 107 is admitted.  The second sentence of paragraph

107 is denied.  *See* 6/2/2017 Villafaña Decl. at ¶ 38.  The third sentence of paragraph 107 is

denied because there was no federal plea agreement and the guilty pleas in state court would not

bring an end to the possibility of federal prosecution under the terms of the NPA.  *See* DE361-

62.

108.  The Government admits that Jane Doe 1 and Jane Doe 2 did not attend the state

court plea hearing; paragraph 108 is otherwise denied.  *See* 6/2/2017 Villafaña Decl. at ¶ 38.

109.   Denied.  Paragraph 109 is an opinion and conclusion, not an assertion of fact and the plea agreement in state court did not make impossible to prosecute Epstein federally for his crimes against Jane Doe 1 and Jane Doe 2.  *See* DE361-62.

110.   Admitted.

111.   The government admits the text of the e-mail cited is accurate.  It denies the assertion that there were continuing efforts to keep the NPA secret since this is an opinion and conclusion, not an assertion of fact.

112.   The first sentence in paragraph 112 is admitted.   The second sentence is denied because it is an opinion and conclusion, not an assertion of fact.  *See also* 2d Kuyrkendall Decl. at ¶¶ 8-9.

113.   Admitted.

114.   Paragraph 114 is denied because it contains opinions and conclusions, not assertions of fact; because Jane Doe 1 had previously been told about the terms of the NPA, including that the resolution of the federal investigation included Epstein's entry of a guilty plea in state court; and because the state plea did not "block the prosecution of [Jane Doe 1's] case." *See* 2d Kuyrkendall Decl. at ¶ 8; 6/2/2017 Villafaña Decl. at ¶¶ 37-38; DE361-62

115.   Paragraph 115 is denied because it contains opinions and conclusions, not assertions of fact and because the state plea did not "block the prosecution of [Jane Doe 2's] case." *See* 6/2/2017 Villafaña Decl. at ¶¶ 37-38; DE361-62.

116.   Denied.  2d Kuyrkendall Decl. at ¶¶ 8-9.

117.   Paragraph 117 is denied because it is an opinion and conclusion, not an assertion of fact.

118.   Admitted.

119.  Paragraph 119 is denied because it is an opinion and conclusion, not an assertion of fact.  *See also* 2d Kuyrkendall Decl. at ¶¶ 8-9.

120.  The Government admits that, on July 7, 2008, the line prosecutor corresponded by email with Epstein's counsel seeking his signed agreement concerning a notification letter to the victims before beginning the distribution of that letter and acknowledging her previous failure to include one victim who was still a minor in 2008; paragraph 120 is otherwise denied.

121.  Paragraph 121 is denied.  The cited documents are unsworn and do not support the assertion that Mr. Edwards first saw a reference to the NPA on or after July 9, 2008 or that it was the first public mention or first disclosure to Mr. Edwards.  *See also* 2d Kuyrkendall Decl. at ¶ 8.

122.  Paragraph 122 is denied because it is an opinion and conclusion, not an assertion of fact.

123.  Paragraph 123 is denied because it is an opinion, conclusion, and argument, not an assertion of fact, and because it is erroneous.  *See* 6/2/2017 Villafaña Decl. at ¶¶ 27, 30.

124.  Paragraph 124 is denied because it is an opinion and conclusion, not an assertion of fact.  There is no citation to any material supporting this allegation because there is no requirement for a state court judge to review a federal non-prosecution agreement and "determine whether it was in the public interest."

125.  Paragraph 125 is denied because it is an opinion and conclusion, not an assertion of fact, and because it is erroneous.  *See* 6/2/2017 Villafaña Decl. at ¶¶ 5, 31, 38; 2d Kuyrkendall Decl. at ¶¶ 6-9.

126.  The government admits the first sentence of paragraph 126.  As to the second sentence, the government admits that Jane Doe 1 had not seen the NPA at the time the emergency petition was filed, but denies that Jane Doe 1 was unaware of the agreement that had

been reached between Epstein and the U.S. Attorney's Office.  *See* 2d Kuyrkendall Decl. at ¶ 8.

The government denies the third sentence of paragraph 126.  There is no citation to any material

supporting this allegation and the government does not know when Epstein first became aware of

Jane Doe 1's petition.

    127.  Admitted.

    128.  Admitted.

    129.  The government admits that paragraph 129 correctly quotes from DE362-44.  The

government denies that DE362-44 "explain[s] how [the line prosecutor] intended to keep the

victims from having access to the terms of the NPA."  That document actually states that "the

notification has been slightly modified in order to provide *more complete information*."  DE362-

44 at p.2.

    130.  Admitted to the extent that "Jane Doe 5" refers to an individual with initials S.R.

    131.  Admitted.

    132.  Admitted.

    133.  The government admits that, during the July 11, 2008 hearing, the government

conceded that all parts of the NPA had been signed by December 2007, but noted that Epstein

had challenged the NPA and sought further review of the agreement higher up within the

Department of Justice.  *See* DE361-63 at 14-15.  The remainder of paragraph 133 is denied.

    134.  Admitted.

    135.  The government admits Paragraph 135, with the exception of the term "assured,"

which reflects an opinion and conclusion not an assertion of fact.  DE362-53 informs counsel for

Epstein of the petitioners' motion and the government's position.

