**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 9:08-cv-80736-KAM**

**JANE DOE 1 AND JANE DOE 2,**

    **Petitioners,**

    **v.**

**UNITED STATES,**

    **Respondent.**

_____/

## JANE DOE 1 AND JANE DOE 2'S POSITION ON THE GOVERNMENT'S MOTION FOR ENLARGEMENT OF TIME TO CONFER WITH THE VICTIMS

Jane Doe 1 and Jane Doe 2 (also referred to as "the victims"), by and through undersigned counsel, now file their response to the Government's Motion for Enlargement of Time to Confer with the Victims Regarding the Court's Order of February 21, 2019.  DE 440. The Government is requesting a 90-day extension of time from the court-imposed deadline of March 8, 2019, to confer with the victims about how to proceed on a determination of an appropriate remedy for the violation of the Crime Victims' Rights Act (CVRA).  DE 440.  The Court has asked that the victims provide their views on how best to proceed.  The victims respectfully suggest that the Court grant the Government's motion but limit the extension to 45 days (until no later than April 22, 2019).  Given the previous litigation and the Court's detailed ruling regarding remedies (DE 189), it should be possible to put a schedule in place on or before April 22, 2019.  The victims also give notice that, based on the information that the victims

1

currently possess, they believe that the Government could announce its proposed remedy for the CVRA violation on or before May 10, 2019.

As the Court is aware, it has previously ruled that the Government violated the victims' rights under the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771.  DE 435 at 32-33.  As directed by the Court (DE 435 and 436 and 440), the victims and the Government have recently conferred regarding whether they can agree on an appropriate schedule for reaching a determination of the appropriate remedy.  The Government proposes a 90-day extension of that conferral process in light of reassignment of the case from the Southern District of Florida to the Northern District of Georgia.

The victims (through legal counsel) certainly want to extend every professional courtesy to the prosecutors who are now working on this case.  But it is the Justice Department's new and internal decision to reassign this case from one office to another – after this litigation has gone on for more than decade – that is creating the need for an extension.   Moreover, in requesting a 90-day extension, it is unclear what will happen at the end of that time.  The victims have already conferred several times with the new prosecutors.  The victims want to make clear that they understand that the new prosecutors are working diligently to move this case forward.

The only difference between the Government and the victims at this juncture is the amount of time needed to arrive at a schedule for determining the appropriate remedy for the CVRA violation.  As the Court is aware, back in 2011 and 2012, the parties extensively briefed the issue of available remedies in this case.  *See* DE 119 (Government moves for dismissal of the case because re-opening of the non-prosecution agreement is not a legally viable option); DE 127 (the victims respond that re-opening is a viable remedy and list multiple available remedies); DE

2

205-6 (government replies).  After receiving this briefing, the Court ultimately ruled in favor of the victims' position.  DE 189 (denying the Government's motion to dismiss on the grounds the re-opening the non-prosecution agreement is a permissible remedy under the Crime Victims' Rights Act).  The legal framework for a remedy is already fully developed.

An often-overlooked but an important point about the CVRA is that the first line of defense in protecting crime victims' rights is the Justice Department.  That is why the CVRA provides that all "[o]fficers and employees of the Department of Justice . . . *shall* make their best efforts to see that crime victims are notified of, and accorded, the rights described in [the CVRA]."  18 U.S.C. § 3771(c)(1) (emphasis added).  In light of this provision, it is the victims' position that the Government should now swiftly "accord" Jane Doe 1 and Jane Doe 2 – along with Epstein's numerous other victims – a remedy that will protect their right to reasonably confer with the Office concerning the need for federally prosecuting Epstein and his co-conspirators for numerous sexual trafficking crimes committed in the Southern District of Florida.  The first step should now be taken by the Government, and the victims believe that first step can be taken shortly after an extended 45-day conferral period.  Based on the information the victims have now, they are providing notice that they believe that the Government should be able to announce its remedy by no later than May 10, 2019.  To be clear, the Government does not necessarily agree with that position, as it is still evaluating the Court's ruling and is asking for a 90-day extension of the conferral process.

## CONCLUSION

The Court should GRANT the Government's motion for an extension of time (DE 440) but limit that extension to 45-days from the March 8, 2019, deadline – i.e., should limit the

3

extension until no later than April 22, 2019.  At that time the Government and the victims, either jointly or separately, should propose to the Court how the issue of remedy should be determined. Based on the information that they current possess, the victims anticipate that on April 22, 2019, they will take the position that the Government should announce its remedy for the CVRA violation no later than May 10, 2019.

DATED: March 11, 2019

Respectfully Submitted,

/s/ *Bradley J. Edwards*
Bradley J. Edwards
Edwards Pottinger LP
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Telephone (800) 400-1098

Paul G. Cassell
*Pro Hac Vice*
S.J. Quinney College of Law at the
University of Utah[*]
383 S. University St.
Salt Lake City, UT 84112
Telephone: (801) 585-5202
E-Mail: cassellp@law.utah.edu

John Scarola
Searcy Denney Scarola Barnhart & Shipley,
  P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, FL 33409
Telephone: (561) 686-6300

*Attorneys for Jane Does 1 and 2*

---

[*]This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah.

4

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing document was served on March 11, 2019, on counsel of record

using the Court's CM/ECF system:

Jill E. Steinberg
Nathan P. Kitchens
U.S. Attorneys' Office for the Northern District of Georgia
600 U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303
(404) 581-6000
Jill.Steinberg@uisdoj.gov
Nathan.Kitchens@usdoj.gov

*Attorneys for the Government*

Roy Eric Black
Jacqueline Perczek
Black Srebnick Kornspan & Stumpf
201 S Biscayne Boulevard
Suite 1300
Miami, FL 33131
305-371-6421
Fax: 358-2006
Email: pleading@royblack.com

*Attorneys for Jeffrey Epstein*

/s/ *Bradley J. Edwards*