# EXHIBIT 1

PAUL G. CASSELL
Ronald N. Boyce Presidential Professor of Criminal Law
S.J. Quinney College of Law at the University of Utah
383 S. University St.
Salt Lake City, UT 84112
Telephone: 801-585-5202
cassellp@law.utah.edu[*]

February 25, 2019

Ms. Ariana Fajardo Orshan
U.S. Attorney for the
   Southern District of Florida
500 E. Broward Blvd.
Ft. Lauderdale, FL 33394
Via email: Sarah.Schall@usdoj.gov

      Re:    <u>Protecting the Rights of Jeffrey Epstein's Victims</u>

Dear Ms. Orshan:

      We represent several victims of sex abuse and trafficking crimes committed by Jeffrey Epstein, including Jane Doe 1, Jane Doe 2, Jane Doe 3, and Jane Doe 4. We write to request that you make your best efforts to see that these victims are accorded their rights under the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771. In particular, we ask you to immediately rescind the provisions in the non-prosecution agreement barring prosecution of Epstein and his co-conspirators and reopen the investigation. As Judge Marra has clearly ruled, your Office entered into those particular provisions with Epstein in 2007 illegally. We ask that you now extend to our clients – and all of Epstein's victims – their right to confer about the reasons Epstein and his co-conspirators should be federally prosecuted by your Office for the crimes he committed against them.

      You are no doubt generally familiar with the facts surrounding Epstein's numerous federal sex crimes committed within your District, so we will just highlight a few salient facts that were all recently found by U.S. District Judge Kenneth Marra in his detailed opinion and order granting our clients summary judgment and finding that your Office had violated the CVRA. Opinion and Order, *Jane Does v. United States*, No. 9:08-cv-80736 (Feb. 21, 2019) (hereinafter referred to as "Summary Judgment Order").

      As Judge Marra explained, between about 1999 and 2007, "Jeffrey Epstein sexually abused more than 30 minor girls, including Petitioners Jane Doe 1 and Jane Doe 2 . . . at his mansion in Palm Beach, Florida, and elsewhere in the United States and

---

[*] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah.

overseas. Because Epstein and his co-conspirators knowingly traveled in interstate and international commerce to sexually abuse Jane Doe 1, Jane Doe 2 and others, they committed violations of not only Florida law, but also federal law." *Id.* at 1-2 (internal citations omitted). To make a long story short, ultimately in 2007 your Office entered into a non-prosecution agreement with Epstein, in which your Office agreed not to prosecute him for federal sex abuse crimes committed against Jane Doe 1 and Jane Doe 2 and countless other underage girls whom Epstein and his co-conspirators victimized. *Id.* at 7-10. This non-prosecution agreement was an illegal agreement, as your Office entered into it by violating the CVRA:

> Here, it is undisputed that the Government entered into a NPA with Epstein without conferring with [Jane Doe 1 and Jane Doe 2] during its negotiation and signing. Instead, the Government sent letters to the victims requesting their "patience" with the investigation even after the Government entered into the NPA. At a bare minimum, the CVRA required the Government to inform Petitioners that it intended to enter into an agreement not to prosecute Epstein. Although the binding effect of the NPA was contingent upon Epstein pleading guilty to the state charges, that contingency was out of the control of the Government. The Government's hands were permanently tied if Epstein fulfilled his obligations under the NPA. Thus, Petitioners and the other victims should have been notified of the Government's intention to take that course of action before it bound itself under the NPA. Had the Petitioners been informed about the Government's intention to forego federal prosecution of Epstein in deference to him pleading guilty to state charges, Petitioners could have conferred with the attorney for the Government and provided input. *In re Dean*, 527 F.3d 391, 394 (5th Cir. 2008) (there are rights under the CVRA including the "reasonable right to confer with the attorney for the Government"). Hence, the Government would have been able to "ascertain the victims' views on the possible details of the [non-prosecution agreement]." *Id.* Indeed, it is this type of communication between prosecutors and victims that was intended by the passage of the CVRA. *See United States v. Heaton*, 458 F. Supp. 2d 1271 (D. Utah 2006)(government motion to dismiss charge of using facility of interstate commerce to entice minors to engage in unlawful sexual activity would not be granted until government consulted with victim); *United States v. Ingrassia*, No. CR-04-0455ADSJO, 2005 WL 2875220, at *17 n. 11 (E.D.N.Y. Sept. 7, 2005) (Senate debate supports the view that the contemplated mechanism for victims to obtain information on which to base their input

was conferral with the prosecutor concerning any critical stage or disposition of the case).

