# EXHIBIT 2

PAUL G. CASSELL<br>
Ronald N. Boyce Presidential Professor of Criminal Law<br>
S.J. Quinney College of Law at the University of Utah<br>
383 S. University St.<br>
Salt Lake City, UT 84112<br>
Telephone: 801-585-5202<br>
cassellp@law.utah.edu[*]

March 4, 2019

Ms. Ariana Fajardo Orshan
U.S. Attorney for the
  Southern District of Florida
500 E. Broward Blvd.
Ft. Lauderdale, FL 33394
Via email: Sarah.Schall@usdoj.gov

      Re:    <u>Protecting the Rights of Jeffrey Epstein's Victims</u>

Dear Ms. Orshan:

      As you know, we represent several victims of federal sex abuse and sex trafficking crimes committed by Jeffrey Epstein, including Jane Doe 1, Jane Doe 2, Jane Doe 3, and Jane Doe 4.  On February 25, 2019, we wrote to request that you make your best efforts to see that these victims are accorded their rights under the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771 – specifically that your Office immediately rescind the provisions in the non-prosecution agreement barring prosecution of Epstein and his co-conspirators and reopen the investigation.  We requested the favor of a prompt reply.  Judge Marra has directed that we confer to determine whether we can jointly fashion a remedy for the violation of the victims' rights and, in any event, what submissions and proceedings are needed to reach a final resolution of the remedy issue.  We have a right to confer under the CVRA.  You have not yet responded.

      We write – again and with increased urgency – to request that your Office immediately work with us to implement the only efficacious remedy for the victims that is available: rescinding the provisions in the non-prosecution agreement barring Epstein's prosecution for federal sex crimes by your Office.  As we explained in our earlier letter, Judge Marra has already ruled that the law permits this remedy.   Judge Marra has specifically held that "the CVRA authorizes the *rescission or "reopening" of a prosecutorial agreement,* including a non-prosecution agreement, reached in violation of a prosecutor's conferral obligations under the statute."  Opinion and Order at 26, *Jane Does v. United States*, No. 9:08-cv-80736 (Feb. 21, 2019) (*quoting Does v. United States*, 950 F. Supp. at 1267).  Judge Marra has further held that "section 3771(d)(5) of the CVRA authorizes the setting aside of pre-charge prosecutorial agreements . . . ."  *Id.* (*citing Does v. United States*, 950 F. Supp. 2d at 1267).

---

[*] This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah.

You and the prosecutors in your Office have an obligation to afford our clients their congressionally granted right to confer about whether to prosecute Epstein.  *See* 18 U.S.C. § 3771(c)(1).  Through more than a decade of litigation, the U.S. Attorney's Office for the Southern District of Florida and sexual assault victims have been litigating whether the victims' rights were violated.  That issue has been decided.  The only issue for your Office now is whether it wants to confer with victims about whether federal prosecution of serial pedophile and major international sex trafficker is appropriate.

Congress has directed that prosecutors must confer with victims about important prosecutive decisions.  The path forward now is simple.  We could work together to draft a proposed court order that will quickly resolve this long-running litigation, by declaring the provisions of the NPA barring Epstein's prosecution to be invalid and that your Office will confer about whether to prosecute.  We stand ready to discuss details in the proposed order, including creating time for Epstein to raise any objections he might have with the court.

If for any reason you are unwilling to agree with what we believe is the obvious resolution of this unfortunate split between victims of federal sex crimes and prosecutors with power to prosecute those crime, we would —again – like to quickly confer about the matter.  On behalf of our clients, we have a right to confer under 18 U.S.C. § 3771(a)(5).

Time is of the essence.  On Friday of this week, we must advise the judge whether the victims and the prosecutors are united – or divided.  The favor of quick response is – again – requested.

    Sincerely,

    Bradley J. Edwards
    Paul G. Cassell
    Jack Scarola

    *Counsel for Jane Doe 1, Jane Doe 2, Jane Doe 3, and Jane Doe 4*

cc:    Dexter Lee
       Marie Villafaña