# Exhibit A

GOVERNMENT

EXHIBIT

O

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Ja / P. Lefkowitz, P.C.
To Call Writer Directly:
(212) 446-4970
lefkowitz@kirkland.com

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

December 26, 2007

**VIA FACSIMILE (305) 530-6444**

Honorable R. Alexander Acosta
United States Attorney
United States Attorney's Office
Southern District of Florida
99 NE 4th Street
Miami, FL 33132

*Re: Jeffrey Epstein*

Dear Alex:

      I write to address the questions you posed to me during a conversation we had late last week. Specifically, you requested a clarification of our position on two issues: (1) our view on your latest proposal regarding notification to the alleged victims under 18 U.S.C. § 3771; and (2) our response to your proposed language regarding the 18 U.S.C. § 2255 component of the deferred-prosecution agreement (the "Agreement"). Before I turn to these questions, I would like to reiterate that this letter responds to your invitation to discuss proposed modifications to the Agreement and should not be construed in any way as a breach of the Agreement. With that said, I must tell you that the more I look into these issues, the more difficulties I see in trying to tie the resolution of a federal criminal matter with a federal civil matter involving minors, and this is even further complicated when the premise of the resolution is a deferred federal prosecution conditioned on a plea to specific state offenses with a specific sentence predetermined and required to be imposed by the state court, without consideration of the fact that the State view of this case differs dramatically from yours. With that in mind, I turn to each of your questions below.

      First, although we appreciate your willingness to modify your Office's § 3771 notice, which is embodied in your latest proposal, we must still object to aspects of your proposal on the ground that notice under § 3771 is per se inapplicable to this case under the Attorney General's own guidelines, because the alleged victims are not "crime victims" under § 3771. The Attorney General Guidelines for Victim and Witness Assistance defines "crime victim" as follows:

> For the purpose of enforcing the rights enumerated in article I.B, a victim is 'a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia' (18 U.S.C. § 3771(e)) if the offense is **charged** in Federal district court. If a victim is under 18 years of age, incompetent, incapacitated, or

December 26, 2007
Page 2

> deceased, a family member or legal guardian of the victim, a representative of the victim's estate, or any other person so appointed by the court may exercise the victim's rights, but in no event shall the accused serve as a guardian or representative for this purpose. (18 U.S.C. § 3771(e)).

The Attorney General Guidelines for Victim and Witness Assistance, at 9 (emphasis added).

Here, the women are clearly not "crime victims" under the Attorney General Guidelines definition. To be a "crime victim", a person or entity must be harmed by an offense that has been <u>charged</u> in Federal district court. *See U.S. v. Guevara-Toloso*, 2005 WL 1210982 at *2 (E.D.N.Y. May 23, 2005) (noting that § 3771's reference to "the crime" suggests "a focus only on the crime with which a defendant is <u>charged</u> in the case in which a victim seeks to assert her statutory rights.") (emphasis added) Since there has been no offense charged in Federal district court in this matter, the identified individuals necessarily do not qualify as "crime victims". In addition, the Attorney General Guidelines further defines a "crime victim" as "a person that has suffered direct physical, emotional, or pecuniary harm as a result of the commission of a crime. (42 U.S.C. § 10607(e)(2))" *Id.* As you know, we believe we have shown that at least some (if not all) of the identified individuals did not suffer any injury at all in connection with Mr. Epstein's alleged conduct.[1]

In addition, under the Attorney General Guidelines, notification must be balanced against any action that may impinge on Mr. Epstein's due process rights. The Attorney General Guidelines clearly call into question "the wisdom and practicality of giving notice" to a "possible witness in the case and the effect that relaying any information may have on the defendant's right to a fair trial." The Attorney General Guidelines for Victim and Witness Assistance, at 30. The Attorney General Guidelines caution federal prosecutors from providing notice to potential witnesses in instances where such notice could compromise the defendant's due process rights. This is particularly true, as here, if the notice includes confidential information, including the conditions of a confidential deferred-prosecution agreement or non-prosecution agreement. In light of these concerns, we respectfully request that you reconsider sending notices to the alleged victims pursuant to § 3771.

Our objection to § 3771 notwithstanding, we do not object (as we made clear in our letter last week) that some form of notice be given to the alleged victims. To that end, we request an opportunity to review the notification before it is sent in order to avoid any confusion or misunderstandings. We believe, however, that any and all notices with respect to the alleged victims of state offenses should be sent by the State Attorney rather than your Office, and we

---

[1] See for example, our prior submissions regarding ▓▓▓▓▓▓▓▓



December 26, 2007
Page 3

agree that your Office should defer to the discretion of the State Attorney regarding all matters with regard to those victims and the state proceedings.

