UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:08-80736-Civ-Marra/Johnson

JANE DOE #1 and JANE DOE #2

    v.

UNITED STATES

_____/

### JANE DOE NO. 1 AND JANE DOE NO. 2'S MOTION TO TEMPORARILY SEAL LIMITED PORTIONS OF THEIR REPLY TO INTERVENOR EPSTEIN'S BRIEF IN OPPOSITION TO PROPOSED REMEDIES

COME NOW Jane Doe No. 1 and Jane Doe No. 2 (the "victims"), by and through undersigned counsel, to file this motion to temporarily seal limited portions of their Reply to Intervenor Epstein's Brief in Opposition to Proposed Remedies and to place a redacted copy of their Reply in the public docket until the Court has further evaluated the sealing issue.

This motion relates to matters that have previously been before the Court. On December 28, 2015, Jane Doe 1 and 2 filed a motion seeking materials from the Government that would help them prove various aspects of their claims. DE 348. In order to ensure that there was an opportunity for anyone concerned about the motion being part of the public court file to object, Jane Doe 1 and 2 also simultaneously filed a motion to temporarily seal their motion for a period of ten days to provide an opportunity to object. DE 347. No objection to the materials being made part of the public court file was ever filed.

Thereafter, on January 14, 2016, the Government responded in opposition to production of the materials. DE 354. It also filed a motion to seal its opposition pending a ruling from the Court on sealing issues. DE 353.

1

On January 29, 2016, the victims replied to the Government.  DE 358.  The victims also requested that their reply be filed under seal for ten days or until the Court ruled on any motion by any non-party to seal the motion, whichever was longer.  DE 357

Thereafter, the Court maintained the three pleadings (DE 348, 354, and 358) under seal – but did not enter a formal ruling on the motions to temporarily seal.  No objection to the three documents being unsealed was ever filed.

On February 21, 2019, the Court granted summary judgment in favor of the victims on the violation of their Crime Victims Rights Act right to confer.  DE 435.  In doing so, the Court found it unnecessary to reach the victims' motion for production of materials.  But the Court left open the possibility that the victims could reassert that motion and specifically ruled that "Jane Doe 1 and Jane Doe 2's Motion to Compel Answers (DE 348) is denied *without prejudice.*"  359 F.Supp.3d at 1222 (emphasis added).

Now Jane Doe 1 and 2 are reasserting the issues raised in DE 348, in a limited portion of their brief replying to Epstein.  In light of local rule 5.4(a) which indicates that Court filings are generally a matter of public record, the victims understand that the material in question would not typically be sealed.  And in this case, the victims believe that the public interest would be best served by having the issues in question litigated in the public court docket.  However, in order to provide an opportunity for the Court to evaluate the issue, the victims request that limited portions of their reply be placed temporarily under seal and that a redacted Reply to Intervenor Epstein's Brief in Opposition to Proposed Remedies be placed in the public docket, pending the Court's ruling on whether the redacted portions can also be placed in the public docket. A copy of the

2

redacted reply is simultaneously being filed with this motion. An unredacted copy has been provided to the Court and counsel for the Government and Epstein.

**WHEREFORE,** the victims request that portions of their Reply to Intervenor Epstein's Brief in Opposition to Proposed Remedies be placed temporarily under seal, and that the Court then make a ruling on whether the materials that have been redacted can also be placed in the public court file. The victims also respectfully suggest that, in light of the fact that no opposition was ever received placing the materials found in DE's 348, 354, and 358 in the public docket, that those three docket entries be unsealed.

DATED: July 23, 2019

                Respectfully Submitted,

                /s/ Bradley J. Edwards
                Bradley J. Edwards
                FARMER, JAFFE, WEISSING,
                EDWARDS, FISTOS & LEHRMAN, P.L.
                425 North Andrews Avenue, Suite 2
                Fort Lauderdale, Florida 33301
                Telephone (954) 524-2820
                Facsimile (954) 524-2822
                E-mail: brad@pathtojustice.com

                *And*

Paul G. Cassell
*Pro Hac Vice*
S.J. Quinney College of Law at the
University of Utah[*]
332 S. 1400 E.
Salt Lake City, UT 84112
Telephone: 801-585-5202
Facsimile: 801-585-6833
E-Mail: cassellp@law.utah.edu

*Attorneys for Jane Does No. 1 and 2*

---

[*]This daytime business address is provided for identification and correspondence purposes only and is not intended to imply institutional endorsement by the University of Utah

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served on July 23, 2019, on the following using the Court's CM/ECF system or, for non-parties, by separate email service:

Dexter Lee
A. Marie Villafaña
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
(561) 820-8711
Fax: (561) 820-8777
E-mail: Dexter.Lee@usdoj.gov
E-mail: ann.marie.c.villafana@usdoj.gov

*Attorneys for the Government*

Roy Eric Black
Jacqueline Perczek
Black Srebnick Kornspan & Stumpf
201 S Biscayne Boulevard
Suite 1300
Miami, FL 33131
305-371-6421
Fax: 358-2006
Email: pleading@royblack.com

*Attorneys for Jeffrey Epstein*

/s/ Bradley J. Edwards