UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80736-CIV-MARRA

JANE DOE 1 AND JANE DOE 2,

    Petitioners,

vs

UNITED STATES OF AMERICA,

    Respondent.
_____/

JEFFREY EPSTEIN,

    Limited Intervenor.
_____/

### LIMITED INTERVENOR JEFFREY EPSTEIN'S MOTION FOR LEAVE TO FILE A REPLY ON OR BEFORE AUGUST 22, 2019

Limited Intervenor JEFFREY EPSTEIN, through undersigned counsel, respectfully moves the Court for an Order granting him leave to file a reply to Petitioners' Reply to Intervenor Epstein's Brief in Opposition to Proposed Remedies (DE 466), on or before August 22, 2019.

1. On May 13, 2019, this Court entered an Order (DE 454) setting a briefing schedule for the Petitioners to file their initial submission on proposed remedies, the government and Mr. Epstein to file a response, and for Petitioners to file a reply.

2. Petitioners filed their initial submission on May 23, 2019 (DE 458), the government filed its response on June 24, 2019 (DE 462), Mr. Epstein filed his

1

response on July 8, 2019 (DE 463), and Petitioners filed their replies to the government and Mr. Epstein's submissions on July 9 & 23, 2019, respectively (DE 464; DE 466).

3. Petitioners' reply to Mr. Epstein's Brief (DE 466) is 65 pages long. In that reply, among other things, Petitioners' counsel:

a) raise an issue, for the first time, about the binding nature of the NPA on other districts, which is not relevant to the issues before the Court and has never been briefed before this Court (DE 466:3-5);

b) rely on sealed documents that Mr. Epstein has never seen (DE 466:19-23, 48), to argue, for the first time at the remedy phase, that a purported conflict of interest that allegedly plagued one of Mr. Epstein's lawyers somehow requires partial rescission of the NPA, despite that it is a criminal defendant's sixth amendment right – not an alleged victim's – to insist that the defendant be represented by conflict-free counsel;

c) rely heavily on the case of *San Pedro v. United States*, 79 f.3d 1065, 1068 (11th Cir. 1999) (DE 466:24-25, 38), an easily distinguished case not cited by Petitioners in their initial submission (DE 458) that Mr. Epstein has never had an opportunity to address;

d) adopt positions that are different from their initial submission, *compare* DE 466:27 (now defining "partial rescission" as "rescission of the immunity provisions for only those victims who seek rescission") *with* DE

458:4, 5, 13 (not limiting the request for partial rescission to only Petitioners);

e) accuse Mr. Epstein's counsel of "misleading briefing" in the section on the general releases in the Settlement Agreements (DE 466:42), for using ellipses in place of the words "compensatory or punitive damages," even though the general releases preclude all actions or claims *in equity* against Mr. Epstein which, by definition, involve injunctive relief and do not involve compensatory or punitive damages;

f) contend that the Court's Order (DE 454:2) permitting the filing of affidavits and declarations at the remedy phase undermines Mr. Epstein's procedural due process argument (DE 466:7-10), a contention to which Mr. Epstein has never had an opportunity to respond;

g) mischaracterize Mr. Epstein's discussion of the *Walker* case (DE 464:55-56), inasmuch as it was not the Seventh Circuit's ruling in *Walker* that Mr. Epstein claimed was "entirely confused," but rather the Petitioners' discussion of it in their initial submission. (DE 463:25); and

h) advocate for a remarkably primitive view of the constitutional role of defense lawyers, labeling as "bad faith" defense counsel's denial of their presumptively innocent client's guilt (DE 466:21), and claiming that they are "instigators" of government violations as a result of demands they made, without coercion or bribery, during the normal back and forth of plea negotiations.

4. Given the new arguments, changed position, and the stakes involved, Mr. Epstein respectfully requests leave to file a reply to Petitioners' recent submission on or before August 22, 2019.

5. Mr. Epstein is currently detained at the Metropolitan Correctional Center in Manhattan. As a result, it is more time-consuming to review drafts of a submission with him before the submission is filed.

6. Counsel for Mr. Epstein communicated with AUSA Jill E. Steinberg, counsel for the government, who advises that the government does not object. Counsel for Mr. Epstein also communicated with Paul Cassell, counsel for the Petitioners, who advises that the Petitioners will likely object.

        Respectfully submitted,

/s/Roy Black
Roy Black, Esq.
(FL Bar No. 126088)
Jackie Perczek, Esq.
(FL Bar No. 42201)
BLACK, SREBNICK, KORNSPAN & STUMPF, P.A.
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
Tele: (305) 371-6421
Fax: (305) 358-2006
E-Mail: rblack@royblack.com
E-Mail: jperczek@royblack.com

/s/Martin G. Weinberg
Martin G. Weinberg, Esq.
MARTIN G. WEINBERG, P.C.
(MA Bar No. 519480)
20 Park Plaza, Suite 1000
Boston, Massachusetts 02116
Tele:  (617) 227-3700
Fax:  (617) 338-9538
E-Mail:  owlmgw@att.net

/s/ Scott A. Srebnick
Scott A. Srebnick, Esq.
(FL Bar No 872910)
SCOTT A. SREBNICK, P. A.
201 South Biscayne Boulevard, Suite 1210
Miami, Florida 33131
Tele:  (305) 285-9019
Fax: (305) 377-9937
E-Mail:  scott@srebnicklaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of July 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  According to the Court's website, counsel for all parties and intervenors are able to receive notice via the CM/ECF system.

/s/Jackie Perczek
Jackie Perczek