UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80736-CIV-MARRA

JANE DOE 1 AND JANE DOE 2,

    Petitioners,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

JEFFREY EPSTEIN,

    Intervenor.
_____/

## RESPONSE TO RULE 25 NOTICE, AND SUGGESTION OF MOOTNESS

Petitioners have filed a Rule 25 Notice of Death, arguing that in light of Mr. Epstein's death, the Court can now grant the Petitioners all of their proposed remedies, including rescission or reformation of the NPA. DE 475:1-2. Rather than grant this remedy, the Court is duty-bound to deny it as moot.

As a result of Mr. Epstein's death, there is no longer an Article III Case or Controversy concerning rescission of the NPA as a remedy to allow Petitioners to confer with and attempt to persuade the government to prosecute Mr. Epstein. The dispute pertaining to rescission as a remedy in this case is now "solely about the meaning of a law, abstracted from any concrete actual or threatened harm," and any resolution by the Court

would be an impermissible declaration of principles or opinions providing no palpable redress. Accordingly, because the Court can no longer offer any effective relief to the Petitioners with respect to their proposed remedy seeking to invalidate certain provisions of the NPA so that Petitioners can consult with the government and advocate for the prosecution of Mr. Epstein – a prosecution that is now impossible – the Court should deny this remedy as moot. *Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 732-33 (11th Cir. 2018); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013); *Alvarez v. Smith*, 558 U.S. 87, 93-94 (2009); *Preiser v. Newkirk*, 422 U.S. 395, 401-02 (1975).

## ARGUMENT

Article III, § 2 of the Constitution provides the judiciary with the authority to adjudicate Cases and Controversies. "In our system of government, courts have 'no business' deciding legal disputes or expounding on law in the absence of such a case or controversy." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013) (cleaned up).[1] "[A]n actual controversy must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation." *Id.*, citing *Alvarez v. Smith,* 558 U.S. 87, 92 (2009); *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed'"); *Gagliardi v. TJC Land Trust*, 889 F.3d 728, 733 (11th Cir. 2018) (a justiciable case or controversy must be present "at all stages of review").

---

[1] This brief uses the parenthetical "(cleaned up)" in its citations to indicate that, for ease of reading, internal quotation marks, alterations, and citations found in the original have been omitted. https://www.lawprose.org/lawprose-lesson-303-cleaned-up-quotations-and-citations/

A federal-court case becomes moot when the parties no longer have "a legally cognizable interest in the outcome." *Already, LLC,* 568 U.S. at 91 (cleaned up). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Id.* (cleaned up).

While the Court has already ruled that the CVRA allows rescission of a non-prosecution agreement, there is no longer an Article III controversy calling for the Court to declare whether rescission is the appropriate remedy here. Petitioners sought rescission to advocate for Mr. Epstein's prosecution in the Southern District of Florida. And this Court has held that "[t]he CVRA was designed to protect victims' rights *and ensure their involvement in the criminal justice process.*" *Doe 1 v. United States*, 359 F. Supp. 3d 1201, 1217-18 (S.D. Fla. 2019) (emphasis added). However, as a result of Mr. Epstein's death, all criminal justice process against him has ended; the CVRA rights, including the right to confer with the government to urge Mr. Epstein's prosecution, are no longer "of sufficient immediacy and reality" to warrant a ruling on the rescission remedy proposed by the Petitioners. See *Gagliardi,* 889 F.3d at 732-33 ("Mootness demands that there be something about the case that remains alive, present, real, and immediate so that a federal court can provide redress in some palpable way. Thus, a case becomes moot when the reviewing court can no longer offer any effective relief to the claimant"), citing *Already, LLC*, 568 U.S. at 90–91 ("[A] case that was once cognizable under Article III becomes moot when 'an intervening circumstance deprives the plaintiff of a personal stake in

the outcome of the lawsuit"). Accordingly, the Court should deny the rescission remedy sought by Petitioners as moot.[2]

The Supreme Court has recognized an exception to the doctrine of mootness "in cases that are 'capable of repetition, yet evading review.'" *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). The exception applies when there is "a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.*; *Los Angeles v. Lyons,* 461 U.S. 95, 109 (1983) ("[T]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality"). The repetition exception does not apply here because the Petitioners cannot show that they will again be subjected to the same illegality they alleged in their Petition. In any event, the Court can be assured that its prior rulings that (1) CVRA rights attach pre-indictment, and (2) the CVRA authorizes rescission or reopening of an NPA, *Doe 1 v. United States*, 359 F. Supp. 3d 1201, 1218 (S.D. Fla. 2019), will prevent repetition of the conduct alleged in this Petition, whereas an unnecessary individualized decision regarding remedy does not fit the narrow "capable of repetition" exception.