    136.  Admitted.

137.  Denied.  There is no citation to any material supporting this allegation.

138.  Admitted.

139.  Admitted.

140.  Admitted.

141.  Admitted.

142.  Admitted.

143.  Admitted.

144.  Admitted.

145.  Admitted.

146.  Paragraph 146 is denied as to Jane Doe 1, *see* 2d Kuyrkendall Decl. at ¶ 8, and admitted as to Jane Doe 2.

147.  Admitted.

148.  Admitted.

149.  Paragraph 149 is denied because it is an opinion and conclusion, not an assertion of fact and inaccurately quotes from DE362-66.

150.  Paragraph 150 is denied because there is no citation to any material supporting this allegation.

151.  Paragraph 151 is denied because there is no citation to any material supporting this allegation.  The government admits that DE362-68 is an email from the line prosecutor to the State Attorney's Office that references an inquiry from "the Shiny Sheet."

152.  Admitted.

153.  Admitted.

154.  Admitted.

155.   The first and second sentences in paragraph 155 are admitted.  The remaining sentences are denied because they are opinions and conclusions, not assertions of fact.

156.   Paragraph 156 is denied because it is an opinion and conclusion, not an assertion of fact, and because it is erroneous.  *See also* 6/2/2017 Villafaña Decl. at ¶¶ 6-13, 15, 19-21, 25, 33-34, 38; 2d Kuyrkendall Decl. at ¶¶ 8-9; DE361-62.  Furthermore, with regard to Ms. Giuffre and Jane Doe 5, one had informed the FBI that she did not want to be bothered again about the Epstein matter and the other had refused to speak to the government.  *See* Villafaña Decl. at ¶ 19.

157.   The first sentence in paragraph 157 is admitted but the government notes that Epstein's guilty plea did not prevent prosecutions of Epstein for crimes against the victims.  *See* DE361-62.  The remaining sentences are denied.  *See* 6/2/2017 Villafaña Decl. at ¶¶ 5, 7, 10, 12-15, 24-27, 30-31, 36; 2d Kuyrkendall Decl. at ¶¶ 5-8, 12-13.

/ / /

/ / /

/ / /

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY


By: */s/ Dexter A. Lee*           
Dexter A. Lee
Assistant United States Attorney
Fla Bar No. 0936693
99 N.E. 4th Street, Suite 300
Miami, Florida  33132
Tel: (305) 961-9320; Fax: (305) 530-7139
E-mail:  dexter.lee@usdoj.gov

*/s/ A. Marie Villafaña*        
A. Marie Villafaña
Assistant United States Attorney
Fla Bar No. 0018255
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida  33401
Tel: (561) 820-8711; Fax:  (561) 820-8777
E-mail:  ann.marie.c.villafana@usdoj.gov

*/s/ Eduardo I. Sánchez*        
Eduardo I. Sánchez
Assistant United States Attorney
Florida Bar No. 877875
99 N.E. 4th Street
Miami, Florida  33132
Tel: (305) 961-9057; Fax: (305) 536-4676
Email: eduardo.i.sanchez@usdoj.gov

Attorneys for the Government

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 6, 2017, the foregoing Response to Petitioners'

Statement of Undisputed Material Facts was filed with the Clerk of the Court and served on counsel

on the attached service list using CM/ECF.

*/s/ Dexter A. Lee*        
Dexter A. Lee
Assistant United States Attorney

<u>SERVICE LIST</u>

Bradley J. Edwards
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida  33301
Tel: (954) 524-2820; Fax:  (954) 524-2822
E-mail:  brad@pathtojustice.com

Paul G. Cassell
Pro Hac Vice
S.J. Quinney College of Law at the
University of Utah
332 S. 1400 E.
Salt Lake City, Utah  84112
Tel: (801) 585-5202; Fax:  (801) 585-6833
E-mail:  casselp.@law.utah.edu

Attorneys for Jane Doe 1 and Jane Doe 2

_____

Jacqueline Perczek
BLACK SREBNICK KORNSPAN &
STUMPF
201 S. Biscayne Boulevard, Suite 1300
Miami , FL  33131
Tel: (305) 371-6421; Fax: 305-358-2006
 Email: Pleading@royblack.com

Roy E. Black
BLACK SREBNICK KORNSPAN &
STUMPF
201 S. Biscayne Boulevard, Suite 1300
Miami , FL  33131
Tel: (305) 371-6421; Fax: 305-358-2006
 Email: Rblack@royblack.com

Attorneys for Intervenor Jeffrey Epstein

Dexter A. Lee
Assistant United States Attorney
99 N.E. 4th Street, Suite 300
Miami, Florida  33132
Tel: (305) 961-9320; Fax: (305) 530-7139
E-mail:  dexter.lee@usdoj.gov

A. Marie Villafaña
Assistant United States Attorney
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida  33401
Tel: (561) 820-8711; Fax:  (561) 820-8777
E-mail:  ann.marie.c.villafana@usdoj.gov

Eduardo I. Sánchez
Assistant United States Attorney
Florida Bar No. 877875
99 N.E. 4th Street
Miami, Florida  33132
Tel: (305) 961-9057; Fax: (305) 536-4676
Email: eduardo.i.sanchez@usdoj.gov

Attorneys for the United States