*Id.* at 26-27.

Judge Marra also noted that your Office had "concealed" the NPA from the victims and "misled" the victims about the possibility of a federal prosecution:

Particularly problematic was the Government's decision to conceal the existence of the NPA and mislead the victims to believe that federal prosecution was still a possibility. When the Government gives information to victims, it cannot be misleading. While the Government spent untold hours negotiating the terms and implications of the NPA with Epstein's attorneys, scant information was shared with victims. Instead, the victims were told to be "patient" while the investigation proceeded.

*Id.* at 28.

In light of these and other illegal actions by your Office, Judge Marra specifically held that "under the facts of this case, there was a violation of the victims' rights under the CVRA." *Id.* at 33. He granted Jane Doe 1 and Jane Doe 2's motion for summary judgement on the issue of whether your Office violated the CVRA, holding that their "right to conferral under the CVRA was violated." *Id.*

Because of these clear and specific findings, your Office now has clear and specific obligations under the CVRA. In particular, under 18 U.S.C. § 3771(c)(1), all "[o]fficers and employees of the Department of Justice . . . *shall* make their best efforts to see that crime victims are notified of, and accorded, the rights described in [the CVRA]." Your Office must follow this congressional command and "accord" Jane Doe 1 and Jane Doe 2 – along with Epstein's numerous other victims – their right to reasonably confer with your Office concerning the need for federally prosecuting Epstein and his co-conspirators for the numerous sexual trafficking crimes they committed in your District.

Judge Marra has already directly ruled on how your Office must protect Epstein's victims' rights. Judge Marra has held that the victims' "rights under the CVRA attach before the Government brings formal charges against a defendant." Summary Judgment Order at 26 (*citing Does v. United States*, 817 F. Supp. 2d 1337, 1341

3

(S.D. Fla. 2011)). Judge Marra has also held that "the CVRA authorizes the *rescission or "reopening" of a prosecutorial agreement,* including a non-prosecution agreement, reached in violation of a prosecutor's conferral obligations under the statute." *Id.* (emphasis added) (*quoting Does v. United States*, 950 F. Supp. at 1267). Judge Marra has further held that "section 3771(d)(5) of the CVRA authorizes the setting aside of pre-charge prosecutorial agreements . . . ." *Id.* (*citing Does v. United States*, 950 F. Supp. 2d at 1267). And, finally, Judge Marra has further held that "the 'reasonable right to confer . . . in the case' extends to the pre-charge state of criminal investigations and proceedings." *Id.*

In view of these findings – binding on your Office as a party to the litigation – your Office has a statutory duty to protect the CVRA rights of Jane Doe 1 and Jane Doe 2 through "rescission or reopening" of Epstein's non-prosecution agreement. We request that your Office immediately take that step and notify all of Epstein's victims that the provisions in the agreement blocking the federal prosecution of Epstein and his co-conspirators have been rescinded and that the victims now have a right to confer with your Office about federal prosecution of Epstein. You and the other prosecutors in your Office have specific and personal obligations under the CVRA to make your "best efforts" to accord the victims of their rights. Congress did not limit those obligations in any way, and your Office must follow that congressional command.

In the past, we have met at various times with your predecessor and the capable prosecutors handling this matter, trying to resolve these issues without the need for further litigation. All those efforts have been for naught, because your Office continually asserted the position that it had not violated the victims' CVRA rights. Now that Judge Marra has directly rejected your Office's claim, we hope that your Office will rapidly do the right thing and give the victims' the conferral and other rights to which they are entitled.

We would be happy to meet with your Office further to discuss how protecting victims' rights can be most effectively accomplished. In light of Judge Marra's order that we are to confer with your Office regarding issues concerning remedies in this case by March 8, the favor of a prompt reply is requested.

Thank you in advance for considering these requests.

                    Sincerely,

                    Bradley J. Edwards
                    Paul G. Cassell
                    Jack Scarola

                    *Counsel for Jane Doe 1, Jane Doe 2, Jane Doe 3, and Jane Doe 4*

cc:    Dexter Lee
        Marie Villafaña