**Second**, the more we work to resolve our mutual concerns regarding the § 2255 component of the Agreement, the more our growing fears are realized that the implementation of § 2255 in this case is inherently flawed and becoming truly unmanageable. In the first instance, the implementation of § 2255 in this matter causes manageability concerns because it appears the civil component of this case must be stayed until after all phases of a criminal action have been resolved. 18 U.S.C. § 3509(k), which codifies child victims' and child witnesses' rights, seems on its face to preclude any interference arising from a potential or pending civil action on a related criminal proceeding in order to protect a defendant's right to due process. The statute states:

> If, at any time that a cause of action for recovery of compensation for damage or injury to the person of a child exists, a criminal action is pending which arises out of the same occurrence and in which the child is the victim, the civil action shall be stayed until the end of all phases of the criminal action and any mention of the civil action during the criminal proceeding is prohibited. As used in this subsection, a criminal action is pending until its final adjudication in the trial court.

18 U.S.C. § 3509(k). *See also, John Doe I v. Francis*, 2005 WL 517847, at *2 (N.D. Fla. Feb. 10, 2005) ("the language of 18 U.S.C. § 3509(k) is clear that a stay is required in a case such as this where a parallel criminal action is pending which arises from the same occurrence involving minor victims. *See* 18 U.S.C. § 3509(k). Inasmuch as Plaintiffs have offered no authority or evidence to the contrary, the Court finds that the stay in this case must remain in effect until final adjudication of the criminal case by the state court.")

It appears that any attempt to resolve the civil component of this case (be it through structured settlements or civil litigation) may be precluded by § 3509(k) insofar as all phases of the criminal action have not yet been resolved. To allow for a civil cause of action while a related criminal action remains pending can unduly bias the witnesses who could be improperly incentivized by a potential monetary recovery. The prevention of such a result is precisely the reason that § 3509(k) was enacted. Indeed, there can be no such resolution of "all phases of the criminal action" here, until Mr. Epstein's state sentence is concluded and all opportunity for the initiation of a federal prosecution is foreclosed.

In addition, we have reiterated in previous submissions that Mr. Epstein does not believe he is guilty of the federal charges enumerated under § 2255. For this reason, we believe that your proposed language regarding an appropriate § 2255 procedure unfairly asks Mr. Epstein to agree that each and every alleged victim identified by the Government is a victim of an enumerated federal offense under § 2255 and should, therefore, be placed in the same position



December 26, 2007
Page 4

she would have been had Mr. Epstein been convicted of such an offense. As we discussed last week, it is this requirement that makes your § 2255 proposal so problematic. As much as we appreciate your willingness to revisit the § 2255 issues, we cannot accept your language as proposed, because we believe that the conduct of Mr. Epstein with respect to these alleged victims fails to satisfy the requisite elements of any of the enumerated offenses, including 18 U.S.C. § 2422(b) or 18 U.S.C. § 2423(b). In light of the information we have presented to you regarding the two alleged victims whom we understand appear on your list, we hope you understand why your language presents us with these concerns. Essentially, you are asking us to help put these women in a position that may not be warranted.

In short, your proposed language regarding § 2255 states that Mr. Epstein should be treated "as if he had been convicted" of an enumerated federal crime. This requires Mr. Epstein to in essence admit guilt, though he believes he did not commit the requisite offense. The United States Attorney Manual ("USAM") 9-27.440, Principles of Federal Prosecution, sets forth a clear requirement when a defendant tenders a plea of guilty but subsequently denies committing the offense to which he has offered to plead. Specifically, 9-27.440 provides, in part:

> In a case in which the defendant tenders a plea of guilty but denies committing the offense to which he/she offers to plead guilty, the attorney for the government should make an offer of proof of all facts known to the government to support the conclusion that the defendant is in fact guilty. *See also* USAM 9-16.015.

To date, your Office has refused our requests to share such information with us. For the purposes of attempting to resolve the § 2255 issue, we once again request that your Office make this proof available. Specifically, your Office has represented that liability exists under § 2422(b) and § 2423(b), as well as the state offense, Florida Statute § 796.03. We would welcome this previously sought information at your earliest convenience to enable us to resolve this matter in a timely fashion.

Finally, I would like to address your request that we provide revised language to your Office regarding the appropriate § 2255 procedure. Given the inherent complexities described above, we have not been able to find language that comports with the Agreement and your stated goals, especially given your insistence that the women be placed in the same position as if Mr. Epstein "had been convicted".[2] However, if you so choose — and keeping in mind that we

---

[2] In addition, we remind you that wholly and apart from the judicial stay that appears to be required under § 3509(k), we believe that the minimum damages amount referenced in § 2255 ($150,000) is subject to an ex-post facto motion, as the statutory minimum was $50,000 at the time of the alleged conduct and the statute is being implemented in a deferred-prosecution agreement.

December 26, 2007
Page 5

intend to abide by the Agreement — we would be willing at you earliest convenience to discuss possible alternatives.

    Thank you for your time and consideration. We remain available to work with you to resolve these difficult issues in a constructive manner, and we look forward to your response to the concerns we have raised that have not yet been addressed by your Office.

Sincerely,

Jay P. Lefkowitz

cc:    Jeffrey H. Sloman, First Assistant U.S. Attorney