Finally, Petitioners ask that the Court "rescind the NPA's provisions blocking the prosecution of Epstein's co-conspirators." DE 475:3. The law has been settled for thirty

---

[2] As well, because there is no longer a Case or Controversy as to Mr. Epstein, the doctrine of constitutional avoidance counsels against reaching a decision on whether the NPA should be rescinded or reformed. Under the doctrine of constitutional avoidance, courts should construe a statute to avoid serious constitutional problems unless such a construction is plainly contrary to the intent of Congress. See *Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. & Constr. Trades Council*, 485 U.S. 568, 575 (1988).

years that "a party seeking a judgment binding on another cannot obligate that person to intervene; he must be joined." *Martin v. Wilks*, 490 U.S. 755, 763 (1989), *superseded by statute in not relevant part as stated in Landgraf v. USI Film Products*, 511 U.S. 244 (1944). As the Supreme Court stated:

> The parties to a lawsuit presumably know better than anyone else the nature and scope of relief sought in the action, and at whose expense such relief might be granted. It makes sense, therefore, to place on them a burden of bringing in additional parties where such a step is indicated, rather than placing on potential additional parties a duty to intervene when they acquire knowledge of the lawsuit.

*Id.* at 765; *Steans v. Combined Ins. Co. of America*, 148 F.3d 1266, 1270 (11th Cir. 1998) (citing *Martin v. Wilks* and refusing to allow an Order to bind a non-party); *see also Chase Nat'l Bank v. Norwalk*, 291 U.S. 431, 441 (1934) ("The law does not impose upon any person absolutely entitled to a hearing the burden of voluntary intervention in a suit to which he is a stranger …. Unless duly summoned to appear in a legal proceeding, a person not a privy may rest assured that a judgment recovered therein will not affect his legal rights."). If the Court is inclined to entertain remedies affecting third parties, at a minimum there should be notice to them so that they have a full and fair opportunity to litigate the claims affecting them, and are afforded the "deep-rooted historic tradition that everyone should have his own day in court." *Taylor v. Sturgell*, 553 U.S. 880, 892-93 (2008); *Herrlein v. Kanakis*, 526 F.2d 252, 255 (7th Cir. 1975) (it is "antithetical to the primary axiom of our jurisprudence that no man shall be subject to judicial sanction without the opportunity for a hearing on the merits of the claim").

## CONCLUSION

Petitioners sought two remedies against Mr. Epstein: (1) reopening the NPA to excise its immunity provisions to allow for prosecution of Mr. Epstein, and (2) an advisory opinion that the Constitution would permit such a prosecution. (DE 458:4-5, 13 n.5). Petitioners correctly concede that prosecution of Mr. Epstein is "a moot point." (DE 475:3). In light of Mr. Epstein's death, and for the additional reasons cited above, the Court should deny both remedies as moot.

Respectfully submitted,

*/s/Roy Black*
**Roy Black, Esq.**
(FL Bar No. 126088)
**Jackie Perczek, Esq.**
(FL Bar No. 42201)
BLACK, SREBNICK, KORNSPAN & STUMPF, P.A.
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
Tele:  (305) 371-6421
Fax:  (305) 358-2006
E-Mail: rblack@royblack.com
E-Mail: jperczek@royblack.com

*/s/Martin G. Weinberg*
**Martin G. Weinberg, Esq.**
MARTIN G. WEINBERG, P.C.
(MA Bar No. 519480)
20 Park Plaza, Suite 1000
Boston, Massachusetts 02116
Tele:  (617) 227-3700
Fax:  (617) 338-9538
E-Mail:  owlmgw@att.net

*/s/ Scott A. Srebnick*
**Scott A. Srebnick, Esq.**
(FL Bar No 872910)
SCOTT A. SREBNICK, P. A.

>201 South Biscayne Boulevard, Suite 1210
>Miami, Florida 33131
>Tele: (305) 285-9019
>Fax: (305) 377-9937
>E-Mail: scott@srebnicklaw.com

## CERTIFICATE OF SERVICE

I CERTIFY that on August 14, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

>*/s/Jackie Perczek*
>Jackie Perczek, Esq.